FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 28 2014

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHERRIE HAMPTON-MUHAMED | ) | |
| | ) | |
| V. | ) | CIVIL ACTION |
| | ) | |
| | ) | No. 1:13-cv-3659-CC-LTW |
| JAMES B NUTTER & CO.; BRUCE HUEY, VP; AL PITZNER, VP; RONALD R. WOLFE & ASSOCS.; ANDREA D. PIDALA, ESQ., JOHN DOES 1-20 | ) | |

**PLAINTIFF'S MOTION TO ENLARGE TIME TO SERVE DEFENDANT AND MEMORANDUM IN SUPPORT**

Plaintiff asks the court to grant her additional time to serve the defendants with a summons and complaint, as authorized by Federal Rule of Civil Procedures 4(m).

**A.   INTRODUCTION**

1.  Plaintiff is Sherrie Hampton-Muhamed.

2.  Plaintiff sued Defendants for violations of federal statutes 15 USC § 1692 et seq, 12 USC§ 2601, et seq and Tortious Interference.

1

3. Plaintiff has been diligent in attempting to identify approximately sixteen John Doe's on the original complaint located in different locations out of Georgia.

4. The Marshalls have been contacted and cannot give plaintiff any assurances as to how long it will take to serve all of the new defendants in different locations.

## B. STATEMENT OF GOOD CAUSE

5. Plaintiff filed the initial complaint on November 4, 2013 and is requesting the extension within the 120 days required to serve the summons and complaint, according to Rule 4(m).

6. Plaintiff asks the court to grant her additional time to serve the defendants on a showing of good cause, because continued actions by defendants (out of her control) has brought in new evidence that changes the circumstances of the case and changed the damages related to the original complaint, also creating excusable neglect. Plaintiff acted in good faith and worked on the amended complaint as the new information was made available. *Yesudian v. Howard Univ.*, 270 F.3d 969, 971 (D.C. Cir. 2001); *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995); *see*

*Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498 (1993).

7.  Newly discovered evidence from court cases around the country has been complex requiring more research and investigation on plaintiff's part as a pro se, so she can properly frame her complaint, unable to complete by the deadline. If the court determines that good cause does not exist, the court may enlarge the time to serve defendant on a showing that the relief is justified. *See Henderson v. U.S.*, 517 U.S. 654, 662, 116 S.Ct. 1638, 1643 (1996).

8.  If the court grants Plaintiff's request for 45 additional days the extension will enable plaintiff to amend the original complaint and serve all newly identified defendants, and will not inconvenience the court or any party. *See Fowler v. Jones*, 899 F.2d 1088, 1094 (11th Cir. 1990).

9.  Granting the extension will also save judicial resources by serving the amended complaint instead of serving the summons and original complaint and then filing an amended complaint immediately thereafter.

10. If Plaintiff does not receive additional time, she will definitely suffer harm because she could be barred by the

3

statute of limitations from defendants continued abuse and harassment.

## CONCLUSION

11.   Based on new evidence and a change in circumstances requiring an amended complaint, (which was out of plaintiff's control) plaintiff asks the court to grant the extension of an additional 45 days so she may amend her complaint before serving all current and newly identified defendants, knowing that this presents no prejudice to the defendants or has no impact on judicial proceedings since they have not begun.

February 28, 2014

*Sherrie Hampton-Muhamed*

Sherrie Hampton-Muhamed
4329 Donerail Dr.
Snellville, GA  30039
cmrsinc@comcast.net
404-786-6291

RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 28 2014

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHERRIE HAMPTON-MUHAMED ) | |
| ) | |
| ) | |
| V. ) | CIVIL ACTION |
| ) | |
| ) | NO. 1:13-cv-3659-CC-LTW |
| JAMES B NUTTER & CO.; BRUCE ) | |
| HUEY, VP; AL PITZNER, VP; ) | |
| RONALD R. WOLFE & ASSOCS.; ) | |
| ANDREA D. PIDALA, ESQ., ) | |
| JOHN DOES 1-20 ) | |

**ORDER ON PLAINTIFF'S MOTION TO ENLARGE TIME TO SERVE DEFENDANTS**

After considering plaintiff's motion to enlarge time to serve defendant the court

DENIES the motion.
GRANTS the motion and allows plaintiff until _____,
20___, to serve defendants.

SIGNED on _____,20___.


_____
U.S. DISTRICT JUDGE


APPROVED & ENTRY REQUESTED:

[signature]
Sherrie Hampton-Muhamed