collector as defined by 1692a(6). In according to 1692f(6) JB Nutter is a debt collector after repossessing Plaintiffs property without the legal right to so.

190. A servicer or debt holder is a debt collector when it engages in collection activities on a debt that is not actually owed.

191. The Defendant attempted to collect the Debt and, as such, engaged in "communications", as defined in 15U.S.C. §1692a(2)

192. The Defendant's conduct violated 15 U.S.C. § 1692b(1) in that Defendant contacted a third party and failed to confirm or correct location information.

193. The Defendant's conduct violated 15 U.S.C. § 1692b(2) in that Defendant informed a third party that the Plaintiff owed a debt.

194. There is no nexus or contract between Plaintiff and James B. Nutter.

195. The collector cannot misrepresent the amount owed and Defendants have not alleged the same amount due in their communications.

196. In an attempt to collect on a non-existent debt, the above defendants began collecting on or around November 7, 2012 with false, deceptive, unauthenticated, invalidated information that the court has used to carry out this judicial action in Florida and continues to attempt collection of an alleged debt from Plaintiff in Georgia.

197. The alleged debt of multiple different amounts Defendants are

attempting to collect complies with 1692a(5) as this is for Plaintiff's personal, family and household purposes

A "debt" is any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services, which are the subject of the transaction are primarily used for personal, family, or household purposes, whether or not the obligation has been reduced to judgment.

198. JB Nutter and their counsel could not prove there was an alleged default or the alleged default was created by the Plaintiff.

199. In violation of 15 U.S.C. §1692b(5) and §1692f(8) **Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram....**

200. On the latest communication from Wolfe & Assocs., in attempts to collect a debt, their envelope contains the Plaintiff's case number of the lawsuit underneath the return address.(envelope attached as **Exhibit R**)

201. All violations alleged herein occurred within the statute of limitations.

202. These debt collectors show by a preponderance of evidence that the violation was intentional and did not result from a bona fide error or that defendants took action to avoid the error, as at least twenty two (22) different Defendants have worked on this case and have read the facts, or

should have read the facts and should have known that there was no action to bring against this Plaintiff for an alleged non-existent debt.

**WHEREFORE,** the Court in a civil action may consider, inter alia, the frequency and persistence of non-compliance by the debt collector and whether the actions were intentional; notwithstanding the maintenance of procedures to prevent such errors, 1692k(b) and (c); and the FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person" for potential damages and costs. 15 U.S.C. §1692k(a).

Plaintiff moves the court for an order granting judgment awarding damages against James B. Nutter & Co., *et al.* and Ronald R. Wolfe & Assocs. for damages as follows:

A. Awarding Plaintiff statutory damages in the amount of $1000.00 per Defendant;

B. Awarding Plaintiff actual damages for continued medical costs, intentional infliction of emotional distress , spouses continued medical costs for a heart attack and heart surgery and exacerbation of plaintiffs disability by the abuse and harassment of these defendants;

C. Awarding actual damages for continued loss of income, theft of the property and damage to the property;

D. Awarding attorney's fees, travel expenses and legal costs incurred in this entire action, pursuant to 15 U.S.C. §1692k;

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

F. Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

### VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C.§ 1692d and 1692 d(1) BY DEFENDANT DEBT COLLECTORS
### (All Defendants except as specified in Factual Allegations)

203.. Plaintiff repeats, re-allege and incorporate paragraphs 1 through 202 as though fully set forth herein.

204.. **Harassment or Abuse** §1692d Any conduct the natural consequence of which is to harass, oppress, or abuse any person has been violated by suing the wrong person.

205. Definitions below and facts throughout the case will prove that this disabled Plaintiff was abused and financially exploited throughout the course of this lawsuit.

> Abuse – the infliction of physical, sexual, or emotional injury or harm including financial exploitation by any person, firm, or corporation.

> Financial Exploitation - A person commits the crime of financial exploitation of a disabled person if such person knowingly and by deception, intimidation, or force obtains control over the disabled person's property with the intent to permanently deprive the disabled person of the use, benefit or possession of his or her property thereby benefiting such person or detrimentally affecting the disabled person

206. §1692d(1) Used or threatened the use of violence or other criminal means to harm the consumer or his/her property.

207. JB Nutter, et al in taking responsibility for this property has not only threatened to take the property, but did take the property illegally.

208. JB Nutter hired Safeguard Properties, who is well known across the country for breaking into homes and stealing personal property.

209. Two police reports have been filed showing JB Nutter's trespass on Plaintiff's property, along with vandalism and theft that created enough destruction of the property to illicit a felony burglary/ theft. **(Exhibit J)**

**WHEREFORE,** the Court in a civil action may consider, inter alia, the frequency and persistence of non-compliance by the debt collector; whether the actions were intentional; notwithstanding the maintenance of procedures to prevent such errors, 1692k(b) and (c); and the FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person" for potential damages and costs. 15 U.S.C.§1692k(a).

47

Plaintiff moves the court for an order awarding damages against James B. Nutter & Co., *et al.* and Ronald R. Wolfe & Assocs., *et al.* for damages as follows:

A. Awarding Plaintiff statutory damages in the amount of $1000.00 per Defendant;

B. Awarding Plaintiff actual damages for continued medical costs, intentional infliction of emotional distress, spouses medical costs for a heart attack and heart surgery and exacerbation of plaintiffs disability by the abuse and harassment of these defendants;

C. Awarding actual damages for loss of income, theft of the property and damage to the property;

D. Awarding attorney's fees, travel expenses and legal costs incurred in this entire action, pursuant to 15 U.S.C. §1692k;

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law

F. Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C.§ 1692e (2) BY DEFENDANT DEBT COLLECTORS

**(All Defendants except as specified in Factual Allegations)**

210. Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 209 as though fully set forth herein.

False or misleading representations (§1692e(2)): A debt collector may not make any false or deceptive representations, including any representations regarding the character, amount or legal status of the alleged debt.

211. Defendant, Pidala, in her first communication stated the Plaintiff executed the Note and Mortgage and continued to allow the court to believe the same without correcting the erroneous information, violating candor to the tribunal in Rule 4-3.3 of Professional Conduct.

212. Defendants violated 15 U.S.C. §1692e(2) by falsely representing the legal status of the debt because there is <u>no debt</u> Plaintiff is responsible for and all defendants are now well aware.

213. In bringing this debt collection more than four years after the note was made void, Defendants violated statute of limitations/laches, as there was no written, oral or implied agreement, contract or obligation and JB Nutter waived any rights they could have had if this had been a valid debt.

214. The Defendant violated 15 U.S.C.§1692e(2) by indicating that undetermined fees and costs would be collected on a non-existent contract.

**WHEREFORE,** the Court in a civil action may consider, inter alia, the frequency and persistence of non-compliance by the debt collector and whether the actions were intentional, notwithstanding the maintenance of procedures to prevent such errors. 1692k(b) and (c); and the FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person" for potential damages and costs. 15 U.S.C. §1692k(a).

Plaintiff moves the court for an order granting judgment awarding damages against James B. Nutter & Co., *et al.* and Ronald R. Wolfe & Assocs. for damages as follows:

A. Awarding Plaintiff statutory damages in the amount of $1000.00 per Defendant;

B. Awarding Plaintiff actual damages for continued medical costs, intentional infliction of emotional distress , spouses medical costs for a heart attack and heart surgery and exacerbation of plaintiffs disability by the abuse

and harassment of these defendants;

C. Awarding actual damages for loss of income, theft of the property and damage to the property;

D. Awarding attorney's fees, travel expenses and legal costs incurred in this entire action, pursuant to 15 U.S.C. §1692k;

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

F. Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C. § 1692e (4) BY DEFENDANT DEBT COLLECTORS (All defendants unless specified in factual allegations)

215. Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 214 as though fully set forth herein.

216. False or misleading representations:

> 4) A debt collector may not make any false or deceptive representations, including any representation that nonpayment may result in arrest or seizure of any property, unless such action is lawful and the collector intends to do the same.

217. Florida is a judicial state and Defendants do not have title to the property (Sarasota Sheriff verified that Plaintiff is the only rightful owner), and Defendants had no legal right to seize Plaintiff's property.

218. JB Nutter and/or agents not only seized the property illegally, but also criminally by later stealing the property inside the house and creating thousands of dollars of damage.

219. JB Nutter did not seize the plaintiff's personal property for the purpose or with the likely effect of using it to satisfy the plaintiff's alleged debt to the principal.

220. The property seizure was not a method of enforcing an alleged debt owed to the lender and was not an effort to claim and seize additional collateral for the loan.

221. The theft and damage inside of the home was theft and vandalism.

**WHEREFORE,** the Court in a civil action may consider, inter alia, the frequency and persistence of non-compliance by the debt collector and whether the actions were intentional, notwithstanding the maintenance of procedures to prevent such errors, 1692k(b) and (c); and the FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person" for potential damages and costs. 15 U.S.C. §1692k(a).

Plaintiff moves the court for an order granting judgment awarding damages against James B. Nutter & Co., *et al*. and Ronald R. Wolfe & Assocs.. for damages as follows:

A. Awarding Plaintiff statutory damages in the amount of $1000.00 per Defendant;

B. Awarding Plaintiff actual damages for continued medical costs, intentional infliction of emotional distress, spouse's medical costs for a heart attack and heart surgery and exacerbation of plaintiff's disability by the abuse and harassment of these defendants;

C. Awarding actual damages for loss of income, theft of the property and damage to the property;

D. Awarding attorney's fees, travel expenses and legal costs incurred in this entire action, pursuant to 15 U.S.C. §1692k;

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

F. Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

**VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C. § 1692e (5) BY DEFENDANT DEBT COLLECTORS (All defendants unless specified in factual allegations)**

222. Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 221 as though fully set forth herein.