223. The Defendant violated 15 U.S.C. § 1692e(5) by threatening legal action against defendant, when no such action could legally be taken because Plaintiff never requested credit from JB Nutter.

224. A debt collector may not make any false or deceptive representations, including any representations by threatening to take any actions that cannot legally be taken.

225. Defendants have admitted that Plaintiff had no contract and owed no money but continued to pursue the alleged debt collection.

226. According to Florida Statue of Frauds, **725.01 Promise to pay another's debt, etc.**--No action shall be brought whereby to charge any executor or administrator upon any special promise to answer or pay any debt or damages out of her or his own estate, or whereby to charge the defendant upon any special promise to answer for the debt.

227. Defendant's refusal to notify the court that this was not Plaintiff's debt and to pursue the debt collection without any validation is illegal.

**WHEREFORE,** The court in a civil action may consider, inter alia, the frequency and persistence of non-compliance by the debt collector and whether the actions were intentional, notwithstanding the maintenance of procedures to prevent such errors. 1692k(b) and (c); and the FDCPA provides that "any debt collector who fails to comply with any provision of this

subchapter with respect to any person is liable to such person" for potential damages and costs. 15 U.S.C. §1692k(a).

Plaintiff moves the court for an order granting judgment awarding damages against James B. Nutter & Co., *et al*. and Ronald R. Wolfe & Assocs. for damages as follows:..

A. Awarding Plaintiff statutory damages in the amount of $1000.00 per Defendant;

B. Awarding Plaintiff actual damages for continued medical costs, intentional infliction of emotional distress , spouses medical costs for a heart attack and heart surgery and exacerbation of plaintiffs disability by the abuse and harassment of these defendants;

C. Awarding actual damages for loss of income, theft of the property and damage to the property;

D. Awarding attorney's fees, travel expenses and legal costs incurred in this entire action, pursuant to 15 U.S.C. §1692k;

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

F. Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI

### VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C.§ 1692e(8) BY DEFENDANT DEBT COLLECTORS (All defendants unless specified in factual allegations)

228.  Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 227 as though fully set forth herein.

229. 15 U.S.C. § 1692e(8) defines the failure of a debt collector to disclose the disputed status of a debt as a "false, deceptive, or misleading representation." Debt collectors must report debts as disputed, whether or not the consumer disputes the debt in writing.

230.  Plaintiff disputed the debt three times in writing to James B Nutter & Co, et al and three times in writing to attorneys at Wolfe & Assocs.,et al, not including every time it was mentioned in a hearing, pleading, motion or objection.(**Exhibits D, K, F, L, M and N**)

231.  Defendants **did not state that the debt was disputed** or stop collection until debt was validated, as the debt has never been validated.

232.  In the last letter disputing the debt (dated April 30, 2013) to Wolfe & Assocs. et al their lack of response waived all of their rights to collect on the debt without addressing the dispute. (**Exhibit L**)

**WHEREFORE,** the Court in a civil action may consider, inter alia, the frequency and persistence of non-compliance by the debt collector and

whether the actions were intentional, notwithstanding the maintenance of procedures to prevent such errors, 1692k(b) and (c); and the FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person" for potential damages and costs. 15 U.S.C. §1692k(a).

Plaintiff moves the court for an order granting judgment awarding damages against James B. Nutter & Co., *et al.* and Ronald R. Wolfe & Assocs.. for damages as follows:

A. Awarding Plaintiff statutory damages in the amount of $1000.00 per Defendant;

B. Awarding Plaintiff actual damages for continued medical costs, intentional infliction of emotional distress , spouses medical costs for a heart attack and heart surgery and exacerbation of plaintiffs disability by the abuse and harassment of these defendants;

C. Awarding actual damages for loss of income, theft of the property and damage to the property;

D. Awarding attorney's fees, travel expenses and legal costs incurred in this entire action, pursuant to 15 U.S.C. §1692k;

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

F. Awarding such other and further relief as the Court may deem just and

proper.

## COUNT VII

### VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C.§ 1692e(10) BY DEFENDANT DEBT COLLECTORS (All defendants unless specified in factual allegations)

233.  Plaintiff repeats, re-alleges and incorporates paragraphs 1 through

232 as though fully set forth herein.

234. JB Nutter, et al and their agents Ronald R. Wolfe, et al. violated 15

U.S.C. § 1692e(10), Defendants violations include but are not limited to the

use of false representation or deceptive means to collect or attempt to collect

a debt.

15 U.S.C. § 1692e(10) states in part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(10) *The use of any false representation or deceptive means to collect or attempt to collect any debt* or to obtain information concerning a consumer. (emphasis added).

235.  Pidala for Wolfe & Assocs. and JB Nutter led the court to believe

that Plaintiff executed a loan that she did not.

236. Wolfe & Assocs., on behalf of JB Nutter, in conspiracy with the previous judges continued with the attempts to collect this non-existent debt knowingly and willfully using a false writing or document, knowing the same to contain a materially false, fictitious or fraudulent statement or entry, in violation of 18 U.S.C.1001.

237. Defendants have been deceptive in allowing the court to believe that Plaintiff was personally responsible for the alleged debt.

238. Defendants have filed false documents into the court records as the original Note and Mortgage.

239. Defendants are collecting the alleged debt on behalf of another entity but have refused to reveal who that entity is that owns or has beneficial interest in that loan.

240. Along with multiple lies to the court and refusing to follow Judge's orders, Florida's Rules of Civil Procedure, their own Rules of Professional Conduct in this deceit, Wolfe & Assocs. also knew that their client and/or their agent broke the law by deceit, misrepresentation and theft and failed to bring it to anyone's attention.

241. Defendants have not authenticated any of the records, have not presented any firsthand knowledge to prove they have any rights or interest

in the alleged debt and have refused to produce Discovery documents that would provide the truth.

**WHEREFORE,** the Court in a civil action may consider, inter alia, the frequency and persistence of non-compliance by the debt collector and whether the actions were intentional, notwithstanding the maintenance of procedures to prevent such errors. 1692k(b) and (c); and the FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person" for potential damages and costs. 15 U.S.C. §1692k(a).

Plaintiff moves the court for an order granting judgment awarding damages against James B. Nutter & Co., *et al*. and Ronald R. Wolfe & Assocs. for damages as follows:

A. Awarding Plaintiff statutory damages in the amount of $1000.00 per Defendant;

B. Awarding Plaintiff actual damages for continued medical costs, intentional infliction of emotional distress , spouses medical costs for a heart attack and heart surgery and exacerbation of plaintiffs disability by the abuse and harassment of these defendants;

C. Awarding actual damages for loss of income, theft of the property and damage to the property;

D. Awarding attorney's fees, travel expenses and legal costs incurred in this entire action, pursuant to 15 U.S.C. §1692k;

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

F. Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII

**VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C.§ 1692f and f(1) BY DEFENDANT DEBT COLLECTORS**
**(All Defendants unless specified in factual allegations)**

242. Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 241 as though fully set forth herein.

243. A debt collector may not use unfair or unconscionable means to collect any debt. 15 U.S.C. § 1692f.

244. Violation of FDCPA is deemed an unfair and deceptive act or practice in violation of the Federal Trade Commission Act. Consequently, the FTC could pursue action.

245. All acts complained of by Attorney Defendants shall be deemed to have been committed as Officers of the Court and under their own free will, and committed knowingly, intentionally, and willfully, and with full and

prior knowledge of the law and the facts applicable, relevant, and germane to the incident complained of, as well as aiding and abetting their client in a proposed felony.

246. JB Nutter, Nutter, Huey, Pitzner & Ward along with all of their counsel from Wolfe & Assocs. conspired to collect this alleged debt which is not backed by any contract with the Plaintiff.

247. Not only were all defendants unfair in attempting to collect this debt, their actions have been abusive and unconscionable knowing that Plaintiff is disabled and lives eight hours away.

248. JB Nutter, et al and their agents Ronald R. Wolfe & Assocs.. violated 15 U.S.C. §1692f(1), Defendants violations include but are not limited to: the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

249. Defendants cannot collect or sue for "collection costs," "attorney's fees," interest not pre-agreed to in excess of that allowed by statute, "fines," or any other fee in excess of the actual amount due, unless the original agreement provides for the amount the collector threatens to collect.

250. The collector cannot threaten to add attorney's fees where the agreement signed does not specifically provide for them.

251. Additionally Wolfe & Assocs. on behalf of JB Nutter have charged additional interest, appraisal, title fees and charges to serve non-tenants since September of 2012 that were not expressly authorized in any agreement between Plaintiff and Defendants.

252. Additionally Wolfe & Assocs. violated on the face of its collection letter a different amount than the complaint, which is a failure to accurately state the alleged amount due.

253. JB Nutter, et al and their agents Ronald R. Wolfe & Assocs.. violated 15 U.S.C. §1692f(1) as there is no written, oral or implied agreement or principle obligation between Plaintiff and Defendants and collecting on this debt is illegal per statute of frauds.

254. In all defendants attempt to collect this alleged debt they have not even been able to show Plaintiff a complete, accurate accounting of the loan (pursuant to the P.A.T.R.I.O.T. Act) with no explanation of any fees that belong to Plaintiff.

255. Adding "collection costs, attorney's fees" and similar additional charges have also been held to be deceptive and misleading, because they do not state exactly what debt is being sought.

**WHEREFORE,** the Court in a civil action may consider, inter alia, the frequency and persistence of non-compliance by the debt collector and