whether the actions were intentional, notwithstanding the maintenance of procedures to prevent such errors, 1692k(b) and (c); and the FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person" for potential damages and costs. 15 U.S.C. §1692k(a).

Plaintiff moves the court for an order granting judgment awarding damages against James B. Nutter & Co., *et al.* and Ronald R. Wolfe & Assocs. for damages as follows:

A. Awarding Plaintiff statutory damages in the amount of $1000.00 per Defendant;

B. Awarding Plaintiff actual damages for continued medical costs, intentional infliction of emotional distress , spouses medical costs for a heart attack and heart surgery and exacerbation of plaintiffs disability by the abuse and harassment of these defendants;

C. Awarding actual damages for loss of income, theft of the property and damage to the property;

D. Awarding attorney's fees, travel expenses and legal costs incurred in

E. this entire action, pursuant to 15 U.S.C. §1692k;

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

G. Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX

**VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C.§ 1692f(6) BY DEFENDANT DEBT COLLECTOR (All Defendants unless specified in factual allegations**

256. Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 255 as though fully set forth herein.

257. §1692f(6) Taken or threatened to unlawfully repossess or disable the consumer's property.

258. As stated previously, JB Nutter and/or their agents in the middle of a judicial proceeding, unlawfully possessed Plaintiff's property by or through the negligence of an agent they hired, changed the locks denying Plaintiff access to her property, then later took all of the property left inside of the house and created thousands of dollars of damage.

259. Defendants actions have prevented Plaintiff from being able to move in to the home, rent the property, or mostly to maintain the property, as the property manager has removed themselves from the situation due to the criminal activity of JB Nutter and/or agents.

**WHEREFORE,** the Court in a civil action may consider, inter alia, the frequency and persistence of non-compliance by the debt collector and

whether the actions were intentional, notwithstanding the maintenance of procedures to prevent such errors. 1692k(b) and (c); and the FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person" for potential damages and costs. 15 U.S.C. §1692k(a).

Plaintiff moves the court for an order granting judgment awarding damages against James B. Nutter & Co., *et al.* and Ronald R. Wolfe & Assocs.. for damages as follows:

A. Awarding Plaintiff statutory damages in the amount of $1000.00 per Defendant;

B. Awarding Plaintiff actual damages for continued medical costs, intentional infliction of emotional distress , spouses medical costs for a heart attack and heart surgery and exacerbation of plaintiffs disability by the abuse and harassment of these defendants;

C. Awarding actual damages for loss of income, theft of the property and damage to the property;

D. Awarding attorney's fees, travel expenses and legal costs incurred in this entire action, pursuant to 15 U.S.C. §1692k;

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

F. Awarding such other and further relief as the Court may deem just and proper.

## COUNT X

## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C.§ 1692g (a) BY DEFENDANT DEBT COLLECTORS (All Defendants unless specified in factual allegations)

260. Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 259 as though fully set forth herein.

261. Congress enacted the FDCPA with the goal of eliminating abusive, deceptive, and unfair debt collection practices. 15 U.S.C. §1692 among its safeguards against abuse and deception, requires a debt collector to send written notice to consumer debtors with whom it communicates in connection with the collection of a debt.

262. Requirements imposed by the FDCPA in §1692g that this obligation of written notice has often been referred to in the collections industry as the "mini-Miranda" rule. The standard to be applied towards correspondence with the debtor is the "least sophisticated consumer" standard.

263. "A debt collection notice is overshadowing or contradictory if it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights."

264. The least sophisticated consumer, that can read, will know if his/her name is not on an alleged debt the collector is attempting to enforce.

265. In violation of §1692 g, Defendants failed to send the consumer a 30-day validation notice within five days of the initial communication. This written notice is known as a "validation" notice or "initial demand letter."

266. In violation of § 1692 g(a)(1)Defendants did not state Amount of Debt owed, as Plaintiff did not owe the debt and Defendants did not *validate* the amount allegedly owed.

267. Huey, Attorneys Pidala and Hannon stated different amounts of debt as evidenced by the notice and complaint and also are collecting undisclosed amounts of fees and expenses.

268. In violation of §1692 g(a)(2) Must state Name of Creditor to Whom Debt Owed, Plaintiff has requested the name of the Creditor on numerous occasions and all of the Defendants in one form or another have stated that JB Nutter is collecting the alleged debt for another party and have never verified the amount paid for the alleged loan or who paid for it.

269. Wolfe & Assocs. stated in their letter October 4, 2012

"If you do notify this law firm in writing within thirty (30) days after receipt of this letter that the debt, or any portion thereof, is disputed, this law firm will obtain verification of the debt or a copy of the judgment against you, if any, and mail it to you. Also, upon your written request within thirty (30) days after your receipt of this letter, this law firm will provide you with the

name and address of the original creditor, if different from the current creditor. Ronald R Wolfe &Associates, P.L. is a debt collector. This law firm is attempting to collect a debt, and any information obtained will be used for that purpose".

270. In violation of §1692 g(a)(4) Must state Right to Have Verification/Judgment Mailed to Consumer. Defendants stated that Plaintiff had the right for verification to be mailed to her, but the verification/judgment was never sent by mail or any other method after it was requested numerous times in letters pleadings, hearings and in Discovery.

271. In violation of §1692 g(a)(5) Must state Will Provide Name and Address of original Creditor if Different from Current Creditor. Defendants have stated that they are not the Original Creditor and have failed to provide the information of the Creditor and Creditors contact information to include name and address. (**Exhibits D, K, F, L, M, N)**

**WHEREFORE,** the Court in a civil action may consider, inter alia, the frequency and persistence of non-compliance by the debt collector and whether the actions were intentional, notwithstanding the maintenance of procedures to prevent such errors. 1692k(b) and (c); and the FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person" for potential

damages and costs. 15 U.S.C. §1692k(a).

Plaintiff moves the court for an order granting judgment awarding damages against James B. Nutter & Co., *et al.* and Ronald R. Wolfe & Assocs. for damages as follows:

A. Awarding Plaintiff statutory damages in the amount of $1000.00 per Defendant;

B. Awarding Plaintiff actual damages for continued medical costs, intentional infliction of emotional distress , spouses medical costs for a heart attack and heart surgery and exacerbation of plaintiffs disability by the abuse and harassment of these defendants;

C. Awarding actual damages for loss of income, theft of the property and damage to the property;

D. Awarding attorney's fees, travel expenses and legal costs incurred in this entire action, pursuant to 15 U.S.C. §1692k;

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

F. Awarding such other and further relief as the Court may deem just and proper.

## COUNT XII

## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C.§ 1692g(b) BY DEFENDANT DEBT COLLECTORS
### (All Defendants unless specified in factual allegations)

272. Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 271 as though fully set forth herein.

273. Defendants, James B Nutter & Co, *et al.* and Ronald R. Wolfe & Assocs., violated 15 U.S.C. §1692g(b) by not ceasing collection efforts until the debt was validated, as alleged debt has never been validated.

274. "Debt collector must cease collection from the date verification is requested until the verification is provided".

275. 15 U.S.C. §1692g(b) states:

"If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the **debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.** Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

276. At no time have defendants provided the specific name of the real creditor or the owner with beneficial interest in this loan.

277. The intentional, persistent violation of this law, 1692g(b) has been egregious and unconscionable. The law is very clear and Plaintiff has been persistent in making it known to all of the Defendants and the court that this alleged debt has been disputed and never validated.

**WHEREFORE,** the Court in a civil action may consider, inter alia, the frequency and persistence of non-compliance by the debt collector and whether the actions were intentional, notwithstanding the maintenance of procedures to prevent such errors. 1692k(b) and (c); and the FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person" for potential damages and costs. 15 U.S.C. §1692k(a).

Plaintiff moves the court for an order granting judgment awarding damages against James B. Nutter & Co., *et al.* and Ronald R. Wolfe & Assocs.. for damages as follows:

A. Awarding Plaintiff statutory damages in the amount of $1000.00 per Defendant;

B. Awarding Plaintiff actual damages for continued medical costs, intentional infliction of emotional distress , spouses medical costs for a

heart attack and heart surgery and exacerbation of plaintiff's disability by the abuse and harassment of these defendants;

C. Awarding actual damages for loss of income, theft of the property and damage to the property;

D. Awarding attorney's fees, travel expenses and legal costs incurred in this entire action, pursuant to 15 U.S.C. §1692k;

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

F. Awarding such other and further relief as the Court may deem just and proper.

## COUNT XIII

**VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C.§ 1692j BY DEFENDANT DEBT COLLECTORS (All Defendants unless specified in factual allegations)**

278. Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 277 as though fully set forth herein.

279. Defendants violated 15 U.S.C. §1692j (a) by creating the false belief in a consumer that a person other than the creditor.... is participating in the collection of or in an attempt to collect a debt ...., when in fact such person is not so participating.

280. Defendants have now admitted that they are not the creditor but have led the court and Plaintiff to believe that they are, continuing to collect alleged debts without being the real party in interest and not being damaged by the Plaintiff or any other entity, since they sold the note and received it again after the note was in default.

. **WHEREFORE,** the Court in a civil action may consider, inter alia, the frequency and persistence of non-compliance by the debt collector and whether the actions were intentional, notwithstanding the maintenance of procedures to prevent such errors. 1692k(b) and (c); and the FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person" for potential damages and costs. 15 U.S.C. §1692k(a).

Plaintiff moves the court for an order granting judgment awarding damages against James B. Nutter & Co., *et al.* and Ronald R. Wolfe & Assocs.. for damages as follows:

  A. Awarding Plaintiff statutory damages in the amount of $1000.00 per Defendant;

  B. Awarding Plaintiff actual damages for continued medical costs, intentional infliction of emotional distress , spouses medical costs for a

heart attack and heart surgery and exacerbation of plaintiff's disability by the abuse and harassment of these defendants;

C. Awarding actual damages for loss of income, theft of the property and damage to the property;

D. Awarding attorney's fees, travel expenses and legal costs incurred in this entire action, pursuant to 15 U.S.C. §1692k;

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

F. Awarding such other and further relief as the Court may deem just and proper.

## COUNT XIII
### VIOLATIONS OF REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)12 U.S.C. §2601 *ET SEQ.*
### (Defendants JB Nutter, Nutter, Ward, Pitzner and Huey.)

281. Plaintiff repeats and alleges Paragraphs 1 through 280 above as though fully set forth herein.

282. Section 1463 of the Dodd-Frank Financial Reform Act reduces QWR deadlines and requires that the servicer acknowledge receipt of a QWR within 5 business days and must give a substantive response within 20 business days.

283. All violations alleged herein occurred within the statute of

limitations.

284. As executor of the estate, Plaintiff was entitled to and requested yearly escrow statements from JB Nutter, but was told each year that she was not entitled to the information.

285. IRS had been contacting Plaintiff to do a final tax statement and JB Nutter refused to provide the information so she could complete the taxes for the estate.

286. Plaintiff faxed the death certificate and executor documents to JB Nutter around February 17, 2009.

287. Plaintiff sent a QWR to JB Nutter after their only written correspondence to Plaintiff.

288. Plaintiff received her only response from the QWR around 30 days later.

289. Plaintiff received partial information and a copy of the note and mortgage that they were using to collect an alleged but non-existent debt.

290. The request for the accounting information, per the P.A.T.R.I.O.T Act, was for the initial wire transfer, cancelled check, etc. used to purchase this loan and the identification of where the payments came from and where the disbursements went.  Plaintiff did not receive this information.

291. Plaintiff was requesting this information at the same time JB Nutter was attempting to sue her for someone else's debt.

292. Around November 7, 2012 Plaintiff received a summons and a complaint with a different note that was endorsed to no one and JB Nutter had signed away their liability, rights, title and interest.

293. Plaintiff had requested an accounting of where her homeowners insurance reimbursement was applied along with the last payment made in July of 2012 because nothing was sent that would explain those discrepancies.

294. The fact that an assignment had been made and JB Nutter failed to comply by providing notice to Plaintiff within 30 days after assignment, Defendant is precluded as a matter of law from bringing the action in any court of Florida.

295. Florida is a must record state and law enforces the assignment of mortgage at the same time the note is assigned, since no assignment was made on the mortgage it left unanswered questions about who was the owner with the ability to enforce the note and who had the beneficial interest.

296. This fact is critical since they were attempting to make Plaintiff responsible for a debt that they did not own and were collecting for

a third party.

297. Defendant, JB Nutter, is in violation of RESPA by not responding to the QWR in a timely manner and by not providing the accounting information Plaintiff requested.

298. Defendants JB Nutter, Ward, Huey and Pitzner violated the Real Estate Settlement Procedures Act 12 U.S.C. §2601 *et seq.* by refusing to provide the following information as required on at least three (3) separate occasions, October 1, 2012, April 30, 2013 (attached hereto and incorporated herein as **Exhibit D and K**) and again, verbally on May 9, 2013 along with a validation dated June 17, 2013 when Plaintiff spoke to Al Pitzner, a Vice President of Compliance for JB Nutter:

   a. Refusing to timely respond to the initial and the third request within five (5) days;

   b. Refusing to timely produce requested documents related to all three (3) requests within twenty (20) days;

   c. Refusing to provide yearly escrow statements for the life of the loan;

   d. Refusing to provide a full accounting for what payments were received and where those payments were credited – the complete transactional history related to all three (3) requests;

e. Refusing to provide transaction codes and definitions to enable Plaintiff to interpret a transactional history related to all three (3) requests;

f. Refusing to disclose the true creditor related to all three (3) requests;

g. Refusing to provide the source of funding for the loan related to all three (3) requests;

h. Refusing to provide evidence of sale or transfer of the account related to all three (3) requests;

i. Refusing to provide copies of all correspondence, communication and collections notes and documents related to the account related to all three (3) requests;

j. Refusing to provide a reason why the information was not made available to Plaintiff related to all three (3) requests;

k. Refusing to show where account was credited for the insurance reimbursement or where the money was applied.

l. Refusing to allow Plaintiff to get her own home insurance without going through escrow.

m. Refusing to provide the name, address, telephone number and

> contact information of the true Creditor for Plaintiff to contact in the event of questions or a discrepancy in the information provided related to all three (3) requests; and
>
> n. Refusing to provide reasons why Defendant JB Nutter believes the information provided is sufficient and correct related to all three (3) requests.
>
> o. Refusing to provide proof that Plaintiff was responsible for this alleged debt.

WHEREFORE, Plaintiff is entitled to judgment against Defendants JB Nutter, Nutter, Ward, Huey and Pitzner, and moves the Court for an order awarding damages as follows:

a) Adjudging that Defendant violated RESPA;

b) Awarding Plaintiff statutory damages pursuant to 12 U.S.C. §2601 *et seq.* for each count for each incident for five (5) Defendants;

c) Awarding Plaintiff treble damages for each count for each incident for five (5) Defendants;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding Plaintiff costs and expenses of this litigation and legal fees;

And

f) Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable, as a matter of law.

Respectfully submitted this 30th of April, 2014

*Sherrie Hampton-Muhamed*
Sherrie Hampton-Muhamed
4329 Donerail Dr.
Snellville, GA  30039
404-786-6291
cmrsinc@comcast.net