# EXHIBIT  A

**Copy of Florida Licensing for James B Nutter**



**Description**



## FLORIDA MORTGAGE LENDER SERVICER LICENSE

**Who is required to have this license?**

This licensing endorsement is required for any mortgage lender licensee who services a mortgage loan.

"*Servicing a mortgage loan*" means to receive, cause to be received, or transferred for another, installment payments of principal, interest, or other payments pursuant to a mortgage loan. A "servicing endorsement" means authorizing a mortgage lender to service a loan for more than 4 months.

**Who does not need this license?**

- A person acting in a fiduciary capacity conferred by the authority of a court.

- A person who, as a seller of his or her own real property, receives one or more mortgages in a purchase money transaction.

- A person who acts solely under contract and as an agent for federal, state, or municipal agencies for the purpose of servicing mortgage loans.

- A person who makes only nonresidential mortgage loans and sells loans only to institutional investors.

- An individual making or acquiring a mortgage loan using his or her own funds for his or her own investment, and who does not hold himself or herself out to the public as being in the mortgage lending business.

- An individual selling a mortgage that was made or purchased with that individual's funds for his or her own investment, and who does not hold himself or herself out to the public as being in the mortgage lending business.

**Pre-requisites for license applications?**

Refer to the Florida Mortgage Lender Servicer New Application Checklist document located on the NMLS Resource Center website
Mortgage Lender Servicer new application checklist

**WHO TO CONTACT** – Contact Bureau of Regulatory Review - Finance licensing staff by phone at 850-410-9895 for additional assistance. For system questions, call the NMLS Call Center at 240-386-4444.

THE APPLICANT/LICENSEE IS FULLY RESPONSIBLE FOR ALL OF THE REQUIREMENTS OF THE LICENSE FOR WHICH THEY ARE APPLYING. THE JURISDICTION SPECIFIC REQUIREMENTS CONTAINED HEREIN ARE FOR GUIDANCE ONLY TO FACILITATE APPLICATION THROUGH THE NMLS. SHOULD YOU HAVE QUESTIONS, PLEASE CONSULT LEGAL COUNSEL.

YOU ARE NOT AUTHORIZED TO ENGAGE IN FLORIDA REGULATED MORTGAGE ORIGINATION ACTIVITIES

**FLORIDA DEPARTMENT OF STATE**
**DIVISION OF CORPORATIONS**

| Home | Contact Us | E-Filing Services | Document Searches | Forms | Help |

Previous on List   Next on List   Return To List

No Events       No Name History

Entity Name Search

Submit

## Foreign Profit Corporation

JAMES B. NUTTER & COMPANY

## Filing Information

| | |
|---|---|
| **Document Number** | P21987 |
| **FEI/EIN Number** | 440607186 |
| **Date Filed** | 12/05/1988 |
| **State** | MO |
| **Status** | ACTIVE |

## Principal Address

4153 BROADWAY
KANSAS CITY MO 64111

Changed 03/03/2000

## Mailing Address

4153 BROADWAY
KANSAS CITY MO 64111

Changed 03/03/2000

## Registered Agent Name & Address

CT CORPORATION SYSTEM
1200 S. PINE ISLAND ROAD
PLANTATION FL 33324 US

Name Changed: 03/23/1992

Address Changed: 03/23/1992

## Officer/Director Detail

**Name & Address**

Title PD

NUTTER JR, JAMES B
4153 BROADWAY
KANSAS CITY MO 64111

Title S

BAUGHMAN, GLENNITA
4153 BROADWAY
KANSAS CITY MO 64111

Title T

WARD, KEITH
4153 BROADWAY
KANSAS CITY MO 64111

Title EVP

LOPEZ, GEORGE B
4153 BROADWAY
KANSAS CITY MO 64111

# EXHIBIT B

**Letter Dated October 2, 2012 from James B Nutter**

# JAMES B. NUTTER & COMPANY *Mortgage Bankers*

[816] 531-2345

[800] 875-7334

**WESTPORT/PLAZA OFFICE**
**4153 BROADWAY**
**P.O. BOX 10346**
**KANSAS CITY, MISSOURI 64171-9936**

10/02/12

C/O SHERRIE HAMPTON-MUHAMED
4329 DONERAIL DR
SNELLVILE GA  30039

RE:        JBN#:  579607
           Property address: 4163 PALAU DRIVE
                             SARASOTA FL  34241-5736

Your account was presented to the Foreclosure Review Board and the recommendation
to initiate legal action was approved.  As of this date, your file has been
turned over to the following attorney to commence foreclosure proceedings.

       RONALD R. WOLFE & ASSOC. PL
       4919 MEMORIAL HIGHWAY
       SUITE 200
       TAMPA, FL  33634
       (813)342-2200

You may still reinstate your account!  However, we caution you to not remit any
funds without first contacting the attorney's office listed above, as there will
be legal costs and fees in addition to the monthly payments and late charges now
due.  Absolutely no funds will be accepted unless these additional costs are
included.  Any remittance must be made in certified funds only.  Personal or
business checks will not be accepted.  In addition, the Foreclosure proceedings
will be reported to the credit repositories and completed foreclosures may be
reported to the Internal Revenue Service.

If you have any questions regarding the foreclosure, please contact the
undersigned.

       Sincerely,

       Foreclosure Department
       cc:  file


EQUAL HOUSING
LENDER

# EXHIBIT C

**Letter Dated October 4, 2012 from Ronald R. Wolfe**

**Ronald R Wolfe & Associates, P.L.**
ATTORNEYS AT LAW
4919 MEMORIAL HIGHWAY
SUITE 200
TAMPA, FLORIDA 33634

Telephone (813) 251-4766
Telefax (813) 251-1541

Please reply to:
Post Office Box 25018
Tampa, FL 33622-5018

October 04, 2012

SHERRIE HAMPTON-MUHAMED
4329 DONERAIL DRIVE
SNELLVILLE, GA  30039

Re:

| | |
|---|---|
| Loan Number: | 579607 |
| Mortgage Servicer | JAMES B. NUTTER & COMPANY |
| Creditor to whom the debt is owed: | JAMES B. NUTTER & COMPANY |
| Property Address: | 4163 PALAU DRIVE, SARASOTA, FL  34241 |
| Our File No.: | F12016113 |

Dear Borrower:

The law firm of Ronald R Wolfe & Associates, P.L. (hereinafter referred to as "law firm") has been retained to represent JAMES B. NUTTER & COMPANY with regards to its interests in the promissory Note and Mortgage executed by SHERRIE HAMPTON-MUHAMED  on .  Pursuant to the terms of the promissory Note and Mortgage, our client has accelerated all sums due and owing, which means that the entire principal balance and all other sums recoverable under the terms of the promissory Note and Mortgage are now due.

As of the date of this letter, the amount owed to our client is $93,953.02, which includes the unpaid principal balance, accrued interest through today, late charges, and other default-related costs recoverable under the terms of the promissory Note and Mortgage.    Additional interest will accrue after the date of this letter.

This correspondence is being sent to comply with the Fair Debt Collection Practices Act and should not be considered a payoff letter. Our client may make advances and incur fees and expenses after the date of this letter which are recoverable under the terms of the promissory Note and Mortgage.   Therefore, if you wish to receive figures to reinstate (bring your loan current) or pay off your loan through a specific date, please contact this law firm at (813) 251-4766 or client.services@wolfelawfl.com.

Unless you notify this law firm within thirty (30) days after your receipt of this letter that the validity of this debt, or any portion thereof, is disputed, this law firm will assume that the debt is valid.   If you do notify this law firm in writing within thirty (30) days after receipt of this letter that the debt, or any portion thereof, is disputed, this law firm will obtain verification of the debt or a copy of the judgment against you, if any, and mail it to you. Also, upon your written request within thirty (30) days after your receipt of this letter, this law firm will provide you with the name and address of the original creditor, if different from the current creditor.   Ronald R Wolfe & Associates, P.L. is a debt collector.   This law firm is attempting to collect a debt, and any information obtained will be used for that purpose.

All written requests should be addressed to Andrea D. Pidala, Ronald R Wolfe & Associates, P.L., P.O. Box 25018, Tampa, Florida   33622-5018.

This law firm is in the process of filing a Complaint on the promissory Note and Mortgage to foreclose on real estate.   The advice in this letter pertains to your dealings with this law firm as a debt collector.   It does not affect your dealings with the Court, and in particular, it does not change the time at which you must answer the Complaint.   The Summons is a command from the Court, not from this law firm, and you must follow its instructions even if you dispute the validity or amount of the debt.   The advice in this letter also does not affect this law firm's relations with the Court.   This law firm may file papers in the suit according to the Court's rules and the judge's instructions.

Finally, if you previously received a discharge in a bankruptcy involving this loan and did not sign a reaffirmation agreement, or if you are currently in an active bankruptcy and in rem stay relief has been granted, then this letter is not an attempt to collect a debt from you personally. This law firm is seeking solely to foreclose the creditor's lien on real estate and this law firm will not be seeking a personal money judgment against you.

If you have questions regarding this matter, please do not hesitate to contact this law firm.

Sincerely,

Ronald R Wolfe & Associates, P.L.

## NOTICE

**Ronald R Wolfe & Associates, P.L. is a debt collector.   This Firm is attempting to collect a debt, and information obtained may be used for the purpose.**

# EXHIBIT D

## Copy of First QWR dated October 1, 2012

Sherrie Hampton-Muhamed
4329 Donerail Dr.
Snellville, GA  30039

October 1, 2012

To:          Mr. Keith Ward, CFO
            James B. Nutter & Company
            4153 Broadway
            Kansas City, MO  64111

Re:         Homeowner:      Sherrie Hampton-Muhamed
            Property Address: 4163 Palau Dr., Sarasota, FL 34241
            Loan Number:    579607

Dear Mr. Ward:

This is a Qualified Written Request (QWR) as defined by the Real Estate Settlement Procedures Act
(RESPA) for information regarding the mortgage loan as referenced above.  In addition, this is also a
request made pursuant to Section 404 (b) of Public Law 111-22 for the name, address and telephone
number of the holder and owner of the Mortgage Note and for the same information with respect to the
Master Servicer of the obligation, as well as Public Law 107-56, 115 Stat. 272 (U.S.A. P.A.T.R.I.O.T.
Act).  I have been unable to access any information on this loan and have been given the same payoff
amount for one year.  I was told there was a refund to escrow related to a change in homeowners insuranc
and I have no record of this being credited or refunded.  Specifically, I am requesting the following
information:

1.  A complete and original life of the loan transaction history prepared by the
    Servicer from its own records (all information in regard to proper application
    of payments made to interest, principal, escrow advances and expenses for the
    life of the loan along with legal fees and expenses that have been attached to
    this account) using its own system and default servicing personnel.

2.  Pursuant to the Truth-In-Lending Act, identify the name, address, and telephone
    number of the owner of the Note and secured by the Mortgage Security
    Instrument in the mortgage loan referenced above.

3.  Pursuant to the P.A.T.R.I.O.T Act, provide all of the accounting, the flow of all
    monies and source of all funds related to the above referenced account.

4.  Provide the Community on Uniform Security Identification Procedures (CUSIP)
    number for the application.

Page 2 of 2

Sherrie Hampton-Muhamed
4329 Donerail Dr
Snellville, GA  30039

5.  Provide any and all CUSIP numbers on or assigned to or associated with the
    above referenced account.

6.  Provide any and all FHA and HUD documents related to the above referenced
    loan, front and back, with endorsements.  Include all documents related to
    Mortgage Insurance Case # 093-5694731-703-203b, File # CT-1402.

7.  Provide a complete copy of the Title Insurance, front and back, with
    endorsements, lender and owner.

8.  Provide a copy of the mortgage insurance with all signatures and endorsements.

9.  An itemized statement supporting the figure claimed due and owing as of
    _____ in the amount of _____.

Please provide the requested documentation within five (5) business days. Thank you in
advance.

Respectfully,

Sherrie Hampton-Muhamed

Sent by Certified Mail # 7008 0150 0002 6798 3480

# EXHIBIT E

**Copy of Promissory Note from James B Nutter**

Florida

# NOTE

FHA Case No.
093-5694731-703 203b

**THE STATE DOCUMENTARY TAX DUE ON THIS NOTE HAS BEEN PAID ON THE MORTGAGE SECURING THIS INDEBTEDNESS.**

NOVEMBER 18, 2003          4163 PALAU DRIVE, SARASOTA, FL 34241
(Date)                                 (Property Address)

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means James B. Nutter & Company, a Missouri Corporation, and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of ONE HUNDRED FOUR THOUSAND NINE HUNDRED FORTY EIGHT & 00/100 Dollars (U.S. $ 104,948.00       ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of SIX percent (  6.000      %) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

### (A) Time

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on  JANUARY, 2004            . Any principal and interest remaining on the first day of DECEMBER, 2033     , will be due on that date, which is called the "Maturity Date."

### (B) Place

Payment shall be made at 4153 Broadway, Kansas City, Missouri 64111 or at such place as Lender may designate in writing by notice to Borrower.

### (C) Amount

Each monthly payment of principal and interest will be in the amount of U.S. $      629.22    . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

### (D) Allonge to this Note for payment adjustments

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. (Check applicable box)

☐ Graduated Payment Allonge        ☐ Growing Equity Allonge        ☐ Other (specify)

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of FOUR                 percent (  4.00      %) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

FHA Florida Fixed Rate Note - 10/95
Amended 10.96

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)
KENNETH R. SUTHERLAND            - Borrower

_____ (Seal)
                                 - Borrower

_____ (Seal)
                                 - Borrower

_____ (Seal)
                                 - Borrower

_____ (Seal)
                                 - Borrower

_____ (Seal)
                                 - Borrower

_____ (Seal)
                                 - Borrower

_____ (Seal)
                                 - Borrower

# EXHIBIT F

**Copy of First Debt Validation Letter dated Oct. 24, 2012**

Sherrie Hampton-Muhamed
4329 Donerail Dr.
Snellville, GA  30039


October 24, 2012


Ronald R Wolfe & Associates, P.L.
ATTORNEYS AT LAW
P.O. Box 25018
Tampa, Florida 33622-5018

Re: James B Nutter Loan # 579607
Property Address:  4163 Palau Dr., Sarasota, FL 34241
Your File No: F12016113

Dear Andrea D. Pidala,

Thank you for your recent inquiry dated October 4, 2012 and received on October 10, 2012, First Class Mail from the U.S Postal Service. This is to undeniably dispute your claim and deny any validity to this debt or portion thereof.

This is a request for validation made pursuant to the Fair Debt Collection Practices Act. Please complete and return the attached disclosure request form.

Please be advised that I am not requesting a "verification" that you have my mailing address, I am requesting a "validation;" that is, competent evidence that I have some contractual obligation to pay you.

You should also be aware that sending unsubstantiated demands for payment through the United States Mail System might constitute mail fraud under federal and state law.

Your failure to satisfy this request within the requirements of the Fair Debt Collection Practices Act will be construed as your absolute waiver of any and all claims against me, and your tacit agreement to compensate me for costs and attorneys fees.   Also, please contact me only by mail. If you attempt to contact me by phone, I may take all appropriate action available to me by the law.

Sincerely,


Sherrie Hampton-Muhamed

Sent by Certified Mail # 7007 1490 0000 8821 0917

## CREDITOR DISCLOSURE STATEMENT

Name and Address of Collector (assignee): _____

_____

Name and Address of Debtor: _____

_____

Account Number(s): _____

What are the terms of assignment for this account? You may attach a facsimile of any records relating to such terms.

_____

_____

Have any insurance claims been made by any creditor or assignee regarding this account? Yes /no

Has the purported balance of this account been used in any tax deduction claim? Yes / no

Please list the particular products or services sold by the collector to the debtor and the dollar amount of each:

_____

_____

Upon failure or refusal of collector to validate this collection action, collector agrees to waive all claims against the debtor named herein and pay debtor for all costs and attorney fees involved in defending this collection action.

X_____        _____
Authorized signature for Collector                Date

Please return this completed form and attach all assignment or other transfer agreements that would establish your right to collect this debt. Your claim cannot be considered if any portion of this form is not completed and returned with the required documents. This is a request for validation made pursuant to the Fair Debt Collection Practices Act. If you do not respond as required by this law, your claim will not be considered and you may be liable for damages for continued collection efforts.

# EXHIBIT G

**Copy of First Complaint filed in court October 29, 2012**

IN THE CIRCUIT COURT OF THE TWELFTH
JUDICIAL CIRCUIT IN AND FOR SARASOTA COUNTY, FLORIDA
CIVIL ACTION

**JAMES B. NUTTER & COMPANY,**
    **Plaintiff,**

vs.

CASE NO.
DIVISION

**SHERRIE   HAMPTON-MUHAMED,   THE   UNKNOWN   SPOUSE   OF   SHERRIE
HAMPTON-MUHAMED,   DAVID SUTHERLAND,   THE   UNKNOWN SPOUSE   OF DAVID
SUTHERLAND; ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER, AND
AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN TO BE
DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES,
HEIRS, DEVISEES, GRANTEES, OR OTHER CLAIMANTS;    TENANT #1,   TENANT #2,   TENANT
#3 and   TENANT #4 the names being fictitious to account for parties in possession,**
        **Defendant(s).**
_____/

## MORTGAGE FORECLOSURE COMPLAINT

Plaintiff, JAMES B. NUTTER & COMPANY sues Defendants,   SHERRIE HAMPTON-MUHAMED,
THE UNKNOWN SPOUSE OF SHERRIE HAMPTON-MUHAMED,   DAVID SUTHERLAND,   THE
UNKNOWN SPOUSE OF DAVID SUTHERLAND; ANY AND ALL UNKNOWN PARTIES CLAIMING BY,
THROUGH, UNDER, AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO ARE
NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN
INTEREST AS SPOUSES, HEIRS, DEVISEES, GRANTEES, OR OTHER CLAIMANTS;    TENANT #1,
TENANT #2,   TENANT #3 and   TENANT #4 the names being fictitious to account for parties in possession, and
alleges:

## COUNT I - MORTGAGE FORECLOSURE

1.      This is an in rem action to foreclose a mortgage on real property located and situated in SARASOTA
County, Florida.

2.      This firm has complied with the notice requirement of the Fair Debt Collection Practices Act, 15
U.S.C. § 1692, et seq, as amended.   The Notice(s) previously mailed by the firm is attached hereto and incorporated
herein as an Exhibit.

3.      On or about November 18, 2003, there was executed and delivered a Promissory Note ("Mortgage
Note") and a  Mortgage ("Mortgage") securing the payment of the Mortgage Note.  The Mortgage was recorded on

F12016113-M000100

December 3, 2003, Official Instrument Number 2003241549, of the Public Records of SARASOTA County, Florida, (All subsequent recording references are to the public records of SARASOTA County, Florida) and mortgaged the real and personal property, if any, described therein, then owned by and in possession of the Mortgagor(s) ("Property"). Copies of the original Mortgage Note and Mortgage are attached hereto and incorporated herein as an Exhibit.

      4.      Plaintiff is now the holder of the Mortgage Note and Mortgage and/or is entitled to enforce the Mortgage Note and Mortgage.

      5.      The Property is now owned of record by Defendant(s), SHERRIE HAMPTON-MUHAMED, and DAVID SUTHERLAND.

      6.      The Mortgage Note and Mortgage are in default.  The required installment payment of June 1, 2012, was not paid, and no subsequent payments have been made.  The Mortgage is contractually due for the June 1, 2012, payment.  The last payment received was applied to the May 1, 2012, installment, and no subsequent payments have been applied to the loan.

      7.      Plaintiff declares the full amount payable under the Mortgage Note and Mortgage to be now due.

      8.      Plaintiff must be paid $91,263.16 in principal on the Mortgage Note and Mortgage, together with interest from May 1, 2012, late charges, and all costs of collection including title search expenses for ascertaining necessary parties to this action and reasonable attorney's fees.

      9.      All conditions precedent to the acceleration of the Mortgage Note and foreclosure of the Mortgage have been performed or have occurred.

      10.      Plaintiff has retained the law firm of Ronald R Wolfe & Associates, P.L., in this action and is obligated to pay it a reasonable fee for its services in bringing this action as well as all costs of collection.

      11.      The interests of each Defendant are subject, subordinate, and inferior to the right, title, interest, and lien of Plaintiff's Mortgage with the exception of any special assessments that are superior pursuant to Florida Statutes §159 (2006) and Florida Statutes §170.09 (2006).

      12.      THE UNKNOWN SPOUSE OF SHERRIE HAMPTON-MUHAMED may have or claim an interest in the Property that is the subject of this Foreclosure action by virtue of homestead rights, possession, or any right of redemption, or may otherwise claim an interest in the Property.

      13.      THE UNKNOWN SPOUSE OF DAVID SUTHERLAND may have or claim an interest in the Property that is the subject of this Foreclosure action by virtue of homestead rights, possession, or any right of redemption, or may otherwise claim an interest in the Property.

      14.      TENANT #1,  TENANT #2,  TENANT #3 and  TENANT #4, the names being fictitious to account for parties in possession may claim some interest in the Property that is the subject of this foreclosure action by virtue of an unrecorded lease or purchase option, by virtue of possession, or may otherwise claim an interest in the Property.  The names of these Defendants are unknown to the Plaintiff.

WHEREFORE, Plaintiff requests that the Court ascertain the amount due Plaintiff for principal and interest

2

on the Mortgage Note and Mortgage and for late charges, abstracting, taxes, expenses and costs, including attorney's fees, plus interest thereon; that if the sums due Plaintiff under the Mortgage Note and Mortgage are not paid immediately, the Court foreclose the Mortgage and the Clerk of the Court sell the Property securing the indebtedness to satisfy Plaintiff's mortgage lien in accordance with the provisions of Florida Statutes §45.031 (2006); that the rights, title and interest of any Defendant, or any party claiming by, through, under or against any Defendant named herein or hereafter made a Defendant be forever barred and foreclosed; that the Court appoint a receiver of the Property and of the rents, issues, income and profits thereof, or in the alternative, order sequestration of rents, issues, income and profits pursuant to Florida Statutes §697.07 (2006); and that the Court retain jurisdiction of this action to make any and all further orders and judgments as may be necessary and proper, including the issuance of a writ of possession and the entry of a deficiency decree, when and if such deficiency decree shall appear proper, if borrower(s) has not been discharged in bankruptcy.

## VERIFICATION OF FORECLOSURE COMPLAINT

Under penalty of perjury, I declare that I have read the foregoing Complaint filed against SHERRIE HAMPTON-MUHAMED, et al., and the facts alleged therein are true and correct to the best of my knowledge and belief.

JAMES B. NUTTER & COMPANY

BY: _____

BRUCE HUEY

VICE PRESIDENT

Date: October 19, 2012

This 15 day of Oct, 2012

Respectfully submitted,

Ronald R Wolfe & Associates, P.L.
P.O. Box 25018
Tampa, Florida 33622-5018
(813) 251-4766
Address for Electronic Service: eservice@wolfelawfl.com

By _____
    Andrea D. Pidala
    Florida Bar No. 0022848
☐  Francis Hannon
    Florida Bar No. Pending

NUTTER-FHA–R-UNASSIGNED-Team 4 – F12016113

3

# EXHIBIT H

**Copy of Altered Promissory Note sent with the Complaint around November 7, 2012**