Mr. Keith Ward, CFO
James B Nutter & Company
4153 Broadway
Kansas City, MO  64111

RE: Loan Number 579607
CASE Number:  2012 CA 008672 NC

This is a copy of the letter sent to your attorney along with copies of previous letters sent by your attorney and myself.  Your attorney has violated the FDCPA and you have violated RESPA and have yet to validate this debt.  If you are not aware, each action you or your attorney takes in attempt to collect this debt without validation, has accumulated multiple RESPA, FDCPA, FCCPA, TCPA, TILA,  HUD, etc. fines. These charges are multiple and continue to accumulate, as nothing has been validated.  I have requested from you and your attorney, in October of 2012, to validate a contract that does not belong to me, in spite of what your attorney has alleged in her correspondence and court documents.

I am now requesting from both you and your attorney to CEASE AND DESIST all collection activity, litigation, fees, etc. until this debt can be validated according to all federal and state laws.  This foreclosure activity should never have started according to state and federal laws, since the dispute was filed and never validated and you stated under perjury that all of the documents were verified.  The foreclosure was filed in the court before you even received the debt dispute and was filed much earlier than the 30 days required by law and in your attorney's letter to me.

I am also requesting that you inform me of who has locked me out of my house and put abandoned signs on my property without my notification of such activity.  The property is empty, NOT ABANDONED, And I am paying a property manager to take care of the property, which obviously we can no longer do.  You have put abandoned signs on the house and yet your attorney is continuing to charge you over and over to try and serve Tenants that do not exist.  Your attorneys are also bringing fraud upon the court, not unlike anything they have done in the past.

I have been able to keep the contractor that has done the repairs on this property from filing a lien on the property, but they have not been paid yet, due to your negligence in notifying me properly (legally) of the situation related to this property.  Evidently, after verifying my correct address multiple times and you knowing how to reach me, you sent a letter to the tenant, who broke their lease and left, which gave me no capability of paying for anything.   There are still outstanding debts on this property that have to be paid before resolving anything else along with my legal fees related to violation of the laws.

I expect this information immediately, since it has been more than 6 months since the date of the first dispute.

NOTICE TO AGENT IS NOTICE TO PRINCIPLE AND NOTICE TO PRINCIPLE IS NOTICE TO AGENT.

Respectfully,

Sherrie Hampton-Muhamed
4329 Donerail Dr.
Snellville, GA  30039
cmrsinc@comcast.net

Sherrie Hampton-Muhamed
4329 Donerail Dr., Snellville, GA 30039
Sent: 4/30/13                                     Certified Mail Return Receipt # 7008-0150-6978-3534

TO: Andrea D. Pidala, Esq., Ronald R. Wolfe & Assocs.
ADDRESS 4919 Memorial Hwy, Suite 200, Tampa, FL 33634
REF: Loan Number: 579607
REF: JAMES B NUTTER & COMPANY

---

REF: Defendant's name: Sherrie Hampton-Muhamed
Property Address: 4163 Palau Dr., Sarasota, FL 34241
Docket Number: 2012 CA 008672 NC
FAIR DEBT COLLECTION PRACTICES ACT DEBT DISPUTE
SECOND NOTICE AND DEMAND FOR DEBT VALIDATION

To: All Parties Stated Herein:

This letter is being sent to you via U.S. Postal Services Certified Mail/ Return Receipt # in response to a letter sent by you dated October 4, 2012. (Exhibit A, Attached). You received this dispute on October 29, 2012 had 30 days to respond to this FDCPA request and did not do that. Be advised that this is not a refusal to pay, but a notice sent pursuant to the Fair Debt Collection Practices Act, 15 USC & 1692 that your claim is disputed and validation is requested AGAIN. Please be advised that this notice constitutes written notice that I/we, dispute the debt alleged and demand verification thereof, AGAIN. The requests and demands herein are pursuant to The Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. & 1692 and my letter of dispute, attached as (Exhibit B ). The validation request constitutes constructive notice wherein, Notice to the Agent is notice to the Principle and Notice to the Principle is notice to the Agent.

Please provide the following documents for verification of the alleged debt and if unable to provide, please give detailed explanation of why not:
1. The complete legal name and address of the original creditor and documentation that they are registered to conduct business in the State.
2. Certified copies of all assignments of mortgage from all parties' recordings with the registry of deeds. Please certify any other original documents in your possession that provide proof that you are a "holder in due course" and you have beneficial interest in the claim purported herein.
3. All underwriting and title documents used in connection with this loan.
4. A payment history for the life of the alleged debt, per the provisions of Florida Consumer Protection Laws, FDCPA 1692 – Validation of Debts, including an explanation of how you calculated what you allege is owed by the defendant.
5. Any other current or any original contracts, agreements and/or other original documents, with the bona fide signatures of both parties (Defendants and an authorized representative of Original "creditor", including proof of their authority), of the alleged and disputed debt in accordance with FDCPA – Unfair Practices (15 USC 1692(f), Federal Rules of Evidence – Rule 1002 and Rule 1003 and other applicable Federal and State Laws and Regulations; and state the location(s) of any and all alleged records relative to this matter.
6. The complete legal name and address of the current owner(s) of the obligation and documentation that they have complied with all applicable State and Federal laws prior to or simultaneous with the filing of this action.

7. The complete legal name and address and documentation of THE TRUST.

8. The original "creditor", who in the creation of this alleged account lent its own assets (money) by indicating which account this "money" was secured from to provide the funding for this alleged loan. Please provide the date of purported funding of this account, its date of origination and a certified copy of the form of payment made to the title agent in the above related account for verification purposes.

9. To further verify this disputed debt, please also provide the date(s) this alleged debt was assigned (and/or sold) and amount of consideration and all terms and conditions. In connection with this request, further provide:

· The basis of this assignment or purchase amount and provide documents of any and all assignments (or purchases) of the alleged debt cited above and the assignment (or purchase) process undertaken. Provide a disclosure of your alleged right to servicing, by providing an executed original letter of transfer of servicing right in accordance with RESPA.

10. Documentation detailing all assignees, holder and debt collectors of this alleged debt including former law firm(s) engaged to collect this alleged debt and transaction dates and any filings in accordance with FCRA δ 623, responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. δ 1681(s) (2)] and FCRA δ 611 and procedure in case of disputed accuracy [15 U.S.C. δ 1681(i) (a) (5)]. Please provide certified documentation of the alleged debt detailing the transaction and accounting and how the alleged debt amounts were calculated.

11. Documentation as to which credit bureaus, including but not limited to Experian, Equifax, TransUnion, this alleged debt has been reported.

12. Has any claim of loss been made under any and all insurance policies affording coverage to any creditor or borrower regarding this alleged debt? If so, please provide the amount of the claim and final outcome of claim. Additionally, provide a certified copy of any and all insurance policies that were/are available to any creditor related to the alleged debt.

**In addition to the above, pursuant to the Fair Debt Collections Practices Act, take the following actions:**

1. Please contact any credit agencies to whom you have reported this alleged debt and inform them that the debt is disputed; and, forward a copy of this letter to any creditor who alleges that I/we owe this debt, and inform them that the debt cited above is disputed. This was originally disputed in October, 2012.

2. You must cease all communications with me/us about the alleged debt unless as required by law, in strict compliance with the FDCPA, the State Consumer Protection Laws, and other law cited.

3. You are required by law to **Cease all efforts to collect this debt, through litigation or otherwise, until the requested information has been provided.**

4. This is a second reminder that you should also be aware that sending unsubstantiated demands for payment through the United States Mail System may constitute mail fraud under federal and state law.

5. This is a second reminder that your failure to satisfy this request within the requirements of the Fair Debt Collection Practices Act will be construed as your absolute waiver of any and all claims against me, and your tacit agreement to compensate me for costs and legal fees.

Per the **NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. SECTION 1692**

Signed by Defendant: _____Date: April 30, 2013
Printed Name:  Sherrie Hampton-Muhamed

**Copy sent to James B Nutter & Co.   Certified Mail Return Receipt # 7008-0150-0002-6978-3558**

Sherrie Hampton-Muhamed
4329 Donerail Dr., Snellville, GA  30039
Sent: 4/30/13                                          Certified Mail Return Receipt # 7008-0150-6978-3534

TO: Andrea D. Pidala, Esq., Ronald R. Wolfe & Assocs.
ADDRESS 4919 Memorial Hwy, Suite 200, Tampa, FL 33634
REF: Loan Number:  579607
REF: JAMES B NUTTER & COMPANY

---

REF: Defendant's name: Sherrie Hampton-Muhamed
Property Address:  4163 Palau Dr., Sarasota, FL 34241
Docket Number:  2012 CA 008672 NC
FAIR DEBT COLLECTION PRACTICES ACT DEBT DISPUTE
SECOND NOTICE AND DEMAND FOR DEBT VALIDATION

To: All Parties Stated Herein:

This letter is being sent to you via U.S. Postal Services Certified Mail/ Return Receipt # in response to a letter sent by you dated October 4, 2012. (Exhibit A, Attached).  You received this dispute on October 29, 2012 had 30 days to respond to this FDCPA request and did not do that. Be advised that this is not a refusal to pay, but a notice sent pursuant to the Fair Debt Collection Practices Act, 15 USC & 1692 that your claim is disputed and validation is requested AGAIN.  Please be advised that this notice constitutes written notice that I/we, dispute the debt alleged and demand verification thereof, AGAIN.  The requests and demands herein are pursuant to The Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. & 1692 and my letter of dispute, attached as (Exhibit B ). The validation request constitutes constructive notice wherein, Notice to the Agent is notice to the Principle and Notice to the Principle is notice to the Agent.

Please provide the following documents for verification of the alleged debt and if unable to provide, please give detailed explanation of why not:
1. The complete legal name and address of the original creditor and documentation that they are registered to conduct business in the State.
2. Certified copies of all assignments of mortgage from all parties' recordings with the registry of deeds. Please certify any other original documents in your possession that provide proof that you are a "holder in due course" and you have beneficial interest in the claim purported herein.
3. All underwriting and title documents used in connection with this loan.
4. A payment history for the life of the alleged debt, per the provisions of Florida Consumer Protection Laws, FDCPA 1692 – Validation of Debts, including an explanation of how you calculated what you allege is owed by the defendant.
5. Any other current or any original contracts, agreements and/or other original documents, with the bona fide signatures of both parties (Defendants and an authorized representative of Original "creditor", including proof of their authority), of the alleged and disputed debt in accordance with FDCPA – Unfair Practices (15 USC 1692(f), Federal Rules of Evidence – Rule 1002 and Rule 1003 and other applicable Federal and State Laws and Regulations; and state the location(s) of any and all alleged records relative to this matter.
6. The complete legal name and address of the current owner(s) of the obligation and documentation that they have complied with all applicable State and Federal laws prior to or simultaneous with the filing of this action.

7. The complete legal name and address and documentation of THE TRUST.

8. The original "creditor", who in the creation of this alleged account lent its own assets (money) by indicating which account this "money" was secured from to provide the funding for this alleged loan. Please provide the date of purported funding of this account, its date of origination and a certified copy of the form of payment made to the title agent in the above related account for verification purposes.

9. To further verify this disputed debt, please also provide the date(s) this alleged debt was assigned (and/or sold) and amount of consideration and all terms and conditions. In connection with this request, further provide:

· The basis of this assignment or purchase amount and provide documents of any and all assignments (or purchases) of the alleged debt cited above and the assignment (or purchase) process undertaken. Provide a disclosure of your alleged right to servicing, by providing an executed original letter of transfer of servicing right in accordance with RESPA.

10. Documentation detailing all assignees, holder and debt collectors of this alleged debt including former law firm(s) engaged to collect this alleged debt and transaction dates and any filings in accordance with FCRA δ 623, responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. δ 1681(s) (2)] and FCRA δ 611 and procedure in case of disputed accuracy [15 U.S.C. δ 1681(i) (a) (5)]. Please provide certified documentation of the alleged debt detailing the transaction and accounting and how the alleged debt amounts were calculated.

11. Documentation as to which credit bureaus, including but not limited to Experian, Equifax, TransUnion, this alleged debt has been reported.

12. Has any claim of loss been made under any and all insurance policies affording coverage to any creditor or borrower regarding this alleged debt? If so, please provide the amount of the claim and final outcome of claim. Additionally, provide a certified copy of any and all insurance policies that were/are available to any creditor related to the alleged debt.

**In addition to the above, pursuant to the Fair Debt Collections Practices Act, take the following actions:**

1. Please contact any credit agencies to whom you have reported this alleged debt and inform them that the debt is disputed; and, forward a copy of this letter to any creditor who alleges that I/we owe this debt, and inform them that the debt cited above is disputed. This was originally disputed in October, 2012.

2. You must cease all communications with me/us about the alleged debt unless as required by law, in strict compliance with the FDCPA, the State Consumer Protection Laws, and other law cited.

3. You are required by law to **Cease all efforts to collect this debt, through litigation or otherwise, until the requested information has been provided.**

4. This is a second reminder that you should also be aware that sending unsubstantiated demands for payment through the United States Mail System may constitute mail fraud under federal and state law.

5. This is a second reminder that your failure to satisfy this request within the requirements of the Fair Debt Collection Practices Act will be construed as your absolute waiver of any and all claims against me, and your tacit agreement to compensate me for costs and legal fees.

Per the **NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. SECTION 1692**

Signed by Defendant: _____ Date: April 30, 2013
Printed Name:  Sherrie Hampton-Muhamed

**Copy sent to James B Nutter & Co.   Certified Mail Return Receipt # 7008-0150-0002-6978-3558**

# EXHIBIT M

**Letter Dated June 17, 2013 to James B Nutter demanding legal right to enforce the Note per UCC**

June 17, 2013        Certified Mail: 7012 2210 0001 5622 4551

Sherrie L. Hampton-Muhamed
4329 Donerail Drive
Snellville, GA 30039

James B. Nutter & Co.
4153 Broadway
Kansas City, MO 64111

> **DO NOT MISTAKE THIS FOR A GENERIC QWR OR CONSUMER PROTECTION LETTER SUCH AS A REQUEST FOR VALIDATION OR FDCPA DISPUTE.**
>
> When You respond to this letter, please designate that You are specifically responding to this letter designated:
> **2013-06-17-A.**
>
> Number Your responses to the individual paragraphs below so that I can tell which requests You are fulfilling, ignoring, or refusing.

Homeowner:         Sherrie Hampton-Muhamed
Property Address:  4163 Palau Drive, Sarasota, FL 34241
Loan Number:       579607

Dear Madam or Sir,

Please read this carefully. You are attempting to foreclose on my home. You or an agent of yours has threatened to foreclose on my home without authority under the Florida Statutes, Title XXXIX, Commercial Relations, Chapter 671, Uniform Commercial Code, § 671.101 et seq.

During the foreclosure process, you acted as the agent of the note holder or as the note holder. You and/or the alleged note holder, servicers, and/or other agents have sent documents to me such as notices of intent to accelerate, a notice of default and/or sale and made references to a default.

The warnings by different parties and various forms of threats and notices of the ultimate notice or Default, Foreclosure, and Sale (**the "Notice"**) and all other references to such in the public record have created confusion as to the status of the parties now and then.

On October 2, 2012, because of an alleged default, you, your agent, or your principal sent an unsigned Notice advising, *"Your account was presented to the Foreclosure Review Board and the recommendation to initiate legal action was approved."* The Notice stated, *"You may still*

1/6

*reinstate your account!*", but to do so I would have to do such through the attorneys of Ronald R. Wolfe & Associates, PL.

Then on October 4, 2012, the law offices or Ronald R. Wolfe & Associates, PL sent an unsigned Notice which read, *"As of the date of this letter, the amount owed to our client is $93,953.02, which includes the unpaid principal balance, accrued interest through today, late charges, and other default-related costs recoverable under the terms of the promissory Note and Mortgage.*

The Notice further read, *"This law firm is in the process of filing a Complaint on the promissory Note and Mortgage to foreclose on real estate."*

I do not know if you have or had the legal rights alleged in the **Notice**.

Since you are attempting to foreclose on me, I need to determine whether the **Notice** had any legal validity. I believe you are working in concert with others to wrongfully foreclose on my home.

Please, therefore, provide within **TEN (10)** calendar days from the date of this letter the below requested information and any additional information or documents you think establishes your right to make the demands or to carry out the threats of the **Notice**.

**Your compliance with this request will not require much time or effort if, in fact, you have or had such rights and you verified the same before sending the Notice to me.**

**Respond fully to the sections below that apply to you.** For clarification, let me know which parts you believe do not apply to you. Failure to eliminate any particular level of involvement will be deemed as your admission that you are claiming responsibility for such regarding the mortgage loan.

If you have a document that is responsive to this request, please provide a copy of the entire document, including exhibits.

A summary, abstract, or comment about a document is not acceptable, and will not be treated as genuine evidence supporting whatever position you claim regarding the mortgage loan and Home.

Silence, or an incomplete response will be deemed as your admission that the **Notice** was improperly issued and that your office has, or had, no right to enforce the mortgage loan pursuant to the Florida Statutes, Title XXXIX, Commercial Relations, Chapter 671, Uniform Commercial Code, § 671.101 et seq. and, therefore, have no right to foreclose on my Home.

1.  **If you claim to be a trustee or agent appointed to conduct a foreclosure of my Home:**

    a.  Please specify your appointed role as an agent, trustee, or function in some other appointed role.
    b.  Please provide the name, address, and phone number of the company and the person(s) at that company who instructed you to commence this foreclosure process. I deem your receipt of this letter to be receipt by your customer, also, and I require responses by you and your customer accordingly.
    c.  Please describe the portion or text of any document I executed regarding the mortgage loan that authorizes you to perform the foreclosure services you have agreed to perform regarding my Home.
    d.  If you claim you received only a verbal instruction to initiate this foreclosure process, please identity the date of that instruction and the name, address, employer, and phone number of the person who gave that instruction to you.
    e.  Please explain everything you did to assure yourself that the company or person who instructed you to initiate the foreclosure process was, in fact, authorized to do so by law. Further, please provide a copy of each document, digital or hardcopy, you reviewed when making that assessment.
    f.  Please provide a copy of the contract or agreement, and each of them if more than one, by which you were engaged to act as trustee regarding the foreclosure of my Home.
    g.  Please provide a copy of all communications, whether email, fax, letter, or otherwise, that you have received or sent regarding my Home.

    h.    If you have an office manual or policy statement about how and when you engage in and prosecute foreclosures, please provide a copy.

    i.    Your failure to provide the requested information will be deemed your admission that you have engaged in this foreclosure process without authority and in violation of the terms of the mortgage loan documents and the laws of the state in which the Home is located.

2. **If you are the attorney representing a company that is involved with the demands and foreclosure related threats of the Notice.**

    Identify your client or clients with name, address, phone number, and a description of client's relationship to the mortgage loan and Home. Further, identify your contact person for each such identified client, including his or her name, address, employer, and phone number. I deem your receipt of this letter to be receipt by your client and I require responses by you and your client(s) accordingly.

3. **If you claim that you are <u>entitled to enforce</u> the mortgage loan according to the Uniform Commercial Code as adopted by Florida, and not in the capacity as a servant for whomever might be that person.** Then explain and identify the circumstances by which you obtained that right and when. In addition, please provide the explanations and documents requested below:

    a.    If you claim to have physical possession of the Note I executed, please let me know when you will make the Note available for inspection and copying. The place you select must be close to my Home, unless we all agree otherwise.

    b.    Please provide a complete accounting of the amount alleged due under the Note from its inception to the current time, including every credit and debit. Please account for each and any insurance proceeds, claim settlement, or warranty payments made regarding the note and my Home. If you maintain that no insurance, claim settlement, or warranty payments have been sought or received that involve, directly or indirectly, the mortgage loan and Home, please state so in an affidavit under oath executed by one of your officers who is also your employee.

    c.    Please provide a complete history of each transfer of the physical Note and each sale, transfer, exchange or assignment of the mortgage loan, in full or part, from its creation to the current time, including but not limited to the name, address, and phone number of each transferor and each transferee in that chain. Further, for each transfer or transaction please provide, in addition to any resulting assignment or conveyance instrument, the contract(s) or agreement(s) involved with the respective transfer or transaction, as made by the parties to each respective transfer or transaction. Also, please identify the source or sources of your information regarding that chain of activity regarding the mortgage loan.

    d.    Please provide a copy of each email, fax, letter, or other communication you sent to or received from any person or company regarding the mortgage loan since its inception.

4.    **If you work for a company that claims the right to enforce the mortgage loan pursuant to the Uniform Commercial Code as adopted by Florida.** Then identify that company with its name, address, and phone number, and identify the person or persons at that company to whom you report.

    a.    If you are an agent or servant, I deem that your receipt of this letter constitutes receipt by the company for which you are working, and we require that company to respond as if it received this letter directly rather than through you.

    b.    Please provide the contract, agreement, or document by which you were engaged to provide services for that company regarding my Home. If more than one contract or agreement is involved, please provide complete copies of each.

    c.    Please admit that you hold no economic interest in the mortgage loan or Home. If you maintain otherwise, please explain and provide each and all documents that you assert create an economic interest in the mortgage loan or Home.

    d.    Please have the company you claim hired you regarding my Home to provide by the hand of one of its employees, directly to me, its affirmation of your engagement and authority to represent it respecting my Home and the Notice, and all of its documents regarding the mortgage loan.

    e.    Please provide a copy of the document or documents by which that company declared a default under the mortgage loan and instructed you or some other