person to commence collection actions regarding same.  If you claim that instruction was verbal, please identify the person who gave it to you and include the date of that instruction and that person's name, address, employer, and phone number.

You are welcome to answer that you have no such information with which to reply to any particular request.  If you need more time to provide the requested information and documents, I would be amenable to an extension of the time subject to a reciprocal extension, day-for-day, of each deadline stated in the **Notice**(s).

Further, during such additional time, if granted per this paragraph, your delay in providing the required answers and documentation will be nevertheless deemed your admission, pending proof to the contrary, that the **Notice** was issued by mistake and that neither you nor the company you claim to represent, if applicable, actually has, or had, the right by law to make the demands and threats included in the **Notice**.

I am requiring you meet the requirements of the **Uniform Commercial Code** as adopted and delineated in the Florida Statutes, Title XXXIX, Commercial Relations, Chapter 671, Uniform Commercial Code, § 671.101 et seq. to show me that you are entitled to enforce the note and the mortgage which is ancillary to the note.

## PLEASE MAKE SURE **YOUR** RESPONSES REFERENCE THE PARTICULAR SECTIONS (1, 2, 3, or 4) and the sub sections addressed (a, b . . .), and **reference letter 2013-06-17-A**.

I expect a response from YOUR office addressing YOUR relationship to me as it relates to the Mortgage Loan.

Sincerely,

*Sherrie L. Hampton - Muhamed*

Sherrie L. Hampton-Muhamed

# EXHIBIT N

**Letter Dated June 17, 2013 to Ronald R Wolfe
demanding legal right to enforce the Note per UCC**

June 17, 2013                Certified Mail: _____ 7008 0150 0002 6978 3565 _____

Sherrie L. Hampton-Muhamed
4329 Donerail Drive
Snellville, GA 30039

Andrea D. Pidala
Ronald R Wolfe & Associates, P.L.
P.O. Box 25018
Tampa, FL 33622-5018

> **DO NOT MISTAKE THIS FOR A GENERIC QWR OR CONSUMER PROTECTION LETTER SUCH AS A REQUEST FOR VALIDATION OR FDCPA DISPUTE.**
>
> When <u>You</u> respond to this letter, please designate that <u>You</u> are specifically responding to this letter designated: **2013-06-17-B**.
>
> Number <u>Your</u> responses to the individual paragraphs below so that I can tell which requests <u>You</u> are fulfilling, ignoring, or refusing.

| | |
|---|---|
| Homeowner: | Sherrie Hampton-Muhamed |
| Property Address: | 4163 Palau Drive, Sarasota, FL 34241 |
| Loan Number: | 579607 |
| Your File Number: | FI2016113 |

Dear Madam or Sir,

Please read this carefully. You are attempting to foreclose on my home. You or an agent of yours has threatened to foreclose on my home without authority under the Florida Statutes, Title XXXIX, Commercial Relations, Chapter 671, Uniform Commercial Code, § 671.101 et seq.

During the foreclosure process, you acted as the agent of the note holder or as the note holder. You and/or the alleged note holder, servicers, and/or other agents have sent documents to me such as notices of intent to accelerate, a notice of default and/or sale and made references to a default.

The warnings by different parties and various forms of threats and notices of the ultimate notice or Default, Foreclosure, and Sale (the "Notice") and all other references to such in the public record have created confusion as to the status of the parties now and then.

On October 2, 2012, because of an alleged default, you, your agent, or your principal sent an unsigned Notice advising, *"Your account was presented to the Foreclosure Review Board and the recommendation to initiate <u>legal action was approved</u>."* The Notice stated, *"You <u>may still</u>*

_reinstate your account!"_, but to do so I would have to do such through the attorneys of Ronald R. Wolfe & Associates, PL.

Then on October 4, 2012, the law offices or Ronald R. Wolfe & Associates, PL sent an unsigned Notice which read, _"As of the date of this letter, the amount owed to our client is $93,953 .02, which includes the unpaid principal balance, accrued interest through today, late charges, and other default-related costs recoverable under the terms of the promissory Note and Mortgage._

The Notice further read, _"This law firm is in the process of filing a Complaint on the promissory Note and Mortgage to foreclose on real estate."_

I do not know if you have or had the legal rights alleged in the Notice.

Since you are attempting to foreclose on me, I need to determine whether the Notice had any legal validity. I believe you are working in concert with others to wrongfully foreclose on my home.

Please, therefore, provide within **TEN (10)** calendar days from the date of this letter the below requested information and any additional information or documents you think establishes your right to make the demands or to carry out the threats of the Notice.

**Your compliance with this request will not require much time or effort if, in fact, you have or had such rights and you verified the same before sending the Notice to me.**

**Respond fully to the sections below that apply to you.** For clarification, let me know which parts you believe do not apply to you. Failure to eliminate any particular level of involvement will be deemed as your admission that you are claiming responsibility for such regarding the mortgage loan.

If you have a document that is responsive to this request, please provide a copy of the entire document, including exhibits.

A summary, abstract, or comment about a document is not acceptable, and will not be treated as genuine evidence supporting whatever position you claim regarding the mortgage loan and Home.

Silence, or an incomplete response will be deemed as your admission that the **Notice** was improperly issued and that your office has, or had, no right to enforce the mortgage loan pursuant to the Florida Statutes, Title XXXIX, Commercial Relations, Chapter 671, Uniform Commercial Code, § 671.101 et seq. and, therefore, have no right to foreclose on my Home.

1. **If you claim to be a trustee or agent appointed to conduct a foreclosure of my Home:**

   a.   Please specify your appointed role as an agent, trustee, or function in some other appointed role.

   b.   Please provide the name, address, and phone number of the company and the person(s) at that company who instructed you to commence this foreclosure process. I deem your receipt of this letter to be receipt by your customer, also, and I require responses by you and your customer accordingly.

   c.   Please describe the portion or text of any document I executed regarding the mortgage loan that authorizes you to perform the foreclosure services you have agreed to perform regarding my Home.

   d.   If you claim you received only a verbal instruction to initiate this foreclosure process, please identify the date of that instruction and the name, address, employer, and phone number of the person who gave that instruction to you.

   e.   Please explain everything you did to assure yourself that the company or person who instructed you to initiate the foreclosure process was, in fact, authorized to do so by law. Further, please provide a copy of each document, digital or hardcopy, you reviewed when making that assessment.

   f.   Please provide a copy of the contract or agreement, and each of them if more than one, by which you were engaged to act as trustee regarding the foreclosure of my Home.

   g.   Please provide a copy of all communications, whether email, fax, letter, or otherwise, that you have received or sent regarding my Home.

h.   If you have an office manual or policy statement about how and when you engage in and prosecute foreclosures, please provide a copy.

i.   Your failure to provide the requested information will be deemed your admission that you have engaged in this foreclosure process without authority and in violation of the terms of the mortgage loan documents and the laws of the state in which the Home is located.

2.   **If you are the attorney representing a company that is involved with the demands and foreclosure related threats of the Notice.**

Identify your client or clients with name, address, phone number, and a description of client's relationship to the mortgage loan and Home. Further, identify your contact person for each such identified client, including his or her name, address, employer, and phone number. I deem your receipt of this letter to be receipt by your client and I require responses by you and your client(s) accordingly.

3.   **If you claim that you are <u>entitled to enforce</u> the mortgage loan according to the Uniform Commercial Code as adopted by Florida, and not in the capacity as a servant for whomever might be that person.** Then explain and identify the circumstances by which you obtained that right and when. In addition, please provide the explanations and documents requested below:

a.   If you claim to have physical possession of the Note I executed, please let me know when you will make the Note available for inspection and copying. The place you select must be close to my Home, unless we all agree otherwise.

b.   Please provide a complete accounting of the amount alleged due under the Note from its inception to the current time, including every credit and debit. Please account for each and any insurance proceeds, claim settlement, or warranty payments made regarding the note and Home. If you maintain that no insurance, claim settlement, or warranty payments have been sought or received that involve, directly or indirectly, the mortgage loan and Home, please state so in an affidavit under oath executed by one of your officers who is also your employee.

     c.     Please provide a complete history of each transfer of the physical Note and each sale, transfer, exchange or assignment of the mortgage loan, in full or part, from its creation to the current time, including but not limited to the name, address, and phone number of each transferor and each transferee in that chain. Further, for each transfer or transaction please provide, in addition to any resulting assignment or conveyance instrument, the contract(s) or agreement(s) involved with the respective transfer or transaction, as made by the parties to each respective transfer or transaction. Also, please identify the source or sources of your information regarding that chain of activity regarding the mortgage loan.

     d.     Please provide a copy of each email, fax, letter, or other communication you sent to or received from any person or company regarding the mortgage loan since its inception.

**4.**     **If you work for a company that claims the right to enforce the mortgage loan pursuant to the Uniform Commercial Code as adopted by Florida.** Then identify that company with its name, address, and phone number, and identify the person or persons at that company to whom you report.

     a.     If you are an agent or servant, I deem that your receipt of this letter constitutes receipt by the company for which you are working, and we require that company to respond as if it received this letter directly rather than through you.

     b.     Please provide the contract, agreement, or document by which you were engaged to provide services for that company regarding my Home. If more than one contract or agreement is involved, please provide complete copies of each.

     c.     Please admit that you hold no economic interest in the mortgage loan or Home. If you maintain otherwise, please explain and provide each and all documents that you assert create an economic interest in the mortgage loan or Home.

     d.     Please have the company you claim hired you regarding my Home to provide by the hand of one of its employees, directly to me, its affirmation of your engagement and authority to represent it respecting my Home and the Notice, and all of its documents regarding the mortgage loan.

     e.     Please provide a copy of the document or documents by which that company declared a default under the mortgage loan and instructed you or some other

person to commence collection actions regarding same. If you claim that instruction was verbal, please identify the person who gave it to you and include the date of that instruction and that person's name, address, employer, and phone number.

You are welcome to answer that you have no such information with which to reply to any particular request. If you need more time to provide the requested information and documents, I would be amenable to an extension of the time subject to a reciprocal extension, day-for-day, of each deadline stated in the Notice(s).

Further, during such additional time, if granted per this paragraph, your delay in providing the required answers and documentation will be nevertheless deemed your admission, pending proof to the contrary, that the Notice was issued by mistake and that neither you nor the company you claim to represent, if applicable, actually has, or had, the right by law to make the demands and threats included in the Notice.

I am requiring you meet the requirements of the **Uniform Commercial Code** as adopted and delineated in the Florida Statutes, Title XXXIX, Commercial Relations, Chapter 671, Uniform Commercial Code, § 671.101 et seq. to show me that you are entitled to enforce the note and the mortgage which is ancillary to the note.

## <u>PLEASE MAKE SURE **YOUR**</u> RESPONSES REFERENCE THE PARTICULAR SECTIONS (1, 2, 3, or 4) and the sub sections addressed (a, b . . .), and **reference letter <u>2013-06-17-A</u>**.

I expect a response from YOUR office addressing YOUR relationship to me as it relates to the Mortgage Loan.

Sincerely,

Sherrie L. Hampton - Muhamed

Sherrie L. Hampton-Muhamed

# EXHIBIT O

## Transcript pages from Aug. 20, 2013 Hearing

1    based on false evidence, accusations.

2         THE COURT:  Okay.  Well, he agrees now --

3         MS. HAMPTON-MUHAMED:  That's probably the

4    primary thing is the evidence --

5         THE COURT:  Ma'am?  Ma'am?

6         MS. HAMPTON-MUHAMED:  You know, they are

7    stating to the court and perpetuating this over

8    and over again that I'm the one executing.

9    They are suing me personally.  I had nothing to

10   do with this contract.

11        THE COURT:  Ma'am?  She can't hear me,

12   I guess, when she's talking.  Ma'am?

13        MS. HAMPTON-MUHAMED:  Yes.

14        THE COURT:  They don't disagree, okay?

15   They agree with you that you're not on the note

16   and mortgage.

17        And so she has no personal liability

18   whatsoever; is that correct, counsel?

19        MR. HANNON:  That's correct, Your Honor.

20        THE COURT:  Okay.  So they agree with

21   that.

22        MR. HANNON:  And Your Honor, if I may --

23        THE COURT:  And you have it on the record

24   here.  Your court reporter is here.

25        MS. HAMPTON-MUHAMED:  Okay, thank you.

1       THE COURT: So what -- is there anything

2   else that I can do for you?

3       MS. HAMPTON-MUHAMED: Yes. They have

4   violated rules of procedures throughout this

5   whole process of me trying to rectify the

6   situation. They say that this is an In Rem

7   action, but there's no property listed on the

8   foreclosure. Unless they are planning on

9   taking all the property in Sarasota County,

10  I don't know what they're -- you know, they're

11  only asking me for money.

12      THE COURT: They're not -- they're not

13  asking you for money. They can't get money

14  from you.

15      MS. HAMPTON-MUHAMED: Well, that's what

16  they're asking for in their complaint. That's

17  the only thing they have asked for in their

18  complaint is money.

19      THE COURT: Do you want to --

20      MR. HANNON: If I -- if I could,

21  Your Honor.

22      THE COURT: Yes. Here's the lawyer.

23  Go ahead.

24      MR. HANNON: We -- the only motion that we

25  received notice of today filed by the Defendant

# EXHIBIT P

**Letter Dated April 4, 2013 revealing owner of loan was HUD/Investors and James B Nutter was only servicer**

**Ronald R Wolfe & Associates, P.L.**
ATTORNEYS AT LAW
4919 MEMORIAL HIGHWAY
SUITE 200
TAMPA, FLORIDA 33634

Please reply to:
Post Office Box 25018
Tampa, FL 33622-5018

Telephone (813) 251-4766
Telefax (813) 251-1541

April 5, 2013

SHERRIE HAMPTON-MUHAMED
4329 DONERAIL DRIVE
SNELLVILLE, GA   30039

Re:   JAMES B. NUTTER & COMPANY v. SHERRIE HAMPTON-MUHAMED
      Case Number  58-2012-CA-008672 NC
      File Number:  F12016113

Dear Sherrie Hampton-Muhamed:

Pursuant to the Judge's Ruling on Plaintiff's Motion for Protective Order, enclosed, please find a copy of the payment/escrow/disbursement history, a copy of the original note, a copy of the original mortgage and documents form the closing of the loan. Furthermore, please be advised that James B. Nutter and Company is the servicer of the mortgage note and holder of the mortgage note, and the owner/investor of the mortgage note is Secretary of Housing and Urban Development (HUD). That is the party that is "looking to be paid"

If you should have any questions or need anything further regarding this matter, please feel free to contact me at (813)251-4766, extension 3709.

Sincerely,



Katherine E. Tilka

**NOTICE:**
**This law firm is a debt collector.   This law firm is attempting to collect a debt, and any information obtained may be used for that purpose.**

FILE_NUMBER: F12016113

Serial: 23172712
DOC_ID: M012925

# EXHIBIT Q

**Copy of Second Complaint filed in court October 29, 2013**

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA
CIVIL ACTION

JAMES B. NUTTER & COMPANY,
    Plaintiff,

                                    CASE NO.: 58-2012-CA-008672 NC
vs.                                   DIVISION: A

SHERRIE HAMPTON-MUHAMED; THE UNKNOWN SPOUSE OF SHERRIE HAMPTON-MUHAMED N/K/A
LUOY MUHAMED; THE UNKNOWN HEIRS,DEVISEES, GRANTEES, ASSIGNEES, LIENORS, CREDITORS,
TRUSTEES, OR OTHER CLAIMANTS CLAIMING BY, THROUGH,UNDER, OR AGAINST KENNETH R.
SUTHERLAND A/K/A KENNETH ROBERT SUTHERLAND A/K/A KENNETH SUTHERLAND, DECEASED;
SHERRIE    HAMPTON-MUHAMED    A/K/A    SHERRI    HAMPTON    MUHAMED    A/K/A    SHARON
HAMPTON-MUHAMED F/K/A SHARON L. HAMPTON, AS AN HEIR OF THE ESTATE OF KENNETH R.
SUTHERLAND A/K/A KENNETH ROBERT SUTHERLAND A/K/A KENNETH SUTHERLAND, DECEASED;
DAVID W. SUTHERLAND A/K/A DAVID SUTHERLAND, AS AN HEIR OF THE ESTATE OF KENNETH R.
SUTHERLAND A/K/A KENNETH ROBERT SUTHERLAND A/K/A KENNETH SUTHERLAND, DECEASED;
SHERRIE HAMPTON-MUHAMED, AS A PERSONAL REPRESENTATIVE OF THE ESTATE OF KENNETH R.
SUTHERLAND A/K/A KENNETH ROBERT SUTHERLAND A/K/A KENNETH SUTHERLAND, DECEASED;
ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER, AND AGAINST THE HEREIN
NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID
UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES, HEIRS, DEVISEES, GRANTEES, OR OTHER
CLAIMANTS;   TENANT #1,   TENANT #2,   TENANT #3, and   TENANT #4 the names being fictitious to account
for parties in possession

        Defendant(s).
    _____/

## VERIFIED AMENDED COMPLAINT TO FORECLOSE MORTGAGE

Plaintiff, JAMES B. NUTTER & COMPANY sues the Defendant(s)   SHERRIE HAMPTON-MUHAMED,  THE

UNKNOWN SPOUSE OF SHERRIE HAMPTON-MUHAMED N/K/A LUOY MUHAMED, THE UNKNOWN

HEIRS,DEVISEES, GRANTEES, ASSIGNEES, LIENORS, CREDITORS, TRUSTEES, OR OTHER CLAIMANTS

CLAIMING BY, THROUGH,UNDER, OR AGAINST KENNETH R. SUTHERLAND A/K/A KENNETH ROBERT

SUTHERLAND A/K/A KENNETH SUTHERLAND, DECEASED,  SHERRIE HAMPTON-MUHAMED A/K/A SHERRI

HAMPTON MUHAMED A/K/A SHARON HAMPTON-MUHAMED F/K/A SHARON L. HAMPTON, AS AN HEIR OF

THE ESTATE OF KENNETH R. SUTHERLAND A/K/A KENNETH ROBERT SUTHERLAND A/K/A KENNETH

SUTHERLAND, DECEASED,  DAVID W. SUTHERLAND A/K/A DAVID SUTHERLAND, AS AN HEIR OF THE

ESTATE OF KENNETH R. SUTHERLAND A/K/A KENNETH ROBERT SUTHERLAND A/K/A KENNETH

SUTHERLAND, DECEASED,  SHERRIE HAMPTON-MUHAMED, AS A PERSONAL REPRESENTATIVE OF THE

ESTATE OF KENNETH R. SUTHERLAND A/K/A KENNETH ROBERT SUTHERLAND A/K/A KENNETH

SUTHERLAND, DECEASED; ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER, AND

F12016113-M000100                  24740537

**\*24740537\***

AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES, HEIRS, DEVISEES, GRANTEES, OR OTHER CLAIMANTS;    TENANT #1,   TENANT #2,   TENANT #3 and   TENANT #4 and states:

### COUNT I
### MORTGAGE FORECLOSURE

1.        This is an action to foreclose a mortgage on real property located in SARASOTA County, Florida, and by reason thereof the venue for this matter is in SARASOTA County, Florida.

2.        A notice prepared by the undersigned law firm pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, is attached hereto as an Exhibit.

3.        For convenience, the following party or parties listed on the Note are referred herein as "Borrower(s)": Borrower(s) executed and delivered a Promissory Note ("Note") in the original principal amount of $104,948.00 dated November 18, 2003 ("Note") and   ("Mortgage") securing payment of the Note to the payee named thereon.   The Mortgage was recorded on December 3, 2003, Official Instrument Number 2003241549, of the Public Records of SARASOTA County, Florida, (All subsequent recording references are to the public records of SARASOTA County, Florida) and mortgaged the property described in the Mortgage then owned by and in possession of the mortgagor(s).   True and correct copies of said Note and Mortgage are attached hereto as Exhibits.

4.        Plaintiff is the holder of that Note and therefore entitled to enforce the Note.   A Certification of Possession of Original Promissory Note is attached hereto as an Exhibit.

5.        The Mortgage is a lien superior in dignity to any prior or subsequent right, title, claim, lien or interest arising out of mortgagee or the mortgagee's predecessors in interest.

6.        SHERRIE HAMPTON-MUHAMED is/are the current owner(s) of the real property which is the subject of the Mortgage.

7.        All conditions precedent to the acceleration of the Note and Mortgage and the filing of the instant foreclosure complaint have been fulfilled.

8.        There has been a default in the payment of the amounts due under the Note and Mortgage in that the payment due for June 1, 2012 and all subsequent payments have not been made.

9.        Plaintiff has and hereby declares the full amount payable under the Note and Mortgage to be due and payable.

10.     Borrower(s), as maker(s) of the Note, may be held personally liable for a deficiency, if any, unless Borrower(s) has/have been discharged in bankruptcy in which event no deficiency is or will be sought.

11.     There is now due and owing the principal sum of $91,263.16, together with all sums that may be due for taxes, insurance, escrow advances, and expenses and costs of suit including but not limited to filing fees, recording fees, title search and examination fees, fees due for service of process and such other costs as may be allowed by this Court.

12.     Plaintiff has and will incur reasonable attorneys' fees and therefore, seeks to be awarded these fees.

13.     THE UNKNOWN SPOUSE OF SHERRIE HAMPTON-MUHAMED N/K/A LUOY MUHAMED may have or claim an interest in the Property that is the subject of this Foreclosure action by virtue of homestead rights, possession, or any right of redemption, or may otherwise claim an interest in the Property.

14.     ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER, AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES, HEIRS, DEVISEES, GRANTEES, OR OTHER CLAIMANTS may have or claim an interest in the Property that is the subject of this Foreclosure action by virtue of , or may otherwise claim an interest in the Property.

15.     THE UNKNOWN HEIRS,DEVISEES, GRANTEES, ASSIGNEES, LIENORS, CREDITORS, TRUSTEES, OR OTHER CLAIMANTS CLAIMING BY, THROUGH,UNDER, OR AGAINST KENNETH R. SUTHERLAND A/K/A KENNETH ROBERT SUTHERLAND A/K/A KENNETH SUTHERLAND, DECEASED may have or claim an interest in the Property that is the subject of this Foreclosure action by virtue of the death of Kenneth R. Sutherland a/k/a Kenneth Robert Sutherland a/k/a Kenneth Sutherland, or may otherwise claim an interest in the Property.

16.     SHERRIE HAMPTON-MUHAMED A/K/A SHERRI HAMPTON MUHAMED A/K/A SHARON HAMPTON-MUHAMED F/K/A SHARON L. HAMPTON, AS AN HEIR OF THE ESTATE OF KENNETH R. SUTHERLAND A/K/A KENNETH ROBERT SUTHERLAND A/K/A KENNETH SUTHERLAND, DECEASED may have or claim an interest in the Property that is the subject of this Foreclosure action by virtue of the death of Kenneth R. Sutherland a/k/a Kenneth Robert Sutherland a/k/a Kenneth Sutherland who obtained title through that certain Quit Claim Deed recorded in Instrument No. 2008154659 subject to the administration of the Estate, or may otherwise claim an interest in the Property.

17.     DAVID W. SUTHERLAND A/K/A DAVID SUTHERLAND, AS AN HEIR OF THE ESTATE OF KENNETH R. SUTHERLAND A/K/A KENNETH ROBERT SUTHERLAND A/K/A KENNETH SUTHERLAND, DECEASED may have or claim an interest in the Property that is the subject of this Foreclosure action by virtue of the death of

3

Kenneth R. Sutherland a/k/a Kenneth Robert Sutherland a/k/a Kenneth Sutherland who obtained title through that certain Quit Claim Deed recorded in Instrument No. 2008154659 subject to the administration of the Estate, or may otherwise claim an interest in the Property.

      18.    SHERRIE HAMPTON-MUHAMED, AS A PERSONAL REPRESENTATIVE OF THE ESTATE OF KENNETH R. SUTHERLAND A/K/A KENNETH ROBERT SUTHERLAND A/K/A KENNETH SUTHERLAND, DECEASED may have or claim an interest in the Property that is the subject of this Foreclosure action by virtue of probate proceedings as shown by Probate Case Number 2008-CP-015138, or may otherwise claim an interest in the Property.

      19.    The Defendant(s), TENANT #1, TENANT #2, TENANT #3 and TENANT #4, if living, and all Unknown Parties claiming by, through, under and against the above named Defendant(s) who are not known to be dead or alive, whether said Unknown Parties may claim an interest as Spouse, Heirs, Devisees, Grantees, or Other Claimants might have some claim or demand in the subject real property by virtue of possession, whether by tenancy from the record title holder or mere possession only, however, any such claim or demand is inferior to the lien of the Mortgage.

      **WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment foreclosing the Mortgage , and (a) enumerating all amounts this Court determines due to Plaintiff pursuant to said Note and Mortgage, (b) ordering the Clerk of the Court to sell the subject property to satisfy the amount due Plaintiff, in whole or in part; (c) adjudging that the right, title and interest of any party claiming by, through, under or against any Defendant named herein be deemed inferior and subordinate to the Plaintiff's Mortgage lien and forever be barred and foreclosed; (d) retaining jurisdiction of this Court in this action to make any and all further orders and judgments as may be necessary and proper, including issuance of writ of possession and the entry of a deficiency, when and if such deficiency is sought if the parties liable under the Note have not been discharged in bankruptcy (however no deficiency will be sought if the parties liable under the Note were subject to an order allowing Plaintiff or its predecessors-in-interest only in rem relief from the bankruptcy automatic stay); and, (e) for such other and further relief as this Court may deem just and proper; and if the proceeds of the sale are insufficient to pay Plaintiff's claim, a deficiency judgment, unless any defendant personally liable shall have been discharged from liability under the subject Note pursuant to the provisions of the Bankruptcy Code 11 U.S.C. § 101, et seq., and award attorney fees, costs, interest, advances, and for such

4

other and further relief as this Court deems just and proper.

## VERIFICATION OF AMENDED FORECLOSURE COMPLAINT

Under penalty of perjury, I declare that I have read the foregoing Amended Complaint filed against SHERRIE

HAMPTON-MUHAMED, et al. , and the facts alleged therein are true and correct to the best of my knowledge and belief.

JAMES B. NUTTER & COMPANY

BY:

Printed Name: Bruce Huey

Title: Vice President

Date:     September 25, 2013

**\*Pursuant to Fla. R. Jud. Admin. 2.516(b)(1)(A),   Plaintiff's counsel hereby designates its primary email address for the purposes of email service as:  eservice@wolfelawfl.com**

Ronald R Wolfe & Associates, P.L.
P.O. Box 25018
Tampa, Florida  33622-5018
(813)  251-4766
(813)  251-1541 Fax
Address for Electronic Service: eservice@wolfelawfl.com

By:
□   Luis F. Ugaz
       Florida Bar No. 0786721
□   Rhonda K. Lewis
       Florida Bar No. 0341118   KATHERINE E. TILKA
                                                         FLORIDA BAR
                                                         NO. 70879

NUTTER-FHA----Team 6 – F12016113
F12016113
Pursuant to the Fair Debt Collections Practices Act, you are advised that this office may be deemed a debt collector and any information obtained may be used for that purpose.

# EXHIBIT R

## Copy of Envelope mailed around April 10, 2014 to Plaintiff

POST OFFICE BOX 25018
TAMPA, FL  33622-5018

Case Number: 58-2012-CA-008672 NC

SHERRIE HAMPTON-MUHAMED
4329 DONERAIL DRIVE
SNELLVILLE, GA  30039

# EXHIBIT S

## Copy of Rental Agreement (Lease)