

## RESIDENTIAL LEASE

This agreement, made this __14__ day of __January, 2012__ between __Overseas Realty, Inc.__, hereafter referred to as the LANDLORD, and __Peter and Barbara Muchunas__ hereafter referred to as the TENANT, concerning the lease of the following described property: __4163 Palau Drive, Sarasota, FL 34241__, is agreed to by and shall bind the TENANT, its heirs, estate, or legally appointed representatives. TENANT as herein used shall include all persons to whom this property is leased. LANDLORD as herein used shall include the owner(s) of the premises, its heirs, assigns or representatives and/or any agent(s) designated by the owner(s).

1.  **TERM OF LEASE:** __February 1, 2012 to January 31, 2013__ for a total rent of __$15,540.00 – Fifteen thousand five hundred and forty dollars and 00/100__
If for any reason LANDLORD cannot deliver possession of the premises, LANDLORD shall not be liable for any damages caused thereby, nor shall this agreement be void or voidable by TENANT, but TENANT shall not be liable for any rent until possession is delivered. TENANT may terminate this agreement if possession is not delivered within 30 days of the commencement of the term hereof.

2.  **OCCUPANTS:** Only the following individuals shall occupy the premises unless written consent of the LANDLORD is obtained:

    Name __Skye Muchunas (2)__

    Name __Peter Muchunas__

    Name __Barbara Muchunas__

    Name _____

A reasonable number of guests may occupy the premises without prior written consent if stay is limited to 72 hours.

3. **PRORATED RENT:** TENANT agrees to pay the sum of __$ 647.50__ as prorated rent for the period of __January 14, 2012 to January 31, 2012__.

4.  **RENT:** TENANT agrees to pay the month rent amount of __$1,295.00__ in or before the 1st day of each month in advance without demand at:

    **OVERSEAS REALTY, INC**
    **786 SOUTH ORANGE AVENUE**
    **SARASOTA, FL 34236**
    **PHONE (941) 366-3661**

786 South Orange Avenue * Sarasota FL 34236 * Phone 941-366-3661 or 941-923-4377
* Fax 941-309-3091
Email: jill@overs... * www.sarasotaleasing.com

 

Rent must be received by LANDLORD or its designated agent on or before the due date. <u>A late fee of $100.00 shall be due as additional rent if TENANT fails to make rent payments on or before the 5th day of each month.</u> After the 5th day the Landlord can file for eviction and any and all cost associated with the filing for eviction will become unpaid rent and will be due from the TENANT to bring their standing with the LANDLORD into good standing. Any payment made after the 10th day of the month must be made with a money order or cashier's check. Cash payments are not accepted. <u>If TENANT'S check is dishonored, all future payments must be made by money order or cashier's check; dishonored checks will be subject to the greatest of 5% of the check amount or a $100.00 charge as additional rent.</u> If LANDLORD has actual knowledge that there are insufficient funds to cover a check, rent will be considered unpaid, LANDLORD may serve TENANT with a Three Day Notice and will not be required to deposit the check. Third party checks are not permitted. Time is of the essence. The imposition of late fees and/or dishonored check charges are not a substitution or waiver of available Florida law remedies. If rent is not received by the 1st day of each month, LANDLORD may serve a Three Day Notice on the next day or any day thereafter as allowed by law. All signatories of this lease are jointly and severally responsible for the faithful performance of this lease. All payments made shall first be applied to any outstanding balances of any kind including late charges and/or any other charges due under this lease. All notices by TENANT to LANDLORD'S above address to be sent by certified mail.

5.   **PETS:**   TENANT shall not keep any animal or pet in or around rental premises without LANDLORD'S prior written approval and a PET ADDENDUM signed by all parties.

6.   **SECURITY DEPOSIT:**   TENANT agrees to pay LANDLORD the sum of **$1,295.00**. This deposit may be applied by the LANDLORD for any monies by the TENANT under this lease or Florida law, physical damages to the premises, costs, attorney's fees associated with TENANT'S failure to fulfill the terms of this lease. TENANT cannot dictate that this deposit be used for any rent due. If TENANT breaches the lease by abandoning, surrendering or being evicted from the rental premises prior to the lease expiration date (or the expiration of any extension), the deposit will be forfeited as special liquidated damages to cover the cost of reletting the rental premises. TENANT will still be responsible for unpaid rent, physical damages, future rent, attorney's fees, cost and any other amount due under the terms of tenancy or Florida law. TENANT will also deposit with LANDLORD **$1,295.00** as **Last Month's Rent Deposit.**

The security deposit (and advance rent, if applicable) will be held in the following manner: Deposited in a separate non-interest bearing account with SUPERIOR BANK, SARASOTA, FL, Florida statutory law, 83.49(3) provides:

(3)(a) Upon vacating the premises for termination of the lease, if the landlord does not intend to impose a claim on the security deposit, the landlord shall have 15 days to return the security deposit together with interest if otherwise required, or the landlord shall have 30 days to give the tenant written notice by certified mail to the tenant's last known mailing address of his intention to impose a claim on the deposit, and the reason for imposing the claim. The

786 South Orange Avenue * Sarasota FL 34236 * Phone 941-366-3661 or 941-923-4377
* Fax 941-309-3091
Email: ░░░ * www.sarasotaleasing.com

 

notice shall contain a statement in substantially the following form: This is a notice of my intention to impose a claim for damages in the amount of $_____ upon your security deposit, due to_____. It is sent to you as required by s. 83.49(3), Florida Statues. You are herby notified that you must object in writing to this deduction from your security deposit within 15 days from the time you receive this notice or I will be authorized to deduct my claim from your security deposit. Your objection must be sent to (landlord's address). If the landlord fails to give the required notice within the 30-day period, he forfeits his right to impose the claim upon the security deposit.

(b) Unless the tenant objects to the imposition of the landlord's claim or the amount thereof within 15 days after receipt of the landlord's notice of intention to impose a claim, the landlord may deduct the amount of his claim and shall remit the balance of the deposit to the tenant within 30 days after the date of the notice of intention to impose a claim for damages.

(c) If either party institutes an action in a court of complete jurisdiction to adjudicate his right to the security deposit, the prevailing party is entitled to receive his court costs plus a reasonable fee for his attorney. The court shall advance the case on the calendar.

(d) Compliance with this subsection by an individual or business entity authorized to conduct business in this state, including Florida licensed real estate brokers and salespersons, shall constitute compliance with all other relevant Florida Statutes pertaining to security deposits held pursuant to a rental agreement or other landlord-tenant relationship. Enforcement personnel shall look solely to this subsection to determine compliance. This subsection prevails over any conflicting provisions in chapter 475 and in other sections of the Florida Statutes. Security deposit refunds if any shall be made by mail only, as provided by law, made out in names of all tenants in one check, and, may not be picked up in person from landlord.

7. **ASSIGNMENTS:** TENANT shall not assign this lease or sublet the premises or any part thereof. Any unauthorized transfer of interest by the TENANT shall be a breach of this agreement.

8. **APPLICATION:** If TENANT has filled out a rental application, any misrepresentation made by the TENANT in same will be a breach of this agreement and LANDLORD may terminate the tenancy.

9. **FIXTURES AND ALTERATIONS:** TENANT must obtain prior written consent from LANDLORD before installing fixtures, making alterations, additions or improvements and if permission is granted, same shall become LANDLORD'S property and shall remain on the premises at the termination of the tenancy. TENANT may not paint or put any type of wall covering or boarder on the walls. If TENANT does alter the walls they will be charged to restore the walls to the original appearance.

10. **USE OF PREMISES:** TENANT shall maintain the premises in a clean and sanitary condition and not disturb surrounding residents or the peaceful and quiet enjoyment of the premises or surrounding premises. Premises are to be used and occupied by the TENANT for only residential, non-business, private housing purposes only. TENANT shall not operate any type of day care or child sitting service on the premises. No trampolines, water filled furniture or any items or activities, which can cause interference with the insurance coverage on the premises, will be permitted.

786 South Orange Avenue * Sarasota FL 34236 * Phone 941-366-3661 or 941-923-4377
* Fax 941-309-3091
Email: ▓▓▓▓▓▓▓▓▓ * www.sarasotaleasing.com

 

11. **RISK OF LOSS:** All TENANTS' personal property shall be at the risk of the TENANT or owner thereof and LANDLORD shall not be liable for any damage to said personal property of the TENANT arising from criminal act, fire, storm, flood, rain or wind damage, acts of negligence of any person whomsoever, or from bursting or leaking pipes. TENANT is strongly urged to secure insurance for personal property.

12. **DEFAULT:** (1) Failure of TENANT to pay rent or any additional rent when due, or (2) TENANT'S violation of any other term, condition or covenant of this lease (and if applicable, attached rules and regulations) or neighborhood deed restrictions, or (3) failure of TENANT to comply with any Federal, State and/or County laws, rules and ordinances, or (4) TENANT'S failure to move into the premises or TENANT'S abandonment of the premises, shall constitute a default by TENANT. Upon default, in addition to complete forfeiture of the security deposit, rent due for the remaining term of the lease is accelerated, TENANT shall owe this rent and LANDLORD may begin eviction procedures, after proper notice is given under Florida law. If the TENANT abandons or surrenders possession of the premises during the lease term or any renewals, or is evicted by the LANDLORD, LANDLORD may retake possession of the premises and make a good faith effort to rerent it for the TENANT account. Retaking of possession shall not constitute a rescission of this lease or a surrender of the leasehold estate.

13. **ATTORNEY'S FEES:** If LANDLORD employs an attorney due to TENANT'S violation of the terms and conditions of this lease, TENANT shall be responsible for all costs and reasonable attorney's fees as incurred by the LANDLORD whether or not suit is filed. TENANT waives the right to demand a jury trial concerning any litigation between LANDLORD and TENANT.

14. **UTILITIES:** The TENANT agrees to pay all charges and deposits for all utilities and TENANT agrees to have all utilities immediately placed in TENANT'S name with accounts kept current throughout occupancy. If the utilities, which TENANT are responsible for, are still in LANDLORD'S name at the time TENANT takes occupancy, TENANT agrees LANDLORD shall order such utilities to be terminated.

15. **VEHICLES:** Vehicle(s) must be currently licensed, owned by TENANT, registered, operational and properly parked. TENANT agrees to abide by all parking rules established now or in the future by LANDLORD or condo/homeowners association's rules, if applicable. No trailers, campers, vehicles on blocks, motorcycles, boats or commercial vehicles are allowed on or about the premises without LANDLORD'S prior written approval. TENANT is not to repair or disassemble vehicles on the premises. Vehicle not meeting the above requirements and addition rules of LANDLORD are unauthorized vehicles subject to being towed at TENANT expense. Parking on the grass is prohibited. TENANT agrees to indemnify LANDLORD for any expense incurred due to the towing of any vehicle belonging to the guest or invitee of TENANT.

16. **MAINTENANCE/INSPECTION:** TENANT agrees that they have fully inspected the premises and accepts the condition of the premises in "as is" condition with no warranties expressed or implied. TENANT shall maintain the premises in good, clean and tenantable

 

condition throughout the tenancy, keep all plumbing fixtures in good repair, use all electric, plumbing, heating, cooling, appliances and other equipment in a reasonable manner, removing all garbage in a clean and sanitary manner. In the event TENANT or TENANT'S guest or invitees cause any damage to the premises, LANDLORD may at its option repair same and TENANT shall pay for the expense for same on demand or LANDLORD may require TENANT to repair same, all charges incurred as additional rent. TENANT, shall be fully responsible for, and agrees to maintain and repair at TENANT'S expense, the following: **Ice Maker, Ceiling fans, Garbage disposal jamming, A/C Filters, Extermination, Lawn, Plant Beds and Shrubbery, Exterior fence, Lock/Key.** In the event a major repair to the premises must be made which will necessitate the TENANT'S vacating the premises, LANDLORD may at his option terminate this agreement and TENANT agrees to vacate the premises holding LANDLORD harmless for any damages suffered if any. TENANT shall notify LANDLORD immediately of any maintenance needed, maintenance performed or repair in writing. TENANT agrees that they shall immediately test the smoke detector and shall maintain same.

**17. POOL CARE:** TENANT shall maintain the pool by providing regular and periodic chemical treatments as may be necessary to maintain the pool in a clean and sanitary manner and to provide regular cleaning to the pool and filter. In the event TENANT wishes to hire a professional pool service it is TENANT'S responsibility to pay for said service. In the event TENANT fails to properly maintain the pool as required by this agreement, the LANDLORD shall provide written notice to the TENANT specifying the manner in which the TENANT has failed to comply with the provisions of this paragraph and the action required for compliance. If the TENANT fails to take remedial, appropriate action to the noncompliance with 7 days of written notice, the LANDLORD may, at his election, obtain a pool service and all expenses associated therewith shall be deemed additional rent and shall be payable with the next installment rent payment.

**18. ASSOCIATION RULES AND REGULATIONS:** TENANT will abide by all "Rules & Regulations", that are currently or will be in affect in the future, by any governing association that is or might be in place. TENANT will be responsible for any and all fines levied against above-mentioned property that occur during their tenancy.

**19. VACATING:** At the expiration of this agreement or any extension, TENANT shall peaceably surrender the premises and turn in all keys and any other property owned by LANDLORD leaving the premises in a good, clean condition, ordinary wear and tear expected. LANDLORD will have the carpet cleaned professionally upon move out and TENANT will incur a minimum carpet cleaning to be deducted from the security deposit in the amount of $125.00. In the event all keys and garage door openers are not returned upon move out, there will be a minimum of charge to be deducted from the security deposit in the amount of $50.00.

**20. RENEWAL:** If LANDLORD consents to TENANT remaining in the premises after the natural expiration of this lease, and no new lease is signed, the tenancy will be extended as a month-to-month tenancy and may be terminated by TENANT given written notice not less than 30 days prior to the end of any monthly payment period or LANDLORD given written notice not less than 15 days prior to the end of any monthly payment period. Termination of the tenancy shall occur on the last day of the month. Notice from TENANT to LANDLORD

786 South Orange Avenue * Sarasota FL 34236 * Phone 941-366-3661 or 941-923-4377
* Fax 941-309-3091
Email: * www.sarasotaleasing.com

 

must be made by certified mail. All other conditions of this lease shall remain in effect. <u>Failure to give 30 day written notice by TENANT prior to the end of the lease or any month-to-month period will result in additional liability of TENANT for the following full monthly rent period in addition to the security deposit forfeiture.</u> If TENANT fails to vacate after the initial term, or any successive consensual periods after termination, TENANT shall additionally be held liable for holdover (double) rent.

21. **RIGHT OF ENTRY:** LANDLORD, upon reasonable notice by telephone, hand-delivery or posting to TENANT, has the right of entry to the premises for showing, repairs, appraisals, inspections, or any other reason. LANDLORD has immediate right in case of emergency, or to protect or preserve the premises. TENANT shall not alter or add locks without prior written consent. If consent is given, TENANT must provide LANDLORD with a key to all locks. LANDLORD may place "For Rent" or "For Sale" signs on the premises at any time.

22. **CONDEMNATION AND ACTS OF GOD:** If for any reason the premises are condemned by any governmental authority, or damaged through fire, act of God, nature or accident, this lease shall terminate at LANDLORD'S option as of the date of such condemnation, damage or destruction and TENANT hereby waives all claims against LANDLORD for any damages suffered by such.

23. **WAIVERS:** The rights of the LANDLORD under this lease shall be cumulative, and failure on the part of the LANDLORD to exercise promptly any rights given hereunder shall not be operate to forfeit any other rights allowed by this lease or by law.

24. **INDEMNIFICATION:** TENANT agrees to reimburse LANDLORD upon demand in the amount of the loss, property damage, or cost of repairs of service (including plumbing trouble) caused by the negligence or improper use by TENANT, his agents, family or guest. TENANT at all times, will indemnify and hold harmless LANDLORD from all losses, damages, liabilities and expenses which can be claimed against LANDLORD for injuries or damages to the person or property of any persons, caused by the acts, omissions, neglect or fault of TENANT, his agent, family or guests, or arising from TENANT'S failure to comply with any applicable laws, statutes, ordinances or regulations. In the event of a dispute concerning the tenancy created by this agreement, TENANT agrees that if the premises are being managed by an agent for the recorded owner TENANT agrees to hold agent, its heirs, employees and assigns harmless and shall look solely to the record owner of the premises in the event of a legal dispute concerning the tenancy or security deposit.

25. **INTEGRATION:** This lease and exhibits and attachments, if any, set forth the entire agreement between LANDLORD and TENANT concerning the premises, and there are not covenants, promises, agreements, conditions or understandings, oral or written between them other than those herein set forth. If any provision in this agreement is illegal, invalid or unenforceable, that provision shall be void but all other terms and conditions of the agreement shall be in effect.

 

**26.   MODIFICATIONS:**   No subsequent alteration, amendment, changes or addition to this lease shall be binding upon LANDLORD unless reduced to writing and signed by the parties.

**27.   RADON GAS AND HAZARDOUS MATERIAL:**   State law requires the following notice to be given:   "Radon gas is a naturally occurring radioactive gas that, when it has accumulated in a building in sufficient quantities, may present health risk to persons who are exposed to it over time. Levels of radon that exceed federal and state guidelines have been found in building in Florida. Additional information regarding radon and radon testing may be obtained from your county public health unit." In the event there are any chemicals, cleaning supplies, paint or harmful or hazardous substances on the premises, TENANT(S) agree that they will promptly and safely dispose of same or use such items, if safe, at their own risk, holding the property owner and agent, its associates and employees harmless for any injuries, losses, expensed or damages sustained.

**28.   ABANDONED PROPERTY:**   BY SIGNING THIS RENTAL AGREEMENT, THE TENANT AGREES THAT UPON SURRENDER OR ABANDONMENT, AS DEFINED BY THE FLORIDA STATUTES, THE LANDLORD SHALL NOT BE LIABLE OR RESPONSIBLE FOR STORAGE OR DISPOSITION OF THE TENANT'S PROPERTY.

Barbara Bell Muchinas
**Tenant Name (Print)**

[signature]
**Tenant Signature**

Peter J. Muchinas
**Tenant Name (Print)**

[signature]
**Tenant Signature**

_____
**Tenant Name (Print)**

_____
**Tenant Signature**

1·14·12
**Date**

Overseas Realty, Inc.
Owner's Agent

[signature]

1/14/12
**Date**

# EXHIBIT T

**Second Copy of Police Report filed March 13, 2014 referencing Burglary**

APR. 28. 2014 2:05PM NO. 6545 P. 1/5
Case 1:13-cv-03659-CC-LTW Document 3-9 Filed 05/06/14 Page 9 of 11
Filed for record 01/09/2014 04:44 PM Karen E Rushing, Clerk of the Circuit Court - Sarasota County, FL

# Sarasota County Sheriff's Office
## Sarasota County, Florida
### INCIDENT 201400026554

**ORIGINAL**

## REPORT INFORMATION

| | | |
|---|---|---|
| Case Number 201400026554 | Date/Time Reported 04/18/2014 17:04 | DNA Swab? NO |
| Offense Type FELONY | Pharmaceutical Related NO | Ofcr.Initiated Report NO |

## OFFENSE

| | | |
|---|---|---|
| Offense 1/Statute 21R | BURGLARY-RESIDENTIAL 810.02 | Attempt: C COMMITTED |
| Offense 2/Statute | | Attempt: |
| Offense 3/Statute | | Attempt: |

## EVENT DATA

Date/Time Occurred From: 10/03/2013 00:00  Date/Time To: 12/06/2013 00:00

Incident/Offense Location

4163 PALAU DR SARASOTA
(Street#  Dir  Street Name  St.Type  Apt#  City)

| | | | |
|---|---|---|---|
| Related Case Number N | Grid 149 | Zone 011 | Forced Entry Y YES |
| Location Type 01 RESIDENCE/SINGLE | | | |
| Weapons Type 00 N/A | Nbr Premises 01 | Nbr Offenses 01 | |
| Nbr Offenders un  Nbr Arr Total 00 | Nbr Arrest Adult 00 | Nbr Arrest Juvenile 00 | |

## PERSON

| | Type | | Number |
|---|---|---|---|
| ☐ Victim card given | Type | C3 COMPLAINANT ADULT | Number 1 |
| ☐ Confidential | Type | V3 VICTIM ADULT | Number 1 |
| | | | Number |

Name  HAMPTON-MOHAMED, SHERRIE
(Last Name, First Name, Middle Initial)

| | | | | |
|---|---|---|---|---|
| Race U UNKNOWN | Sex F FEMALE | DOB __/__/__ | Estimated Age ☒ Age 60 | A ADULT |
| Height | Weight | Hair XXX UNKNOWN/BALD | Eyes XXX UNKNOWN EYE COLOR | |
| Offense/Incident Indicator | 1 1ST OFFENSE | | Extent Injury 0 NONE | |
| Injury Type #1 | 00 N/A | | Injury Type #2 00 N/A | |

Home Address
4329  DONERAIL  DR  SNELLVILLE  GA  30039
(Street#  Dir  Street Name  St.Type  Apt#  City  State  Zip)

| | |
|---|---|
| Residence Type 4 OUT OF STATE | Residence Status 3 NON-RESIDENT |
| Home/Cell Phone 404-786-6291 | Business Phone |
| Employer/School | |
| Employer's Address | |

(Street#  Dir  Street Name  St.Type  Unit#  City  State  Zip)

| | |
|---|---|
| Occupation | Scars/Marks/Tattoos/Clothing UNKNOWN |
| Foul Play A N/A  Missing Previously A N/A | Recovery Info 0 N/A |
| Victim/Offender Relationship 01 UNKNOWN | DVR N NO |
| Alias N | Place of Birth N |

---

Officer/ID: Philip Wrench #1609          Case# 201400026554   Date 4/23/2014   PAGE# 1

APR. 28. 2014 2:05PM NO. 6545 P. 2/5
Case 1:13-cv-03659-CC-LTW Document 3-9 Filed 05/06/14 Page 10 of 11
Filed for record 01/30/2014 3:44 PM Karen E Rushing, Clerk of the Circuit Court - Sarasota County, FL

**ORIGINAL**

## Sarasota County Sheriff's Office
Sarasota County, Florida

---

**PROPERTY**

**#1**   Status   **1 STOLEN**     Damage Code   **N/A**
Property Type   **WASHER**     Brand **GE**    #Item **1**
Color    Model    Serial Nbr    Weight/Size **N**
Value **649**   If Estimated Check ☐ BOLO# **N**    Offense Ind: **1 1ST OFFENSE**
Drug Type **N N/A**    Drug Activity **N N/A**    Caliber/Gauge **NN**
Recovery Info: Date __/__/____   Code **00 N/A**    Value
Comments **N**

---

**#2**   Status   **1 STOLEN**     Damage Code   **N/A**
Property Type   **DRYER.**     Brand **GE**    #Item **1**
Color    Model    Serial Nbr    Weight/Size **N**
Value **649**   If Estimated Check ☐ BOLO# **N**    Offense Ind: **1 1ST OFFENSE**
Drug Type **N N/A**    Drug Activity **N N/A**    Caliber/Gauge **N**
Recovery Info: Date __/__/____   Code **00 N/A**    Value
Comments **N**

---

**ADMINISTRATIVE/ Crime Scene**    Approved By:   **MICHAEL P OBRIEN #0687**
Photos Taken **NO**   By Whom?    Dusted For Latent Prints **NO**
Prints Submitted   By Whom?    BOLO Requested By **N**
BOLO Given to    Cancelled   Cancelled By?
Enclosures:   **PHOTOCOPY PAPERS.**
Copies To:   **CIS// FAX COPY TO VICTIM...404-786-6291**
Clearance Code   **N NOT CLEARED(OPEN/ACTIVE)**    Exception Code

---

Officer/ID: **Philip Wrench #1609**     Case# **201400026554**    Date **4/23/2014**    PAGE# **2**

APR. 28. 2014 2:05PM NO. 6545 P. 3/5
Case 1:13-cv-03659-CC-LTW Document 3-9 Filed 05/06/14 Page 11 of 11
Filed for record 01/05/2014 04:44 PM Karen E Rushing, Clerk of the Circuit Court - Sarasota County, FL

# Sarasota County Sheriff's Office
## Sarasota County, Florida
### Supplemental Property Report

**ORIGINAL**

**#3** Status **1 STOLEN** Damage Code N/A
Property Type **LAWN MOWER - POWER EMOWPOW** Brand N #Item 1
Color N Model N Serial Nbr Weight/Size
Value 199 If Estimated Check ☐ BOLO# N Offense Ind: **1 1ST OFFENSE**
Drug Type N N/A Drug Activity N N/A Caliber/Gauge N
Recovery Info: Date __/__/____ Code 00 N/A Value
Comments N

**#4** Status **1 STOLEN** Damage Code N/A
Property Type **SPADE** Brand #Item 1
Color Model Serial Nbr Weight/Size
Value 15 If Estimated Check ☐ BOLO# N Offense Ind: **1 1ST OFFENSE**
Drug Type N N/A Drug Activity N N/A Caliber/Gauge N
Recovery Info: Date __/__/____ Code 00 N/A Value
Comments N

**#5** Status **1 STOLEN** Damage Code N/A
Property Type **WEED EATER** Brand **TORO** #Item 1
Color Model Serial Nbr Weight/Size
Value 150 If Estimated Check ☐ BOLO# N Offense Ind: **1 1ST OFFENSE**
Drug Type N N/A Drug Activity N N/A Caliber/Gauge N
Recovery Info: Date __/__/____ Code 00 N/A Value
Comments N

**#6** Status **1 STOLEN** Damage Code N/A
Property Type **LEAF BLOWER ELEAFBL** Brand **TORO** #Item 1
Color Model Serial Nbr Weight/Size
Value 75 If Estimated Check ☐ BOLO# N Offense Ind: **1 1ST OFFENSE**
Drug Type N N/A Drug Activity N N/A Caliber/Gauge N
Recovery Info: Date __/__/____ Code 00 N/A Value
Comments N

**#7** Status **1 STOLEN** Damage Code N/A
Property Type **HEDGE TRIMMER EHEDGEC** Brand **TORO** #Item 1
Color Model Serial Nbr Weight/Size
Value 50 If Estimated Check ☐ BOLO# N Offense Ind: **1 1ST OFFENSE**
Drug Type N N/A Drug Activity N N/A Caliber/Gauge N
Recovery Info: Date __/__/____ Code 00 N/A Value
Comments N

Officer/ID: Philip Wrench #1609    Case# 201400026554    Date 4/23/2014    PAGE# 3