Cagle, President of the Senate; although he was not an invited guest in the Chamber, or in office as a County Commissioner. Please note that neither of the co-defendants where visible until I started lobbying committee member; Senator Vincent Fort, a personal friend of Eldrin Bell.

**Therefore**, since both State and Federal crimes have been committed by people would have had immunity if they followed the law, and not issue a Shotgun offense when misusing the Judicial Machinery, and upholding their oath to guard and protect the Constitution. I hope and pray that this case can move forward without prejudice and not be dismissed because of my indigent status, and/or on a mere technicality.

Respectfully submitted,

Sandra Gresham,
Pro Se Petitioner
404-437-0940

LC 41 0225

A BILL TO BE ENTITLED

AN ACT

1  To amend Article 1 of Chapter 18 of Title 15 of the Official Code of Georgia Annotated,
2  relating to general provisions relative to prosecuting attorneys, so as to clarify the duty of the
3  district attorney in referring to the grand jury any information received by the district
4  attorney pertaining to violations of Code Section 16-14-4 by county officers or entities; to
5  provide for a short title; to remove authority of the district attorney to enter a nolle prosequi
6  on indictments pertaining to racketeering activity of a public officer or employee in the
7  discharge of his or her public office; to amend Article 2 of Chapter 10 of Title 16 of the
8  Official Code of Georgia Annotated, relating to obstruction of public administration and
9  related offenses, so as to create the offense of fraud upon a court; to provide for penalties;
10 to provide for definitions; to provide for related matters; to repeal conflicting laws; and for
11 other purposes.

12  BE IT ENACTED BY THE GENERAL ASSEMBLY OF GEORGIA:

13  **SECTION 1.**
14  This Act shall be known and may be cited as "Sandra Gresham's Law."

15  **SECTION 2.**
16  Article 1 of Chapter 18 of Title 15 of the Official Code of Georgia Annotated, relating to
17  general provisions relative to prosecuting attorneys, is amended by adding a new paragraph
18  to Code Section 15-18-6, relating to the duties of the district attorney, as follows:
19  "(4.1)  To refer to the grand jury any information received by the district attorney
20  pertaining to violations of Code Section 16-14-4 involving any county office or county
21  public building or any public authority of the county or the office of any county officer,
22  any court or court official of the county, the county board of education, or the county
23  school superintendent or any accounts, property, or operations of the foregoing for an
24  investigation or inspection as provided for by Code Section 15-12-71;"

## SECTION 3.

26 Said article is further amended by revising Code Section 15-18-9, relating to authority of the
27 district attorney to enter nolle prosequi, as follows:
28 "15-18-9.
29 (a) As used in this Code section, the term:
30 (1) 'Public office or employment' means the executive, judicial, or legislative branch and
31 any department, agency, board, bureau, commission, authority, or similar body of this
32 state and any county, municipal corporation, school board, or other political subdivision
33 of this state which employs or appoints a public officer or public employee.
34 (2) 'Public officer or public employee' means any person who is an officer of or
35 employed by:
36 (A) Any state department, agency, board, bureau, office, commission, or public
37 corporation of the executive, judicial, or legislative branch; or
38 (B) Any department, agency, board, bureau, office, commission, authority, or similar
39 body of any county, municipal corporation, school board, or other political subdivision
40 of this state.
41 (b) The district attorney has authority, on the terms prescribed by law, to enter a nolle
42 prosequi on indictments; provided, however, that the district attorney shall have no
43 authority to enter a nolle prosequi on indictments pertaining to violations of Code Section
44 16-14-4 by a public officer or public employee in the discharge of the duties of his or her
45 public office or employment."

## SECTION 4.

47 Article 2 of Chapter 10 of Title 16 of the Official Code of Georgia Annotated, relating to
48 obstruction of public administration and related offenses, is amended by adding a new Code
49 section as follows:
50 "16-10-35.
51 (a) As used in this Code section, the term:
52 (1) 'Court' means any tribunal of this state as provided for under Title 15.
53 (2) 'Officer of the court' means any person maintaining an office through which the
54 administration of justice operates, including but not limited to the offices of judge,
55 attorney, sheriff, deputy sheriffs, coroners, and jailers.
56 (b) An officer of the court commits the offense of fraud upon a court when such officer
57 willfully makes a misrepresentation of a material fact in furtherance of a violation of Code
58 Section 16-14-4 and such misrepresentation is acted upon by the court or the machinery of
59 justice in this state.

LC 41 0225

60  (c) A person convicted of the offense of fraud upon a court shall be guilty of a felony and
61  shall be punished by imprisonment for not less than 20 years. No statute of limitations shall
62  run with respect to violations under this Code section."

63                                **SECTION 5.**
64  All laws and parts of laws in conflict with this Act are repealed.