**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| SHERRIE HAMPTON-MUHAMED, | ) | |
| | ) | Civil Action |
| Plaintiff, | ) | No.:  1:13-CV-3659-CC |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES B. NUTTER & COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM AND/OR FOR LACK OF PERSONAL JURISDICTION, OR ALTERNATIVELY, TO TRANSFER <u>VENUE TO THE MIDDLE DISTRICT OF FLORIDA</u>

Defendants James B. Nutter & Company ("Nutter"), and James B. Nutter, Jr., Keith Ward, Bruce Huey and Al Pitzner (defined collectively in their individual capacities as the "Individual Nutter Defendants"), move, pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), and (6), and 28 U.S.C. §§ 1406(a), 1404(a), and 1631, as follows: (i) to dismiss Plaintiff's Amended Complaint in its entirety for failure to state a claim; (ii) to dismiss Plaintiff's Amended Complaint against the Individual Nutter Defendants for lack of personal jurisdiction; and/or alternatively (iii) to transfer this matter to the Middle District of Florida.

## I.     INTRODUCTION

Plaintiff, a Georgia resident, took over as personal representative of her brother's Florida estate in February 2009.   Am. Com., ¶ 20.   Following her brother's death, Plaintiff acquired title to property located in Sarasota County, Florida that was once owned by her brother; the property was encumbered by a mortgage. Am. Com., ¶¶ 2, 17-20. Plaintiff was not a signatory to the note or mortgage and never assumed the mortgage. Am. Com., ¶¶ 24 - 33.   Rather, Plaintiff elected to make voluntary mortgage payments which continued until July 2012.  Once payments stopped, Defendant Nutter retained the Florida law firm of Ronald R. Wolfe & Associates, P.L. ("RRW") to initiate foreclosure proceedings. Am. Com., ¶¶ 37, 65.  The foreclosure was filed in a Florida state court located in Sarasota County, Florida: Case No. 2012-CA-008672-NC ("Foreclosure").   Am. Com., ¶ 62, Exs. G and Q.

Frustrated with the foreclosure proceeding, Plaintiff filed this action, alleging that all of the Defendants violated the Fair Debt Collection Practices Act ("FDCPA").   In fact, twelve of the thirteen counts in Plaintiff's Amended Complaint allege FDCPA violations.  However, when stripped of all conclusory allegations of "debt collection," Plaintiff's allegations amount to nothing more than complaints about the prosecution of an *in rem* residential mortgage foreclosure

action filed and pending in a Florida state court.[1] Plaintiff alleges in the final count of her Amended Complaint (Count 13) that Nutter and the Individual Nutter Defendants also violated the Real Estate Setttlement Procedures Act ("RESPA"). Plaintiff purports to sue the Individual Nutter Defendants in their "individual and official" capacities.  Am. Com., ¶ 13.

Simply put, Plaintiff's Amended Complaint fails to state a claim for FDCPA violations because all of the alleged actions occurred in the context of enforcing a security interest through judicial foreclosure, and accordingly, do not constitute "debt collection activity" within the meaning of the Act.  Plaintiff's RESPA claim also fails because she is not a "borrower" under the subject loan, and accordingly, lacks standing.   In addition, and as a threshold matter, even if Plaintiff has met her burden on pleading any cause of action, this Court lacks personal jurisdiction over the Individual Nutter Defendants, three of whom reside in Missouri and one who resides in Kansas.  Indeed, Plainitff does not allege that such individual employees of Nutter reside in Georgia or transact any business in Georgia in their individual capacities, thereby failing to assert even a prima facie case for personal jurisdiction

---

[1] Specifically, her allegations primarily concern the mailing of letters (Am. Com., ¶¶ 46, 79), filing a lis pendens (¶61), serving a foreclosure complaint (¶ 65) filing court papers (¶¶ 62, 63, 72, 75, 80, 82, 106, 108, 109, 117, 119, 120, 121, 127, 136, 141, 143, 145, 147, 170, 171), attending court appearances (¶¶ 85, 128, 142, 146, 152) and conducting written discovery in Florida (¶¶ 119, 125, 160).

over these Individual Nutter Defendants.  Am. Com., ¶ 13.  It is undisputed that the Individual Nutter Defendants transacted no business in Georgia, committed no tort in Georgia, committed no tortious injury in Georgia, and did not otherwise regularly conduct or solicit business or engage in any other persistent conduct or derive revenue in Georgia.  However, if this Court determines that jurisdiction exists and/or that Plaintiff has any viable cause of action against any of the Defendants, then the interests of justice require that this case be transferred to Florida.

## II.     MOTION TO DISMISS AMENDED COMPLAINT IN ITS ENTIRETY FOR FAILURE TO STATE A CLAIM

### A. Legal Standard Under 12(b)(6).

Under Federal Rule of Civil Procedure 12(b)(6), a claim will be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In other words, a claim will survive a motion to dismiss only if the factual allegations in the complaint are "enough to raise a right to relief above the speculative level." *Id*. at 555. The Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

> alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).

While the well-pleaded allegations in the complaint must be accepted as true and construed in the light most favorable to the plaintiff, "the court need not accept the plaintiff's legal conclusions, nor must it accept as true legal conclusions couched as factual allegations." *Lowery v. Deal*, 850 F. Supp. 2d 1326, 1330 (N.D. Ga. 2012) (Batten, J.), citing *Iqbal*, 556 U.S. at 678-79. "Thus, evaluation of a motion to dismiss requires two steps: (1) eliminate any allegations in the complaint that are merely legal conclusions, and (2) where there are well-pleaded factual allegations, 'assume their veracity and…determine whether they plausibly give rise to an entitlement to relief.'" *Id.*, citing *Iqbal*, 556 U.S. at 679.

A dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted is warranted "where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint." *Glover v. Liggett Grp, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). The Eleventh Circuit has stated that "unwarranted deductions of fact are not admitted as true in a motion to dismiss" and "bald assertions" will not overcome a motion to dismiss. *See Aldana v. Del Monte Fresh Produce, N.A., Inc.,* 416 F.3d 1242, 1248 (11th Cir. 2005).

### B. An FDCPA Claim Cannot Be Premised on a Mortgage Foreclosure.

In order for Plaintiff to prevail on her FDCPA claim, she must demonstrate that: "(1) she has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Kaplan v. Assetcare, Inc.* 88 F. Supp. 2d 1355, 1360–61 (S.D. Fla. 2000) (citing *Sibley v. Firstcollect, Inc.*, 913 F. Supp. 469, 470 (M.D. La. 1995)). Plaintiff's FDCPA claim, premised on the filing and prosecution of an *in rem* foreclosure action in Florida, fails as a matter of law because under applicable Eleventh Circuit law, foreclosing a mortgage is not "debt collection activity." *See Warren v. Countrywide Home Loans, Inc.*, 342 Fed. Appx. 458 (11th Cir. 2009) (enforcement of mortgage through foreclosure process was not debt collection activity within meaning of 1692g); *Trent v. Mortgage Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1360-61 (M.D. Fla. 2007), *aff'd*, 288 Fed. Appx. 571 (11th Cir. 2008) ("The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing...is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property").

In Florida (where the foreclosure at issue is pending), foreclosure is an *in rem* judicial action. *DeSilva v. First Community Bank of America*, 42 So. 3d 285

(Fla. 2d DCA 2010) (mortgagee can acquire possession upon default only through judicial foreclosure); *Morris v. Osteen*, 948 So. 2d 821 (Fla. 5th DCA 2007) (to enforce a mortgage lien, the mortgagee must file a foreclosure suit and obtain a judgment of foreclosure). In this case, Plaintiff primarily complains of the filing and prosecution of the Foreclosure, neither of which constitute debt collection because "[u]nder Florida law, a mortgage foreclosure decree is 'not a personal decree, or a money judgment, upon which an execution could be issued.'" *Brannon v. Makin*, 159 So. 2d 483. 484 (Fla. 2d DCA 1964*); see also Khan v. Simkins Industries, Inc.*, 687 So. 2d 16 (Fla. 3d DCA 1996). A foreclosure action "is not a suit against a debtor." *United States v. Begin*, 160 F.3d 1319, 1321 (11th Cir. 1998). "Instead, it is an action in rem, a proceeding against the property 'for the legal determination of the existence of the mortgage lien, the ascertainment of its extent, and the subjection to a sale of the estate pledged for its satisfaction.'" *Id.* Thus, under the Eleventh Circuit's decision in *Warren*, a Florida judicial foreclosure, an *in rem* proceeding, cannot form the basis for Plaintiff's FDCPA claims. [2]

---

[2] *See also* Am. Com., Ex. O (Hearing transcript), p. 8, lns. 14-19 (confirming that Plaintiff has no personal liability), p. 9, lns. 12-14 (the court: "[t]hey're not asking you for money.")

### C. Plaintiff Lacks Standing to Pursue a Claim Under RESPA.

The Eleventh Circuit has noted that a federal court is powerless to act beyond its statutory grant of subject matter jurisdiciton, and hence, must zealously insure that jurisdiction exists over a case. *Smith v. GTE Corp.,* 236 F.3d 1292 (11th Cir. 2001). Standing is jurisdictional; thus, if a court dismisses a case for lack of standing, it has the same effect as a dismissal for lack of subject matter jurisdiction. *Stalley ex. rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.,* 524 F.3d 1229 (11th Cir. 2008).

RESPA is a consumer protection statute that provides a mechanism for regulating the real estae settlement process; its purpose is to protect consumers by requiring the provision of greater and more timely information on the nature and costs of the settlement process. 12 U.S.C. § 2601(a). However, a defendant's liability in a civil action under RESPA is limited to borrowers. *Correa v. BAC Home Loans Servicing LP,* 853 F.2d 1203 (11th Cir. 2012) (plaintiff lacked standing to bring RESPA claim as he did not sign either the note or the mortgage and there was no basis to find that the contracting parties to the note or mortgage clearly expressed an intention to benefit him primarily and directly as a third party beneficiary). A nonparty to the loan cannot bring an action for viloation of RESPA. *Id.; See Henry v. Guaranteed Rates, Inc.,* 415 F. App'x. 985 (11th Cir.

2011).

In this case, Plaintiff does not even contend that she is a borrower.  In fact, Plaintiff expressly alleges in her Complaint that not only did she not incur the subject loan, but she also never assumed the subject Note and Mortgage.  Am. Com. ¶¶ 25 and 33.  Accordingly, it is without question that Plaintiff lacks the requisite standing to pursue a claim under RESPA.

## III.   MOTION TO DISMISS THE INDIVIDUAL NUTTER DEFENDANTS FOR LACK OF PERSONAL JURISDICTION

Plaintiff contends that jurisdiction is proper as to her FDCPA claims against the Individual Nutter Defendants under 15 U.S.C. § 1692 and 12 U.S.C. § 2601.  However, these provisions vest this Court with *subject matter* jurisdiction; they do not obviate the general need for in personam jurisdiction and/or proper venue.  "When jurisdiction is based on a federal question arising under a statute that is silent regarding service of process, Rule 4(e) of the Federal Rules of Civil Procedure directs [courts] to look to the state long-arm statute in order to determine the existence of personal jurisdiction."  *Sculptchair, Inc. v. Century Arts, Ltd.,* 94 F.3d 623, 626-27 (11th Cir. 1996).  If the state's long-arm statute provides a basis for personal jurisdiction, the analysis then shifts to a determination of "whether sufficient minimum contacts exists between the defendants and the forum state so as to satisfy 'traditional notions of fair play and substantial justice.'"  *Id.* at 626

(citing *Robinson v. Giamarco & Bill P.C.,* 74 F.3d 253, 256 (11th Cir. 1996)). Thus, this Court must first determine whether Georgia's long-arm statute confers personal jurisdiction over the Individual Nutter Defendants.   In construing Georgia's statute, this Court "is required to construe it as would the state's supreme court."   *Diamond Crystal Brands, Inc., v. Food Movers International, Inc.,* 593 F.3d 1249, 1257-58 (11th Cir. 2010).

Pursuant to the standard set forth by the Georgia Supreme Court in *Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, Iowa*, 620 S.E.2d 352 (Ga. 2005), the Eleventh Circuit acknowledged that Georgia's long-arm statute "must be read literally" imposing "independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process."   *Id.* at 1259.   Courts can "no longer construe the Georgia long-arm statute as coextensive with constitutional due process."   *Id.* 1263.   "Instead, in assessing the propriety of the exercise of personal jurisdiction, courts must apply the specific requirements of [the long-arm statute] literally and must engage in a statutory examination that is independent of, and distinct from, the constitutional analysis to ensure that both, separate prongs of the jurisdictional inquiry are satisfied."   *Id.*; *see also Thiele Kaolin Co., v. BNSF Railway Co.,* No. 5:10-cv-218, 2011 WL 693093 (M.D. Ga. Feb. 18, 2011) (noting

that the district courts "are bound by the Eleventh Circuit's interpretation of *Innovative Clinical.*")

Georgia's long-arm statute provides that Georgia courts may exercise personal jurisdiction over a non-resident defendant if the non-resident (1) transacts any business within Georgia; (2) commits a tortious act or omission within Georgia, or (3) commits a tortious injury in Georgia caused by an act or omission outside Georgia if the tort-feasor regularly does business or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in Georgia.  O.C.G.A. § 9-10-91.  "[T]he exercise of personal jurisdiction in Georgia requires a court to find that at least one prong of the long-arm statute is satisfied" which requires that a nonresident defendant "must 'do certain acts within the state of Georgia.'" *Diamond Crystal Brands, Inc.,* 593 F.3d at 1260.

Thus, Plaintiff must first plead and then establish that the Individual Nutter Defendants are subject to personal jurisdiction under Georgia's long-arm statute, which she has not done and cannot do. *McDonnell v. Roy E. Beatty & Assocs., Inc.*, 203 Ga. App. 807, 808-809 (1992). Then, the Court must determine whether exercising jurisdiction comports with the requirements of due process, and in this case it does not. Where, as here, "there are insufficient facts to support a

reasonable inference" that the Individual Nutter Defendants can be subjected to the jurisdiction of the court, the Court should dismiss the action with prejudice. *See Taeger Enterprises, Inc. v. Herdlein Technologies, Inc*., 445 S.E.2d 848, 853 (Ga. App. 1994). [3]

### A. This Court Lacks Personal Jurisdiction Under Georgia's Long-Arm Statute.

#### i. Acting in Their Individual Capacities, the Individual Nutter Defendants Do Not Transact Business In Georgia.

"[L]iterally transacting business within Georgia [pursuant to subsection 1] remains a precondition to long-arm jurisdiction that is independent from the dictates of due process." *Diamond Crystal Brands*, 593 F.3d at 1261. "Interpreted literally, 'transacts any business' requires that the 'nonresident defendant has purposefully done some act or consummated some transaction in [Georgia].'" *Id.* at 1264. However, subsection 1 reaches only "to the maximum extent permitted by procedural due process." *Id*. at 1261. Under the first prong of Georgia's long-arm statute, the court examines all of a nonresident's tangible and intangible conduct, such as mailings and telephone calls, and asks whether it can fairly be said that the nonresident has transacted any business within Georgia. *Id*. at 1265. In this case,

---

[3] With respect to the individually named Nutter defendants, "jurisdiction over an employee does not *automatically* flow from jurisdiction over the corporation which employs him . . . ." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984).

the intangible acts of the Individual Nutter Defendants do not constitute the transaction of business in Georgia, and the Amended Complaint pleads "contact" with Georgia that is so limited it is also insufficient to satisfy due process requirements.

Georgia law clearly provides that "an out-of-state defendant will not be deemed to have engaged in purposeful business activity in this state on the basis of telephone or mail contact." *Stuart v. Peykan, Inc.*, 581 S.E.2d 609, 613 (Ga. Ct. App. 2003) (citing *ETS Payphone, Inc. v. TK Indus.*, 513 S.E.2d 257, 259 (Ga. Ct. App. 1999) (no personal jurisdiction over defendant where all contact took place on the phone or via mail or fax); s*ee also Commercial Food Specialties v. Quality Food Equip. Co.*, 338 S.E.2d 865 (Ga. Ct. App. 1985) (no personal jurisdiction where the contact was based solely on telephone and mail communications.)   In short, there is simply no evidence that any of the Individual Nutter Defendants transacted any business in Georgia.

> ii. **Acting in Their Individual Capacities, the Individual Nutter Defendants Did Not Commit a Tortious Act Or Omission In Georgia.**

For jurisdiction to exist under subsection 2, the tortious conduct itself must have occurred in Georgia. *See Anderson v. Deas*, 632 S.E.2d 682 (Ga. App. 2006) (disapproving of cases which "held that a tortious act may be said to have been

committed in this state within the meaning of paragraph (2) based either on occurrence of the tortious conduct or commission of the injury in this state."). On the face of the Amended Complaint, none of the alleged tortious conduct is alleged to have taken place in Georgia. Rather, Plaintiff's allegations of tortious conduct relate to litigation activity in an active foreclosure proceeding in Florida.  *See* Footnote 1, *supra*.

To the extent that any of Plaintiff's jurisdictional claims purport to arise from the sending of mail regarding the mortgage and/or foreclosure from Nutter's offices in Missouri to Georgia, such minimal acts are insufficient to confer jurisdiction. "For purposes of personal jurisdiction under Georgia's long-arm statute, Georgia courts have ruled that – when a defendant uses the telephone or email to contact a Georgia resident – defendant's conduct occurs at the place where defendant speaks into the telephone or types and send his email." *LabMD, Inc. v. Tiversa, Inc.,* 509 Fed. Appx. 842, 844–45 (11th Cir. 2013), *citing Anderson v. Deas*, 632 S.E.2d 682 (Ga. App. 2006) (no personal jurisdiction existed over a defendant who made harassing telephone calls to a Georgia resident from another state)); *see also Huggins v. Boyd,* 697 S.E.2d 253 (Ga. App. 2010) (finding that "[defendant] did not engage in any conduct ... in Georgia, when he sent the e-mails

from out of state.") Thus, the few isolated mailings alleged in this case cannot establish personal jurisdiction under subsection 2.

### iii. Acting in Their Individual Capacities, the Individual Nutter Defendants Do Not Regularly Conduct Or Solicit Business, Engage In persistent Conduct Or Derive Revenue In Georgia.

Lastly, Plaintiff cannot meet the requirements of subsection 3. Analyzing "personal jurisdiction under subsection (3), Georgia courts consider many factors including—but not limited to—whether a defendant (1) regularly does business or solicits business within Georgia; (2) engages in a persistent course of conduct within Georgia; (3) derives substantial revenue from services rendered within Georgia; (4) has employees located within Georgia; or (5) is authorized to do business in Georgia*." LabMD, Inc. v. Tiversa, Inc.*, 509 F. Appx at 845. Plaintiff cannot satisfy any of these factors with respect to the Individual Nutter Defendants. None of the Individual Nutter Defendants reside in Georgia, and other than being employed by and acting on behalf of Nutter, none of them conduct business in Georgia. Under these uncontroverted facts, Plaintiff cannot establish long-arm jurisdiction under subsection 3. Significantly, Courts have declined to find personal jurisdiction under subsection 3 in cases with greater connections to Georgia than exists here. *Gust v. Flint,* 356 S.E.2d 513 (Ga. 1987) (no personal jurisdiction existed over nonresident defendant who advertised in a trade paper,

negotiated a sale over the phone, and accepted a deposit check from a Georgia resident); *ETS Payphone v. TK Indus.,* 513 S.E.2d 257 (Ga. Ct. App. 1999) (no personal jurisdiction existed over nonresident defendant who visited Georgia once and negotiated a contract via telephone, mail, and fax); *LabMD, Inc. v. Tiversa, Inc.*, 509 F. Appx at 842 (finding no personal jurisdiction under subsection 3 where defendant was not registered to do business in Georgia, had no employees or customers in Georgia, derived no revenue from business activities in Georgia, owned no Georgia property, and paid no Georgia taxes).  Accordingly, should this Court not dismiss Plaintiff's Amended Complaint in its entirety for failure to state a claim, then this Court should dismiss Plaintiff's Amended Complaint as against the Individual Nutter Defendants for lack of personal jurisdiction.

### B. The Individual Nutter Defendants Also Lack Minimum Contacts With Georgia to Satisfy the Requirements of Constitutional Due Process.

Having failed to establish jurisdiction in Georgia under the long-arm statute, a constitutional analysis is not necessary. However, even if Plaintiff could establish a basis for jurisdiction under the long-arm statute, jurisdiction would still be improper in Georgia because none of the Individual Nutter Defendants have the requisite minimum contacts with Georgia to satisfy the requirements of due process.

The constitutional touchstone for determining whether an attempted exercise of personal jurisdiction comports with due process is whether the defendant has "certain minimum contacts with the forum, so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Exter Shipping Ltd. v. Kilakos*, 310 F. Supp. 2d 1301, 1311-12 (N.D. Ga. 2004) (*citing Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). "To establish minimum contacts for specific jurisdiction so that the non-resident has fair warning, Plaintiff must produce either evidence or uncontroverted allegations that satisfy three criteria. First, the contacts must be related to the plaintiff's cause of action or have given rise to it. Second, the contacts must involve 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum, thus invoking the benefits and protections of its laws. Third, the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there." *Allegiant Physicians Servs., Inc. v. Sturdy Mem'l Hosp.*, 926 F. Supp. 1106, 1113 (N.D. Ga. 1996) (citations and quotations omitted).

First, as discussed *supra*, Plaintiff has not established that the Individual Nutter Defendants have Georgia contacts related or giving rise to her claims. Rather, her claims focus on litigation activities in a foreclosure pending in Florida.

*See* Footnote 1, *supra.* Plaintiff has alleged a few mailings and phone calls to Plaintiff in Georgia, but "standing alone, a nonresident's telephone or mail contact in Georgia, or even a nonresident's visits to Georgia, is generally insufficient to show the minimum contacts with the State necessary to establish personal jurisdiction. *Gee v. Reingold*, 578 S.E.2d 575, 578 (Ga. Ct. App. 2003) (no personal jurisdiction in Georgia over Tennessee lawyer who performed services in Tennessee pertaining to non-Georgia matters – mailings of bills, facsimile transmissions, and telephone calls to client in Georgia were insufficient to establish minimum contacts required for personal jurisdiction).

Second, there is no evidence that the Individual Nutter Defendants availed themselves of the privilege of doing business in Georgia. The only acts alleged to have actually taken place in Georgia are some mailings, phone calls and the service of judicial process; however, such acts do not constitute availment of the privilege of doing business in Georgia. *Gen. Elec. Credit Corp. v. Scott's Furniture Warehouse Showroom, Inc.*, 699 F. Supp. 907 (N.D. Ga. 1988) (Georgia district court lacked personal jurisdiction over Alabama debtors, even though debtors signed contract which called for application of Georgia law, payments were sent to creditor's Georgia office and *debtors maintained mail and telephone communications with creditor's Georgia office*).

18

Lastly, having not purposefully availed themselves of the privilege of doing business in Georgia, the Individual Nutter Defendants could not reasonably anticipate being haled into court in Georgia. *Imageline, Inc. v. Fotolia LLC*, 663 F. Supp. 2d 1367, 1378 (N.D. Ga. 2009) ("an uncontroverted lack of business activity in Georgia indicates that Fotolia could not reasonably anticipate being haled into Georgia courts"). Individuals acting in their capacity as employees of a Missouri company cannot reasonably anticipate that they would be subject, individually, to suit in Georgia simply because a party with a potential interest in property encumbered by a mortgage serviced by their employer resides in Georgia. Constitutional due process will not support such an unreasonable result. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985) (requiring that the defendant's conduct and connection with the forum be such that he "should reasonably anticipate being haled into court there", *quoting World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

## IV.   MOTION TO TRANSFER VENUE

Where the court lacks personal jurisdiction, venue may be transferred to "any district or division in which it could have been brought" if it is "in the interest of justice."   28 U.S.C. § 1406(a). This section permits transfer even if the transferor court lacks personal jurisdiction over the defendants. *See Goldlawr, Inc.*

*v. Heiman*, 369 U.S. 463, 466 (1962); *see also Manley v. Engram*, 755 F.2d 1463 (11th Cir. 1985) (§ 1406(a) applies where "suit is filed in federal court in a district in which venue *or personal jurisdiction* is improper") (emphasis added). Similarly, 28 U.S.C. § 1631 demands transfer when the court finds "that there is a want of jurisdiction" and "it is in the interest of justice." 28 U.S.C. § 1631. "Want of jurisdiction" has been interpreted to include lack of *personal* jurisdiction over the defendants, as opposed to a lack of *subject matter* jurisdiction. *Ross v. Colorado Outward Bound School, Inc.*, 822 F.2d 1524, 1527 (10th Cir. 1987) (transferring action under § 1631 for lack of personal jurisdiction and rejecting the application of § 1406(a) in such circumstances). *Accord Trujillo v. Williams*, 465 F.3d 1210, 1223 (10th Cir. 2006); *Farmers Ins. Exch. v. Auto Club Grp.*, 823 F. Supp. 2d 847, 857 (N.D. Ill. 2011).

28 U.S.C. § 1404(a) permits transfer when the plaintiff's chosen venue is technically proper, but the case belongs in another district "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a). Again, some courts extend this section where the transferor court lacks personal jurisdiction over the defendants. *See, e.g.*, *Barton S. Co., Inc. v. Manhole Barrier Sys., Inc.*, 318 F. Supp. 2d 1174 (N.D. Ga. 2004) (transfer appropriate where district court lacked personal jurisdiction over nonresident defendant); *Clement v.*

*Pehar*, 575 F. Supp. 436 (N.D. Ga. 1983) (venue improper where no defendant resided in Northern District of Georgia and the predicate acts did not occur in Georgia); *Lafferty v. Riel*, 495 F.3d 72, 80-81 (3d Cir. 2007) (reiterating that § 1404(a) transfers are available in the absence of personal jurisdiction). Regardless of the approach, the conclusion in this case is the same: this action belongs in the Middle District of Florida.

### A. Lack of Personal Jurisdiction and the Interests of Justice Require Transfer to the Middle District of Florida.

In ruling on a motion to transfer, the court should consider: (1) the convenience of the parties; (2) the convenience of witnesses; and (3) the interests of justice." *Ramsey v. Fox News Network, LLC*, 323 F. Supp. 2d 1352, 1355 (N.D. Ga. 2004). The transfer statute has its roots in the doctrine of *forum non conveniens*, under which a court can dismiss a case when it is apparent that a more convenient forum exists, so *forum non conveniens* considerations are also helpful in deciding a transfer motion. *See Decker Coal Co., v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Those considerations include private factors such as "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious

21

and inexpensive. There may also be questions as to the enforcibility [sic] of a judgment if one is obtained." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947), *superseded by statute on other grounds as stated in Am. Dredging Co. v. Miller*, 510 U.S. 981 (1994). "It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy." *Id*. The relevant considerations also include public factors such as avoidance of court congestion, administrative difficulties, and local interests. *Id.*("There is a local interest in having localized controversies decided at home"); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981).

These factors weigh heavily in favor of a transfer to a Florida federal court. Plaintiff is the only party located in Georgia, and has alleged in her Amended Complaint that she has already made several trips to Florida to defend the Foreclosure. The remaining parties and witnesses are located in Florida, with the Nutter defendants in Missouri and Kansas, and since the action arose from a series of acts in Florida, justice favors Florida as the more appropriate forum for this action. And, as stated *supra*, there is no basis for personal jurisdiction in Georgia as to the Individual Nutter Defendants or any of the RRW defendants (as more fully addressed in their Motion to Dismiss filed concurrently herewith). Transfer to

a district in which personal jurisdiction is clearly proper will serve the public and private interests of conserving judicial and party resources. Given Georgia's attenuated connection to the facts at the heart of this dispute, this case should be transferred to the Middle District of Florida in the interest of justice. *Merswin v. Williams Companies, Inc.*, No. 1:08-cv-2177, 2009 WL 249340 (N.D. Ga. Jan. 30, 2009) (granting motion to transfer venue on forum non conveniens grounds where suit could have been brought in Oklahoma, defendant's principal place of business was in Oklahoma, the majority of the witnesses were residents of Oklahoma, and the majority of the documentary evidence was located in Oklahoma).

To be clear, there is no personal jurisdiction over the Individual Nutter Defendants in Georgia, and, for the same reasons, a Florida court also would lack personal jurisdiction over the Individual Nutter Defendants.  However, in the interest of judicial economy and without waiver of any available defenses going forward, should this Court not dismiss Plaintiff's Amended Complaint in its entirety for failure to state a claim or dismiss the Amended Complaint against the Individual Nutter Defendants for lack of personal jurisdiction, then the Individual Nutter Defendants consent to a transfer of this case to the Middle District of Florida where the subject property is located and the Foreclosure proceeding pends.

### B. Venue is Proper in the Middle District of Florida Because Plaintiff Could Have Brought this Action There.

Courts may only transfer a case to a district in which venue is proper. *See* U.S.C. §§ 1404(a) & 1406(a) ("district court may transfer any civil action to any other district or division *where it might have been brought*"). Section 1391(b) permits venue in:

(2)     a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

(3)     if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which *any* defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b) (emphasis added). [4]

The core of this action is the filing and prosecution of a foreclosure in Florida on property located in Florida, which is currently pending in Sarasota County, Florida. Plaintiff could and should have brought this action in the Middle District of Florida, where nearly all of the events or omissions purporting to give rise to Plaintiff's claim occurred, and where *all* of the property on which the action

---

[4] 28 U.S.C. § 1391(b)(1) making venue proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located", is inapplicable because not all Defendants in this case are residents of Georgia or Florida.

is based is situated. Transfer to the Middle District of Florida is not only appropriate but imperative.

## V.    CONCLUSION

WHEREFORE, Defendants James B. Nutter & Company, James B. Nutter, Jr., Keith Ward, Bruce Huey and Al Pitzner respectfully request that this Court rule as follows: (i) dismiss Plaintiff's Amended Complaint in its entirety for failure to state a claim; (ii) dismiss Plaintiff's Amended Complaint against the Individual Nutter Defendants for lack of personal jurisdiction; and/or alternatively (iii) transfer this matter to the Middle District of Florida.

*//s// Ann R. Schildhammer*
Ann R. Schildhammer
*Georgia Bar No. 600290*
aschildhammer@taylorenglish.com
Matthew R. Rosenkoff
*Georgia Bar No. 842117*
Mrosenkoff@taylorenglish.com

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 400
Atlanta, Georgia 30339
Telephone: (770) 434-6868
Facsimile: (770) 434-7376

*Attorneys for Defendants James B. Nutter & Company, James B. Nutter, Jr., Keith Ward, Bruce Huey and Al Pitzner*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1</u>

I hereby certify that the foregoing was prepared with Times New Roman (14 point) type, with a top margin of one and one-half (1 ½) inches and a left margin of one (1) inch.

This 19th day of August, 2014.

*//s// Ann R. Schildhammer*
Ann R. Schildhammer

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing was this day served via first-class U.S. Mail in a properly addressed envelope with sufficient postage affixed thereto, as follows:

Sherrie Hampton-Muhamed
4329 Donerail Drive
Snellville, GA  30039
*Pro se Plaintiff*

and with the Clerk of Court using the CM/ECF system which will automatically send email notifications of such filing to all attorneys of record.

This 19th day of August, 2014.

*//s// Ann R. Schildhammer*
Ann R. Schildhammer
*Georgia Bar No. 600290*
Matthew R. Rosenkoff
*Georgia Bar No. 842117*

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 400
Atlanta, Georgia 30339
Telephone: (770) 434-6868
Facsimile: (770) 434-7376

*Attorneys for Defendants James B. Nutter & Company, James B. Nutter, Jr., Keith Ward, Bruce Huey and Al Pitzner*