# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

Sherrie Hampton-Muhamed,

     Plaintiff,

v.                          Civil Action No. 1:13-CV-3659-CC

James B Nutter & Co.,
Bruce Huey, VP, Al Pitzner, VP,
Ronald R. Wolfe & Associates, P.L.,
Andrea D. Pidala, Esq., John Does 1-20,

     Defendants.

_____/

## THE RRW DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION, OR ALTERNATIVELY, TO TRANSFER VENUE TO THE MIDDLE DISTRICT FOR FLORIDA, <u>OR DISMISS FOR FAILURE TO STATE A CLAIM</u>

Defendants, Ronald R. Wolfe & Associates, P.L. ("RRW"), a Florida law

firm, and its individual current and former Florida attorneys[1] (together with RRW

"the RRW Defendants"), move, pursuant to Federal Rules of Civil Procedure

_____

[1] The individual attorneys include: Amanda Croteau, Ivan Ivanov, Julie Anthousis, Katherine Tilka, Matthew Marks, Matthew Wolf, Rhonda Lewis, Robert Schneider, Ronald R. Wolfe, Victoria Jones, Andrea D. Pidala, Brian Hummel, Sabrina Moravecky, Francis Hannon, Luis F. Ugaz, and John F. Phillips (erroneously named John J. Phillips in the Amended Complaint). Plaintiff also identified Elizabeth Wulff as an attorney with RRW (Am. Com., ¶ 13(q)), however, no summons has issued for Ms. Wulff, and she is not identified as a party according to the Court's docket.

12(b)(2), (3), and (6), and 28 U.S.C. §§ 1406(a), 1404(a), and 1631, to dismiss the Amended Complaint for lack of personal jurisdiction or, alternatively, to transfer this matter to the Middle District of Florida. In addition, the RRW Defendants move alternatively to dismiss the Amended Complaint for failure to state a claim.

## I.    INTRODUCTION

Plaintiff, a Georgia resident, took over as personal representative of her brother's Florida estate, and acquired title to property the brother, a Florida resident, owned in Sarasota County, Florida. Am. Com., ¶¶ 2, 17-20.[2] Plaintiff defaulted on the property's mortgage payments, making her last payment in July 2012, and Defendant, James B. Nutter & Company ("J.B. Nutter") retained RRW to initiate foreclosure proceedings in Florida. Am. Com., ¶¶ 37, 65. The foreclosure was filed in a Florida state court located in Sarasota County, Florida: Case No. 2012-CA-008672-NC ("Foreclosure"). Am. Com., ¶ 62, Exs. G and Q. Frustrated with the foreclosure proceeding, Plaintiff filed this action, alleging, *inter alia*, that the RRW Defendants violated the Fair Debt Collection Practices Act ("FDCPA").   However, when stripped of all conclusory allegations of "debt

---

[2] On a motion to dismiss for failure to state a claim, the Court should accept the truth of facts alleged in the Amended Complaint.  *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009).  To that end, the facts recited herein are the facts alleged in the Amended Complaint.  The RRW Defendants do not, however, admit that any of these facts are true.

collection", her allegations amount to nothing more than complaints about RRW's prosecution of an *in rem* residential mortgage foreclosure action filed and pending in a Florida state court.[3]

This Court, however, lacks personal jurisdiction over RRW and its individually named attorneys, all of whom are licensed and only practice law in Florida.[4] The RRW Defendants transacted no business in Georgia, committed no tort in Georgia, committed no tortious injury in Georgia, and did not otherwise regularly conduct or solicit business or engage in any other persistent conduct or derive revenue in Georgia.[5] Plaintiff has failed to assert even a prima facie case for personal jurisdiction. It would not matter if she had, because even if personal jurisdiction did exist in Georgia over the RRW Defendants, the case should be transferred to Florida in the interest of justice. Finally, Plaintiff's Amended Complaint fails to state a claim for FDCPA violations because all of the alleged actions occurred in the context of enforcing a security interest through judicial

---

[3] Specifically, her allegations concern the mailing of letters (Am. Com., ¶¶ 46, 79), filing a lis pendens (¶61), serving a foreclosure complaint (¶ 65) filing court papers (¶¶ 62, 63, 72, 75, 80, 82, 106, 108, 109, 117, 119, 120, 121, 127, 136, 141, 143, 145, 147, 170, 171), attending court appearances (¶¶ 85, 128, 142, 146, 152) and conducting written discovery (¶¶ 119, 125, 160) in the Florida state court proceeding.
[4] *See* Affidavits of RRW and each individual RRW Defendant attached as Exhibits A through Q.
[5] *Id.*

foreclosure, and therefore do not constitute "debt collection activity" within the meaning of the Act.

## II.     MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Plaintiff claims jurisdiction is proper as to the claims against the RRW Defendants under 15 U.S.C. § 1692. Am. Com. ¶ 1. The FDCPA's precise jurisdictional provision is 15 U.S.C. § 1692k(d), which vests this Court with *subject matter* jurisdiction. Section 1692k, however, "does not obviate the general need for in personam jurisdiction and proper venue." *Dellget v. Wolpoff & Abramson, L.L.P.*, No. 07-1024, 2007 WL 4142769, *1, n.1 (E.D. Pa. Nov. 21, 2007).

"When jurisdiction is based on a federal question arising under a statute that is silent regarding service of process, Rule 4(e) of the Federal Rules of Civil Procedure directs [courts] to look to the state long-arm statute in order to determine the existence of personal jurisdiction." *Sculptchair, Inc. v. Century Arts, Ltd.,* 94 F.3d 623, 626-27 (11th Cir. 1996).  If the state's long-arm statute provides a basis for personal jurisdiction, the analysis then shifts to a determination of "whether sufficient minimum contacts exists between the defendants and the forum state so as to satisfy 'traditional notions of fair play and substantial justice.'" *Id.* at 626 (citing *Robinson v. Giamarco & Bill P.C.,* 74 F.3d 253, 256 (11th Cir. 1996)).

Thus, this Court must first determine whether Georgia's long-arm statute confers personal jurisdiction over the RRW Defendants.  In construing Georgia's statute, this Court "is required to construe it as would the state's supreme court." *Diamond Crystal Brands, Inc., v. Food Movers International, Inc.,* 593 F.3d 1249, 1257-58 (11th Cir. 2010).

Pursuant to the standard set forth by the Georgia Supreme Court in *Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, Iowa*, 620 S.E.2d 352 (Ga. 2005), Georgia's long-arm statute "must be read literally" imposing "independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process." *Id.* at 1259.  Courts can "no longer construe the Georgia long-arm statute as coextensive with constitutional due process." *Id.* 1263.  "Instead, in assessing the propriety of the exercise of personal jurisdiction, courts must apply the specific requirements of [the long-arm statute] literally and must engage in a statutory examination that is independent of, and distinct from, the constitutional analysis to ensure that both, separate prongs of the jurisdictional inquiry are satisfied." *Id.*; *see also Thiele Kaolin Co., v. BNSF Railway Co.,* No. 5:10-cv-218, 2011 WL 693093 (M.D. Ga. Feb. 18, 2011) (noting that the district courts "are bound by the Eleventh Circuit's interpretation of *Innovative Clinical.*")

Georgia's long-arm statute provides that Georgia courts may exercise personal jurisdiction over a non-resident defendant if, *inter alia*, the non-resident (1) transacts any business within Georgia; (2) commits a tortious act or omission within Georgia, or (3) commits a tortious injury in Georgia caused by an act or omission outside Georgia if the tort-feasor regularly does business or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in Georgia. O.C.G.A. § 9-10-91. "[T]he exercise of personal jurisdiction in Georgia requires a court to find that at least one prong of the long-arm statute is satisfied" which requires that a nonresident defendant "must 'do certain acts within the state of Georgia.'" *Diamond Crystal Brands, Inc.,* 593 F.3d at 1260.

Thus, Plaintiff must first plead and then establish that each of the RRW Defendants are subject to personal jurisdiction under Georgia's long-arm statute, which she has not done and cannot do. *McDonnell v. Roy E. Beatty & Assocs., Inc.*, 203 Ga. App. 807, 808-809 (1992). Then, the Court must determine whether exercising jurisdiction comports with the requirements of due process, and in this case it does not. Where, as here, "there are insufficient facts to support a reasonable inference" that the RRW Defendants can be subjected to the jurisdiction of the court, the Court should dismiss the action with prejudice. *See Taeger*

*Enterprises, Inc. v. Herdlein Technologies, Inc.*, 445 S.E.2d 848, 853 (Ga. App. 1994).[6]

### A.   THIS COURT LACKS JURISDICTION UNDER GEORGIA'S LONG-ARM STATUTE

#### 1.   The RRW Defendants Do Not Transact Business In Georgia

"[L]iterally transacting business within Georgia [pursuant to subsection 1] remains a precondition to long-arm jurisdiction that is independent from the dictates of due process." *Diamond Crystal Brands*, 593 F.3d at 1261. "Interpreted literally, 'transacts any business' requires that the 'nonresident defendant has purposefully done some act or consummated some transaction in [Georgia].'" *Id.* at 1264.  However, subsection 1 reaches only "to the maximum extent permitted by procedural due process." *Id.* at 1261.  Under the first prong of Georgia's long-arm statute, the court examines all of a nonresident's tangible and intangible conduct, such as mailings and telephone calls, and asks whether it can fairly be said that the nonresident has transacted any business within Georgia. *Id.* at 1265. In this case, the RRW Defendants' intangible acts do not constitute the transaction of business in Georgia, and the Amended Complaint pleads "contact" with Georgia that is so limited it is also insufficient to satisfy due process requirements.

---

[6] With respect to the individually named attorneys, "jurisdiction over an employee does not *automatically* flow from jurisdiction over the corporation which employs him . . . ." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984).

The RRW Defendants only alleged contact with Georgia was sending Plaintiff two letters regarding the Foreclosure and serving legal process for the Foreclosure at Plaintiff's residence in Georgia. *See* Amended Compl. ¶ 46, 65, Ex. "C" (advising that the firm had been retained to foreclose) and Ex. "P" (serving a production of documents per court order). Georgia law clearly says "an out-of-state defendant will not be deemed to have engaged in purposeful business activity in this state on the basis of telephone or mail contact." *Stuart v. Peykan, Inc.*, 581 S.E.2d 609, 613 (Ga. App. 2003) (citing *ETS Payphone, Inc. v. TK Indus.*, 513 S.E.2d 257, 259 (Ga. App. 1999) (no personal jurisdiction over defendant where all contact took place on the phone or via mail or fax)); s*ee also Commercial Food Specialties v. Quality Food Equip. Co.*, 338 S.E.2d 865 (Ga. App. 1985) (no personal jurisdiction where the contact was based solely on telephone and mail communications.)   In short, there is simply no evidence that any of the RRW Defendants transacted any business in Georgia.

### 2.    The RRW Defendants Did Not Commit a Tortious Act Or Omission In Georgia

For jurisdiction to exist under subsection 2, the tortious conduct itself must have occurred in Georgia. *See Anderson v. Deas*, 632 S.E.2d 682 (Ga. App. 2006) (disapproving of cases which "held that a tortious act may be said to have been committed in this state within the meaning of paragraph (2) based either on

occurrence of the tortious conduct or commission of the injury in this state."). On the face of the Amended Complaint, none of the alleged tortious conduct is alleged to have taken place in Georgia. Rather, Plaintiff's allegations against the RRW Defendants concern nothing more than litigation activity in an active foreclosure proceeding in Florida. *See* Footnote 2, *supra*. Plaintiff sums it up best asserting that "[t]here are currently 190+ line items on the [Florida] docket with the involvement of 16 named [RRW attorneys] that have filed pleadings, motions, notices, have been to hearings . . . on behalf of JB Nutter" (Am. Com., ¶ 175), all of which occurred in Florida.

To the extent that any of Plaintiff's jurisdictional claims purport to arise from the sending of mail regarding the Foreclosure from Florida to Georgia, such minimal acts are insufficient to confer jurisdiction. "For purposes of personal jurisdiction under Georgia's long-arm statute, Georgia courts have ruled that – when a defendant uses the telephone or email to contact a Georgia resident – defendant's conduct occurs at the place where defendant speaks into the telephone or types and send his email." *LabMD, Inc. v. Tiversa, Inc.,* 509 F. App'x. 842, 844–45 (11th Cir. 2013), *citing Anderson v. Deas*, 632 S.E.2d 682 (Ga. App. 2006) (no personal jurisdiction existed over a defendant who made harassing telephone calls to a Georgia resident from another state)); *see also Huggins v. Boyd,* 697

S.E.2d 253 (Ga. App. 2010) (finding that "[defendant] did not engage in any conduct ... in Georgia, when he sent the e-mails from out of state.") Thus, the few isolated mailing alleged in this case cannot establish personal jurisdiction under subsection 2.

### 3.     The RRW Defendants Do Not Regularly Conduct Or Solicit Business, Engage In Persistent Conduct Or Derive Revenue In Georgia

Lastly, Plaintiff cannot meet the requirements of subsection 3.  Analyzing "personal jurisdiction under subsection (3), Georgia courts consider many factors including—but not limited to—whether a defendant (1) regularly does business or solicits business within Georgia; (2) engages in a persistent course of conduct within Georgia; (3) derives substantial revenue from services rendered within Georgia; (4) has employees located within Georgia; or (5) is authorized to do business in Georgia*." LabMD, Inc. v. Tiversa, Inc.*, 509 F. App'x at 845. Plaintiff cannot satisfy any of these factors. As set forth in the affidavits of the various RRW Defendants, the RRW Defendants reside and conduct business in Florida, and have no connection to Georgia.[7] Under these uncontroverted facts, Plaintiff

---

[7] RRW is a law firm organized under the laws of Florida with its principal place of business in Tampa, Hillsborough County, Florida; the firm does not handle cases for its clients outside of the State of Florida. Neither the firm nor its attorneys appear before Georgia courts. None of the RRW Defendants conduct business in Georgia, supply services or goods to Georgia, have any employees in Georgia, own

cannot establish long-arm jurisdiction under subsection 3. Indeed, courts have declined to find personal jurisdiction under subsection 3 in cases with greater connections to Georgia than in this case. *Gust v. Flint,* 356 S.E.2d 513 (Ga. 1987) (no personal jurisdiction existed over nonresident defendant who advertised in a trade paper, negotiated a sale over the phone, and accepted a deposit check from a Georgia resident); *ETS Payphone,* 513 S.E.2d at 257 (no personal jurisdiction existed over nonresident defendant who visited Georgia once and negotiated a contract via telephone, mail, and fax); *LabMD, Inc.*, 509 F. App'x at 842 (finding no personal jurisdiction under subsection 3 where defendant was not registered to do business in Georgia, had no employees or customers in Georgia, derived no revenue from business activities in Georgia, owned no Georgia property, and paid no Georgia taxes).   This Court should similarly dismiss for lack of personal jurisdiction.

    **B.   THE RRW DEFENDANTS LACK MINIMUM CONTACTS WITH GEORGIA TO SATISFY THE REQUIREMENTS OF CONSTITUTIONAL DUE PROCESS**

Having failed to establish jurisdiction in Georgia under the long-arm statute, a constitutional analysis is not necessary. However, even if Plaintiff could establish

---

any real property in Georgia, engage in any persistent course of Georgia, derive any substantial revenue from goods used or consumed or services rendered in Georgia, pay any Georgia taxes, or is authorized to do business in Georgia.  *See Generally* Exhibits A through Q, attached hereto.

a basis for jurisdiction under the long-arm statute, jurisdiction would still be improper in Georgia because none of the RRW Defendants have the requisite minimum contacts with Georgia to satisfy the requirements of due process.

The constitutional touchstone for determining whether an attempted exercise of personal jurisdiction comports with due process is whether the defendant has "certain minimum contacts with the forum, so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Exter Shipping Ltd. v. Kilakos*, 310 F. Supp. 2d 1301, 1311-12 (N.D. Ga. 2004) (*citing Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). "To establish minimum contacts for specific jurisdiction so that the non-resident has fair warning, Plaintiff must produce either evidence or uncontroverted allegations that satisfy three criteria. 'First, the contacts must be related to the plaintiff's cause of action or have given rise to it. Second, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum, thus invoking the benefits and protections of its laws. Third, the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there.'" *Allegiant Physicians Servs., Inc. v. Sturdy Mem'l Hosp.*, 926 F. Supp. 1106, 1113 (N.D. Ga. 1996) (citations and quotations omitted).

First, as discussed *supra*, Plaintiff has not established that the RRW Defendants have Georgia contacts related or giving rise to her claims.  Rather, her claims are solely concerned with litigation activities in a foreclosure pending in Florida.  *See* Footnote 2, *supra.* Plaintiff has alleged that the RRW Defendants made two mailings to Plaintiff in Georgia, but "standing alone, a nonresident's telephone or mail contact in Georgia, or even a nonresident's visits to Georgia, is generally insufficient to show the minimum contacts with the State necessary to establish personal jurisdiction." *Gee v. Reingold*, 578 S.E.2d 575, 578 (Ga. App. 2003) (no personal jurisdiction in Georgia over Tennessee lawyer who performed services in Tennessee pertaining to non-Georgia matters – mailings of bills, facsimile transmissions, and telephone calls to client in Georgia were insufficient to establish minimum contacts required for personal jurisdiction).

Second, there is no evidence that the RRW Defendants availed themselves of the privilege of doing business in Georgia. The RRW Defendants do not conduct business in Georgia at all, and the subject matter of Plaintiff's Amended Complaint concerns a foreclosure that is being conducted in Florida. The only acts alleged to have actually taken place in Georgia do not constitute availment of the privilege of doing business in Georgia. *Gen. Elec. Credit Corp. v. Scott's Furniture Warehouse Showroom, Inc.*, 699 F. Supp. 907 (N.D. Ga. 1988) (Georgia district

court lacked personal jurisdiction over Alabama debtors, even though debtors signed contract which called for application of Georgia law, payments were sent to creditor's Georgia office and *debtors maintained mail and telephone communications with creditor's Georgia office*).

Lastly, having not purposefully availed themselves of the privilege of doing business in Georgia, the RRW Defendants could not reasonable anticipate being haled into court in Georgia. *Imageline, Inc. v. Fotolia LLC*, 663 F. Supp. 2d 1367, 1378 (N.D. Ga. 2009) ("an uncontroverted lack of business activity in Georgia indicates that Fotolia could not reasonably anticipate being haled into Georgia courts"). A Florida law firm and its employee attorneys cannot reasonable anticipate that conducting a lawsuit in Florida would subject them to suit in Georgia simply because a party with a potential interest in the subject property resides in Georgia. To hold otherwise would be to hold that in filing a foreclosure in Florida, the RRW Defendants could be subject to suit in any state where a party with a potential interest in the parcel resides. Constitutional due process will not support such an unreasonable result. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985) (requiring that the defendant's conduct and connection with the forum be such that he "should reasonably anticipate being haled into court there", *quoting World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

The prosecution of a lawsuit in Florida regarding Florida real property cannot reasonably subject the RRW Defendants to suit in Georgia, and therefore, Plaintiff's lawsuit fails for lack of personal jurisdiction on these grounds as well.

## III.   MOTION TO TRANSFER VENUE

Where the court lacks personal jurisdiction, venue may be transferred to "any district or division in which it could have been brought" if it is "in the interest of justice."   28 U.S.C. § 1406(a). This section permits transfer even if the transferor court lacks personal jurisdiction over the defendants. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962); *see also Manley v. Engram*, 755 F.2d 1463 (11th Cir. 1985) (§ 1406(a) applies where "suit is filed in federal court in a district in which venue *or personal jurisdiction* is improper") (emphasis added).

Similarly, 28 U.S.C. § 1631 demands transfer when the court finds "that there is a want of jurisdiction" and "it is in the interest of justice." 28 U.S.C. § 1631. "Want of jurisdiction" has been interpreted to include lack of *personal* jurisdiction over the defendants, as opposed to a lack of *subject matter* jurisdiction. *Ross v. Colorado Outward Bound School, Inc.*, 822 F.2d 1524, 1527 (10th Cir. 1987) (transferring action under § 1631 for lack of personal jurisdiction and rejecting the application of § 1406(a) in such circumstances). *Accord Trujillo v.*

*Williams*, 465 F.3d 1210, 1223 (10th Cir. 2006); *Farmers Ins. Exch. v. Auto Club Grp.*, 823 F. Supp. 2d 847, 857 (N.D. Ill. 2011).

28 U.S.C. § 1404(a), on the other hand, permits transfer when the plaintiff's chosen venue is technically proper, but the case belongs in another district "[f]or the convenience of parties and witnesses, in the interest of justice."   28 U.S.C. § 1404(a). Again, some courts extend this section where the transferor court lacks personal jurisdiction over the defendants. *See, e.g.*, *Barton S. Co., Inc. v. Manhole Barrier Sys., Inc.*, 318 F. Supp. 2d 1174 (N.D. Ga. 2004) (transfer appropriate where district court lacked personal jurisdiction over nonresident defendant); *Clement v. Pehar*, 575 F. Supp. 436 (N.D. Ga. 1983) (venue improper where no defendant resided in Northern District of Georgia and the predicate acts did not occur in Georgia); *Lafferty v. Riel*, 495 F.3d 72, 80-81 (3d Cir. 2007) (reiterating that § 1404(a) transfers are available in the absence of personal jurisdiction).

Any of these sections can thus be used to cure defects in venue caused by a lack of personal jurisdiction over the RRW Defendants. In fact, many courts avoid choosing between sections and simply transfer venue when required by the interests of justice, thereby sidestepping the nuances embedded in each provision. *See, e.g.*, *Gerena v. Korb*, 617 F.3d 197, 205 (2d Cir. 2010) (noting that "in the interest of justice" is present in all three transfer provisions, so district judge need

not specify a specific provision); *Allegheny Techs., Inc. v. Strecker*, 2007 WL 852547, *16 (W.D. Pa. 2007) (transfer warranted under §§ 1404(a), 1406(a) and 1631 "in the interest of justice"). Regardless of the approach, the conclusion in this case is the same: this action belongs in the Middle District of Florida.[8]

## A.   LACK OF PERSONAL JURISDICTION AND THE INTERESTS OF JUSTICE REQUIRE TRANSFER TO THE MIDDLE DISTRICT OF FLORIDA

As established above, this Court lacks personal jurisdiction over the RRW Defendants.  RRW did not transact business in Georgia. To the contrary, RRW sent correspondence and served judicial process purely as a means of pursuing foreclosure on Plaintiff's title interest *in Florida* on property located *in Florida* subject to a mortgage extended to a *Florida* resident regarding litigation in a *Florida* state court. In the absence of personal jurisdiction over the RRW Defendants, this Court should either dismiss the RRW Defendants from this lawsuit or transfer this case to a district that does have jurisdiction—namely, the Middle District of Florida.

Plaintiff claims venue is proper in this Court under 28 U.S.C. § 1391(b), because "the Plaintiff resides [in this District], one of the Defendants transacts business here, and the conduct complained of occurred here in Gwinnett County,

---

[8] Upon information and belief, the J.B. Nutter Defendants consent to transfer to the Middle District of Florida.

Georgia" See Am. Com., ¶ 2. However, no RRW Defendants transact business in Georgia, and the vast majority of the alleged wrongful conduct occurred in Florida, where the foreclosure is pending.  These factors also weigh in favor of sending Plaintiff's action to Florida.

In ruling on a motion to transfer, the court should consider: "(1) the convenience of the parties; (2) the convenience of witnesses; and (3) the interests of justice." *Ramsey v. Fox News Network, LLC*, 323 F. Supp. 2d 1352, 1355 (N.D. Ga. 2004). The transfer statute has its roots in the doctrine of *forum non conveniens*, under which a court can dismiss a case when it is apparent that a more convenient forum exists, so *forum non conveniens* considerations are also helpful in deciding a transfer motion. *See Decker Coal Co., v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986).  Those considerations include private factors such as "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility [sic] of a judgment if one is obtained." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947), *superseded by statute on other grounds as stated in Am. Dredging Co. v.*

*Miller*, 510 U.S. 981 (1994). "It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy." *Id.*  The relevant considerations also include public factors such as avoidance of court congestion, administrative difficulties, and local interests.  *Id.* ("There is a local interest in having localized controversies decided at home"); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981).

These factors weigh in favor of a transfer to a Florida federal court. Plaintiff is the only party in Georgia, and has alleged in her Amended Complaint that she has already made several trips to Florida to defend the Foreclosure. The remaining parties and witnesses are located in Florida, with the Nutter defendants in Missouri, and since the action arose from a series of acts in Florida, justice favors Florida as the more appropriate forum for this action. And, as stated *supra*, there is no basis for personal jurisdiction in Georgia. Transfer to a district in which personal jurisdiction is clearly proper will serve the public and private interests of conserving judicial and party resources, and jurisdiction over the RRW Defendants is clearly proper in Florida. Given Georgia's attenuated connection to the facts at the heart of this dispute, this case should be transferred to the Middle District of Florida in the interest of justice. *Merswin v. Williams Companies, Inc.*, No. 1:08-

cv-2177, 2009 WL 249340 (N.D. Ga. Jan. 30, 2009) (granting motion to transfer venue on forum non conveniens grounds where suit could have been brought in Oklahoma, defendant's principal place of business was in Oklahoma, the majority of the witnesses were residents of Oklahoma, and the majority of the documentary evidence was located in Oklahoma).

### B.    VENUE IS PROPER IN THE MIDDLE DISTRICT OF FLORIDA, BECAUSE PLAINTIFF COULD HAVE BROUGHT THIS ACTION THERE

Courts may only transfer a case to a district in which venue is proper. *See* U.S.C. §§ 1404(a) & 1406(a) ("district court may transfer any civil action to any other district or division *where it might have been brought*"). Section 1391(b) permits venue in:

> (2)      a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.
>
> (3)      if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which *any* defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b) (emphasis added).[9]

---

[9] 28 U.S.C. § 1391(b)(1) making venue proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located", is inapplicable because not all Defendants in this case are residents of Georgia or Florida.

The core of this action is the filing and prosecution of foreclosure in Florida on property located in Florida, which is currently pending in Sarasota County, Florida. Plaintiff could and should have brought this action in the Middle District of Florida, where nearly all of the events or omissions purporting to give rise to Plaintiff's claim occurred, and where *all* of the property on which the action is based is situated. Even if the tests of Section 1391(b)(2) were somehow not satisfied, venue is proper in a Florida district court because the RRW Defendants are clearly and unequivocally subject to personal jurisdiction there, which meets the test of Section 1391(b)(3). Because Plaintiff could and should have brought this action in the Middle District of Florida, venue is proper there. Transfer to the Middle District of Florida is not only appropriate but imperative.

## IV.    MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM[10]

---

[10] *See Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 733 (11th Cir. 1982) (with respect to subject matter jurisdiction, "[w]here the jurisdictional issues are intertwined with the substantive merits, 'the jurisdictional issues should be referred to the merits, for it is impossible to decide one without the other'") (citations omitted); *AmeriFactors Fin. Grp., LLC v. Enbridge, Inc.*, 2013 WL 5954777, *5 (M.D. Fla. 2013) ("[a]rguably, challenges to personal jurisdiction that also implicate the merits should be treated similarly"); *Logan Farms v. HBH, Inc.*, 282 F. Supp. 2d 776 (S.D. Ohio 2003) (patent case in which district court explained that rule that court should resolve jurisdictional issues before moving on to merits "can be waived . . . and the court may address the merits first, if a decision on the merits would favor the party challenging jurisdiction and the jurisdictional issue is difficult"); *accord Feinstein v. Resolution Trust Corp.*, 942 F.2d 34 (1st Cir. 1991)

**A.    AN FDCPA CLAIM CANNOT BE PREMISED ON A MORTGAGE FORECLOSURE**

Plaintiff's FDCPA claim premised on the filing and prosecution of an *in rem* foreclosure action fails as a matter of law because under Eleventh Circuit law, foreclosing a mortgage is not debt collection activity under the FDCPA. *See Warren v. Countrywide Home Loans, Inc.*, 342 F. App'x. 458 (11th Cir. 2009) (enforcement of mortgage through foreclosure process was not debt collection activity within meaning of 1692g); *Trent v. Mortgage Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1360-61 (M.D. Fla. 2007), *aff'd*, 288 F. App'x. 571 (11th Cir. 2008) ("The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor.  But, foreclosing...is an entirely different path.  Payment of funds is not the object of the foreclosure action.  Rather, the lender is foreclosing its interest in the property").

In Florida, foreclosure is an *in rem* judicial action. *DeSilva v. First Community Bank of America*, 42 So. 3d 285 (Fla. 2d DCA 2010) (mortgagee can acquire possession upon default only through judicial foreclosure); *Morris v. Osteen*, 948 So. 2d 821 (Fla. 5th DCA 2007) (to enforce a mortgage lien, the mortgagee must file a foreclosure suit and obtain a judgment of foreclosure). In

_____

(bypassing personal jurisdiction issue entirely—even though defendants raised it—and dismissing RICO claim on merits).

this case, the only allegations against the RRW Defendants are the judicial actions of filing and prosecuting the Foreclosure. The prosecution of the Foreclosure is not debt collection because "[u]nder Florida law, a mortgage foreclosure decree is 'not a personal decree, or a money judgment, upon which an execution could be issued.'" *Brannon v. Makin*, 159 So. 2d 483. 484 (Fla. 2d DCA 1964*); see also Khan v. Simkins Industries, Inc.*, 687 So. 2d 16 (Fla. 3d DCA 1996). Rather, it "is a determination of the amount due which the mortgage was intended to secure." *Id.*, *see also* Fla. Stat. § 697.02 (nature of a mortgage is a specific lien on real property and is not a conveyance of legal title or a right to possession). A foreclosure action "is not a suit against a debtor." *United States v. Begin*, 160 F.3d 1319, 1321 (11th Cir. 1998). "Instead, it is an action in rem, a proceeding against the property 'for the legal determination of the existence of the mortgage lien, the ascertainment of its extent, and the subjection to a sale of the estate pledged for its satisfaction.'" *Id.* Thus, under the Eleventh Circuit's decision in *Warren*, a Florida judicial foreclosure, an *in rem* proceeding, cannot form the basis for Plaintiff's FDCPA claims. [11]

## B.    ANY FDCPA CLAIMS BASED ON THE OCTOBER 4, 2012 LETTER ARE TIME-BARRED

---

[11] *See also* Am. Com., Ex. O (Hearing transcript), p. 8, lns. 14-19 (confirming that Plaintiff has no personal liability), p. 9, lns. 12-14 (the court: "[t]hey're not asking you for money.")

First, any claim based upon the sending of the October 4, 2012 letter (Am Com. ¶ 46, Ex. "C") is not actionable, as a matter of law, because the letter does not constitute debt collection activity. *Diaz v. Fla. Default Law Grp., P.L.*, 2011 No. 3:09-cv-524, WL 2456049 (M.D. Fla. Jan. 3, 2011) (RRW's "Hello Letters," identical to the October 4, 2012 letter sent to Plaintiff in this case, did not constitute a "debt collection activity"). Additionally, any claims based upon the sending of the letter are also are barred by the FDCPA's statute of limitations. Pursuant to 15 U.S.C. § 1692k, a plaintiff may bring an action for an alleged violation of the FDCPA "within one year from the date on which the violation occurs."

The limitations period begins to run on an FDCPA claim on the date of an alleged violation, not on the date it was discovered. *Maloy v. Philips*, 64 F.3d 607, 608 (11th Cir. 1995), rehearing, *en banc* denied, 72 F.3d 890 (11th Cir. 1995) (holding statute of limitations began to run on FDCPA claim the day after collection letter was mailed, not on the date it was received). In this case, the letter attached as Exhibit "C" bears a mailing date of October 4, 2012. Therefore, the statute of limitations for any FDCPA based upon this letter expired on October 5, 2013, one month before Plaintiff filed her original Complaint on November 5, 2013. Therefore, any FDCPA claims based upon the October 4, 2012 letter fail as a

matter of law because they are barred by the FDCPA's one-year statute of limitations.

## V.   CONCLUSION

For each of the reasons discussed herein, Defendants, Ronald R. Wolfe & Associates, P.L., Amanda Croteau, Ivan Ivanov, Julie Anthousis, Katherine Tilka, Matthew Marks, Matthew Wolf, Rhonda Lewis, Robert Schneider, Ronald R. Wolfe, Victoria Jones, Andrea D. Pidala, Brian Hummel, Sabrina Moravecky, Francis Hannon, Luis F. Ugaz, and John F. Phillips respectfully request that this Court transfer this matter to the Middle District of Florida, or alternatively dismiss the Amended Complaint for lack of personal jurisdiction and/or for failure to state a claim.

Respectfully submitted,

/s/ Suzanne Barto Hill
Suzanne Barto Hill, Esquire
Florida Bar No. 0846694
*Admitted Pro Hac Vice*
shill@rumberger.com
Kevin R. Gowen, II, Esquire
Florida Bar No. 0900621
*Admitted Pro Hac Vice*
kgowen@rumberger.com
RUMBERGER, KIRK & CALDWELL
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Telecopier:  (407) 841-2133

William J. Holley, II
Georgia Bar No. 362310
wjh@phrd.com
Scott E. Zweigel
Georgia Bar No. 786616
sez@phrd.com
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303
Telephone:  (404) 523-5300
Facsimile:  (404) 522-8409

Attorneys for RRW Defendants

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1</u>

I hereby certify that the foregoing was prepared with Times New Roman (14 point) type, with a top margin of one and one-half (1½) inches and a left margin of one (1) inch.

This 18th day of August, 2014.

/s/ Suzanne Barto Hill
Suzanne Barto Hill

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 18, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:   **Ann R. Schildhammer, Esquire** at aschildhammer@taylorenglish.com and to **Matthew R. Rosenkoff, Esquire** at mrosenkoff@taylorenglish.com.   I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Sherrie Hampton-Muhamed
4329 Donerail Drive
Snellville, GA  30039


/s/ Suzanne Barto Hill
Suzanne Barto Hill

7101042.1

27