FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 0 7 2014

JAMES N. ~~~~ TEN, Clerk
By: _____
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| Sherrie Hampton-Muhamed, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13-CV-3659-CC |
| | ) | |
| James B Nutter & Company, et al | ) | |
| Ronald R. Wolfe & Assocs., P.L. ,et al | ) | |
| JOHN DOES 1-20, | ) | |
| | ) | |
| Defendants | ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, LACK OF PERSONAL JUSRISDICTION OR ALTERNATIVELY TO TRANSFER VENUE TO THE MIDDLE DISTRICT OF FLORIDA

Plaintiff asks the court to deny defendant's motion to dismiss for failure to state a

claim, lack of personal jurisdiction or alternatively to transfer venue to the middle

district of Florida.

## I. INTRODUCTION

1. Plaintiff is Sherrie Hampton-Muhamed, a resident of Gwinnet County Georgia

   and is a consumer under all definitions, including 15 U.S.C.§1692 a(3) and

O.C.G.A. §10-1-392(6) and as executor under 15 U.S.C.§1692c(d).  The

consumer debt that defendants are attempting to collect is to pay money arising

out of a transaction in which the money, property or services are primarily for

personal, family, or household purposes as defined under 15 USC §1692 a(5)

2. Defendant is Ronald R. Wolfe & Associates, P.L., et al., which includes

Defendants, Wolfe, Croteau, Ivanov, Anthousis, Tilka, Marks, Wolf, Lewis,

Schneider, Jones, Pidala, Hummel, Moravecky, Hannon, Ugaz, and Phillips

who have been sued in their professional and individual capacities as employees

of a corporation that is registered in the state of Florida.  The law firm states

that they were hired to represent James B Nutter & Co. who is a Missouri

corporation that is also registered to do business in Georgia.  Defendants are

admitted debt collectors as under 15 USC §1692a(6)and 15 USC §1692f(6) and

at no time have disputed the fact that they are continuing to collect a debt after

receiving it in default. Wolfe uses instrumentality of interstate commerce or the

mails in their business, the principal purpose of which is the collection of any

debts, and regularly collects or attempts to collect, directly or indirectly, debts

owed or due or asserted to be owed or due another along with the enforcement

of security interests.  Defendants either communicated information, should have

communicated information, or were responsible for the actions of others for the

corporation.

3. Plaintiff has sued the defendants for violations of 15 USC §1692 et seq  and

   defendant have not denied any of plaintiffs allegations in the amended

   complaint.

4. Plaintiff files this response asking the court to deny defendant's motion to

   dismiss

## II. STANDARD OF REVIEW

5. The FDCPA establishes general standards of proscribed conduct, defines and

   restricts abusive collection acts, and provides specific rights for consumers.

   General standards of proscribed conduct protect a consumer from invasion of

   privacy, harassment, abuse, false or deceptive representations, and unfair or

   unconscionable collection methods.  The FDCPA enables an individual

   consumer to act as a "private attorney general", righting wrongs that the state

   and federal government do not have the time, inclination or money to address.

   Graziano v. Harrison, 950 F.2d 107 (3d Cir. 1991).

6. The FDCPA (15 U.S.C. § 1692 et seq.) is an extraordinarily broad statute.  Frey

   v. Gangwish, 970 F.2d 1516, 1521 (6th Cir. 1992); Clomon v. Jackson, 988

   F.2d 1314, 1320 (2d Cir. 1993).  The Act is to be enforced as Congress has

   written it, Frey v. Gangwish, supra, 970 F.2d at 1521, and it is the plain

language of the Act that must be given effect.  Heintz v. Jenkins, 514 U.S. 291, 297, 115 S.Ct. 1489, 1492, 131 L.Ed.2d 395 (1995).  The Act is to be liberally construed in favor of the consumer in order to effectuate its purposes.  Cirkot v. Diversified Financial Systems, Inc., 839 F.Supp. 941, 944 (D.Conn. 1993); Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002).

7. The FDCPA imposes strict liability, so a consumer need not show intentional conduct by the debt collector in order to be entitled to damages.  Russell v. Equifax A.R.S., supra, 74 F.3d at 33. See also Taylor v. Perrin Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir. 1997). A single violation is sufficient to establish civil liability under the FDCPA and to support judgment for the plaintiff.  Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62 (2d Cir. 1993); Cacace v. Lucas, 775 F.Supp. 502, 505 (D.Conn. 1990). See also Stojanovski v. Strobl & Manoogian, P.C., 783 F.Supp. 319, 323 (E.D.Mich. 1992); Riveria v. MAB Collections, 682 F.Supp 174, 178-9 (W.D.N.Y. 1988).

8. A showing of actual harm is not a necessary precursor to an award of damages under the FDCPA.  Emanuel v. American Credit Exch., 870 F.2d 805, 809 (2d Cir.1989)

9. The Alleged Debt Is Covered Under the FDCPA

10. "Debt" is defined in the Act as "any obligation or alleged obligation of a

consumer to pay money arising out of a transaction in which the money,

property, insurance or services which are the subject of the transaction are

primarily for personal, family, or household purposes, whether or not such

obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).  The alleged

debt that the James B Nutter & Co. attempted to collect arose out of a

transaction which was primarily for personal, family or household purposes..

Therefore, the debt that the Defendant attempted to collect on is covered under

the FDCPA.

11. James B Nutter & Co. is a "Debt Collector" under the FDCPA.

12. The term "debt collector" means any person who uses any instrumentality of

interstate commerce or the mails in any business the principal purpose of which

is the collection of any debts, or who regularly collects or attempts to collect,

directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6) and under 1692f(6)  Although the original FDCPA

exempted attorneys from its reach, the Act was amended in 1986, and there is

no longer any question that attorneys are debt collectors under the Act.  Heintz

v. Jenkins, supra, 514 U.S. 291 (1995).  In repealing the exemption for

attorneys, Congress intended to treat attorney and non-attorney debt collectors

similarly because the prior legislation could be construed to imply that attorneys

could use tactics that collection agencies were prohibited from using.  Dutton v. Wolpoff and Abramson, 5 F.3d 649, 655 (3d Cir. 1993).

13. The James B Nutter's alleged counsel Ronald R. Wolfe & Assocs. by their own admission are debt collectors.

14. Abuses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action than to a debt collection agency committing the same practice.  A debt collection letter on an attorney's letterhead conveys authority and credibility.

15. The Federal Trade Commission ("FTC") has issued an Official Staff Commentary in which it stated that § 1692i "applies to lawsuits brought by a debt collector, including an attorney debt collector, when the debt collector is acting on his own behalf or on behalf of his client."  See Fair Debt Collection Practices Act Commentary at 53 Fed.Reg.  50097-50110 (December 13, 1988).

16. In this matter, the James B Nutter & Co. has made several admissions that it's a debt collector as defined by the FDCPA.

17. Damages for emotional distress are recoverable under the FDCPA. See Wenrich v. Robert E. Cole, P.C., CIV. A. 00-2588, 2001 WL 4994, at *6 (E.D. Pa. Dec. 22, 2000); Crossley v. Lieberman, 90 B.R. 682, 692 (E.D. Pa. 1988), aff'd, 868

F.2d 566 (3d Cir. 1989) ("[W]e believe that violations of the FDCPA, by their

very nature, (e.g., abusive, deceptive or unfair debt collection practices), are

those kinds of actions which may be expected to cause emotional distress and,

therefore, the availability of damages for such distress is of paramount

importance.").

18. Moreover, a plaintiff need not prove the elements of the torts of intentional or

negligent infliction of emotional distress to recover damages for emotional

distress under the FDCPA; instead, "when a violation of the FDCPA has been

established, actual damages for emotional distress can be proved independently

of state law requirements." Smith v. Law Offices of Mitchell N Kay, 124 B.R.

182, 188 (D. Del. 1991) (emphasis added).

19. Finally, there are no particularized pleading requirements when it comes to

requesting actual damages under the FDCPA. See Yelin v. Swartz, 790 F. Supp.

2d 331, 336-37 (E.D. Pa. 2011) ("[T]he Complaint itself states that Plaintiff was

physically, mentally, emotionally and financially damaged by Defendants'

conduct and requests 'actual damages' as a form of relief .... Plaintiff has

satisfied his burden of pleading damages [under the FDCPA] ...

### III.  ARGUMENTS AND AUTHORITIES

### OBJECTION TO LACK OF PERSONAL JURISDICTION
(Long arm Statute, Tortious Conduct, Minimum Contacts)

20. FDCPA was designed by Congress to protect the consumer from illegal acts of the law. What sense would it make to protect the consumers if they had to run all over the country to sue the very people that are harassing them. Unlike any other lawsuit, FDCPA cases are designed, no matter where the defendants are(which are usually all over the country), to ensure the consumer is allowed to bring action where they live and where the action took place; therefore not having to meet normal standards of meeting the restrictions of personal jurisdiction. These defendants waived service and were served the complaint timely, but plaintiff will still provide proof that personal jurisdiction over defendants is proper.

21. Defendants are being sued in their personal and professional capacities as employees of Ronald R. Wolfe & Assocs. and by representing James B Nutter & Co.,. who is a registered foreign corporation licensed in Georgia as a mortgage lender with NMLS and registered with the Secretary of State of Georgia obtaining revenue, services and protection from this state. Since the attorneys are allegedly representing this employer they should know where they are incorporated and if they are violating the law.

22. The activities of the defendants, as stated in the complaint, demonstrate a substantial, direct relationship between defendant's collection transactions

within the state and the claims asserted by plaintiff in this action.  This is

sufficient to authorize the court's exercise of long-arm jurisdiction under an

FDCPA claim where defendant purposefully availed itself of the privilege of

conducting activity within Georgia  by (1) initiating contact with the plaintiff;

(2) sending  collection notices into the state; (3) sending emails related to its

collection efforts into the state; (4)sending multiple mailings to Plaintiff's home

in Georgia and (5) making multiple phone calls related to its collection effort

into the state and (6) serving plaintiff in the state); see  Sluys v. Hand, 831 F.

Supp. 321, 324 (S.D.N.Y. 1993)·(same where defendant, a lawyer in Indiana,

sent the plaintiff a single collection letter, with a copy to the plaintiff's

employer, "causing consequences in New York in connection with efforts to

collect the alleged debt.");  Sisler v. Wal-Mart Stores, Inc., 2003 WL 23508105,

at *1 (W.D.N.Y. Dec. 24, 2003) (finding personal jurisdiction appropriate

where debt collection letters defendant sent into state gave rise to FDCPA

claim; citing with approval Sluys); cf. Silva v. Jason Head, PLC, 2010 WL

4593704, at *3 (N.D.Cal. Nov. 4, 2010) (finding personal jurisdiction over

nonresident attorney/debt collector appropriate under California law based on

single voicemail giving rise to FDCPA claim); Maloon v. Schwartz, Zweban &

Slingbaum, L.L.P., 399 F. Supp. 2d 1108, 1111-13 (D.Haw. 2005) (finding

personal jurisdiction over nonresident debt collector appropriate under Hawaii

law based on single collection letter giving rise to FDCPA claim).

23. A court in Georgia may exercise personal jurisdiction over any nonresident or

his executor or administrator, as to a cause of action arising from any of the

acts, omissions, ownership, use, or possession enumerated in the Code section,

in the same manner as if he were a resident of the state, if in person or through

an agent, he:  (1) Transacts any business within this state; [or] (2) Commits a

tortious act or omission within this state.  . Defendant meets both.

24. As stated above defendants work for employees of a corporation that is

registered to do business in Georgia, so transacts any business within this state.

If that were not the case, for purposes of FDCPA, the deliberate action of

reaching across state lines to come after the plaintiff and attempt to collect the

debt started the business relationship, in total violation of the law and intentions

of the FDCPA.

25. Defendants have committed a tortious act by intentionally inflicting emotional

distress on the plaintiff. Defendant has acted intentionally and recklessly by

continuing debt collection when they know they have no right to collect a debt

from plaintiff and plaintiff has no contract with the defendant. Defendants have

committed unfair, unconscionable and deceptive acts, not only in violation of

15 USC §1692f, but also in violation of unfair and deceptive practices toward

the elderly and disabled, O.C.G.A §10-1-851.  The plaintiff is disabled and the

defendant's conduct of reckless, intentional, and outrageous debt collection has

altered her physical, mental and emotional state creating the need for more

medical attention.  The stress created from the deceit and misleading

statements/documents provided to the court alter the whole nature ofthe alleged

debt collection, including erroneous presumptions from a consumer debt that

does not even belong to plaintiff.

26. The importance of this decision is to eliminate the requirement for a

defendant's actual physical presence within Georgia, and henceforth allows the

assertion of long-arm jurisdiction over business conducted through postal,

telephonic, and Internet contacts.   Further, "a single event may be a sufficient

basis for the exercise of long arm jurisdiction if its effects within the forum are

substantial enough even though the nonresident has never been physically

present in the state." (Footnote omitted.)   Aero Toy Store, v. Grieves, 279 Ga.

App. 515, 520(1), 631 S.E.2d 734 (2006).

27. Considered in this light, it is clear from the facts set out above that James B

Nutter was doing business in this State sufficient to authorize the exercise of

personal jurisdiction over it under O.C.G.A § 9-10-91(1) and likewise their appointed counsel.

28. Because this lawsuit arises out of defendant's contacts with the forum state in connection with his debt collection activities, the test for minimum contacts is less stringent, and is satisfied by the contacts described above. Cf. Fava, 1997 WL 205336, (minimum contacts satisfied in FDCPA suit arising out of defendant's debt collection activity within the state, including sending a debt collection notice and mailings and emails pursuing the debt collection, and making multiple phone calls) (citing McGee v. International Life Ins. Co., 355 U.S. 220, 223 (1957 In assessing the reasonableness of the exercise of jurisdiction in a particular case, the court must consider:… the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief.

29. Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 113–14 (1987) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980)). "On the other hand, where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477

(1985).

30. In this case, plaintiff's prima facie evidence should convince the court that

defendant purposefully directed his debt collection activities at a resident of this

forum "such that he should reasonably anticipate being haled into court there

…," World-Wide Volkswagen, 444 U.S. at 297, and defendant has identified no

compelling factor that makes the exercise of personal jurisdiction in this matter

unreasonable. As persuasively explained by the district court in Sluys: Where

an alleged debtor is located in a jurisdiction and receives documents from a

person purporting to be a debt collector located elsewhere, and the transmittal

of those documents is claimed to have violated the [FDCPA], suits may be

brought where the debtor … receive[s] the communications.

31. Otherwise, one could invoke the protection of distance and send violative letters

with relative impunity, at least so far as less well-funded parties are concerned.

Sluys, 831 F. Supp. at 324.

32. The first criteria for proving sufficient minimum contacts for FDCPA requires a

defendant's contacts with the forum to give rise to plaintiff's cause of action,

which is met the first time defendant mailed a notice or called the plaintiff in

attempts to collect the alleged consumer debt. The second criteria requires a

defendant purposefully to avail itself of the privilege of conducting activities

within the forum.   With a license in Georgia as a mortgage lender, registered

by the Secretary of State, to do business along with the intentional conduct to

continue business with the plaintiff, Nutter purposefully availed itself of the

privilege of conducting activities within the forum state of Georgia.

33. The third criteria for minimum contacts requires a defendant reasonably

anticipate being haled to court in the forum. This criteria is also met because

Nutter's license to do business in Georgia has created a situation in which it

should have reasonably anticipated being haled into court here. I would think

that the state would want to be aware of businesses that they provide protection

for that  carry out violations of the law that would not only effect Plaintiff,  but

others similarly situated in the state of Georgia.  If you violate the law

anywhere, whether driving, soliciting, selling or collecting a debt, any normal

person would be expected to be haled into court where the action took place, no

matter how inconvenient it was.

34. The second part of the test for obtaining constitutional personal jurisdiction

requires the exercise of personal jurisdiction not offend traditional notions of

fair play and substantial justice.   Since Nutter is registered as a foreign

corporation In Missouri with a license to do business in Georgia, obtains

revenue from Georgia, Nutter can hire attorneys from any state and should

reasonably anticipate the need for doing so.  This burden would be no different than business in one of the other states.  They hired attorneys in Florida to hale plaintiff into court there, and that definitely was not fair play and justice for the plaintiff.  Since the physical address of the business is in Missouri, where allegedly all of the records are, how can the burden on the defendant be any more difficult in Georgia than it is in Florida, where they filed the actual suit on the plaintiff.

35. Based on statements above, the court should deny defendant's motion to dismiss because defendant purposefully availed itself of the benefits and protections of the laws of the forum state. *See Electrosource, Inc. v. Horizon Battery Tech., Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999); *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567-68 (2d Cir. 1996) Therefore, the court has specific jurisdiction over defendant.

36. The court's assumption of jurisdiction over defendant will not offend traditional notions of fair play and substantial justice and will be consistent with the constitutional requirements of due process as defendant has derived financial benefit from doing business in the forum state and has enjoyed the protection of the forum state's laws. *See Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 207 (5th Cir. 1996); *Metro. Life, 84 F.3d at 568*

37. The court should deny defendant's motion to dismiss because defendant engaged in continuous and systematic activity in the forum state.  See *Metropolitan Life, 84 F.3d at 567-68.* Accordingly, the court should find that the pleadings, affirmations, and supporting materials on file constitute a sufficient averment of credible facts to establish that the exercise of personal jurisdiction over defendants in this FDCPA action is authorized and complies with the requirements of due process and defendant's motion to dismiss plaintiff's amended complaint should be denied.

## OBJECTION TO MOTION TO TRANSFER VENUE

38. Under 28 U.S.C. § 1391(b) venue is proper in the district in which all the plaintiffs reside or the district in which the claim arose.

39. "A threat to sue a consumer for a debt in a distant location where the consumer did not reside or engage in the transaction would be contrary to 15 U.S.C. § 1692i".

40. Also, the majority of FDCPA cases have held that the plaintiff's claim arises in the district in which the plaintiff received the offending communication or debt collection letter. See Bates v. C & S Adjusters, Inc.,980 F.2d 865 (2nd Cir.1992) (venue in FDCPA case was proper where debtor resided and where

debt collector's demand for payment was forwarded); Paradise, 883 F.Supp. 521 (venue proper where plaintiff received debt collection letter); Russey, 837 F.Supp. at 1105 (consumer's receipt of collection notice was substantial part of events giving rise to claim under FDCPA); Lachman v. Bank of Louisiana in New Orleans, 510 F.Supp. 753, 760 (N.D.Ohio 1981) (venue in FDCPA case was proper where plaintiff received debt collection letter because that is where the injury occurred).

41. The court's reasoning in Sluys v. Hand, 831 F.Supp. 321, is persuasive: "Where an alleged debtor is located in a jurisdiction and receives documents from a person purporting to be a debt collector located elsewhere, and the transmittal of those documents is claimed to have violated the Act, suits may be brought where the debtor receive[s] the communications. Otherwise, one could invoke the protection of distance and send violative letters with relative impunity, at least so far as less well-funded parties are concerned."Id. at 324; see also Russey, 837 F.Supp. at 1105 (exercise of its discretion to transfer venue "would frustrate the Congressional goal that the FDCPA be primarily enforced through the efforts of the aggrieved consumer") (citations and quotations omitted); Vlasak v. Rapid Collection Systems, Inc., 962 F.Supp. 1096, 1102-03 (N.D.Ill.1997) (same).

## LEGAL STANDARD UNDER 12 B6

**42.** Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Id.* At 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* At 570.

**43.** The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests". *Friends of Lake View School District v. Beebe*, 578 F.3d 753, 762 (8th Cir. 2009).

**44.** Well-pleaded allegations of fact and every inference fairly deducible therefrom are accepted as true for purposes of a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

**45.** When considering Defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to the plaintiff." *In re*

*Stac Elecs. Sec. Litig.,* 89 F.3d 1399, 1403 (9th Sir. 1996): *Jones v. General*

*Elec. Co.,* 87 F.3d 209, 211 (7th Cir. 1996). "Only if no possible construction of

the alleged facts will entitle plaintiff to relief should the court grant defendant's

motion." *Hishon v. King & Spaulding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232

(1984). If the factual allegations in plaintiff's complaint support any legal

theory that entitles plaintiff to some relief, the court should overrule defendant's

motion to dismiss.

### OBJECTION TO AN FDCPA CLAIM CANNOT BE PREMISED ON A MORTGAGE FORECLOSURE

46. In this case, plaintiff who is a consumer as defined by 15 USC 1692 a (3) and

15 USC 1692 c(d) has alleged a claim for failing to stop debt collection activity

after receiving a debt validation letter in violation of 15 USC 1692gb.  Ronald

R. Wolfe & Assocs. is an admitted debt collector within the meaning of 15 USC

1692 a(6) and 15 USC 1692 f(6) and has not denied that they received the debt

after it was in default and is collecting the debt for another party.

47. Plaintiff has shown in her complaint how defendant has violated numerous

counts of 15 USC 1692 and defendant has proven with their own admissions

that they are debt collectors as defined by 1692a(6) and 15 USC 1692 f(6).

There is no longer an in rem foreclosure action in Florida so plaintiff is

confused as to what defendant is referring.  Their complaint is only asking for

different amounts of money to settle a default which has not been proven and asking for deficiency judgments which also are asking for money.

48. The action in Florida court is nothing but debt collection no matter what the amount of money requested and is being demanded on a contract that plaintiff never signed.  As stated in the motion to dismiss "FDCPA is intended to curtail any objectionable act occurring in the process of collecting funds from a debtor" [ or alleged debtor] which is exactly what defendant is doing, attempting to collect funds from the alleged debtor.  Why would they continue to come after the wrong person for two years?  If a mortgage foreclosure decree is not a personal decree why are they suing plaintiff personally, and if it is not a money judgment, why are they asking for a money judgment?  This debt collector has no rights to the note or mortgage and should never have been the one collecting the alleged debt to start. Defendant alleges in their motion that foreclosing a mortgage is not debt activity; however, plaintiff has only made claims of their misconducts in collecting a debt and has mentioned nothing about the foreclosure.  Defendant's initial complaint might have started out as an "in rem" action with the collection of debt, but the amended complaint removed the "in rem" and only asked for money.  Plaintiff's claims only have to do with the violations defendants made in their attempts to collect a debt,

nothing about any debt or foreclosure activity. Since the CFPB will state

otherwise as far as foreclosure and debt collection I will use their Amicus Brief

to support my claims.

49. Congress has granted the Consumer Financial Protection Bureau (the Bureau)

the authority to enforce, and to promulgate rules regarding, the FDCPA. *See*

Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank

Act), Pub. L. No. 111-203, §§ 1002(12)(H), 1022(b)(1), 1061(b)(5), 1089

(2010) (codified at 12 U.S.C. §§ 5481(12)(H), 5512(b)(1), 5581(b)(5), 15

U.S.C. § 1692 *et seq.*). The Bureau is the first agency ever to have general

rulemaking authority under the FDCPA.

50. In so doing Plaintiff is taking quotes from the Amicus Brief filed by the CFPB

in the 11th Circuit Court of Appeals Birster v. AHMSI 11-13574 G  December

11, 2011, to rebut Defendants allegations that foreclosure is not debt collection:

51. The Act defines "debt collector" as a person whose "principal purpose" is debt

collection or "who regularly collects or attempts to collect" debts, 15 U.S.C. §

1692a(6). For the purposes of a single provision of the Act, § 1692f(6), the term

"debt collector" "also includes" a person whose "principal purpose" is "the

enforcement of security interests." *Id.*

52. Although the Act does not define "debt collection," attempting to obtain payment of a consumer debt unquestionably constitutes debt collection under the FDCPA. *Heintz v. Jenkins*, 514 U.S. 291, 294(1995).

53. **Debt Collector:** The FDCPA generally defines "debt collector" as an entity

54. whose "principal purpose" is debt collection or "who regularly collects or attempts to collect" debts. 15 U.S.C. § 1692a(6). Under an additional definition applicable for purposes of a single provision, § 1692f(6), the term "debt collector" "also includes" any entity whose "principal purpose" is "the enforcement of security interests." *Id.* Six categories of people are specifically excluded from the definition of "debt collector." *Id.* § 1692a(6)(A)–(F). Enforcers of security interests do not appear on that list.

55. Courts that have concluded that enforcers of security interests qualify as "debt collectors" only for purposes of § 1692f(6) have failed to consider that enforcers of security interests may also "regularly collect" debts and thus qualify as "debt collectors" under the general definition. Notably, unlike other entities, enforcers of security interests are not explicitly excluded from the definition of debt collector. Nearly every court, including every federal appellate court, to have considered this question agrees. This conclusion is also consistent with a prior administrative interpretation of the Act, and furthers the

Act's consumer-protection purpose.

56. **Debt Collection:** Attempting to obtain payment of a consumer debt constitutes

debt collection covered by the FDCPA. *Heintz v. Jenkins*, 514 U.S. 291, 294

(1995).  Nothing in the Act suggests that seeking payment from a debtor ceases

to qualify as debt collection if it accompanies proceedings to enforce a security

interest. That conclusion would create an enormous loophole, allowing debt

collectors to abuse consumers with impunity whenever they happened also to

seek to enforce a security interest. Every federal appellate court to have

published a decision on this issue, and nearly every other court, agrees.

57. Plaintiff alleged that defendant was collecting a debt that they were not entitled

to collect and did nothing to stop collection activity once dispute of debt was

received.  This action has nothing to do with a foreclosure of any kind and is

only related to the behavior and conduct of the defendants in their attempts to

collect a debt.  Thus, plaintiff has alleged facts sufficient to show that the right

to relief is plausible and above mere speculation.

58. Because plaintiff's factual allegations support a claim upon which relief can be

granted, the court should deny defendant's motion and move defendants to

answer the complaint. In the alternative, if the court determines that plaintiff

has failed to state a claim, plaintiff asks the court to grant leave to amend the

complaint

## OBJECTION TO FDCPA CLAIM BARRED BY OCT 4. LETTER

59. Defendant is correct that there is a letter subject to this lawsuit dated October 4,

2012

60. Defendant would have you believe that this October 4 letter was mailed the date

of the letter, but it was not mailed until days later so it was almost a week

before plaintiff received it.

61. Plaintiff received a debt collection letter at her home residence in Gwinnett

County, Georgia which had a mini Miranda stating:

62. Unless you notify this law firm within thirty (30) days **after your receipt** of
this letter that the validity of this debt, or any portion thereof, is disputed, this
law firm will assume that the debt is valid. If you do notify this law firm in
writing within thirty (30) days after receipt of this letter that the debt, or any
portion thereof, is disputed, this law firm will obtain verification of the debt or a
copy of the judgment against you, if any, and mail it to you.  Also, upon your
written request within thirty (30) days after your receipt of this letter, this law
firm will provide you with the name and address of the original creditor, if
different from the current creditor. Ronald R Wolfe & Associates, P.L. is a debt
collector. This law firm is attempting to collect a debt, and any information
obtained will be used for that purpose.

63. Plaintiff mailed a timely dispute in response to the debt collection letter within

those 30 days from her Georgia address.

64. Instead of responding to the timely debt dispute and validate the debt, defendant chose to file a lawsuit in the state of Florida which started the violation once plaintiff was aware of the documents (ineffective service).

65. This has nothing to do with lawsuit being filed in Florida this is about continued debt collection without validation or verification.

66. Defendants were calling plaintiff as a representative of the corporation, who happens to do business in GA

67. This letter does not constitute a violation, as it only contains the mini miranda as required by 15 USC 1692g notifying the plaintiff that she had 30 days to dispute and or validate the debt from the date she received the notice. Defendant received the validation which was verified through certified receipt. In their long drawn out reasoning for dismissal defendant has never denied receiving plaintiffs timely dispute. Defendant never attempted to validate or verify the debt, as required by 15 USC 1692g, but instead of validating the debt, defendant continued collection activity by filing a lawsuit in Florida court on a debt she never contracted to pay. There is no violation in mailing a collection a letter, no violation on putting a different date on the letter mailed, no violation in plaintiff receiving the collection letter, and no violation in them receiving the validation letter; however, the violation came when they received

the debt validation and did not stop collection activity as required by law and attempted service of a lawsuit in violation of law.

## CONCLUSION

Plaintiff has pleaded facts sufficient to allow a court, drawing on "judicial experience and common sense", to infer "more than the mere possibility of misconduct", which easily satisfies her burden of pleading under the FDCPA at this stage. See Ashcroft v. Iqbal, 129 S.Ct. at 1950. Plaintiff's claims should therefore survive dismissal.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order denying Defendants' Motion to Dismiss for Failure to State a Claim and continue to maintain Jurisdiction and venue in this court.  In the alternative, if the Court determines Plaintiff has failed to state a claim, Plaintiff asks the Court to grant leave to amend her Complaint.

DATED this 6th day of October, 2014

Sherrie Hampton-Muhamed
4329 Donerail Dr.
Snellville, GA 30039
404)786-6291
cmrsinc@comcast.net

## VERIFICATION OF OBJECTION TO DEFENDANTS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, SUBJECT AND OR CHANGE OF VENUE AND FAILURE TO STATE A CLAIM

Under penalty of perjury, I declare that I am the alleged Plaintiff in the above-entitled matter, I have read the Motion and the facts alleged therein are true and correct to the best of my knowledge and belief.

Dated: October 6, 2014

Signed under 28 USC § 1746(1)
All Rights Reserved Without Prejudice
Without Recourse
Respectfully submitted,

Sherrie Hampton-Muhamed
4329 Donerail Dr.
Snellville, GA 30039
(404)786-6291
cmrsinc@comcast.net

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

to Local Rule 7.1(D), I hereby certify that the foregoing was prepared with Times New Roman (14 point) type, with a top margin of one and one-half

(1 ½) inches and a left margin of one (1) inch.

Sherrie Hampton-Muhamed

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused a copy of the foregoing
**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MOTION
TO DISMISS AMENDED COMPLAINT** to be served in this matter by E-mail,
Fax or U.S. Mail, addressed as follows        :

Filed this 6th day of  October, 2014.


Suzanne Barto Hill, Esquire
Florida Bar No. 0846694
*Admitted Pro Hac Vice*
shill@rumberger.com
Kevin R. Gowen, II, Esquire
Florida Bar No. 0900621
*Admitted Pro Hac Vice*
kgowen@rumberger.com
RUMBERGER, KIRK & CALDWELL
Post Office Box 1873
Orlando, Florida 32802-1873
Telephone: (407) 872-7300
Telecopier: (407) 841-2133


And with the Clerk of Court through US Mail, Tracking # *IZ IVD 4OE 01 83I7 O4I3*
US and not filed electronically as Plaintiff is excused from filing this document or
thing electronically by Court order.

Sherrie Hampton-Muhamed
4329 Donerail Dr.
Snellville, GA  30039
Phone:  404-786-6291
Facsimile:  770-978-0207
cmrsinc@comcast.net