IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 2 3 2014

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

Sherrie Hampton-Muhamed,　　　）
　　　　Plaintiff,　　　　　　　　）
　　　　　　　　　　　　　　　　　）　　Civil Action
v.　　　　　　　　　　　　　　　）　　No. 1:13-CV-3659-CC-LTW
　　　　　　　　　　　　　　　　　）
James B Nutter & Co., et al;　　）
Ronald R. Wolfe & Assocs., et al;　）
DOES 1-20,　　　　　　　　　　　）
　　　　Defendants　　　　　　　）

## PLAINTIFF'S AMENDED OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, LACK OF PERSONAL JUSRISDICTION OR ALTERNATIVELY TO TRANSFER VENUE TO THE MIDDLE DISTRICT OF FLORIDA

COMES NOW Plaintiff, Sherrie Hampton-Muhamed, and hereby submits her Amended Opposition and Memorandum in Support in response to Defendant's Motion to Dismiss Amended Complaint pursuant to Local Rule 7.1B. In support thereof, Plaintiff states as follows:

Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint. Plaintiff has sued Defendants for violations of Fair Debt Collection Practices Act (FDCPA), 15 USC §1692, *et seq*. and states that her causes of action are not about a debt or foreclosure, but the behavior and conduct in Defendants

1

attempts to collect an alleged debt that does not belong to Plaintiff.

Plaintiff's Amended Complaint was filed as a result of multiple violations under FDCPA and the Defendant's continued conduct of egregious behavior including: 1) attempts to collect a debt that was paid off and did not belong to plaintiff, 2) a debt that was disputed and never validated, 3) intentional infliction of emotional distress brought on by the felony trespass, theft and continued debt collection in Georgia.

Plaintiff is Sherrie Hampton-Muhamed, a natural person and a resident of Gwinnet County, Georgia, a consumer under all definitions including 15 U.S.C. §1692a(3) and O.C.G.A. §10-1-392(6) and as executor under 15 U.S.C. §1692c(d). Defendant seeks to collect from Plaintiff a debt in default allegedly owed to another, that arises out of a transaction in which the money, property and services are for her personal home, as defined under 15 USC §1692a(5). Plaintiff is elderly and disabled and has suffered more than just the intentional emotional distress brought on by Defendant's actions, but has also suffered physically and financially in Georgia.

Defendant is Ronald R. Wolfe & Associates, P.L. ("RRW") is a Florida Law Firm registered in the state of Florida. RRW includes the law firm and

all of the currently known individual attorneys.[1]

RRW by their own admission are debt collectors, and James B Nutter & Co. (Nutter) is their client.[2]   RRW allege since they were foreclosing and none of the debt collection activities were started in Georgia they are not responsible for their actions.   If RRW had done their due diligence in reviewing this file, not only would they be aware that Nutter was licensed to do business in Georgia, but there was no contract between the two parties. This would make RRW's intentional and deliberate actions to collect this consumer debt in Georgia, without validating the debt and by claiming Plaintiff was the debtor, liable in this District for violation of FDCPA and subject to personal jurisdiction.[3]

Defendants violated the law by their actions to pursue plaintiff personally for a debt that is not hers.   Defendants are requesting the full

---

[1] Amanda Croteau, Ivan Ivanov, Julie Anthousis, Katherine Tilka, Matthew Marks, Matthew Wolf, Rhonda Lewis, Robert Schneider, Ronald R. Wolfe, Victoria Jones, Andrea D. Pidala, Brian Hummel, Sabrina Moravecky, Francis Hannon, Luis F. Ugaz, and John F. Phillips (erroneously named John J. Phillips)

[2] The Federal Trade Commission ("FTC") has issued an Official Staff Commentary in which it stated that 15 USC§ 1692i "applies to lawsuits brought by a debt collector, including an attorney debt collector, when the debt collector is acting on his own behalf or on behalf of his client."   See Fair Debt Collection Practices Act Commentary at 53 Fed.Reg.   50097-50110 (December 13, 1988).

[3] When FDCPA repealed the exemption for attorneys in 1986, Congress intended to treat attorney and non-attorney debt collectors similarly because the prior legislation could be construed to imply that attorneys could use tactics that collection agencies were prohibited from using. *Dutton v. Wolpoff and Abramson*, 5 F.3d 649, 655 (3d Cir. 1993)

amount of the Note along with fees, expenses, costs and any deficiency judgments, etc., from Plaintiff.[4]   Defendants have deceived the court into believing Nutter has been injured and is entitled to payment from Plaintiff for a debt that which Plaintiff has no liability.

Until discovery is provided, the Court has no way of knowing whether RRW knew Nutter was not the real creditor or whether Nutter did not provide RRW with the proper information.   Either way, all parties involved can read and see that Plaintiff is not named on any of the contracts being referenced by RRW in this debt collection activity.

The initial deliberate and intentional action to pursue Plaintiff in Georgia that led to the cause of action/violation of the FDCPA began when Plaintiff received a Notice of Demand from RRW for payment and/or acceleration of a note and mortgage.   That letter gave Plaintiff 30 days to dispute the alleged debt and receive validation of the alleged debt.   The letter also confirmed that Plaintiff was to receive the name and address of the original creditor in writing. (Doc.5 Ex. C)

RRW addressed the letter to Plaintiff as the "Borrower," and continued to call her the Borrower in the Amended Complaint.   Defendant also provided

---

[4] Section 1692f(1) prohibits "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

false and misleading statements in this letter by claiming *Plaintiff* executed the Note and Mortgage (Doc.5 Ex.C), which Nutter has clearly stated Plaintiff did not do. (Doc.17 pg.2). Plaintiff timely disputed the debt (confirmed by certified receipt) (Doc. 5 Ex. F), but instead of validating the debt and stopping all collection activity, as required by 15 USC 1692g(b), legal action was taken in state court.[5]

Defendants filed a Motion to Dismiss for failure to state a claim because they allege Plaintiff's "allegations amount to nothing more than complaints about RRW's prosecution of an in rem residential foreclosure action filed and pending in state court." (Doc.18 pg. 3).  Contrary to their erroneous claims that Plaintiff "defaulted on the property's mortgage payments" (

Doc. 18 pg. 2), Plaintiff cannot default on a security instrument to which she is not a party.  Contrary to Defendant's statement that Plaintiff filed this action because she was "frustrated with the foreclosure proceeding" (MTD pg. 2), Plaintiff filed this action because she has no nexus with the parties

---

[5] Specifically, the debt collector must cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. . . . Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt . . . .15 U.S.C. § 1692g(b).

involved and owes no debt to Nutter.   The FDCPA prohibits any "false, deceptive, or misleading" statement made in connection with an attempt to collect any debt.   That means that if a law firm sends out a letter threatening foreclosure to a homeowner but misnames the creditor or the debtor, they are subject to liability under the FDCPA. (Doc. 5 Ex.C).

If a law firm is subject to the FDCPA's requirements, it may be open to new forms of liability.   First, and most significantly, in circuits that apply all of the FDCPA's substantive provisions to law firms engaged to foreclose on property, law firms attempting to foreclose on a security interest must not only comply with all relevant foreclosure law, but also with all of the notice requirements and restrictions imposed by the FDCPA in all of their communications with the mortgagor.

This law firm complied with neither the state statutes nor the Federal Statutes in violation of Florida law and the FDCPA.   This means, among other things, that the firm must send a timely dunning letter within five days of its first communication with the debtor that validates the debt, the name of the creditor, and provides the other information required by 15 U.S.C. § 1692g(a).   Even in jurisdictions where communications required by the state's foreclosure laws are not governed by the FDCPA, any non-conforming

communications, no matter how slight the deviance, may trigger the rigors of complying with the FDCPA's notice requirements.

Jurisdiction and venue is proper under 28 USC §1391(b)(2) and 15 USC §1692(k)(d).  Defendants and/or agents came into Georgia to collect this debt and violated the law by leaving legal documents with Plaintiff in Georgia before validating the alleged debt, creating personal jurisdiction over Defendants.

## MEMORANDUM OF LAW IN SUPPORT

## I. LEGAL STANDARD UNDER 12(B)(6)

When deciding a motion to dismiss under F.R.C.P. Rule 12(b)(6), actual allegations in the pleading along with reasonable inferences therefrom must be accepted as true. (*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The issue is not whether Plaintiff will ultimately prevail, but whether a complaint contains enough facts to state a claim for relief that is plausible on its face (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)), and Plaintiff is entitled to offer evidence to support her claims. (*Scheuer, supra*, 416 U.S. at 236). Motions to dismiss are viewed with disfavor and, therefore, rarely granted. (5A Wright and Miller, *Federal Practice and Procedure*, 1357) (2d ed. 1990).

The murky, often conclusory allegations of a *pro se* complaint are

inappropriate bases for disposition of a case on the merits. See *Estelle v. Gamble*, 429 U.S. 97, 112 (1976) (Stevens, J., dissenting).

Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Courts are to be mindful that *pro se* complaints are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys. See *Bridge v. Ocwen Fed. Bank*, FSB, No. 09-4220, 691 F. 3d 355, 358 (6th Cir. 2012) (citing *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).

Finally, there are no particularized pleading requirements when it comes to requesting actual damages under the FDCPA. See *Yelin v. Swartz*, 790 F. Supp. 2d 331, 336-37 (E.D. Pa. 2011) ("[T]he Complaint itself states that Plaintiff was physically, mentally, emotionally and financially damaged by Defendants' conduct and requests 'actual damages' as a form of relief .... Plaintiff has satisfied his burden of pleading damages [under the FDCPA]"). Therefore, Defendants' Motion to Dismiss should be denied.

## II. ARGUMENTS AND AUTHORITIES

### A. Objection to Lack Of Personal Jurisdiction

Defendants are claiming that as agents for Nutter, they cannot be held liable for breaking the law, since their actions did not start in Georgia.

However, RRW purposefully[6] reached out beyond their state and into Georgia to solicit the debt collection in Georgia and therefore, this Court does have personal jurisdiction over them. Whether these employees took deliberate actions on their own, delegated their responsibility to another or just simply ignored the request for information, they are liable for their acts or omissions. Anyone who knows a fact is a violation of law and does nothing, or delegates to another, or commits the act themselves is guilty of misprision of felony.

Every phone call and mailing was an attempt to collect an alleged debt from Plaintiff in Georgia. Every mailing using the U.S. Postal Service, as their service agent, to conduct business in Georgia, is the equivalent to operating a business in Georgia.

Defendant's Motion to Dismiss was confusing to Plaintiff because the case citations and opinions they use to claim that there is no personal jurisdiction have nothing to do with consumer protection or debt collection activities. A court in Georgia may exercise personal jurisdiction over any nonresident or his executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in

---

[6] That purposeful act and entry into the state can be either by the Defendant in person or through an agent, goods, *mail*, or by some other means.

9

OCGA §9-10-91(1) or (2), in the same manner as if he were a resident of the state, if in person or through an agent, he: (1) Transacts any business within this state; [or] (2) Commits a tortious act or omission within this state.[7]

The activities outlined in the Amended Complaint demonstrate a substantial, direct relationship between Defendant's collection transactions within the state and the claims asserted by Plaintiff in this action, sufficient to authorize the Court's exercise of long-arm jurisdiction under an FDCPA claim, a strict liability statute, where Defendant purposefully availed itself of the privilege of conducting activity in Georgia.[8]

Because this lawsuit arises out of Defendant's contacts with Plaintiff in Georgia in connection with debt collection activities, the test for minimum

---

[7] The importance of the Georgia appeal decisions has been to eliminate the requirement for a defendant's actual physical presence within Georgia, and henceforth allows the assertion of long-arm jurisdiction over business conducted through postal, telephonic, and Internet contacts.... Further, "a single event may be a sufficient basis for the exercise of long arm jurisdiction if its effects within the forum are substantial enough even though the nonresident has never been physically present in the state." (Footnote omitted.) *Aero Toy Store, v. Grieves*, 279 Ga. App. 515, 520(1), 631 S.E.2d 734 (2006)

[8] See *Sluys v. Hand*, 831 F. Supp. 321, 324 (S.D.N.Y. 1993)(where defendant, a lawyer in Indiana, sent the plaintiff a single collection letter, with a copy to the plaintiff's employer, "causing consequences in New York in connection with efforts to collect the alleged debt."); *Sisler v. Wal-Mart Stores, Inc.*, 2003 WL 23508105 (W.D.N.Y. Dec. 24, 2003)(finding personal jurisdiction appropriate where debt collection letters defendant sent into state gave rise to FDCPA claim; citing with approval Sluys); cf. *Silva v. Jason Head, PLC*, 2010 WL 4593704 (N.D.Cal. Nov. 4, 2010)(finding personal jurisdiction over nonresident attorney/debt collector appropriate under California law based on single voicemail giving rise to FDCPA claim); *Maloon v. Schwartz, Zweban & Slingbaum, L.L.P.*, 399 F. Supp. 2d 1108, 1111-13 (D. Haw. 2005)(finding personal jurisdiction over nonresident debt collector appropriate under Hawaii law based on single collection letter giving rise to FDCPA claim).

contacts is less stringent, and is satisfied by the case cites described in footnote 8. Cf. *Fava*, 1997 WL 205336.[9]

Another District Court in the Ninth Circuit has found personal jurisdiction under similar facts. See *Paradise v. Robinson and Hoover*, 883 F.Supp. 521 (D.Nev.1995)(in FDCPA case, court found personal jurisdiction based on plaintiff's allegation of a single debt collection letter being sent to the forum state).[10]

In this case, Plaintiff's *prima facie* evidence should convince the Court that Defendant purposefully directed his debt collection activities at a resident of this District "such that he should reasonably anticipate being haled into court there ...." *World-Wide Volkswagen, supra*, 444 U.S. at 297. Defendant has identified no compelling factor that makes the exercise of

---

[9] (minimum contacts satisfied in FDCPA suit arising out of defendant's debt collection activity within the state, including sending a debt collection notice and mailings and emails pursuing the debt collection, and making multiple phone calls) (citing *McGee v. International Life Ins. Co.*, 355 U.S. 220, 223 (1957); *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113–14 (1987)(quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).  "On the other hand, where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

[10] See also *Russey v. Rankin*, 837 F.Supp. 1103, 1105 (D.N.M.1993)(court had personal jurisdiction over defendant because defendant knowingly sent one or more demand letters to plaintiff in New Mexico); *Brink v. First Credit Resources*, 57 F.Supp.2d 848, 860-61 (D.Ariz. 1999)(court found that defendant purposefully availed itself of the forum, and that exercise of personal jurisdiction was reasonable, based on defendants actions in the forum in the alleged violation of the FDCPA).

personal jurisdiction in this matter unreasonable.  As persuasively explained by the District Court in *Sluys, supra*:

> Where an alleged debtor is located in a jurisdiction and receives documents from a person purporting to be a debt collector located elsewhere, and the transmittal of those documents is claimed to have violated the [FDCPA], suits may be brought where the debtor … receive[s] the communications.

Otherwise, one could invoke the protection of distance and send violative letters with relative impunity, at least so far as less well-funded parties are concerned. *Sluys*, 831 F. Supp. at 324.

Here, Plaintiff has alleged that Defendant knew Plaintiff was a resident of Georgia and that Defendant engaged in wrongful conduct targeting her in Georgia, establishing personal jurisdiction.  Defendant "must have purposefully directed its activities at residents of the forum, and the litigation must result from alleged injuries that arise out of or relate to those activities. *Stuart v. Peykan, Inc.*, 261 Ga. App. 46, 48 (1) (581 S.E.2d 609)(2003).  Defendant has not shown that the exercise of jurisdiction over it is unreasonable given the facts present.

## 1. Tortious Acts or Omissions; Emotional Distress and Negligence

Abuses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's

improper threat of legal action than to a debt collection agency committing the same practice.   A debt collection letter on an attorney's letterhead conveys authority and credibility.   Defendant has not denied that a tortious act took place.

Plaintiff need not prove the elements of the torts of intentional or negligent infliction of emotional distress to recover damages for emotional distress under the FDCPA; instead, "when a violation of the FDCPA has been established, actual damages for emotional distress can be proved independently of state law requirements." *Smith v. Law Offices of Mitchell N Kay*, 124 B.R. 182, 188 (D. Del. 1991).   Damages for emotional distress are recoverable under the FDCPA.[11]

Georgia recognizes that there does not have to be a physical injury for a litigant to prevail on emotional distress. ***An exception applies if Plaintiff proves Defendant's conduct was "malicious, willful, or wanton" and was specifically directed at him.*** *Phillips v. Marquis at Mt. Zion-Morrow, LLC*, 305 Ga. App. at 76 (2010)[emphasis added].   "Wanton conduct is that

---

[11] See *Wenrich v. Robert E. Cole, P.C.*, CIV. A. 00-2588, 2001 WL 4994, at *6 (E.D. Pa. Dec. 22, 2000); *Crossley v. Lieberman*, 90 B.R. 682, 692 (E.D. Pa. 1988), aff'd, 868 F.2d 566 (3d Cir. 1989)("[W]e believe that violations of the FDCPA, by their very nature, (e.g., abusive, deceptive or unfair debt collection practices), are those kinds of actions which may be expected to cause emotional distress and, therefore, the availability of damages for such distress is of paramount importance.").

which is so reckless or so charged with indifference to the consequences as to

be the equivalent in spirit to actual intent." *Chrysler Corp.v. Batten*, 264 Ga.

723, 726 (1994).  A showing of actual harm is not a necessary precursor to an

award of damages under the FDCPA. *Emanuel v. American Credit Exch.*, 870

F.2d 805, 809 (2d Cir.1989). However, Plaintiff has provided evidence of the

actual harm along with exhibits in support in her Amended Complaint.

## B.  Objection To Motion To Transfer Venue

The majority of FDCPA cases have held that "the plaintiff's claim

arises in the district *in which the **plaintiff** received the offending*

*communication or debt collection letter*." [emphasis added] See *Bates v. C & S*

*Adjusters, Inc.*, 980 F.2d 865 (2nd Cir.1992).[12] The court's reasoning in *Sluys,*

*supra*, is persuasive:

> "Where an alleged debtor is located in a jurisdiction and receives
> documents from a person purporting to be a debt collector located
> elsewhere, and the transmittal of those documents is claimed to
> have violated the Act, suits may be **brought where the debtor**
> **receive[s] the communications."**

Otherwise, one could invoke the protection of distance and send violative

---

[12] (venue in FDCPA case was proper where debtor resided and where debt collector's
demand for payment was forwarded); *Paradise, supra*, 883 F.Supp. 521 (venue proper
where plaintiff received debt collection letter); *Russey, supra*, at 1105 (consumer's receipt of
collection notice was substantial part of events giving rise to claim under FDCPA);
*Lachman v. Bank of Louisiana in New Orleans*, 510 F.Supp. 753, 760 (N.D.Ohio
1981)(venue in FDCPA case was proper where plaintiff received debt collection letter
because that is where the injury occurred).

letters with relative impunity, at least so far as less well-funded parties are concerned." *Id.* at 324; see also *Russey, supra,* at 1105 (exercise of its discretion to transfer venue "would frustrate the Congressional goal that the FDCPA be primarily enforced through the efforts of the aggrieved consumer") (citations and quotations omitted); *Vlasak v. Rapid Collection Systems, Inc.,* 962 F.Supp. 1096, 1102-03 (N.D.Ill.1997) (same).

Under the FDCPA, a collection agency can only file suit where the contract was executed (here, no contract executed) or where the alleged debtor resides (alleged debtor resides in GA). See 15 U.S.C. § 1692i(a)(2), likewise giving Plaintiff the opportunity to sue where she had been abused and the violation occurred.

Furthermore, Defendants seek to move the Venue to Florida because it would be easier on them deposing witnesses, dealing with documents, etc. Defendant attorneys have no business records of their own and have to obtain them from their client, Nutter, in Missouri, so changing the venue from Georgia to Florida makes no logical sense.

Under 28 U.S.C. § 1391(b)(2) Venue is proper in this District, because the events or omissions giving rise to the claim occurred in this judicial District and does not violate traditional notions of fair play and substantial

justice.  A threat to sue a consumer for a debt in a distant location where the consumer did not reside or engage in the transaction would be contrary to 15 U.S.C. § 1692i.  Since Plaintiff lives in Georgia, suffered damages in Georgia, and continues to suffer intentional emotional distress in Georgia, she is properly pursuing remedy in Georgia.

This venue is the most efficient forum for judicial resolution of the dispute since Defendants have already retained local counsel and have been given leave of court to have their law firms represent them. Both Venues fall within the 11th District.

### C. Failure To State A Claim Because Foreclosure Is Not Debt Collection

It has already been established that Defendant is a debt collector and is attempting to collect a debt for another unspecified entity.  Defendants claim that their action is premised on an *in rem* foreclosure action; however, unlike their original Foreclosure Complaint, their Amended Foreclosure Complaint says nothing about an *in rem* action and is only requesting money. (Doc. 8 Ex. Q). Defendants are attempting to distract the court into believing this Plaintiff's Amended Complaint is based on Nutter's state foreclosure Complaint when, again, this suit is based on their violations of 15 USC 1692, *et seq.* by refusing to stop collection activities without validating the debt and

16

attempting to collect a debt that is not Plaintiff's. Any request for money is an attempt to collect a debt no matter what the amount is or what is attached to the request, even an alleged security interest.

As debt collectors, RRW became subject to 15 U.S.C. § 1692e's prohibition on any "false, deceptive, or misleading" statement in connection with a communication in attempt to enforce a debt. RRW thus failed to correctly identify to whom the debt was owed under §1692g(a)(2), as evidenced by their letter dated April 4, 2013 stating Nutter was collecting the debt for another entity. (Am.Com.Doc.8 Ex.P)

Foreclosure counsel must be careful to comply with all governing FDCPA provisions, including sending timely notice of default and **providing proof of the debt if asked by the debtor**. In either case, a firm that falls under the scope of "debt collection" under the FDCPA must take special care not to misidentify the entity it represents or the actual holder of the debt, as those misstatements, no matter how innocent, may give rise to liability under the statute.

The U.S. District Court for the Northern District of Georgia recently considered two cases that presented the cutting edge of this issue. In *Bourff v. Rubin Lublin*, LLC and *Shoup v. McCurdy & Candler*, LLC, plaintiffs

17

brought claims under the FDCPA, alleging that the firms hired to foreclose on their property violated the FDCPA. Noting that the foreclosure firm had in fact gone beyond "merely trying to foreclose on [the] plaintiff's home" and instead "was attempting to collect on the underlying promissory note," the court held that for the purposes of considering the motion to dismiss, the firm was engaged in debt collection activity and subject to the requirements of the FDCPA. As noted, in *Bourff* and *Shoup* the District Court concluded that because the defendant law firms went beyond "merely foreclosing" on the secured property interests and instead attempted to collect the underlying debt, they qualified as "debt collectors" under the FDCPA.

In at least one case, a District Court has noted that judicial foreclosures (like the one in Florida) typically include an attempt to recover a personal judgment against the debtor and thus may be more likely to be subject to the FDCPA as "debt collection."

The Eleventh Circuit Court of appeals, issued a published opinion in *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211 (11th Cir. 2012), holding that "an entity that regularly attempts to collect debts can be a 'debt collector' beyond 1692f(6) of the FDCPA, even when that entity is also enforcing a security interest." In *Reese*, the law firm representing the lender

sent the Reese's a letter and documents demanding payment and threatening to foreclose on the property if the debt was not paid. *Id.* at 3. The Reese's filed a lawsuit alleging the communication violated the FDCPA, specifically §1692e, which prohibits a "debt collector" from using "false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* at 5 (15 U.S.C. § 1692e). The district court dismissed the complaint for failure to state a claim after finding the law firm was not a "debt collector" under §1692a(6), and the communications did not amount to a debt collection activity, but instead were an attempt to enforce a client's security interest. The 11th Circuit reversed and remanded, after concluding that "[t]he fact that the letter and documents relate to the enforcement of a security interest does not prevent them from also relating to the collection of a debt within the meaning of § 1692e." *Id.* at 11.

The 11th Circuit noted that the FDCPA's definition of "debt" in §1692a(5) clearly encompassed the Reese's payment obligations under the promissory note at issue. *Id.* at 8-9. Relying on the fact that the letter demanding payment also referenced debt collection, it was reasonable to conclude that the law firm's attempt to collect the money owed on the promissory note was "the collection of [a] debt" within the meaning of §1692e.

*Id.* at 9-10.  The Court stated, "Even if the . . . law firm intended the letter and documents to give the Reese's notice of the foreclosure, they also could have--and did--demand payment on the underlying debt. . . . A communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest. A debt is still a "debt" even if it is secured." *Id.* at 11-12.  See, e.g., *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 386 (7th Cir. 2010). (holding that a letter threatening foreclosure while also offering to discuss "foreclosure alternatives" qualified as a communication related to debt collection activity within the meaning of § 1692e); *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 376 (4th Cir. 2006) ("[The] 'debt' remained a 'debt' even after foreclosure proceedings commenced.")."

The 11th Circuit and the *Reese* case completely contradict Defendant's claims in their Motion To Dismiss (Doc. 18-pg. 6), since Defendant is using the note and mortgage for deficiency judgments while they are claiming this is not debt collection activity.

In the unpublished Opinion in *Birster v. American Home Mortgage Servicing, Inc.*, the 11th Circuit held, "Here, the Birsters' allegations support a conclusion that AHMSI engaged in debt collection activity, as AHMSI was

both attempting to enforce a security interest and collect a debt."   The promissory note is a "debt" within the plain language of § 1692a(5).  See *Bourff, supra.*[13]

Defendants are collecting on Plaintiff's brother's promissory note, no different than in the *Reese* case, which is evidence of the debt.  Plaintiff's letter related to the instant action is no different than the letter the Reese's received.[14]   "In light of all the language stating that the law firm is attempting to collect a debt, the complaint sufficiently alleges that the notice is a communication related to 'the collection of [a] debt' within the meaning of

---

[13]   (treating a letter requesting payment on a promissory note secured by a mortgage as "an attempt at debt collection" within the meaning of the FDCPA); see also *Kojetin v. C U Recovery, Inc.*, 212 F.3d 1318, 1318 (8th Cir. 2000) (per curiam) (treating a promissory note signed in connection with a car loan as a debt within the meaning of the FDCPA); cf. Ga. Code Ann. § 13-1-11 (stating that a "note" is "evidence of indebtedness").

[14]   The law firm of Ronald R Wolfe & Associates, P.L. (hereinafter referred to as "law firm") has been retained to represent JAMES B. NUTTER & COMPANY with regards to its interests in the promissory Note and Mortgage executed by SHERRIE HAMPTON-MUHAMED on . Pursuant to the terms of the promissory Note and Mortgage, our client has accelerated all sums due and owing, which means that the entire principal balance and all other sums recoverable under the terms of the promissory Note and Mortgage are now due.

As of the date of this letter, the amount owed to our client is $93,953.02, which includes the unpaid principal balance, accrued interest through today, late charges, and other default-related costs recoverable under the terms of the promissory Note and Mortgage. Additional interest will accrue after the date of this letter.

This correspondence is being sent to comply with the Fair Debt Collection Practices Act and should not be considered a payoff letter. [.]

This law firm is in the process of filing a Complaint on the promissory Note and Mortgage to foreclose on real estate. The advice in this letter pertains to your dealings with this law firm as a debt collector

Ronald R Wolfe & Associates, P.L. is a debt collector. This Firm is attempting to collect a debt, and information obtained may be used for the purpose.

15 USC §1692e." *Reese, supra.*

### D. Objection To FDCPA Claim Barred By 10/4/12 Letter

Plaintiff is objecting to Defendant's statement that the Oct. 4 letter is not actionable because it doesn't constitute debt collection activity. Plaintiff is not aware of any violations incurred by merely sending or receiving a letter. However, RRW attempting to collect an alleged debt from Plaintiff for which Plaintiff is not liable, then RRW refusing to validate said debt is a violation of the law.

This letter was dated October 4, 2012, postmarked October 8, 2012 (which was a holiday) and Plaintiff received it around October 10, 2012. This letter began the debt collection process as it was asking for money and referred to collection of a debt. Plaintiff does not know what a "hello letter" is to address their comment in their motion to dismiss (MTD pg. 24). The October 4 letter specifically states:

> "Pursuant to the terms of the promissory Note and Mortgage, our client has accelerated all sums due and owing, which means that the entire principal balance and all other sums recoverable under the terms of the promissory Note and Mortgage are now due. As of the date of this letter, the amount owed to our client is $93,953.02, which includes the unpaid principal balance, accrued interest through today, late charges, and other default-related costs recoverable" under the terms of the promissory Note and

22

Mortgage. Additional interest will accrue after the date of this letter.

NOTICE

**Ronald R Wolfe & Associates, P.L. is a debt collector. This Firm is attempting to collect a debt,** and information obtained may be used for the purpose. (See footnote 11)

Defendants' stipulation that they are collecting a debt is unrefuted by Plaintiff. RRW stated Plaintiff had 30 days to dispute the debt and Plaintiff could get the name of the owner with their contact information, as well as get the debt validated. Plaintiff did dispute the debt within the 30 days from receipt of the letter and asked for validation and never received anything from RRW. RRW also said they complied with FDCPA in their lawsuit by sending their Oct. 4 letter.

The actual violations began *after* Defendant received Plaintiff's dispute of the debt and they did not stop their attempts to collect on the debt. Defendant did not validate and continued to attempt to collect a debt that obviously does not belong to Plaintiff. Instead of validation, RRW sent a Summons and Complaint and started legal proceedings in Florida. There were two other attempts (Doc.6 Ex.L; Doc.7 Ex.M; Doc.8 Ex.N) to get validation of the debt from both RRW and Nutter, since the debt collection did not stop, but as of this day this debt has not been validated.

## CONCLUSION

Defendants are taking legal action they are not entitled to take using unfair and unconscionable means by filing false documents into the public records. (i.e. committing a felony in the process of trying to collect a debt). Plaintiff has pleaded facts sufficient to allow a court, drawing on "judicial experience and common sense," to infer "more than the mere possibility of misconduct," which easily satisfies her burden of pleading under the FDCPA. See *Ashcroft v. Iqbal*, 129 S.Ct. at 1950.  Plaintiff's claims should therefore survive dismissal.

**WHEREFORE,** Plaintiff respectfully moves this Court enter an order denying Defendant's Motion to Dismiss for Failure to State a Claim, and maintain Jurisdiction and Venue in this District Court.  In the alternative, if the Court determines Plaintiff has failed to state a claim, Plaintiff moves the Court to grant leave to Amend her Complaint to correct any deficiencies.

DATED this 22nd day of October, 2014        Respectfully submitted,

Sherrie Hampton-Muhamed
4329 Donerail Dr.
Snellville, GA 30039
(404)786-6291
cmrsinc@comcast.net

## VERIFICATION

Under penalty of perjury, I declare that I am the alleged Plaintiff in the above-entitled matter, I have read the Objection and the facts alleged therein are true and correct to the best of my knowledge and belief.

Dated:  October 22, 2014

All Rights Reserved Without Prejudice
Without Recourse
Respectfully submitted,

*Sherrie Hampton-Muhamed*

Sherrie Hampton-Muhamed
4329 Donerail Dr.
Snellville, GA 30039
(404)786-6291
cmrsinc@comcast.net

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that the foregoing was prepared double spaced with Century Schoolbook (13 point) type, with a top margin of one and one-half (1 ½) inches and a left margin of one (1) inch.

This 22nd day of October 2014.

*Sherrie Hampton-Muhamed*

Sherrie Hampton-Muhamed

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused a copy of the foregoing PLAINTIFF'S AMENDED OPPOSITION TO DEFENDANTS MOTION TO DISMISS AMENDED COMPLAINT to be served in this matter by E-mail, Fax or U.S. Mail, addressed as follows :

Respectfully submitted this 22nd day of October, 2014,

Suzanne Barto Hill, Esquire (Florida Bar No. 0846694)
E-Mail: shill@rumberger.com
Kevin R. Gowen, II, Esquire (Florida Bar No. 0900621)
E-Mail: kgowen@rumberger.com
RUMBERGER, KIRK & CALDWELL, A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue,  Post Office Box 1873
Orlando, Florida 32802-1873
Telephone: (407) 872-7300   Telecopier: (407) 841-2133
William J. Holley, II  (Georgia Bar No. 362310)
E-Mail: wjh@phrd.com
Scott E. Zweigel  (Georgia Bar No. 786616)
E-Mail: sez@phrd.com
1500 Marquis Two Tower, 285 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303
Telephone: (404) 523-5300  Facsimile: (404) 522-8409

And with the Clerk of Court through US Mail, Tracking #
*12IV040E0183534IS* US and not filed electronically as Plaintiff is excused from filing this document or thing electronically by Court order.

Sherrie Hampton-Muhamed
4329 Donerail Dr.
Snellville, GA 30039
(404)786-6291
cmrsinc@comcast.net