FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 30 2014

JAMES N. HATTEN, Clerk
By: /s/ _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| Sherrie Hampton-Muhamed, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:13-CV-3659-CC |
| ) | |
| James B Nutter & Company, et al; ) | |
| Ronald R. Wolfe & Assocs, et al; ) | |
| JOHN DOES 1-20, ) | |
| Defendants ) | |

## AFFIDAVIT IN REBUTTAL of AFFIDAVIT FOR RONALD R. WOLFE
(Doc. 18-2, 8/18/14)

The State of Georgia       )
                           ) ss.  *TO ALL TO WHOM THESE PRESENTS SHALL*
The County of Gwinnett )      *COME*

PLEASE TAKE NOTICE, that **Sherrie Hampton-Muhamed**, your Affiant and the undersigned, with personal knowledge of matters set forth herein, one of the people of Georgia, in correct public capacity, being of majority in age, competent to testify with clean hands, without waiving any rights, remedies, or defenses declares, verifies and affirms that the facts stated herein are true, correct, and complete in all material fact, not misrepresented and made under the penalties of perjury of the laws of the united States of America and the State of Georgia, except

those statements of fact made upon information and belief, and as to those statements, the undersigned believes them to be true:

1. I am a consumer who has filed an Amended Complaint for Fair Debt Collection Practices Act ("FDCPA") violations and am disputing the debt in my Amended Complaint to curtail Ronald R. Wolfe's ("RRW") abusive debt collection practices and therefore dispute the items below in the affidavit:

2. Item #3 states that Attorney Wolfe as managing partner for RRW.is acting in the capacity of a debt collector. Affiant's Complaint is about Attorney Wolfe's actions in relation to debt collection for an alleged debt Affiant does not owe, in violation of FDCPA, 15 USC 1692, et seq., which has nothing to do with foreclosure.

3. Affiant disputes Item # 4.Attorney Wolfe actually did transact business in Georgia by either by taking action on the alleged debt or delegating the action to another attorney of the affiant. When Attorney Wolfe reached across the Florida state line into Georgia, mailed the debt collection letter, filed the lis pendens and filed the lawsuit in attempts to collect a debt, even though the principle location of the alleged debt is in Missouri, Attorney Wolfe and RRW are in effect, in fact conducting business in Georgia. RRW sent a process server to serve process upon affiant in Georgia. Attorney Wolfe and other attorneys of RRW mailed to affiant's

address in Georgia continued communication in attempts to collect a debt. In attempts to collect a debt that was extinguished by the borrower's death, Attorney Wolfe represented RRW and all of their actions and interests as primary attorney and continued to provide false and misleading information to the tribunal in attempts to collect a debt in Georgia that was disputed and never validated. (15 USC 1692e and 1692g(b)).

    4. Affiant disputes Item #7. Attorney Wolfe states he did not commit a tortious injury in Georgia. However, the intense infliction of emotional distress affiant experienced in Georgia created by the lawsuit and Attorney Wolfe' lack of supervision of his employees was a tortious injury. If Attorney Wolfe was managing partner and responsible for his employees, he should have known that his client's felony trespass and theft had not been addressed or reported to the proper parties, since the activity continued. Anyone who knows a fact is a violation of law and does nothing, or delegates to another, or commits the act themselves is guilty of misprision of felony. Also as manager and supervisor of all of the attorneys, Attorney Wolfe should have known that Attorney Croteau, representing RRW, also had ex-parte hearings on July 8, 2014 and September 23, 2014 and conspired with the Judge to violate Florida statutes to force affiant to Florida for a deposition. Anyone who knowingly violates the federal law or

federal statute becomes personally liable and has no protection regardless of the corporate veil. .

5. Affiant disputes Item # 8 based on response to Item #4. Wolfe not doing business or soliciting business in Georgia is yet to be discovered since someone in the firm continued debt collection activities in Georgia but no one has taken responsibility for who has done what. Until RRW produces documents to show who did what when and who else could be involved the veracity of these statements cannot be verified. Attorneys at RRW did business in Georgia on affiant's debt collection. If the firm was making money on their deliberate actions in Georgia, then Attorney Wolfe would have derived revenue from the actions in Georgia. Until further information is discovered, there is no way of knowing whether that action was persistent or consistent when he acted until someone takes responsibility for the creation, execution and delivery of the documents.

6. Affiant disputes #10 where Attorney Wolfe states that the Amended Complaint he reviewed was about the prosecution of a foreclosure action. This again is a distraction from the actual debt collection. The Amended Complaint is about Attorney Wolfe's behavior and conduct in his attempts to collect a debt from affiant that is not affiant's responsibility. Attorney Wolfe attempted to attach to the affiant the debt of a dead man, when he should have known full well that said debt

was extinguished at death. Attorney Wolfe continued to provide false and misleading information to the tribunal and continued to pursue debt collection without validating the debt in violation of federal statutes for Fair Debt Collection Practices.

7. Affiant disputes #12 as being so nonspecific that affiant would never know who did what and it appears that this is what was intended, so no one at RRW has to take responsibility for their violations of federal law. If anyone in the office could sign documents based on who was available, any attorney available can show up at hearings, then how am I supposed to know who actually created the documents, were they diligent in handling the case, and who is going to take responsibility for their actions. How can a supervisor not be involved.

8. In dispute of Item # 13 Since Attorney Wolfe supervises the firms practices, sets rules and regulations and ensures that the attorneys representing the firm follow the laws and statutes of Florida, how can he say has no involvement and has committed no acts that effects affiant as the firm continues debt collection in Georgia. Affiant states that any action on this file is business activity in Georgia and in order to pursue the debt collection and according to the long arm statute, Attorney Wolfe had to reach into Georgia along with any and all of his employees.

9. Affiant disputes Item #15 where Attorney Wolfe states she should not be subject to a lawsuit in Georgia. If Attorney Wolfe does not want to be subject to suit in Georgia, she should not have conducted business in Georgia or violate the federal statutes while conducting business in Georgia

Further, Affiant sayeth naught.

Dated this 29th day of October, 2014.

Done under my hand and seal of my freewill act and deed.

By: _Sherrie Hampton-Muhamed_
Sherrie Hampton-Muhamed, Authorized Signatory for and
Director of SHERRIE HAMPTON-MUHAMED, a Legal Person
4329 Donerail Drive
Snellville, Georgia [30039]

State of Georgia    )
                    )ss.:       JURAT/ACKNOWLEDGMENT
County of Gwinnett  )

On this 29th day of October, 2014, before me, Howard F. Lowe, a Notary Public in and for the State of Georgia and County of Gwinnett, personally appeared **Sherrie**

REBUTTAL AFFIDAVIT FOR RONALD R. WOLFE     6 OF 7

**Hampton-Muhamed**, who proved to me on the basis of satisfactory evidence to be the living woman who attested and subscribed to the within above instrument, by the above-named party's unlimited commercial liability, as true, correct, complete and not misleading, and further proven that she is the woman subscribed to within this instrument.

Witness my hand and seal this 29 day of Oct , 2014.

_____
Notary Public                                                    Seal:

My Commission Expires: 02/04/2018

[Seal: HOWARD F LOWE, COM. EXP. NOTARY PUBLIC, Feb. 4, 2018, GWINNETT COUNTY, GEORGIA]