FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 30 2014

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Sherrie Hampton-Muhamed, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:13-CV-3659-CC |
| ) | |
| James B Nutter & Company, et al; ) | |
| Ronald R. Wolfe & Assocs, et al; ) | |
| JOHN DOES 1-20, ) | |
| Defendants ) | |

**AFFIDAVIT IN REBUTTAL of AFFIDAVIT FOR JULIE ANTHOUSIS**
Doc. 18-3, filed 8/18/14

| | |
|---|---|
| The State of Georgia ) | |
| ) ss. | *TO ALL TO WHOM THESE PRESENTS* |
| ) | *SHALL COME* |
| The County of Gwinnett ) | |

PLEASE TAKE NOTICE, that **Sherrie Hampton-Muhamed**, your Affiant and the undersigned, with personal knowledge of matters set forth herein, one of the people of Georgia, in correct public capacity, being of majority in age, competent to testify with clean hands, without waiving any rights, remedies, or defenses declares, verifies and affirms that the facts stated herein are true, correct, and complete in all material fact, not misrepresented and made under the penalties of

REBUTTAL AFFIDAVIT FOR JULIE ANTHOUSIS        1

perjury of the laws of the united States of America and the State of Georgia, except those statements of fact made upon information and belief, and as to those statements, the undersigned believes them to be true:

1. I am a consumer who has filed an amended complaint for Fair Debt Collection Practices Act and am disputing the debt in my amended complaint to curtail RRW's abusive debt collection practices and therefore dispute the following items in the affidavit:

2. Item # 2 states that Attorney Croteau files and prosecutes foreclosure actions in Florida for RRW. Attorney Croteau is acting in the capacity of a debt collector. Affiant's complaint is about Attorney Croteau's actions as a debt collector in relation to debt collection for an alleged debt affiant does not owe, in violation of FDCPA. The complaint is about violations of 15 USC 1692, *et seq* and has nothing to do with foreclosure.

3. Affiant disputes Item #5. Attorney Anthousis, as the alleged primary attorney on affiants file would have transacted business in Georgia by taking action on the alleged debt of the affiant. When Attorney Anthousis reached across the Florida state line into Georgia, in attempt to collect a debt, even though the principle location of the alleged debt is in Missouri, Attorney Anthousis and RRW are in effect, in fact conducting business in Georgia. RRW sent a process server to

REBUTTAL AFFIDAVIT FOR JULIE ANTHOUSIS        2

serve process upon affiant in Georgia. Attorney Anthousis and other attorneys of RRW mailed to affiant's address in Georgia continued communication in attempts to collect a debt. In attempts to collect a debt that was extinguished by the borrowers death, Attorney Anthousis represented RRW and all of their actions and interests as the alleged primary attorney and continued to provide false and misleading information to the court in attempts to collect a debt in Georgia that was disputed and never validated. (15 USC 1692e and 1692g(b)).

4. Affiant disputes Item #7. Attorney Anthousis states she did not commit a tortious injury in Georgia. However, the intense infliction of emotional distress affiant experienced in Georgia created by the lawsuit and Attorney Anthousis' actions was a tortious injury. If Attorney Anthousis was primary attorney on the file she should have known that her client's felony trespass and theft had not been addressed or reported to the proper parties, since the activity continued. Anyone who knows a fact is a violation of law and does nothing, or delegates to another, or commits the act themselves is guilty of misprision of felony. Also as primary attorney, Attorney Anthousis should have known that Attorney Croteau, representing RRW, also had an ex-parte hearing on September 23, 2014 and conspired with the Judge to violate Florida statutes to force affiant to Florida for a deposition. Anyone who knowingly violates the federal law or federal statute

REBUTTAL AFFIDAVIT FOR JULIE ANTHOUSIS     3

becomes personally liable and has no protection regardless of the corporate veil. All of the evidence of the tort is in the case or will be presented later. .

5. Affiant disputes Item #9. Attorney Anthousis pursuing debt collection activities in Georgia is doing business in the state of Georgia. If Attorney Anthousis was paid to act on behalf of the firm, and/or for herself, and the firm was making money on their deliberate actions in Georgia, then she would have derived revenue from the actions executed in Georgia. Until all documents are produced showing what actions were taken it is impossible to know whether action was persistent or consistent in the debt collection process, but as primary attorney her actions should have been consistent.

6. Affiant disputes #11, where Attorney Anthousis states that the Amended Complaint she reviewed was about the prosecution of a foreclosure action. This is a distraction from the actual debt collection. The Amended Complaint is about Attorney Anthousis' behavior and conduct in her attempts to collect a debt from affiant that is not affiant's responsibility. Attorney Anthousis attempted to attach to the affiant the debt of a dead man, when she should have known full well that said debt was extinguished at death. Attorney Anthousis continued to provide false and misleading information to the court and continued to pursue debt collection without validating the debt in violation of federal statutes for Fair Debt Collection

REBUTTAL AFFIDAVIT FOR JULIE ANTHOUSIS      4

Practices.

7. Affiant disputes #12 as being so nonspecific that affiant would never know who did what and it appears that this is what was intended so no one at RRW has to take responsibility for their violations of federal law. If anyone in the office could sign documents based on who was available, then how am I supposed to know who actually created the documents, were they diligent in handling the case, or even know anything about the case and who is going to take responsibility for their actions.

8. In dispute of Item #14 affiant has no knowledge, written or otherwise that this attorney was assigned as primary attorney on the file.

9. Affiant disputes #15. Attorney Anthousis stated she became primary attorney and handled day to day activities in the subject foreclosure. Affiant's Amended Complaint was about Attorney Anthousis's day to day activites, etc. related to debt collection, not foreclosure. It appears that Attorney Anthousis is attempting to distract the court again with issues of foreclosure instead of allowing the court to focus on violations of FDCPA. It also appears that Attorney Anthousis along with others in the law firm are trying to pass the liability and responsibility on to someone else so that Attorney Anthousis cannot be held liable for the violations of federal law. If anyone at RRW could attend hearings based on who

was available, then how is affiant supposed to know who actually created the documents, whether they were diligent in handling the case, and who is responsible for the debt collection actions. Attorney Anthousis is again referring to conduct regarding a foreclosure, but Affiant's Complaint is about debt collection and Attorney Anthousis' behavior, or lack thereof, related to debt collection. Presumably Attorney Anthousis would have read the pleadings and supporting documents, which would have led her to the conclusion that Affiant does not have a personal legal relationship with James B Nutter & Co. or Ronald R. Wolfe & Assocs.

10. In dispute of item #16 where Attorney Anthousis states no acts were committed by her in Georgia. Affiant states that any action on this file including her day to day activities is business activity in Georgia and in order to pursue the debt collection and according to the long arm statute, Attorney Anthousis had to reach into Georgia.

11. Affiant disputes Item #15 where Attorney Anthousis states she should not be subject to a lawsuit in Georgia. If Attorney Anthousis does not want to be subject to suit in Georgia, she should not have conducted business in Georgia or violate the federal statutes while conducting business in Georgia.

Further, Affiant sayeth naught.

Dated this 29th day of October, 2014.

Done under my hand and seal of my freewill act and deed.

By: *Sherrie Hampton-Muhamed*

Sherrie Hampton-Muhamed, Authorized Signatory for and
Director of SHERRIE HAMPTON-MUHAMED, a Legal Person
4329 Donerail Drive
Snellville, Georgia [30039]

State of Georgia    )
                    )ss.:        JURAT/ACKNOWLEDGMENT
County of Gwinnett  )

On this 29 day of October, 2014, before me, Howard F. Lowe, a Notary Public in and for the State of Georgia and County of Gwinnett, personally appeared **Sherrie Hampton-Muhamed**, who proved to me on the basis of satisfactory evidence to be the living woman who attested and subscribed to the within above instrument, by the above-named party's unlimited commercial liability, as true, correct, complete and not misleading, and further proven that she is the woman subscribed to within this instrument.

Witness my hand and seal this 29 day of Oct., 2014.

Notary Public                                          Seal:

My Commission Expires: 08/04/2018

REBUTTAL AFFIDAVIT FOR JULIE ANTHOUSIS          7