FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
OCT 30 2014
JAMES N. HATTEN, Clerk
By: Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

Sherrie Hampton-Muhamed, )
Plaintiff, )
)
v. ) Civil Action No. 1:13-CV-3659-CC
)
James B Nutter & Company, et al; )
Ronald R. Wolfe & Assocs, et al; )
JOHN DOES 1-20, )
Defendants )

**AFFIDAVIT IN REBUTTAL of AFFIDAVIT FOR BRIAN HUMMEL**
(Doc. 18-5, filed 8/19/14)

The State of Georgia )
) **ss.** *TO ALL TO WHOM THESE PRESENTS SHALL COME*
The County of Gwinnett )

PLEASE TAKE NOTICE, that **Sherrie Hampton-Muhamed**, your Affiant and the undersigned, with personal knowledge of matters set forth herein, one of the people of Georgia, in correct public capacity, being of majority in age, competent to testify with clean hands, without waiving any rights, remedies, or defenses declares, verifies and affirms that the facts stated herein are true, correct, and complete in all material fact, not misrepresented and made under the penalties of perjury of the laws of the united States of America and the State of Georgia, except

those statements of fact made upon information and belief, and as to those statements, the undersigned believes them to be true:

1. I am a consumer who has filed an amended complaint for Fair Debt Collection Practices Act and am disputing the debt in my amended complaint to curtail RRW's abusive debt collection practices and therefore dispute the following items in the affidavit:

2. Item # 3 Attorney Hummel states that he handles foreclosure actions in Florida for RRW. Attorney Hummel is acting in the capacity of a debt collector. Affiant's complaint is about Attorney Hummel's action in relation to debt collection for an alleged debt affiant does not owe, in violation of FDCPA. The complaint is about violations of 15 USC 1692, *et seq* and has nothing to do with foreclosure.

3. In dispute of Item #5, Attorney Hummel in his professional capacity could have transacted business in Georgia by taking action on affiants file in pursuit of debt collection. When Attorney Hummel reached across the Florida state line into Georgia, in attempt to collect a debt, even though the principle location of the alleged debt is in Missouri, she and RRW are in effect, in fact conducting business in Georgia. RRW sent a process server to serve process upon affiant in Georgia. Attorney Hummel and other attorneys of RRW mailed to my address in Georgia

continued communication in attempts to collect a debt. Attorney Hummel's professional action violated 15 USC 1692e by continuing with false and misleading information to the court in attempts to collect a debt that was disputed and never validated.

4. Affiant disputes Item # 8 based on Item #5. If Hummel transacted anything on this case, he was transacting business in Georgia and would have created a tortious injury. All of the evidence of the tort is in the case or will be presented later.

5. Affiant disputes Item # 9 based on response to Item #5. Affiant does not know if he did business in Georgia until someone takes full responsibility for the actions taken on affiant's lawsuit. If he was paid to act on behalf of the firm and the firm was making money on their deliberate actions in Georgia, then he would have derived revenue from the actions in Georgia. Until discovery, there is no way of knowing whether that action was persistent or consistent when he acted until someone takes responsibility for the creation, execution and delivery of the documents.

6. Affiant disputes #12 since the Amended Complaint he reviewed was not about the prosecution of a foreclosure action, it was about the behavior and conduct of Attorney and Hummel and RRW employees in their attempts to collect

a debt from affiant.

7. In dispute of Item # 13 he states nothing about what a backup attorney does and what his responsibility is, whether he wrote the documents, researched the information needed to create the documents or whether he just walked by and signed documents when someone was absent or just put his name on documents without knowing anything about the document.

8. Affiant disputes #14 as being so nonspecific that affiant would never know who did what and it appears that this is what was intended, so no one at RRW has to take responsibility for their violations of federal law. If anyone in the office could sign documents based on who was available, then how am I supposed to know who actually created the documents, were they diligent in handling the case, and who is going to take responsibility for their actions.

9. In dispute of Item #15 affiant has no knowledge of why Attorney Hummel is on the document as Pidala did not take responsibility for that action. Attorney Hummel states that RRW prepared the file for the court. It is unknowable who actually signed the document or took any action on affiant's file. Affiant has no way to verify the veracity of Attorney Hummel's statements because I have been unable to obtain the documents and other information that would exonerate his statement.

10. In dispute of Item #16 there is no way to know if Attorney Hummel did anything on this file until Pidala takes responsibility for her actions. Without discovery there is no way of knowing if he truly did or did not have any involvement, knowledge or responsibility in this case.

Further, Affiant sayeth naught.

Dated this 29th day of October, 2014.
Done under my hand and seal of my freewill act and deed.

By: Sherrie Hampton-Muhamed

Sherrie Hampton-Muhamed, Authorized Signatory for and Director of SHERRIE HAMPTON-MUHAMED, a Legal Person
4329 Donerail Drive
Snellville, Georgia [30039]

State of Georgia )
)ss.: JURAT/ACKNOWLEDGMENT
County of Gwinnett )

On this 29 day of October, 2014, before me, Edward F. Lowe, a Notary Public in and for the State of Georgia and County of Gwinnett, personally appeared **Sherrie Hampton-Muhamed**, who proved to me on the basis of satisfactory evidence to be the living woman who attested and subscribed to the within above instrument, by the above-named party's unlimited commercial liability, as true, correct,

complete and not misleading, and further proven that she is the woman subscribed to within this instrument.

Witness my hand and seal this 29 day of Oct, 2014.

Notary Public
My Commission Expires: 02/04/2018

Seal:

HOWARD F LOWE
NOTARY PUBLIC
COM. EXP. Feb. 4, 2018
GWINNETT COUNTY, GEORGIA