FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 3 0 2014

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Sherrie Hampton-Muhamed, Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:13-CV-3659-CC ) |
| James B Nutter & Company, et al; Ronald R. Wolfe & Assocs, et al; JOHN DOES 1-20, Defendants | ) ) ) ) ) |

### AFFIDAVIT IN REBUTTAL of AFFIDAVIT FOR IVAN D. IVANOV
(Doc. 18-6, UNDATED)

| | |
|---|---|
| The State of Georgia | ) |
| | ) ss.  *TO ALL TO WHOM THESE PRESENTS SHALL* |
| The County of Gwinnett | )  *COME* |

PLEASE TAKE NOTICE, that **Sherrie Hampton-Muhamed**, your Affiant and the undersigned, with personal knowledge of matters set forth herein, one of the people of Georgia, in correct public capacity, being of majority in age, competent to testify with clean hands, without waiving any rights, remedies, or defenses declares, verifies and affirms that the facts stated herein are true, correct, and complete in all material fact, not misrepresented and made under the penalties of perjury of the laws of the united States of America and the State of Georgia, except those statements of fact made upon information and belief, and as to those

statements, the undersigned believes them to be true:

1. I am a consumer who has filed an amended complaint for Fair Debt Collection Practices Act and am disputing the debt in my amended complaint to curtail RRW's abusive debt collection practices and therefore dispute the following items in the affidavit:

2. Item # 2 states that Attorney Ivanov files and prosecutes foreclosure actions in Florida for RRW. Attorney Ivanov is acting in the capacity of a debt collector. Affiant's complaint is about Attorney Ivanov's actions as a debt collector in relation to debt collection for an alleged debt affiant does not owe, in violation of FDCPA. The complaint is about violations of 15 USC 1692, *et seq* and has nothing to do with foreclosure.

3. Affiant disputes Item #4. Attorney Ivanov actually did transact business in Georgia by taking action on the alleged debt of the affiant. When Attorney Ivanov reached across the Florida state line into Georgia, in attempt to collect a debt, even though the principle location of the alleged debt is in Missouri, Attorney Ivanov and RRW are in effect, in fact conducting business in Georgia. RRW sent a process server to serve process upon affiant in Georgia. Attorney Ivanov and other attorneys of RRW mailed to affiant's address in Georgia continued communication in attempts to collect a debt. In attempts to collect a debt that was

extinguished by the borrowers death, Attorney Ivanov represented RRW and all of their actions and interests and continued to provide false and misleading information to the court in attempts to collect a debt in Georgia that was disputed and never validated. (15 USC 1692e and 1692g(b)).

4. Affiant disputes Item # 7 Attorney Ivanov states she did not commit a tortious injury in Georgia. However, the intense infliction of emotional distress affiant experienced in Georgia created by the lawsuit and Attorney Ivanov's actions at the hearing was a tortious injury. All of the evidence of the tort is in the case or will be presented later..

5. Affiant disputes Item # 8 Attorney Ivanov pursuing debt collection activities in Georgia is doing business in the state of Georgia. If Attorney Ivanov was paid to act on behalf of the firm, and/or for herself, and the firm was making money on their deliberate actions in Georgia, then she would have derived revenue from the actions executed in Georgia. Until all documents are produced showing what actions were taken it is impossible to know whether action was persistent or consistent in the debt collection process.

6. Affiant disputes #11 where Attorney Ivanov states that the Amended Complaint she reviewed was about the prosecution of a foreclosure action. This again is a distraction from the actual debt collection. The Amended Complaint is

about Attorney Ivanov's behavior and conduct in her attempts to collect a debt from affiant that is not affiant's responsibility. Attorney Ivanov attempted to attach to the affiant the debt of a dead man when he should have known full well that said debt was extinguished at death. Attorney Ivanov continued to provide false and misleading information to the court and continued to pursue debt collection without validating the debt in violation of federal statutes for Fair Debt Collection Practices.

    7. Affiant disputes #12 Affiant's Amended Complaint was about Attorney Ivanov's actions related to debt collection, not foreclosure. It appears that Attorney Ivanov is attempting to distract the court with issues of foreclosure instead of allowing the court to focus on violations of FDCPA. It also appears that Attorney Ivanov along with others in the law firm are trying to pass the liability and responsibility on to someone else so that Ivanov cannot be held liable for the violations of federal law.

    8. In dispute of Item # 13 Attorney Ivanov is again referring to conduct regarding a foreclosure, but Affiant's Complaint is about debt collection and Attorney Ivanov's behavior, or lack thereof, related to debt collection. Presumably Attorney Ivanov would have read the pleadings and supporting documents, which would have led him to the conclusion that Affiant does not have a personal legal

relationship with James B Nutter & Co. or Ronald R. Wolfe & Assocs. Attorney Ivanov states nothing about what a backup attorney does, whether he wrote the documents, researched the information needed to create the documents or whether he just walked by and signed documents, motions and pleadings when someone was absent. Without discovery there is no way of knowing if he truly did or did not have any knowledge or responsibility in this case. Because I cannot confirm which individuals committed which acts in Georgia pursuing this debt collection, I cannot verify the veracity of his statements.

9. Affiant disputes Item #14 where Attorney Ivanov states no acts were committed by him in Georgia. Affiant states that any action on this file is business activity in Georgia and in order to pursue the debt collection and according to the long arm statute, Attorney Ivanov had to reach into Georgia.

10.. Affiant disputes Item #15 where Attorney Ivanov states she should not be subject to a lawsuit in Georgia. If Attorney Ivanov does not want to be subject to suit in Georgia, he should not have conducted business in Georgia or violate the federal statutes while conducting business in Georgia.

Further, Affiant sayeth naught.

Dated this 29th day of October, 2014.

REBUTTAL AFFIDAVIT FOR IVAN IVANOV     5 of 7

Done under my hand and seal of my freewill act and deed.

By: _____

Sherrie Hampton-Muhamed, Authorized Signatory for and

Director of SHERRIE HAMPTON-MUHAMED, a Legal Person

4329 Donerail Drive

Snellville, Georgia [30039]


State of Georgia       )

                  )ss.:            JURAT/ACKNOWLEDGMENT

County of Gwinnett  )


On this 29 day of October, 2014, before me, _____, a Notary Public in and for the State of Georgia and County of Gwinnett, personally appeared **Sherrie Hampton-Muhamed**, who proved to me on the basis of satisfactory evidence to be the living woman who attested and subscribed to the within above instrument, by the above-named party's unlimited commercial liability, as true, correct, complete and not misleading, and further proven that she is the woman subscribed to within this instrument.

Witness my hand and seal this 29 day of Oct. , 201___.

_____
Notary Public                                                    Seal: 

My Commission Expires: 02/04/2018