Case 1:13-cv-03659-CC   Document 28-9   Filed 10/23/14   Page 1 of 6

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 30 2014

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

Sherrie Hampton-Muhamed,            )
Plaintiff,                                          )
                                                        )
                                                        )
v.                                                      ) Civil Action No. 1:13-CV-3659-CC
                                                        )
James B Nutter & Company, et al;  )
Ronald R. Wolfe & Assocs, et al;    )
JOHN DOES 1-20,                           )
Defendants                                      )

**AFFIDAVIT IN REBUTTAL of AFFIDAVIT FOR RHONDA K. LEWIS**
(Doc. 18-8, 8/15/14)

The State of Georgia        )
                                          ) **ss.**  *TO ALL TO WHOM THESE PRESENTS SHALL*
The County of Gwinnett )           *COME*

PLEASE TAKE NOTICE, that **Sherrie Hampton-Muhamed**, your Affiant and the undersigned, with personal knowledge of matters set forth herein, one of the people of Georgia, in correct public capacity, being of majority in age, competent to testify with clean hands, without waiving any rights, remedies, or defenses declares, verifies and affirms that the facts stated herein are true, correct, and complete in all material fact, not misrepresented and made under the penalties of perjury of the laws of the united States of America and the State of Georgia, except those statements of fact made upon information and belief, and as to those

statements, the undersigned believes them to be true:

1. I am a consumer who has filed an Amended Complaint for Fair Debt Collection Practices Act ("FDCPA") violations and am disputing the debt in my Amended Complaint to curtail Ronald R. Wolfe's ("RRW") abusive debt collection practices and therefore dispute the items below in the affidavit:

2. Item # 2 states that she handled foreclosure actions in Florida for RRW, Attorney Lewis is acting in the capacity of a debt collector. Affiant's Complaint is about Attorney Lewis's actions in relation to debt collection for an alleged debt Affiant does not owe, in violation of FDCPA, 15 USC 1692, *et seq.*, which has nothing to do with foreclosure.

3. Affiant disputes Item #5 Attorney Lewis not transacting business in Georgia is yet to be discovered since someone in the firm continued debt collection activities in Georgia but no one has taken responsibility for whom has done what. Until actual discovery and RRW produces documents to show who did what when and who else could be involved, the veracity of these statements cannot be verified.

4. Affiant disputes Item #8. Attorney Lewis states she did not commit a tortious injury in Georgia. However, the intense infliction of emotional distress affiant experienced in Georgia created by the lawsuit and RRW's actions was a

REBUTTAL AFFIDAVIT FOR RHONDA K. LEWIS            2

tortious injury. All of the evidence of the tort is in the case or will be presented later.

5. Affiant disputes Item #9. If Attorney Lewis was paid to act on behalf of the firm, and/or for herself, and the firm was making money on their deliberate actions in Georgia, then she would have derived revenue from the actions executed in Georgia. Until all documents are produced showing what actions were taken it is impossible to know whether action was persistent or consistent in the debt collection process.

6. Affiant disputes Item #12. Affiant's Amended Complaint was about Attorney Lewis actions related to debt collection, not foreclosure. It appears that Attorney Lewis is attempting to distract the court with issues of foreclosure instead of allowing the court to focus on violations of FDCPA. It also appears that Attorney Lewis along with others in the law firm are trying to pass the liability and responsibility on to someone else so that Lewis cannot be held liable for the violations of federal law. If anyone at RRW could attend hearings and sign documents based on who was available in the office, then how is affiant supposed to know who actually created the documents, whether they were diligent in handling the case, and who is responsible for the debt collection actions. Attorney

Lewis is again referring to conduct regarding a foreclosure, but Affiant's Complaint is about debt collection and Attorney Lewis behavior, or lack thereof, related to debt collection. Presumably Attorney Lewis would have read the pleadings and supporting documents, which would have led her to the conclusion that Affiant does not have a personal legal relationship with James B Nutter & Co. or Ronald R. Wolfe & Assocs.

7. Affiant disputes #14 as being so nonspecific that affiant would never know who did what and it appears that this is what was intended, so no one at RRW has to take responsibility for their violations of federal law. If anyone in the office could sign documents based on who was available, or just stamp a name on them, then how am I supposed to know who actually created the documents, were they diligent in handling the case, and who is going to take responsibility for their actions.

8. Affiant disputes Item #15 Attorney Ugaz did not take responsibility for signing the document and Attorney Lewis doesn't state specifically why her name would be on the document unless she had something to do with affiant's file. Because it is unknowable who actually signed the document I have no way to verify the veracity of her statements because I have been unable to obtain the

documents and other information that would exonerate her statement.

9. Affiant disputes Item #16 where Attorney Lewis states no acts were committed by her in Georgia. Affiant states that any action on this file is business activity in Georgia and in order to pursue the debt collection and according to the long arm statute, Attorney Lewis had to reach into Georgia.

10. Affiant disputes Item #17 where Attorney Lewis states she should not be subject to a lawsuit in Georgia. If Attorney Lewis does not want to be subject to suit in Georgia, she should not have conducted business in Georgia or violate the federal statutes while conducting business in Georgia

Further, Affiant sayeth naught.

Dated this 27th day of October, 2014.

Done under my hand and seal of my freewill act and deed.

By: *Sherrie Hampton-Muhamed*
Sherrie Hampton-Muhamed, Authorized Signatory for and
Director of SHERRIE HAMPTON-MUHAMED, a Legal Person
4329 Donerail Drive

Snellville, Georgia [30039]

State of Georgia         )
                         )ss.:            JURAT/ACKNOWLEDGMENT
County of Gwinnett   )

On this 29 day of October, 2014, before me, Howard F. Lowe, a Notary Public in and for the State of Georgia and County of Gwinnett, personally appeared **Sherrie Hampton-Muhamed**, who proved to me on the basis of satisfactory evidence to be the living woman who attested and subscribed to the within above instrument, by the above-named party's unlimited commercial liability, as true, correct, complete and not misleading, and further proven that she is the woman subscribed to within this instrument.

Witness my hand and seal this 29 day of Oct, 2014.

_____
Notary Public
My Commission Expires: 02/04/2018

Seal: [HOWARD F LOWE / COM. EXP. NOTARY PUBLIC / Feb. 4, 2018 / GWINNETT COUNTY, GEORGIA]

REBUTTAL AFFIDAVIT FOR RHONDA K. LEWIS          6