FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 3 0 2014

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Sherrie Hampton-Muhamed,  )
Plaintiff,                )
                          )
v.                        )  Civil Action No. 1:13-CV-3659-CC
                          )
James B Nutter & Company, et al;  )
Ronald R. Wolfe & Assocs, et al;  )
JOHN DOES 1-20,                   )
Defendants                        )

**AFFIDAVIT IN REBUTTAL of AFFIDAVIT FOR MATTHEW MARKS**
(Doc. 18-9, 8/19/14)

The State of Georgia    )
                        ) ss.  TO ALL TO WHOM THESE PRESENTS SHALL
The County of Gwinnett  )      COME

PLEASE TAKE NOTICE, that **Sherrie Hampton-Muhamed**, your Affiant and the undersigned, with personal knowledge of matters set forth herein, one of the people of Georgia, in correct public capacity, being of majority in age, competent to testify with clean hands, without waiving any rights, remedies, or defenses declares, verifies and affirms that the facts stated herein are true, correct, and complete in all material fact, not misrepresented and made under the penalties of perjury of the laws of the united States of America and the State of Georgia, except those statements of fact made upon information and belief, and as to those

REBUTTAL AFFIDAVIT OF MATTHEW MARKS     1 OF 6

statements, the undersigned believes them to be true:

1. I am a consumer who has filed an amended complaint for Fair Debt Collection Practices Act and am disputing the debt in my amended complaint to curtail RRW's abusive debt collection practices and therefore dispute the following items in the affidavit:

2. Item # 2 states that Attorney Marks files and prosecutes foreclosure actions in Florida for RRW. Attorney Marks is acting in the capacity of a debt collector. Affiant's complaint is about Attorney Mark's actions in relation to debt collection for an alleged debt affiant does not owe, in violation of FDCPA. The complaint is about violations of 15 USC 1692, *et seq* and has nothing to do with foreclosure.

3. Attorney Marks actually did transact business in Georgia by taking action on the alleged debt of the affiant. When Attorney Marks reached across the Florida state line into Georgia, in attempt to collect a debt, even though the principle location of the alleged debt is in Missouri, Attorney Marks and RRW are in effect, in fact conducting business in Georgia. RRW sent a process server to serve process upon affiant in Georgia. Attorney Marks and other attorneys of RRW mailed to affiant's address in Georgia continued communication in attempts to collect a debt. In attempts to collect a debt that was extinguished by the borrower's death, Attorney Marks continued to provide false and misleading

information to the court in attempts to collect a debt in Georgia that was disputed and never validated. (15 USC 1692e and 1692g(b)).

4. Affiant disputes Item # 7. Attorney Marks states he did not commit a tortious injury in Georgia. However, the intense infliction of emotional distress affiant experienced in Georgia created by the lawsuit and Attorney Marks' actions was a tortious injury. All of the evidence of the tort is in the case or will be presented later.

5. Affiant disputes Item #9. Attorney Marks pursuing debt collection activities in Georgia is doing business in the state of Georgia. If Attorney Marks was paid to act on behalf of the firm, and/or for herself, and the firm was making money on their deliberate actions in Georgia, then she would have derived revenue from the actions executed in Georgia. Until all documents are produced showing what actions were taken it is impossible to know whether action was persistent or consistent in the debt collection process.

6. Affiant disputes #11, where Attorney Marks states that the Amended Complaint he reviewed was about the prosecution of a foreclosure action. This again is a distraction from the actual debt collection. The Amended Complaint is about Attorney Marks behavior and conduct in his attempts to collect a debt from affiant that is not affiant's responsibility. Attorney Marks attempted to attach to the

affiant the debt of a dead man, when he should have known full well that said debt was extinguished at death. Attorney Marks continued to provide false and misleading information to the court and continued to pursue debt collection without validating the debt in violation of federal statutes for Fair Debt Collection Practices.

7. Affiant disputes Item #12. Affiant's Amended Complaint was about Attorney Marks actions related to debt collection, not foreclosure. It appears that Attorney Marks is attempting to distract the court with issues of foreclosure instead of allowing the court to focus on violations of FDCPA. It also appears that Attorney Marks along with others in the law firm are trying to pass the liability and responsibility on to someone else so that Attorney Marks cannot be held liable for the violations of federal law. If anyone at RRW could sign documents based on who was available, then how is affiant supposed to know who actually created the documents, whether they were diligent in handling the case, and who is responsible for the debt collection actions. Attorney Marks is again referring to conduct regarding a foreclosure, but Affiant's Complaint is about debt collection and Attorney Marks behavior, or lack thereof, related to debt collection. Presumably Attorney Marks would have read the pleadings and supporting documents, which would have led him to the conclusion that Affiant does not have a personal legal

relationship with James B Nutter & Co. or Ronald R. Wolfe & Assocs.

7. In dispute of Item # 13 Attorney Marks signed a document that in the context violates the law in sending a deposition for affiant to appear in Florida. Attorney Marks dismisses a defendant that is an indispensable party and violates federal law by posting information about affiant all over the newspaper without her knowledge. Attorney Marks makes it sound as if he walked by someone's desk, they handed him a document and he just signed it without any awareness of what he was doing or how it would impact the file. Attorney Marks says nothing about who created the document, researched the file or why he would sign the document and not know what was going on with this debt collection in Georgia for a debt that is not affiants.

8. Affiant disputes Item #14 where Attorney Marks states no acts were committed by him in Georgia. Affiant states that any action on this file is business activity in Georgia and in order to pursue the debt collection and according to the long arm statute, Attorney Marks had to reach into Georgia.

9. Affiant disputes Item #15 where Attorney Marks states he should not be subject to a lawsuit in Georgia. If Attorney Marks does not want to be subject to suit in Georgia, he should not have conducted business in Georgia or violate the federal statutes while conducting business in Georgia.

Further, Affiant sayeth naught.

Dated this 29th day of October, 2014.

Done under my hand and seal of my freewill act and deed.

By: *Sherrie Hampton-Muhamed*
Sherrie Hampton-Muhamed, Authorized Signatory for and
Director of SHERRIE HAMPTON-MUHAMED, a Legal Person
4329 Donerail Drive
Snellville, Georgia [30039]

State of Georgia   )
                   )ss.:       JURAT/ACKNOWLEDGMENT
County of Gwinnett )

On this 29 day of October, 2014, before me, Howard F Lowe, a Notary Public in and for the State of Georgia and County of Gwinnett, personally appeared **Sherrie Hampton-Muhamed**, who proved to me on the basis of satisfactory evidence to be the living woman who attested and subscribed to the within above instrument, by the above-named party's unlimited commercial liability, as true, correct, complete and not misleading, and further proven that she is the woman subscribed to within this instrument.

Witness my hand and seal this 29 day of Oct, 2014.

_____
Notary Public

My Commission Expires: 02/04/2018

Seal: [Howard F. Lowe, Notary Public, Gwinnett County, Georgia, Com. Exp. Feb. 4, 2018]