FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 3 0 2014

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Sherrie Hampton-Muhamed, )
Plaintiff, )
)
v. )  Civil Action No. 1:13-CV-3659-CC
)
James B Nutter & Company, et al; )
Ronald R. Wolfe & Assocs, et al; )
JOHN DOES 1-20, )
Defendants )

### AFFIDAVIT IN REBUTTAL of AFFIDAVIT FOR MATTHEW D. WOLF
(Doc. 18-14, 8/19/14)

The State of Georgia )
) ss. *TO ALL TO WHOM THESE PRESENTS SHALL*
The County of Gwinnett ) *COME*

PLEASE TAKE NOTICE, that **Sherrie Hampton-Muhamed**, your Affiant and the undersigned, with personal knowledge of matters set forth herein, one of the people of Georgia, in correct public capacity, being of majority in age, competent to testify with clean hands, without waiving any rights, remedies, or defenses declares, verifies and affirms that the facts stated herein are true, correct, and complete in all material fact, not misrepresented and made under the penalties of perjury of the laws of the united States of America and the State of Georgia, except

those statements of fact made upon information and belief, and as to those statements, the undersigned believes them to be true:

1. I am a consumer who has filed an amended complaint for Fair Debt Collection Practices Act and am disputing the debt in my Amended Complaint to curtail Ronald R. Wolfe's (RRW) abusive debt collection practices and therefore dispute the following items in the affidavit:

2. Affiant disputes Item # 2 Attorney Wolf states that he files and prosecutes foreclosure actions in Florida for RRW. Attorney Wolf is acting in the capacity of a debt collector. Affiant's complaint is about Attorney Wolf's actions in relation to debt collection for an alleged debt Affiant does not owe, in violation of FDCPA, 15 USC 1692, *et seq.*, which has nothing to do with foreclosure.

3. Affiant disputes Item #4 Attorney Wolf actually did transact business in Georgia by taking action on the alleged debt of affiant. When Attorney Wolf reached across the Florida state line into Georgia, in attempt to collect a debt, even though the principle location of the alleged debt is in Missouri, Attorney Wolf and RRW are in effect, in fact conducting business in Georgia. RRW sent a process server to serve process upon affiant in Georgia. Attorney Wolf and other attorneys of RRW mailed to affiant's address in Georgia continued communication in attempts to collect a debt. In further attempts to collect a debt

that was extinguished by the borrower's death, Attorney Wolf represented RRW and all of their actions and interests at the September 24, 2013 hearing and continued to provide false and misleading information to the tribunal in attempts to collect a debt in Georgia that was disputed and never validated.(15USC1692e and 1692g(b)).

4. Affiant disputes Item #7. Attorney Wolf states she did not commit a tortious injury in Georgia. However, the intense infliction of emotional distress affiant experienced in Georgia created by the lawsuit and Attorney Wolf's actions at the hearing was a tortious injury. All of the evidence of the tort is in the case or will be presented later.

5. Affiant disputes Item # 8. Attorney Wolf pursuing debt collection activities in Georgia is doing business in the state of Georgia. If Attorney Wolf was paid to act on behalf of the firm, and/or for himself, and the firm was making money on their deliberate actions in Georgia, then Attorney Wolf would have derived revenue from the actions executed in Georgia. Until all documents are produced showing what actions were taken it is impossible to know whether that action was persistent or consistent in the debt collection process.

6. Affiant disputes #11, where Attorney Wolf states that the Amended Complaint he reviewed was about the prosecution of a foreclosure action. This

again is a distraction from the actual debt collection. The Amended Complaint is about Attorney Wolf's behavior and conduct in his attempts to collect a debt from affiant that is not affiant's responsibility. Attorney Wolf attempted to attach to the affiant the debt of a dead man at the September 24, 2013 hearing, when he should have known full well that said debt was extinguished at death. Attorney Wolf continued to provide false and misleading information to the tribunal and continued to pursue debt collection without validating the debt in violation of federal statutes for Fair Debt Collection Practices.

7. Affiant disputes #12. Attorney Wolf stated he had limited involvement in the subject foreclosure. Affiant's Amended Complaint was about Attorney Wolf's actions related to debt collection, not foreclosure. It appears that Attorney Wolf is attempting to distract the court with issues of foreclosure instead of allowing the court to focus on violations of FDCPA. It also appears that Attorney Wolf along with others in the law firm are trying to pass the liability and responsibility on to someone else so that Moravecky cannot be held liable for the violations of federal law. If anyone at RRW could attend hearings based on who was available, then how is affiant supposed to know who actually created the documents, whether they were diligent in handling the case, and who is responsible for the debt collection actions. Attorney Wolf is again referring to conduct regarding a foreclosure, but

Affiant's Complaint is about debt collection and Attorney Wolf's behavior, or lack thereof, related to debt collection. Presumably Attorney Wolf would have read the pleadings and supporting documents, which would have led her to the conclusion that Affiant does not have a personal legal relationship with James B Nutter & Co. or Ronald R. Wolfe & Assocs.

8. In dispute of Item #13 where Attorney Wolf states no acts were committed in Georgia. Affiant states that any action on this file is business activity in Georgia and in order to pursue the debt collection and according to the long arm statute Attorney Wolf had to reach into Georgia.

9. Affiant disputes Item # 14 where Attorney Wolf states he should not be subject to a lawsuit in Georgia, he should not have conducted business in Georgia or violated the federal statutes while conducting business in Georgia.

Further, Affiant sayeth naught.

Dated this 20th day of October, 2014.

Done under my hand and seal of my freewill act and deed.

By: *Sherrie Hampton-Muhamed*
Sherrie Hampton-Muhamed, Authorized Signatory for and
Director of SHERRIE HAMPTON-MUHAMED, a Legal Person
4329 Donerail Drive
Snellville, Georgia [30039]

REBUTTAL AFFIDAVIT FOR MATTHEW D. WOLF   5 OF 6

State of Georgia        )
                        )ss.:        JURAT/ACKNOWLEDGMENT
County of Gwinnett      )


On this ___ day of October, 2014, before me, _____ Howard F. Lawe _____, a Notary Public in and for the State of Georgia and County of Gwinnett, personally appeared **Sherrie Hampton-Muhamed**, who proved to me on the basis of satisfactory evidence to be the living woman who attested and subscribed to the within above instrument, by the above-named party's unlimited commercial liability, as true, correct, complete and not misleading, and further proven that she is the woman subscribed to within this instrument.

Witness my hand and seal this ___ day of _____, 201_.


_____
Notary Public

My Commission Expires: 02/04/2018                    Seal

REBUTTAL AFFIDAVIT FOR MATTHEW D. WOLF    6 OF 6