FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 30 2014

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| Sherrie Hampton-Muhamed,<br>Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 1:13-CV-3659-CC<br>) |
| James B Nutter & Company, et al;<br>Ronald R. Wolfe & Assocs, et al;<br>JOHN DOES 1-20,<br>Defendants | )<br>)<br>)<br>) |

**AFFIDAVIT IN REBUTTAL of AFFIDAVIT FOR MATTHEW MARKS**
(Doc. 18-16, 8/19/14)

The State of Georgia  )
                      ) ss.  *TO ALL TO WHOM THESE PRESENTS SHALL*
The County of Gwinnett )     *COME*

PLEASE TAKE NOTICE, that **Sherrie Hampton-Muhamed**, your Affiant and the undersigned, with personal knowledge of matters set forth herein, one of the people of Georgia, in correct public capacity, being of majority in age, competent to testify with clean hands, without waiving any rights, remedies, or defenses declares, verifies and affirms that the facts stated herein are true, correct, and complete in all material fact, not misrepresented and made under the penalties of perjury of the laws of the united States of America and the State of Georgia, except

those statements of fact made upon information and belief, and as to those statements, the undersigned believes them to be true:

1. I am a consumer who has filed an Amended Complaint for Fair Debt Collection Practices Act ("FDCPA") violations and am disputing the debt in my Amended Complaint to curtail Ronald R. Wolfe's ("RRW") abusive debt collection practices and therefore dispute the items below in the affidavit:

2. Affiant disputes Item #2 states that Attorney Pidala handles residential foreclosure actions in Florida for RRW. Attorney Pidala is acting in the capacity of a debt collector. Affiant's Complaint is about Attorney Pidala's actions in relation to debt collection for an alleged debt Affiant does not owe, in violation of FDCPA, 15 USC 1692, *et seq.*, which has nothing to do with foreclosure.

3. Affiant disputes Item #5. Attorney Pidala actually did transact business in Georgia by taking action on the alleged debt of the affiant. When Attorney Pidala reached across the Florida state line into Georgia, mailed the debt collection letter, filed the lis pendens and filed the lawsuit in attempts to collect a debt, even though the principle location of the alleged debt is in Missouri, Attorney Pidala and RRW are in effect, in fact conducting business in Georgia. RRW sent a process server to serve process upon affiant in Georgia. Attorney Pidala and other attorneys of RRW mailed to affiant's address in Georgia continued

communication in attempts to collect a debt. In attempts to collect a debt that was extinguished by the borrowers death, Attorney Pidala represented RRW and all of their actions and interests as primary attorney and continued to provide false and misleading information to the tribunal in attempts to collect a debt in Georgia that was disputed and never validated. (15 USC 1692e and 1692g(b)).

4. Affiant disputes Item # 8. Attorney Pidala states she did not commit a tortious act In Georgia. However, the intentional infliction of emotional distress affiant experienced in Georgia created by the lawsuit and Attorney Pidala's actions was a tortious injury. Attorney Pidala represented RRW as primary attorney and was made aware of her client's felony trespass and theft and did nothing, (that affiant was aware of) since the activity continued. Anyone who knows a fact is a violation of law and does nothing, or delegates to another, or commits the act themselves is guilty of misprision of felony. Pidala also had an ex-parte hearing on September 30, 2014 and conspired with the Judge to violate Florida statutes to force affiant to Florida for a deposition. Anyone who knowingly violates the federal law or federal statute becomes personally liable and has no protection regardless of the corporate veil. All of the evidence of the tort is in the case or will be presented later.

5. Affiant disputes Item #9. Attorney Pidala pursuing debt collection activities

in Georgia is doing business in the state of Georgia. If Attorney Pidala was paid to act on behalf of the firm, and/or for herself, and the firm was making money on their deliberate actions in Georgia, then she would have derived revenue from the actions executed in Georgia. Until all documents are produced showing what actions were taken it is impossible to know whether action was persistent or consistent in the debt collection process, but affiant would hope it would at least be consistent since she is responsible for this file.

6. Affiant disputes #12, where Attorney Pidala states that the Amended Complaint she reviewed was about the prosecution of a foreclosure action. This again is a distraction from the actual debt collection. The Amended Complaint is about Attorney Pidala's behavior and conduct in her attempts to collect a debt from affiant that is not affiant's responsibility. Attorney Pidala attempted to attach to the affiant the debt of a dead man at the March 8, 2013 hearing, when she should have known full well that said debt was extinguished at death. Attorney Pidala continued to provide false and misleading information to the tribunal and continued to pursue debt collection without validating the debt in violation of federal statutes for Fair Debt Collection Practices.

7. Affiant disputes #13. Attorney Pidala stated she had primary responsibility in the subject foreclosure. Affiant's Amended Complaint was about Attorney

Pidala's actions related to debt collection, not foreclosure. It appears that Attorney Pidala is attempting to distract the court with issues of foreclosure instead of allowing the court to focus on violations of FDCPA. It also appears that Attorney Pidala along with others in the law firm are trying to pass the liability and responsibility on to someone else so that Pidala cannot be held liable for the violations of federal law. If anyone at RRW could attend hearings based on who was available, then how is affiant supposed to know who actually created the documents, whether they were diligent in handling the case, and who is responsible for the debt collection actions. Attorney Pidala is again referring to conduct regarding a foreclosure, but Affiant's Complaint is about debt collection and Attorney Pidala's behavior, or lack thereof, related to debt collection. Presumably Attorney Pidala would have read the pleadings and supporting documents, which would have led her to the conclusion that Affiant does not have a personal legal relationship with James B Nutter & Co. or Ronald R. Wolfe & Assocs.

8. Affiant disputes Item #14 where Attorney Pidala states no acts were committed by her in Georgia. Affiant states that any action on this file is business activity in Georgia and in order to pursue the debt collection and according to the long arm statute, Attorney Pidala had to reach into Georgia.

9. Affiant disputes Item #15 where Attorney Pidala states she should not be

subject to a lawsuit in Georgia. If Attorney Pidala does not want to be subject to suit in Georgia, she should not have conducted business in Georgia or violate the federal statutes while conducting business in Georgia

Further, Affiant sayeth naught.

Dated this 29th day of October, 2014.

Done under my hand and seal of my freewill act and deed.

By: *Sherrie Hampton-Muhamed*
Sherrie Hampton-Muhamed, Authorized Signatory for and Director of SHERRIE HAMPTON-MUHAMED, a Legal Person
4329 Donerail Drive
Snellville, Georgia [30039]

State of Georgia      )
                      )ss.:        JURAT/ACKNOWLEDGMENT
County of Gwinnett    )

On this 29 day of October, 2014, before me, Howard F. Lowe, a Notary Public in and for the State of Georgia and County of Gwinnett, personally appeared **Sherrie Hampton-Muhamed**, who proved to me on the basis of satisfactory evidence to be the living woman who attested and subscribed to the within above instrument, by the above-named party's unlimited commercial liability, as true, correct,

REBUTTAL AFFIDAVIT FOR ANDREA D PIDALA 6 OF 7

complete and not misleading, and further proven that she is the woman subscribed to within this instrument.

Witness my hand and seal this 29 day of Oct., 2014.

_____
Notary Public

My Commission Expires: 02/04/2018

Seal: HOWARD F LOWE, COM. EXP. NOTARY PUBLIC, Feb. 4, 2018, GWINNETT COUNTY, GEORGIA