FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 3 0 2014

JAMES N. HATTEN, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Sherrie Hampton-Muhamed, Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:13-CV-3659-CC ) |
| James B Nutter & Company, et al; Ronald R. Wolfe & Assocs, et al; JOHN DOES 1-20, Defendants | ) ) ) ) ) |

## AFFIDAVIT IN REBUTTAL of AFFIDAVIT FOR JOHN F. PHILLIPS
(Doc. 18-17, 8/19/14)

| | | |
|---|---|---|
| State of Georgia | ) | |
| | ) ss. | TO ALL TO WHOM THESE PRESENTS SHALL |
| County of Gwinnett | ) | COME |

PLEASE TAKE NOTICE, that **Sherrie Hampton-Muhamed**, your Affiant and the undersigned, with personal knowledge of matters set forth herein, one of the people of Georgia, in correct public capacity, being of majority in age, competent to testify with clean hands, without waiving any rights, remedies, or defenses declares, verifies and affirms that the facts stated herein are true, correct, and complete in all material fact, not misrepresented and made under the penalties of perjury of the laws of the united States of America and the State of Georgia, except

those statements of fact made upon information and belief, and as to those statements, the undersigned believes them to be true:

1. I am a consumer who has filed an Amended Complaint for Fair Debt Collection Practices Act ("FDCPA") violations and am disputing the debt in my Amended Complaint to curtail Ronald R. Wolfe's ("RRW") abusive debt collection practices and therefore dispute the items below in the affidavit:

2. Affiant disputes Item #2 Attorney Phillips states that he files and prosecutes foreclosure actions in Florida for RRW. Attorney Phillips is acting in the capacity of a debt collector. Affiant's Complaint is about Attorney Phillip's actions in relation to debt collection for an alleged debt Affiant does not owe, in violation of FDCPA, 15 USC 1692, *et seq.*, which has nothing to do with foreclosure.

3. Affiant disputes Item #5 until actual discovery to prove who is actually responsible for what. Wouldn't he have knowledge of the case if he was putting his name on documents that affected debt collection in GA. He actually did transact business in Georgia, by taking action on affiants file in pursuit of debt collection.

4. Affiant disputes Item #8 Since Attorney Phillips in his professional capacity transacted business for RRW, he was transacting business in Georgia and would have created a tortious injury. All of the evidence of the tort is in the case or will

REBUTTAL AFFIDAVIT FOR JOHN F. PHILLIPS   2 OF 5

be presented later.

5. Affiant disputes Item # 9 Attorney Phillips pursuing debt collection activities in Georgia is doing business in the state of Georgia. If Attorney Phillips was paid to act on behalf of the firm, and/or for herself, and the firm was making money on their deliberate actions in Georgia, then she would have derived revenue from the actions executed in Georgia. Until all documents are produced showing what actions were taken it is impossible to know whether action was persistent or consistent in the debt collection process  Until further information is discovered, there is no way of knowing whether that action was persistent or consistent when she acted until someone takes responsibility for the creation, execution and delivery of the documents

6. Affiant disputes #12 where Attorney Phillips states that the Amended Complaint he reviewed was about the prosecution of a foreclosure action. This again is a distraction from the actual debt collection action.

7. since the Amended Complaint Attorney Phillips reviewed was not about the prosecution of a foreclosure action it was about the behavior and conduct of RRW and the employees in their attempts to collect a debt from affiant.

8. Affiant disputes #13 as being so nonspecific that affiant would never know who did what and it appears that this is what was intended, so no one at

RRW has to take responsibility for their violations of federal law. If anyone in the office could sign documents based on who was available, then how am I supposed to know who actually created the documents, were they diligent in handling the case, and who is going to take responsibility for their actions.

9. In dispute of Item #14 affiant has no knowledge of why Attorney Phillips is on the document as Attorney Tilka did not take responsibility for that action. It is unknowable who actually signed the document or took any action on affiant's file. Affiant has no way to verify the veracity of Attorney Phillip's statements because affiant has been unable to obtain the documents and other information that would exonerate his statement.

10. In dispute of Item #15 affiant states that any action on this file is business activity in Georgia and in order to pursue the debt collection he would have to reach into Georgia.

Further, Affiant sayeth naught.

Dated this 29th day of October, 2014.

Done under my hand and seal of my freewill act and deed.

By: /s/ Sherrie Hampton-Muhamed

Sherrie Hampton-Muhamed, Authorized Signatory for and
Director of SHERRIE HAMPTON-MUHAMED, a Legal Person
4329 Donerail Drive
Snellville, Georgia [30039]

State of Georgia     )
                     )ss.:         JURAT/ACKNOWLEDGMENT
County of Gwinnett   )

On this 29 day of October, 2014, before me, Howard F. Lowe, a Notary Public in and for the State of Georgia and County of Gwinnett, personally appeared **Sherrie Hampton-Muhamed**, who proved to me on the basis of satisfactory evidence to be the living woman who attested and subscribed to the within above instrument, by the above-named party's unlimited commercial liability, as true, correct, complete and not misleading, and further proven that she is the woman subscribed to within this instrument.

Witness my hand and seal this 29 day of Oct., 2014.

_____
Notary Public
My Commission Expires: 02/04/2018          Seal: [Howard F. Lowe, Notary Public, Gwinnett County, Georgia, Com. Exp. Feb. 4, 2018]

REBUTTAL AFFIDAVIT FOR JOHN F. PHILLIPS   5 OF 5