FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 1 0 2015

JAMES N. HATTEN, Clerk

By: _____ Deputy Clerk

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA  DIVISION

Sherrie Hampton-Muhamed,          )
Plaintiff,                         )
v.                                 )     Civil Action No. 1:13-CV-3659-CC
                                   )
James B Nutter & Company, et al    )
Ronald R. Wolfe & Assocs., P.L. ,et al )
JOHN DOES 1-20,                    )
                                   )
Defendants                         )

### CONTRACT OWNER AND HOLDERS DEMAND TO STRIKE PURSUANT TO RULE 12, IN THE NATURE OF A MOTION. CONTRACT EXECUTION AND ENFORCEMENT DOCUMENT OF RECORD.

As the plaintiff and contract owner in the above identified federal record civil action I refuse to cooperate with anyone who violates the rules of the contract as purchased with United States.  Therefore I am unable, unwilling, to refute, rebut, or in any manner whatsoever respond to the magistrates report or the defendants pleadings. I do not believe any party nor anyone can force me to cooperate with such egregious activities. And, anyone believing they can force me to corporate with the such egregious activities is required to bring forth their authority to do so.

Therefore I present this CONTRACT OWNER AND HOLDERS DEMAND TO STRIKE PURSUANT TO RULE 12, IN THE NATURE OF A MOTION. AS CONTRACT EXECUTION ENFORCEMENT DOCUMENT OF RECORD.

I believe at this moment this courts integrity is on trial in the public record and in the public forum. I firmly believe the integrity of the United States judicial system will show itself clearly in this matter.

COMES NOW, the Plaintiff, Sherrie Hampton-Muhamed, a State Citizen of the State of Georgia, and one of the Grantors of all Powers conveyed upon the United States and its Agents with the following Declarations:

1. I purchased a contract with the United States for honest judicial services to be provided to me by this court, **THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA.**

2. As part of the terms of this contract, I demand that this Court comply with and execute the laws of the United States as published and operate under the federal rules of civil procedure and that this Court provide me with full satisfaction under the Law.

2

3. The United States, through this U.S. District Court has made the offer to make me whole.

4. I accepted the offer of the United States, paid the fees for honest judicial services and filed the filings so required.

5. Under the terms of the contract with this court, I demand that this court provide for execution of protection of the law to ensure that the law will be enforced on the defendant parties in full accordance with the Federal Rules of Civil Procedure, and Federal Rules of Evidence

6. All of my statements, oral or written, in the record for this Case are signed under the pain and penalties for perjury as duly sworn testimony in verification.

7. The Recommendations and Order from the magistrate was received by Plaintiff late on February 24, 2015. After speaking with the clerk of court, Plaintiff was told that she had 14 + 3 days to respond and Plaintiff is responding timely with this Objection.

8. MY CONTRACT WITH UNITED STATES AS ADMINISTERED BY THIS COURT DOES NOT AUTHORIZE ANYONE ASSOCIATED TO, THROUGH NOR ATTACHED BY THIS CASE TO OPERATE OUTSIDE OF THE RULES OF FEDERAL CIVIL PROCEDURE OR THE FEDERAL RULES OF EVIDENCE. I DO NOT CONSENT TO ANY PARTY NOT

MEETING THE BURDENS OF THE FEDERAL RULES OF CIVIL PROCEDURE AND FEDERAL RULES OF EVIDENCE.

9.  The Federal Rules of Evidence bar all other documents filed under my contract as hearsay, incomplete testimony on the unsworn statements pursuant to the Federal Rules of Evidence. A simple rules of evidence review proves the veracity of this statement.  Rule 402 relevant and irrelevant evidence bars absolutely irrelevant evidence as not admissible.  Rule 603 requires oath or affirmation along with rule 602 personal knowledge for competency to be established for any statement to be considered relevant. Rules 801 and 802, hearsay, apply in this matter barring all hearsay matters by attorneys of record which is covered by written statements made by anyone associated to this action. THERE IS NO DULY SWORN FIRSTHAND PERSONAL KNOWLEDGE OFFERED AS EVIDENCED BY ANY PARTY OTHER THAN THE COMPLAINT AND THIS CONTRACT HOLDER AND OWNER HERETO. This statement includes the Magistrates statements as well.

10.  Anyone attempting to attach their statements to this contract for honest judicial services who does not comply with both the rules of procedure and evidence has committed contempt of the rules, contempt of court, and barred their own statements from being given any weight of

4

evidence or relevance whatsoever due to the violations of the Rules! RULES VIOLATION IS GOOD CAUSE   ARISING TO MANDATORY JUDICIAL NOTICE.

11.     Federal Rule of Evidence 201(d)(e)(f )now invoked for mandatory judicial notice of rules violation for cause of Demand for honest judicial services.

12.     As a matter of first impression none of the documents filed in this record by anyone other than this Plaintiff and contract owner even qualify as evidence taken or filed under rules of evidence and I refuse to accept them. I have no evidence to the contrary. Nor is there any matter of record in this the above entitled action to the contrary. In fact the only evidence that exists is the evidence of violations of rules by highly trained legal professions of higher standards of knowledge and duty.

13.     Plaintiff has reviewed both the federal and local rules and did not find anything in the local rules that disputed F.R.Civ.P 73:

> (1) *In General*. When a magistrate judge has been designated to conduct civil actions or proceedings, ***the clerk must give the parties written notice of their opportunity to consent*** under 28 U.S.C. §636(c). To signify their consent, the parties must jointly or separately ***file a statement consenting*** to the referral. A district judge or magistrate judge may be informed of a party's response to the clerk's notice only if all parties have consented to the referral.

(2) *Reminding the Parties About Consenting.* A district judge, magistrate judge, or other court official may remind the parties of the magistrate judge's availability, but must also advise them that they are free to withhold consent without adverse substantive consequences. [Emphasis added]

14.    Plaintiff never received the required form to authorize the magistrate to preside over her case.    Plaintiff did not authorize the magistrate into the contract case and there is no proof that she did.  When the plaintiff did not authorize the magistrate to appear and act within the contract, a trespass on the case was perfected. This fact is trespassing on this case now before the court requiring immediate remedial action and sanctions upon the magistrate.

15.  All of the orders authorized by the magistrate are void including her final report and recommendation to transfer venue to the Middle District of Florida and dismiss the defendants for lack of personal jurisdiction. Plaintiff will however assign errors to the activities of the magistrate so that the court may serve the contract, execute the rules of procedure and evidence in support of the striking of all filings other than the contract owners- this Plaintiff herein! Submission for record of the assigned errors arising to a breach of public trust by the Magistrate will be duly filed and served upon not only this court, but the United States Court administrator within 10 days.

6

16.  Plaintiffs complaint meets the standards of pleading in particular for a pro se. The complaint is full of facts and the application of law invoked upon defendants under the facts as duly stated and duly sworn as testimony expose a valid cause of action. This court, as all federal courts know that a *pro se* is not held to the same standards as an attorney nor can a prose's complaint be dismissed out of hand. This is particularly relevant in this matter when I, Sherrie Hampton-Muhamed, purchased the contract with the United States for this administration of honest judicial services to apply the law to the facts of my complaint.

17.  Defendants in total refused intentionally to comply with the rules of pleading as stated here:

A. Defendants intentionally violated Rule 7.  There is no document of record qualifying under 7 (a) authorized pleadings. First impression of the rules would mean that Rule 7(a) must be complied with before 7(b) could be accessed.

B.  Under Rule 8 the defendants admit the court has jurisdiction not only of the subject matter but over their persons as well. Rule 8 is mandatory in requirement of admissions and denials dealing directly with the substance of the allegations in my complaint. There are no admissions or denials of record by the defendants. Defendants do not deny even partial allegations.

Defendants do not plead lack of knowledge or information. THEREFORE; Rule 8 (b)(6), effect of failure to deny  becoming a complete ADMISSION of each of the facts in the complaint.

NOTICE OF ACCEPTANCE: I Sherrie Hampton-Muhamed, claimant herein, contract owner hereto, do now formally as a matter of record ACCEPT that each defendant of whatever capacity and standing has admitted each of my complaints "pro confesso" by their own writings and submissions to this record. As the court is aware the only one that may overturn or review a "pro confesso" statement is the party that issued the admissions and confessions. No one may be authorized to violate the rules as stated and shown herein and then to seek protection of the law!

C. The defendants do not operate under Rule 9 pleading any special matters. There is no notice to the court of the legal existence of any contract whatsoever between the plaintiff and the defendants. Under (b) section of Rule 8 the only fraud exposed by the records are those committed by the defendants under intent and knowledge to deceive the court by confusing the issues through failing to deal directly with the complaints as required by rule. There are no conditions precedent, official documents or acts, prior judgments, or Admiralty maritime claims identified by defendants. However

8

plaintiff has pled not only conditions precedent, official documents or acts, prior judgments, in the complaint.

D. Defendants in their pleadings do not state they have not presented her with proper, harassing, unnecessary delays, which increases the cost of litigation due to any of their incomplete outside the rule statements. Further statements by defendants do not support their alleged contentions citing any warrant by existing law or non-frivolous argument. Defendants do not state any factual contentions dealing directly with the complaint as required by the rule.

E. Rule 12 is very clear. A defendant is required to file a responsive pleading. Rule eight which the defendants have violated and refuse to perform requires that the answer meet specific criteria which is not of record. Defendants willfully, intentionally, essentially failed to file an answer and in lieu there can not be any defenses to present. NO ONE MAY BE AUTHORIZED TO VIOLATE OTHER RULE QUALIFICATIONS AND TAKE THE BENEFIT OF THE PORTION OF RULE 12 ALLOWING DEFENSES TO BE PRESENTED.

Rule 12 at section (d) dealing with matters outside of the pleadings places this court in the position to execute the contract by equal application of the rules as written and strike all of defendant's record. The court under contract

9

must determine whether to accept or reject the defendants signed statements.

RULE 65.1 IS INVOKED AT THIS POINT SUBROGATING THE UNITED STATES AS SURETY TO THE ACTIONS FOR THIS CONTRACT AS DULY PURCHASED FOR APPLICATION OF JUDICIAL SERVICES, APPLICATION OF THE LAWS OF UNITED STATES, PROTECTION OF THE LAW, FOR THIS PLAINTIFF AND CONTRACT OWNER .AND TO MAKE ME WHOLE.

F. Defendants refuse intentionally to comply with rule 13 mandating counter complaints.

THEREFORE: Defendants have intentionally, knowingly, under the higher standards of knowledge and duty required by legal and business professionals in dealing with matters of fact and in federal court waive their right to access the law of the United States in this matter. As stated above no one may be authorized to violate the rules across the board and seek protection of one minuscule portion of the procedural rules under which this federal court operates.

WHEREFORE: Good cause is shown herewith under this demand to strike in the nature of a motion as part of my contract with United States for this court to strike completely all defendants written admissions as

statements of record. For the court to do any less would be a breach of the contract in direct violation of the federal rules now requiring summary judgment.

Done this____ Day of March, 2015 as duly sworn under the pains and penalties of perjury under the laws of United States of America, 28 USC section 1746 (1) presented as testimony in a federal record action and contract.

> All Rights Reserved Without Prejudice
> Without Recourse
> Respectfully submitted,
>
> *Sherrie Hampton-Muhamed*
> Sherrie Hampton-Muhamed
> 4329 Donerail Dr.
> Snellville, GA 30039
> (404) 786-6291
> cmrsinc@comcast.net

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that the foregoing was prepared double spaced with Century Schoolbook (13 point) type, with a top margin of one and one-half (1 ½) inches and a left margin of one (1) inch.

This 9th day of March 2015.

*Sherrie Hampton-Muhamed*
Sherrie Hampton-Muhamed

11

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused a copy of the foregoing DEMAND to be served in this matter by E-mail, Fax or U.S. Mail, addressed as follows:

Filed this /0 day of March 2015.

| | |
|---|---|
| Suzanne Barto Hill, Esq. (FL Bar No. 0846694) | Ann R. Schildhammer (GA Bar No. 600290) |
| *Admitted Pro Hac Vice* | aschildhammer@taylorenglish.com |
| shill@rumberger.com | Matthew R. Rosenkoff (GA Bar No. 842117) |
| Kevin R. Gowen, II, Esq. (FL Bar No. 0900621) | Mrosenkoff@taylorenglish.com |
| *Admitted Pro Hac Vice* | TAYLOR ENGLISH DUMA LLP |
| kgowen@rumberger.com | 1600 Parkwood Circle, Suite 400 |
| RUMBERGER, KIRK & CALDWELL | Atlanta, Georgia 30339 |
| Post Office Box 1873 | Telephone: (770) 434-6868 |
| Orlando, Florida 32802-1873 | Facsimile: (770) 434-7376 |
| Telephone: (407) 872-7300 | Counsel for the Nutter Defendants |
| Telecopier: (407) 841-2133 | |

And with the Clerk of Court through US Mail, Tracking # _____
US and not filed electronically as Plaintiff is excused from filing this document or thing electronically by Court order.

Sherrie Hampton-Muhamed
4329 Donerail Dr.
Snellville, GA  30039
Phone:  404-786-6291
Facsimile:  770-978-0207
cmrsinc@comcast.net

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 1 0 2015

JAMES N. HATTEN, Clerk

By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA  DIVISION

Sherrie Hampton-Muhamed,            )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   Civil Action No.
                                    )        1:13-CV-3659-CC
James B Nutter & Company, et al     )
Ronald R. Wolfe & Assocs., P.L.,et al )
JOHN DOES 1-20,                     )
                                    )
        Defendants                  )

## DECLARATION IN SUPPORT OF FACTS

1. This is my recollection of my personal, firsthand knowledge as sworn to, which is now testimony before the court, according to the Federal Rules of Evidence.

2. Plaintiff is NOT in receipt of any record where there is a contract between me and James B Nutter & Co. Defendants have attempted to sue plaintiff for her dead brother's debt.  Plaintiff did not sign a contract, nor assume any debt related to her brother's contract. Defendants' continue to state that this was Plaintiff's obligation.

13

3.  Without the basis of a contract, there is no authority for any of the defendants from Nutter or their counsel (RRW) to move against my property (real or otherwise) or anything else associated with their actions. All of the named Defendants have a copy of the contract that they are attempting to collect from Plaintiff.  Defendants have produced multiple different copies of the note.  Plaintiff is not in receipt of the original, unaltered authenticated note that they are attempting to collect. Based on Defendants documents that they produced, Nutter has sold all of the rights, title and interest to this note and **does not even have the right to collect this alleged debt** from anyone, much less Plaintiff.

4.  Nutter by and through their agents, Ronald R. Wolfe & Associates ("RRW") has fraudulently misrepresented this alleged debt in attempts to trick, deceive, and mislead the courts.   The attorneys for James B. Nutter & Co.(Nutter) & RRW have not entered any facts into the record reliable for this Court's administrative determination as to whether Nutter Defendants or the RRW Defendants have disputed the factual sufficiency of Plaintiff's claims.  Statements of counsel in brief or in argument are not sufficient for motion to dismiss or for summary judgment, Trinsey v. Pagliaro, D. C. Pa. 1964, 229 F. Supp. 647.

5.   The court needs to consider statements of counsel comprised of opposing counsel's theories and conclusory arguments of matters as they imagined them to be and case law that had nothing to do with consumer protection statute violations.

## I. BACKGROUND

As an elderly, disabled, unrepresented litigant and an unsophisticated consumer, Plaintiff has brought a complaint against the defendants for the behavior and conduct in their attempts to collect an erroneous debt from the WRONG person.  Plaintiff is not responsible for the debt the Defendants are attempting to collect.  Plaintiff was very explicit in her complaint and objection to Defendant's Motion to Dismiss.  The allegations set forth in the claim for damages are purely Georgia issues, because the Plaintiff resides in Georgia, Plaintiff was damaged in Georgia and this has nothing to do with any foreclosure issues brought up by Defendants' counsel.  This debt the Defendants are attempting to collect from Plaintiff, who is not the person who incurred the debt, was extinguished in 2008 with the death of Plaintiff's brother.  There is no creditor in this action and no alleged debt to collect.

Plaintiff's action for violations of 15 USC 1692, et seq.  DO NOT ARISE OUT OF FORECLOSURE ON PROPERTY (Mag. Rec. pg. 2, par. 2) Defendants never validated the alleged debt and still continue to pursue

collection.   Since there is no written contract between Plaintiff and the various Defendants, attempts to collect this alleged debt from Plaintiff is time barred by statute of limitations, according to Fla. Stat. 95.11(3)(p). Defendants had four (4) years from Plaintiff's brother's death to pursue this collection activity.  Defendants did not do that.  Plaintiff was executor to the estate, but as misstated by the attorneys, payments were made by the estate (Mag. Rec. pg. 3 par 1). Plaintiff never made any agreement, signed any contract or assumed anything with James B. Nutter & Co.

The Defendants first fraudulent misrepresentation came with the letter received on or about October 10, 2012 stating that Sherrie Hampton-Muhamed executed the note and mortgage on   ." The complaint to collect the debt also (mis)stated that Plaintiff was the borrower, which the court has presumed to be true.  Plaintiff did not sign the contract; all of the Defendants had access to the contract which clearly states that Plaintiff's name is not on the contract.  It appears that all of the Defendants are unable to read or we have a conspiracy between Nutter (& employees) and their counsel, RRW Defendants, to commit fraud upon the court and steal money and property from Plaintiff.

The amount stated in the letter was different than the amount in the complaint, a misrepresentation of the character, amount and legal issues of

this non-existent debt. The Magistrate only addressed the amount in RRW's letter but not the different amount requested in the complaint. (Mag. Rec. pg3. Par. 2)  The FDCPA prohibits debt collectors from collecting any amount that is falsely represented.  The FDCPA prohibits the misrepresentation of the character, amount, or legal status of any debt; or the collection of any amount unless it is "expressly authorized by the agreement creating the debt or permitted by law."

FDCPA prohibits debt collectors from collecting any amount unless it is "expressly authorized by the agreement creating the debt or permitted by law." unauthorized collection fees, interest, expenses, attorney's fees, costs, late fees, and court costs). Service providers must refrain from committing unfair, deceptive, or abusive acts or practices in violation of the Dodd-Frank Act."

Collectors also must not create the misleading impression that relatives are personally liable for a deceased consumer's debts or could be required to pay using his or her own assets, or assets he or she held jointly with a deceased person, or use other deceptive or abusive tactics.

FDCPA also mandates that, if a consumer submits a dispute in writing, the collector **must cease collection efforts** until it has provided written verification of the debt.

RRW filed a complaint against Sherrie Hampton-Muhamed and served no other parties in relation to this debt. (Mag Rec. pg. 3 par. 3) As erroneously stated, by the Magistrate and the Defendants, Nutter and their agents, RRW Defendants were sued because of violations from their refusal to validate a debt that did not belong to Plaintiff and continued the debt collection process after they received a dispute of the debt, NOT FOR A FORECLOSURE ACTION.  Nutter, by and through their counsel, RRW Defendants, has used a foreclosure lawsuit in their attempts to collect this alleged debt.  Defendants are nothing but debt collectors, because none of the parties are Plaintiff's creditor. (Mag. Rec. pg. 4 par. 1 and 2)

The jurisdiction around the property and Nutter's damages to the property were used as part of the surrounding, supporting facts and information, but is not analogous to actual allegations made in the complaint, which is their conduct in attempts to collect this non-existent debt.  The conversion of Plaintiff's real property without a judge's order and theft of personal property just show the lengths that the Defendants will go to in order to steal property without any legal right to do so. (Mag. Rec. Pg. 5 par. 1)

According to the Magistrate, all "defendants have separately moved to dismiss Plaintiff's claims on the merits." (Mag. Rec. pg. 5 par. 2) None of the

issues addressed in Defendants' Motions to Dismiss relate to any merits of Plaintiff's claim.  Defendants' statements in response to the complaint are outside of the four corners of the complaint and have no factual sufficiency or relevance.  By foregoing the federal rules requiring an answer to the complaint and by bringing in extrinsic information not contained in the complaint, they have created a demurer, which is forbidden by federal law.  They cannot present defenses unless they answer the complaint and when they failed to admit or deny, particularly deny, they have admitted to everything in the complaint.  Defendants cannot present defenses until they actually join the suit.

The attorneys for defendants made a statement, but defendants did not put anything on the record.  Plaintiff is not in receipt of any authorization for the attorneys of the case to speak for the defendants.  Are they speaking as attorneys or individuals and which one has firsthand knowledge of anything related to this debt collection?

Nutter and RRW Defendants should all be held liable for their acts and omissions in violating federal statutes and the egregious behavior of going after the wrong debtor.  Congress has enacted these statutes to protect consumers from this kind of illegal behavior. The Consumer Financial Protection Bureau (CFPB) explains that it considers an act or practice to be

19

"unfair" if it "causes or is likely to cause substantial injury to consumers," which can include acts that lead to emotional injuries. This harassment by the Defendants has been more than just emotional. It is mentally, physically and financially debilitating and abusive in direct violation of Unfair and Deceptive Practices Toward the Elderly and Disabled ("UDPTEA"), as stated in O.C.G.A. 10-1-851, as well as the FDCPA.

## II. NUTTER & RRW DEFENDANTS CHALLENGE TO PERSONAL JURISDICTION AND VENUE

Plaintiff cannot separate the defendants in this case since RRW are agents for Nutter and presumably receiving all their information to act based on what Nutter gives them. However, RRW are educated professionals and can read and must take responsibility for their lack of due diligence. The Magistrate has agreed that Plaintiff has obtained personal jurisdiction over RRW and NUTTER defendants but feels it unjust to collect an illegal debt from the wrong person in this court (a violation of due process) and is recommending this case be transferred to the Middle District of Florida and Plaintiff is objecting.

RRW was hired to represent Nutter and as agents for this Principle, Plaintiff has personal jurisdiction over them because of their relationship to Nutter. RRW has claimed that their information has come from Nutter and

has no information of their own.  Not one of the defendants, Nutter or RRW, could have read anything before filing their frivolous complaint or they would have known that this Plaintiff has no contract with Nutter.  They have lied under oath, filed fraudulent documents into the county records, misrepresented the information and are attempting to collect a non-existent debt, time barred from statute of limitations from the wrong person.

The errors in the Magistrates Recommendations and the Defendants Replies come from the facts that this attempt to collect an alleged debt is NOT ABOUT A FORECLOSURE and only about their behavior and conduct in deliberately harassing this Plaintiff for a dead man's debt.

Nutter, by and through their agents, RRW has committed multiple tortious acts and/or omissions in Georgia.  In their attempts to continue to collect this nonexistent debt, Nutter, by and through their agents, RRW sent over 73 mailings through the United States Post Office establishing minimum contacts with Plaintiff in Georgia; the Magistrate agrees. (Mag. Rec. pg. 10 par.1)  That the defendant mailed something [caused another person to mail something] through the United States Postal Service [a private or commercial interstate carrier] for the purpose of carrying out the scheme of defrauding plaintiff and included false material representations appears to be in violation of 18 U.S.C. § 1341:

A "scheme to defraud" includes any scheme to deprive another of money, property, or of the intangible right to honest services by means of false or fraudulent pretenses, representations, or promises. An "intent to defraud" means an intent to deceive or cheat someone. A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation would also be "false" when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud. A false statement is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

The Magistrate has agreed that the communications containing erroneous information constitute a tortious act within/or to the state and the GA Long Arm Statute will reach the conduct of RRW (Mag. Rec. pg. 9 par. 2). The Magistrate then contradicts this by stating Plaintiff does not have personal jurisdiction over Nutter and their agents (RRW) because of their actions prosecuting a foreclosure action in Florida (Mag. Rec. pg. 10 par 2). AGAIN THIS IS NOT ABOUT A FORECLOSURE. FDCPA mandates that, if a consumer submits a dispute in writing, the collector **must cease collection** efforts until it has provided written verification of the debt. This is about the Defendants' behavior and that they never verified or validated that the debt belonged to Plaintiff before beginning the collection activity. Then defendants lied to the court that they had complied with federal

statutes when they filed a frivolous, erroneous complaint complete with false statements and misrepresentations.

Nutter, by and through their agents RRW, have admitted that they are collecting the debt for another entity – the investors. (Doc3-8.Ex. P) Nutter has not been damaged and suffers no injury.  Plaintiff is not in receipt of any document that proves she damaged Nutter.

Nutter and RRW Defendants did not dispute Plaintiff's claims of tortious conduct in their Reply to her Objection to the MTD – the tortious conduct was completely ignored and therefore waived, which was why Plaintiff rebutted that issue in every affidavit from RRW and Plaintiff feels the affidavits based on these lies should be stricken from the record.

Defendants spent three years hounding and harassing the wrong person for a debt that no longer exists and cannot be collected by anyone. This intentional infliction of emotional distress, as agreed by the Magistrate, creates the prong for personal jurisdiction for Nutter and RRW.  Plaintiffs Objection to Nutter's MTD (Pl. Opp. Pg.6 ) these tortious acts are also a violation of O.C.G.A. 10-1-851.    Defendants have committed unfair, unconscionable and deceptive acts, not only in violation of 15 USC §1692f, but also in violation of unfair and deceptive practices toward the elderly and disabled, O.C.G.A §10-1-851.   The Plaintiff is disabled and Defendants'

conduct of reckless, intentional, and outrageous debt collection has altered her physical, mental and emotional state creating the need for more medical attention.

James B Nutter & Co., is licensed to do business in all 50 states including Georgia (Georgia Mortgage Lenders License # 6462).   RRW were responsible for reading the documents they received from Nutter and were filing.  Had RRW done so, they would have known they were suing the wrong person, at the wrong time (beyond the statute of limitations), and in the wrong place.

Nothing in the case law defendants used to support the lack of personal jurisdiction has anything to do with consumer protection law.

On October 25, 2012 Bruce Huey signed a lawsuit suing Sherrie Hampton-Muhamed personally for a note and mortgage **she did not sign**. Mr. Huey attached the note and mortgage that did not contain her name and signed under penalty of perjury that the documents were true and correct. This complaint stated, "Plaintiff (Nutter) must be paid $91, 263.16 [a different amount than the money requested in the debt collection letter dated October 4, 2012] in principal on the Mortgage Note and Mortgage, together with interest from May 2012, late charges, and all costs of collection

including title search, expenses for ascertaining necessary parties to this action and reasonable attorney's fees" and later any deficiencies.

The fraud on the court began.

James B Nutter & Co. hired RRW Defendants to bring this unlawful debt collection action to Plaintiff.   RRW's letter falsely stated that Sherrie Hampton-Muhamed executed the note and mortgage – "[RRW] has been retained to represent JAMES B. NUTTER & COMPANY with regards to its interests in the promissory Note and mortgage executed by SHERRIE HAMPTON-MUHAMED on .'"   Lawyers have a duty to make diligent inquiries, reasonable under the circumstances, to assure the court that their representations are well founded in fact and warranted by existing law. Since RRW, as agents for Nutter, attached the note and mortgage to the complaint all they had to do was read it before they filed the complaint. RRW would have known without any effort at all that Plaintiff was the improper party.   Similarly, Nutter and it's employees would have known the same thing.Nutter and RRW intentionally and willfully pursued debt collection anyway and filed their own proof to this fact into the records.

Now begins the conspiracy between Nutter and RRW, acting as tortfeasors to steal money, property and the livelihood of this Plaintiff in Georgia. The damage caused by this egregious act of intentional infliction of

emotional distress has been multifold with Plaintiff's exacerbated medical condition, her husband's heart attack and heart surgery, tremendous financial loss and continued harassment.  Every Defendant, all of whom were noticed by letter or phone call or had access to the file, knew or should have known this loan was not Plaintiff's debt, committed these overt continuous tortious acts and every attorney that attached their name to the documents mailed them to plaintiff in Georgia. The individual Nutter defendants cannot be removed from the case *until discovery* is propounded and each defendant can prove what they did or did not do in relation to this complaint and must take responsibility for their illegal behavior.

These conspirators did not stop there.  They continued to conspire with the judge to pursue an extinguished debt and cancelled mortgage and still are creating enough damages in Georgia to invoke personal jurisdiction in the state of Georgia. *See Energy Source, Inc. v. Gleeko Properties, LLC*, No. 1:10-civ-21162, 2011 WL 3236047 (S.D.Fla. July 28, 2011); *see also Machtinger v. Inertial Airline Servs., Inc.*, 937 So.2d 730, 734-35 (Fla. 3d DCA 2006) (upholding jurisdiction over a nonresident defendant and his coconspirators on the basis of that defendant's "fraudulent misrepresentations made from outside Florida" but sent to the plaintiff's Florida head-quarters because the

plaintiff's "cause of action for fraud ar[o]se out of [the defendant's] fraudulent misrepresentations that he directed into Florida").

The Consumer Financial Protection Bureau has elaborated on the rules surrounding FDCPA and the consumer protection rights. They explain that, and Congress in no way intended for wrongfully sued consumers to have to run around the country to get justice for the debt collector's illegal and abusive acts.  Here, Plaintiff has alleged that the Nutter Defendants and RRW knew Plaintiff was a resident of Georgia and that the Defendants engaged in wrongful conduct targeting her in Georgia. Nutter Defendants by and through RRW have not shown that the exercise of jurisdiction over it is unreasonable given the facts present.  Nutter has given the information to RRW and the witnesses with firsthand knowledge about this alleged debt would be coming from Missouri not Florida.

Besides Georgia and Florida are geographically close, and modern-day means of communication and the relative case of air travel make requiring Defendants to defend in this forum appropriate. Georgia is closer for Nutter and RRW already has attorneys present in this District and have paid fees to add attorneys *pro hac vice*, obviously not finding it that unreasonable to defend the suit in Georgia.  Such a requirement does not violate traditional notions of fair play and substantial justice. The only thing that does violate

substantial justice is that Plaintiff is being sued at all for a debt that is not
hers, never validated and a debt that does not even exist. Now the Magistrate
in the interest of justness and fairness it would be <u>better to drag plaintiff into
Florida because it would be easier on the thieves</u> to help them perpetuate
their crimes?

Under the FDCPA, a **collection agency can only file suit** where the
contract was executed or **where the plaintiff resides.** *See* 15 U.S.C. §
1692i(a)(2). It has been very difficult to find Georgia lawsuits related to
consumer debt collection and personal jurisdiction. FDCPA made the law
very clear that debt collectors can only take action where the Plaintiff resides
or where the contract was executed. Plaintiff has no contract with the
Defendants so therefore, the only logical place for an FDCPA suit is where
Plaintiff resides, which is Georgia.

A district court in the Ninth Circuit has found personal jurisdiction
under similar facts. *See Paradise v. Robinson and Hoover,* 883 F.Supp.521
(D.Nev.1995) (in FDCPA case, court found personal jurisdiction based on
plaintiff's allegation of a single debt collection letter being sent to the forum
state); *see also Russey v. Rankin,* 837 F.Supp. 1103, 1105 (D.N.M.1993)(court
had personal jurisdiction over defendant because defendant knowingly sent
one or more demand letters to plaintiff in New Mexico); *Brink v. First Credit*

*Resources,* 57 F.Supp.2d 848, 860-61 (D.Ariz. 1999)(court found that defendant purposefully availed itself of the forum, and that exercise of personal jurisdiction was reasonable, based on letters sent to plaintiffs in the forum in alleged violation of FDCPA).

Plaintiff establishes personal jurisdiction over Nutter because it is licensed to do business in Georgia and their employees committed an act (contacting Plaintiff) and hiring agents to act on their behalf (RRW Defendants) that purposefully reached out beyond Florida and into Georgia. That purposeful act and entry into Georgia can be either by the Defendant in person or through an agent, goods, *mail,* or by some other means. Whether these employees took deliberate actions on their own, delegated their responsibility to another or just simply ignored the request for information, they are liable for their acts or omissions. A person (corporation) is responsible for knowing the federal statutes and laws and ensuring that their employees comply with the law. The corporation would have no intention of breaking the law, but because the individuals working for the corporation did intend to break the law and/or violated federal statutes knowingly or which they should have known, liability attaches to them.

Until discovery is propounded there is no way of knowing what errors or omissions were made by which individual defendants and all defendants

should remain in the case.  RRW Defendants remain in the case but the following Nutter defendants should not be dismissed for the following reasons:

Bruce Huey signed the frivolous complaint and included a note and mortgage that did not contain Plaintiff's name and was requesting money (collection on a debt not owed by Plaintiff).

Pitzner responded to the QWR and stated as executor, Plaintiff was entitled to all of the information; however, he sent nothing.

Keith Ward is the CFO and was contacted for specific financial information because Plaintiff was contacted for three years by the IRS to file taxes for the estate; Ward refused to provide any assistance nor release any financial information at all.

James B Nutter, CEO is responsible for all of the corporation's employees and their acts or omissions.

Nutter by and through their agents have committed documented felonies that have damaged the Plaintiff in Georgia.

To establish conspiracy: (1) agreement between two parties (Nutter made an agreement with RRW attorneys); (2) to do an unlawful act (suing the wrong person for a dead man's debt which is well established to be illegal under the statute of frauds); (3) continued to pursue the illegal action (by

amending the complaint and filing fraudulent documents into the court, lying to the court, providing false information and creating fraud on the court); and (4) creating damages (major emotional, financial and medical damages to the plaintiff) as a result of the act performed in furtherance of it. *Walters v. Blankenship*, 931 So.2d 137, 140 (Fla. 5th DCA 2006).

This court has jurisdiction, subject to compliant service, over all respondents as all respondents are known to have committed criminal acts or aided and abetted criminal acts within the geographic boundaries of the Northern District of Georgia.

Pursuant to the issue of venue, under Section 1692i of the FDCPA, venue is proper in Georgia because Plaintiff resides here. *See* 15 U.S.C. § 1692i; *Sluys v. Hand,* 831 F.Supp. 321, 327 (S.D.N.Y.1993) ("A threat to sue a consumer for a debt in a distant location where the consumer did not reside or engage in the transaction would be contrary to 15 U.S.C. § 1692i").

Also, the majority of FDCPA cases have held that the plaintiff's claim arises in the district in which the plaintiff received the offending communication or debt collection letter. *See Bates v. C & S Adjusters, Inc.,* 980 F.2d 865 (2nd Cir.1992) (venue in FDCPA case was proper where debtor resided and where debt collector's demand for payment was forwarded); *Paradise,* 883 F.Supp. 521 (venue proper where plaintiff received

debt collection letter); *Russey,* 837 F.Supp. at 1105 (consumer's receipt of collection notice was substantial part of events giving rise to claim under FDCPA); *Lachman v. Bank of Louisiana in New Orleans,* 510 F.Supp. 753, 760 (N.D.Ohio 1981) (venue in FDCPA case was proper where plaintiff received debt collection letter because that is where the injury occurred).

> The court's reasoning in *Sluys v. Hand,* 831 F.Supp. 321, is persuasive:

> > Where an alleged debtor is located in a jurisdiction and receives documents from a person purporting to be a debt collector located elsewhere, and the transmittal of those documents is claimed to have violated the Act, suits may be brought where the debtor receive[s] the communications. Otherwise, one could invoke the protection of distance and send violative letters with relative impunity, at least so far as less well-funded parties are concerned.

*Id.* at 324; *see also Russey,* 837 F.Supp. at 1105 (exercise of its discretion to transfer venue "would frustrate the Congressional goal that the FDCPA be primarily enforced through the efforts of the aggrieved consumer") (citations and quotations omitted); *Vlasak v. Rapid Collection Systems, Inc.,* 962 F.Supp. 1096, 1102-03 (N.D.Ill.1997) (same).

FDCPA is clear – a lawsuit may only be brought where the contract is signed or Plaintiff resides. Since this is not Plaintiff's contract and she did not sign a contract, the only thing left is to file suit where Plaintiff resides, which is Georgia. Venue is appropriate in the Northern District of Georgia as

the wrongs complained of began and continue in the Northern District of Georgia or the terminus of the alleged fraud has not been reached as the pattern of fraud continues. For these reasons, venue is proper in this Court.

### III.  NUTTER'S ARGUMENTS FOR DISMISSAL ON THE MERITS

As Plaintiff's claim is about behavior and conduct in attempts to collect a debt and not about foreclosure, defendants have avoided arguing on the merits of the complaint.  They have gone outside the complaint to bring in conclusions and case law that have nothing to do with debt collection, and their motion should be stricken.

The CFPB maintained that an entity that enforces a security interest might also regularly collect debts and, therefore, meet the general definition of "debt collector." As a result, such an entity meets the definition of "debt collector" under Section 1692a(6) and qualifies as "debt collector" for purposes of the entire FDCPA, even if its principal purpose is enforcing security interests and even if it is enforcing a security interest in that particular case.

Since Nutter is requesting "any deficiencies" and has not brought the action *in rem*, the defendants are attempting to collect a debt and their abuse of their position as an officer of the court should not go unnoticed.  The Magistrate has stated that defendants' claims should be dismissed due to prosecution of foreclosure proceedings (Mag. Rec. pg. 19 par.1); however,

THIS IS NOT ABOUT (AN ILLEGAL) FORECLOSURE.  Again this about their behavior in attempts to collect a debt where they have asked for varying amounts over and over.  If, as Magistrate states, they are not asking for money, what are they asking for, peanuts, bitcoin, chickens?  This makes no sense to Plaintiff.  CFPB supports the debt collection violations no matter what else they are doing in the process.  If a party is also seeking additional relief, such as a personal judgment against the borrower, then the FDCPA applies. *See Birster v. Am. Home Mortg. Servicing, Inc.*, 481 Fed. Appx. 579 (11th Cir. 2012)(explaining that simply because one seeks to enforce a security interest does not make one immune from the FDCPA, as entities often seek to enforce security interest *and* collects debts in the same action).

CFPB stated, "when a person both seeks payment of money and enforces a security interest, that person can qualify as a debt collector for purposes of the Final Consumer Debt Collection Rule." Likewise, in its *2013 Annual Report on the FDCPA*, the CFPB repeated this interpretation of the statute and its discontent with some courts' refusal to apply the statute in the foreclosure context according to the CFPB, a narrow interpretation of the statute leaves "consumers vulnerable to harmful collection tactics as they fight to save their homes from foreclosure." The case law supports any amount of debt collection and this has been established and not ignored.

This document supports the noncompliant filings on the record. Plaintiff apologizes for the rambling, but was attempting to tell the whole truth of the story.

## VERIFICATION

Under penalty of perjury, I declare that I am the alleged Plaintiff in the above-entitled matter, I have read the MOTION and the facts alleged therein are true and correct to the best of my knowledge and belief.

Dated:  March 9, 2015

All Rights Reserved Without Prejudice
Without Recourse
Respectfully submitted,

Sherrie Hampton-Muhamed
4329 Donerail Dr.
Snellville, GA 30039
(404)786-6291
cmrsinc@comcast.net

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that the foregoing was prepared double spaced with Century Schoolbook (13 point) type, with a top margin of one and one-half (1 ½) inches and a left margin of one (1) inch.

This 9th day of March 2015.

Sherrie Hampton-Muhamed

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused a copy of the foregoing DEMAND to be served in this matter by E-mail, Fax or U.S. Mail, addressed as follows:

Filed this ___ day of March 2015.

Suzanne Barto Hill, Esq. (FL Bar No. 0846694)
*Admitted Pro Hac Vice*
shill@rumberger.com
Kevin R. Gowen, II, Esq. (FL Bar No. 0900621)
*Admitted Pro Hac Vice*
kgowen@rumberger.com
RUMBERGER, KIRK & CALDWELL
Post Office Box 1873
Orlando, Florida 32802-1873
Telephone: (407) 872-7300
Telecopier: (407) 841-2133

Ann R. Schildhammer (GA Bar No. 600290)
aschildhammer@taylorenglish.com
Matthew R. Rosenkoff (GA Bar No. 842117)
Mrosenkoff@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 400
Atlanta, Georgia 30339
Telephone: (770) 434-6868
Facsimile: (770) 434-7376
Counsel for the Nutter Defendants

And with the Clerk of Court through US Mail, Tracking # _____
US and not filed electronically as Plaintiff is excused from filing this document or thing electronically by Court order.

*Sherrie Hampton Muhmed*

Sherrie Hampton-Muhamed
4329 Donerail Dr.
Snellville, GA  30039
Phone:  404-786-6291
Facsimile:  770-978-0207
cmrsinc@comcast.net