# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF GEORGIA
2211 UNITED STATES COURTHOUSE
75 SPRING STREET, SW
ATLANTA, GEORGIA 30303-3361

JAMES N. HATTEN
DISTRICT COURT EXECUTIVE
AND CLERK OF COURT

DOCKETING SECTION
404-215-1655

**April 8, 2015**

Douglas Mincher, Clerk of Court
U.S. Court of Appeals, Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia   30303

> **U.S.D.C. No.: 1:13-cv-3659-CC**
> **U.S.C.A. No.: 00-00000-00**
> **In re:**　　**Sherrie Hampton-Muhamed v. James B. Nutter & Co., et al**

Enclosed are documents regarding an appeal in this matter.  Please acknowledge receipt on the enclosed copy of this letter.

| | |
|---|---|
| **X** | **Certified copies of the notice of appeal, docket sheet and judgment and/or order appealed enclosed.** |
| ____ | This is not the first notice of appeal.  Other notices were filed on: . |
| **X** | **There is no transcript.** |
| ____ | The court reporter is . |
| ____ | There is sealed material as described below: . |
| ____ | Other: . |
| ____ | Fee paid on . |
| ____ | Appellant has been  leave to file *in forma pauperis.* |
| ____ | This is a bankruptcy appeal.  The Bankruptcy Judge is . |
| ____ | The Magistrate Judge is . |
| **X** | **The District Judge is Clarence Cooper.** |
| ____ | This is a **DEATH PENALTY** appeal. |

Sincerely,

James N. Hatten
District Court Executive
and Clerk of Court

By:　 <u>P. McClam</u>
Deputy Clerk

Enclosures

4months,APPEAL,CLOSED

# U.S. District Court
# Northern District of Georgia (Atlanta)
# CIVIL DOCKET FOR CASE #: 1:13–cv–03659–CC
## *Internal Use Only*

| | |
|---|---|
| Hampton–Muhamed v. James B. Nutter &Co. et al | Date Filed: 11/05/2013 |
| Assigned to: Judge Clarence Cooper | Date Terminated: 03/19/2015 |
| Cause: 15:1692 Fair Debt Collection Act | Jury Demand: Plaintiff |
| | Nature of Suit: 480 Consumer Credit |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Sherrie Hampton–Muhamed**         represented by **Sherrie Hampton–Muhamed**
4329 Donerail Drive
Snellville, GA 30039
404–786–6291
PRO SE

V.

**Defendant**

**James B. Nutter &Co.**         represented by **Ann Reinhard Schildhammer**
Taylor English Duma LLP
Suite 400
1600 Parkwood Circle
Atlanta, GA 30339
678–336–7298
Fax: 770–434–7376
Email: aschildhammer@taylorenglish.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bruce Huey**         represented by **Ann Reinhard Schildhammer**
*VP*         (See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Al Pitzner**         represented by **Ann Reinhard Schildhammer**
*VP Compliance*         (See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ronald R. Wolfe &Associates, P.L.**         represented by **Kevin R. Gowen , II**
Rumberger Kirk &Caldwell–O. FL
P.O. Box 1873
Suite 1400
300 S. Orange Avenue

Orlando, FL 32802–1873
407–872–7300
Email: kgowen@rumberger.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Suzanne B. Hill**
Rumberger Kirk &Caldwell–O. FL
P.O. Box 1873
Suite 1400
300 S. Orange Avenue
Orlando, FL 32802–1873
407–872–7300
Email: shill@rumberger.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Eric Zweigel**
Parker, Hudson, Rainer &Dobbs, LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, GA 30303
404–420–4338
Fax: 404–522–8409
Email: szweigel@phrd.com
*ATTORNEY TO BE NOTICED*

**Defendant**

| **Andrea D. Pidala** | represented by | **Kevin R. Gowen , II** |
| *Esquire* | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Suzanne B. Hill**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Eric Zweigel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Does 1–20**

**Defendant**

| **James B. Nutter, Jr.** | represented by | **Ann Reinhard Schildhammer** |
| *CEO* | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**Defendant**

**Keith Ward**                          represented by   **Ann Reinhard Schildhammer**
*CFO*                                                    (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Ronald R. Wolfe**                     represented by   **Kevin R. Gowen , II**
*Esquire*                                                (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Suzanne B. Hill**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Scott Eric Zweigel**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Victoria S. Jones**                   represented by   **Kevin R. Gowen , II**
*Esquire*                                                (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Suzanne B. Hill**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Scott Eric Zweigel**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Frances Hannon**                      represented by   **Kevin R. Gowen , II**
*Esquire*                                                (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Suzanne B. Hill**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Scott Eric Zweigel**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Brian R. Hummel**                              represented by   **Kevin R. Gowen , II**
*Esquire*                                                        (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Suzanne B. Hill**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Scott Eric Zweigel**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**Luis F. Ugaz**                                 represented by   **Kevin R. Gowen , II**
*Esquire*                                                        (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Suzanne B. Hill**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Scott Eric Zweigel**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**Julie Anthousis**                              represented by   **Kevin R. Gowen , II**
*Esquire*                                                        (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Suzanne B. Hill**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Scott Eric Zweigel**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**Sabrina Moravecky**                            represented by   **Kevin R. Gowen , II**
*Esquire*                                                        (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Suzanne B. Hill**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Eric Zweigel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Katherine E. Tilka**                    represented by   **Kevin R. Gowen , II**
*Esquire*                                                  (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Suzanne B. Hill**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Scott Eric Zweigel**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Robert Schneider**                      represented by   **Kevin R. Gowen , II**
*Esquire*                                                  (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Suzanne B. Hill**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Scott Eric Zweigel**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**John J. Phillips**                      represented by   **Kevin R. Gowen , II**
*Esquire*                                                  (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Suzanne B. Hill**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Scott Eric Zweigel**
                                                           (See above for address)

5

*ATTORNEY TO BE NOTICED*

**Defendant**

**Matthew Marks**                          represented by   **Kevin R. Gowen , II**
*Esquire*                                                   (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Suzanne B. Hill**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Scott Eric Zweigel**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Rhonda K. Lewis**                        represented by   **Kevin R. Gowen , II**
*Esquire*                                                   (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Suzanne B. Hill**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Scott Eric Zweigel**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Matthew Wolfe**                          represented by   **Kevin R. Gowen , II**
*Esquire*                                                   (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Suzanne B. Hill**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Scott Eric Zweigel**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Ivan Ivanov**                            represented by   **Kevin R. Gowen , II**
*Esquire*                                                   (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Suzanne B. Hill**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Eric Zweigel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Amanda Croteau**<br>*Esquire* | represented by | **Kevin R. Gowen , II**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Suzanne B. Hill**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Eric Zweigel**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 11/05/2013 | 1 | | COMPLAINT with Jury Demand, filed by Sherrie Hampton–Muhamed. ( Filing fee $ 400.00 receipt number 60146.) (Attachments: # 1 Exhibit A – K, # 2 Civil Cover Sheet)(eop) Please visit our website at http://www.gand.uscourts.gov/forms to obtain Pretrial Instructions which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 11/06/2013) |
| 02/28/2014 | 2 | | MOTION for Extension of Time to Serve the Defendants with a summons and complaint by Sherrie Hampton–Muhamed. (tcc) (Entered: 03/04/2014) |
| 03/18/2014 | | | Submission of 2 MOTION for Extension of Time to Serve the Defendants with a summons and complaint, submitted to Magistrate Judge Linda T. Walker. (tcc) (Entered: 03/18/2014) |
| 05/06/2014 | 3 | | AMENDED COMPLAINT against All Defendants with Jury Demand, filed by Sherrie Hampton–Muhamed. (Attachments: # 1 Amended Complaint, # 2 Amended Complaint, # 3 Amended Complaint, # 4 Amended Complaint, # 5 Exhibits, # 6 Exhibits, # 7 Exhibits, # 8 Exhibits, # 9 Exhibits, # 10 Exhibits, # 11 Exhibits)(tcc) Please visit our website at http://www.gand.uscourts.gov/forms to obtain Pretrial Instructions which includes the Consent To Proceed Before U.S. Magistrate form. (Additional attachment(s) added on 6/23/2014: # 12 Exhibit 10 – Correct PDF) (tcc). (Entered: 05/15/2014) |

| 05/16/2014 | 4 | | ORDER granting 2 Motion for Extension of Time through and including July 3, 2014 for Plaintiff to serve all Defendants. Signed by Magistrate Judge Linda T. Walker on 5/16/2014. (tcc) (Entered: 05/19/2014) |
|---|---|---|---|
| 05/19/2014 | | | Clerks Certificate of Mailing as to Sherrie Hampton–Muhamed re 4 Order on Motion for Extension of Time (tcc) (Entered: 05/19/2014) |
| 06/25/2014 | 5 | | Summons Issued as to Julie Anthousis, Amanda Croteau, Frances Hannon, Brian R. Hummel, Ivan Ivanov, Victoria S. Jones, Rhonda K. Lewis, Matthew Marks, Sabrina Moravecky, John J. Phillips, Andrea D. Pidala, Ronald R. Wolfe &Associates, P.L., Robert Schneider, Katherine E. Tilka, Luis F. Ugaz, Matthew Wolfe, Ronald R. Wolfe. (tcc) (Entered: 06/26/2014) |
| 06/25/2014 | 6 | | WAIVER OF SERVICE Returned Executed by Sherrie Hampton–Muhamed. Bruce Huey waiver mailed on 6/20/2014, answer due 8/19/2014; James B. Nutter &Co. waiver mailed on 6/20/2014, answer due 8/19/2014; James B. Nutter, Jr waiver mailed on 6/20/2014, answer due 8/19/2014; Al Pitzner waiver mailed on 6/20/2014, answer due 8/19/2014; Keith Ward waiver mailed on 6/20/2014, answer due 8/19/2014. (tcc) (Entered: 06/26/2014) |
| 07/07/2014 | 7 | | Return of Service Executed by Sherrie Hampton–Muhamed. Julie Anthousis, Amanda Croteau, Ivan Ivanov, Victoria S. Jones, Rhonda K. Lewis, Matthew Marks, Andrea D. Pidala, Ronald R. Wolfe &Associates, P.L., Robert Schneider, Katherine E. Tilka, Luis F. Ugaz, Matthew Wolfe, Ronald R. Wolfe served on 7/1/2014, answers due 7/22/2014. (tcc) (Entered: 07/08/2014) |
| 07/22/2014 | 8 | | Unopposed MOTION for Extension of Time to File Answer re 3 Amended Complaint,, by Julie Anthousis, Amanda Croteau, Frances Hannon, Brian R. Hummel, Ivan Ivanov, Victoria S. Jones, Rhonda K. Lewis, Matthew Marks, Sabrina Moravecky, Andrea D. Pidala, Ronald R. Wolfe &Associates, P.L., Robert Schneider, Katherine E. Tilka, Luis F. Ugaz, Matthew Wolfe, Ronald R. Wolfe. (Attachments: # 1 Text of Proposed Order)(Zweigel, Scott) (Entered: 07/22/2014) |
| 07/24/2014 | 9 | | NOTICE of Appearance by Ann Reinhard Schildhammer on behalf of Bruce Huey, James B. Nutter &Co., James B. Nutter, Jr, Al Pitzner, Keith Ward (Schildhammer, Ann) (Entered: 07/24/2014) |
| 07/24/2014 | 10 | | ORDER granting 8 Motion for Extension of Time until August 19, 2014 for the RRW Defendants to answer, object, plead, move or otherwise respond to the 3 Amended Complaint. Signed by Magistrate Judge Linda T. Walker on 7/24/2014. (tcc) (Entered: 07/25/2014) |
| 07/25/2014 | | | Clerks Certificate of Mailing as to Sherrie Hampton–Muhamed re 10 Order on Motion for Extension of Time to Answer. (tcc) (Entered: 07/25/2014) |
| 07/28/2014 | 11 | | Unopposed MOTION for Extension of Time to Answer, Object, Plead, Move, or Otherwise Respond re: 3 Amended Complaint,, by John J. Phillips. (Attachments: # 1 Text of Proposed Order)(Zweigel, Scott) (Entered: 07/28/2014) |
| 07/28/2014 | 12 | | ORDER granting 11 Motion for Extension of Time until August 19, 2014 for John F. Phillips to respond to the 3 Amended Complaint. Signed by Magistrate Judge Linda T. Walker on 7/28/2014. (tcc) (Entered: 07/30/2014) |
| 07/31/2014 | 13 | | |

| | | |
|---|---|---|
| | | APPLICATION for Admission of Suzanne B. Hill Pro Hac Vice (Application fee $ 150, receipt number 113E–5319743)by Julie Anthousis, Amanda Croteau, Frances Hannon, Brian R. Hummel, Ivan Ivanov, Victoria S. Jones, Rhonda K. Lewis, Matthew Marks, Sabrina Moravecky, John J. Phillips, Andrea D. Pidala, Ronald R. Wolfe &Associates, P.L., Robert Schneider, Katherine E. Tilka, Luis F. Ugaz, Matthew Wolfe, Ronald R. Wolfe. (Zweigel, Scott) (Entered: 07/31/2014) |
| 07/31/2014 | 14 | APPLICATION for Admission of Kevin R. Gowen, II Pro Hac Vice (Application fee $ 150, receipt number 113E–5319746)by Julie Anthousis, Amanda Croteau, Frances Hannon, Brian R. Hummel, Ivan Ivanov, Victoria S. Jones, Rhonda K. Lewis, Matthew Marks, Sabrina Moravecky, John J. Phillips, Andrea D. Pidala, Ronald R. Wolfe &Associates, P.L., Robert Schneider, Katherine E. Tilka, Luis F. Ugaz, Matthew Wolfe, Ronald R. Wolfe. (Zweigel, Scott) (Entered: 07/31/2014) |
| 08/05/2014 | | APPROVAL by Clerks Office re: 13 APPLICATION for Admission of Suzanne B. Hill Pro Hac Vice (Application fee $ 150, receipt number 113E–5319743). Attorney Suzanne B. Hill added appearing on behalf of Julie Anthousis, Amanda Croteau, Frances Hannon, Brian R. Hummel, Ivan Ivanov, Victoria S. Jones, Rhonda K. Lewis, Matthew Marks, Sabrina Moravecky, John J. Phillips, Andrea D. Pidala, Ronald R. Wolfe &Associates, P.L., Robert Schneider, Katherine E. Tilka, Luis F. Ugaz, Matthew Wolfe, Ronald R. Wolfe (pb) (Entered: 08/05/2014) |
| 08/05/2014 | | APPROVAL by Clerks Office re: 14 APPLICATION for Admission of Kevin R. Gowen, II Pro Hac Vice (Application fee $ 150, receipt number 113E–5319746). Attorney Kevin R. Gowen, II added appearing on behalf of Julie Anthousis, Amanda Croteau, Frances Hannon, Brian R. Hummel, Ivan Ivanov, Victoria S. Jones, Rhonda K. Lewis, Matthew Marks, Sabrina Moravecky, John J. Phillips, Andrea D. Pidala, Ronald R. Wolfe &Associates, P.L., Robert Schneider, Katherine E. Tilka, Luis F. Ugaz, Matthew Wolfe, Ronald R. Wolfe (pb) (Entered: 08/05/2014) |
| 08/11/2014 | 15 | ORDER granting 14 Application for Admission of Kevin R. Gowen, II Pro Hac Vice Pro Hac Vice. Signed by Judge Clarence Cooper on 8/11/2014. (tcc) (Entered: 08/11/2014) |
| 08/11/2014 | 16 | ORDER granting 13 Application for Admission of Suzanne B. Hill Pro Hac Vice. Signed by Judge Clarence Cooper on 8/11/2014. (tcc) (Entered: 08/11/2014) |
| 08/19/2014 | 17 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, or MOTION to Dismiss for Lack of Personal Jurisdiction, or Alternatively, MOTION to Transfer to Venue to the Middle Distrcit of Florida by Bruce Huey, James B. Nutter &Co., James B. Nutter, Jr, Al Pitzner, Keith Ward. (Schildhammer, Ann). Added MOTION to Transfer Case on 8/21/2014 (tcc). Added MOTION to Dismiss on 10/31/2014 (tcc). (Entered: 08/19/2014) |
| 08/19/2014 | 18 | MOTION to Dismiss Amended Complaint for Lack of Personal Jurisdiction, or MOTION to Transfer Venue to MD FL, or MOTION to Dismiss for Failure to State a Claim with Brief In Support by Julie Anthousis, Amanda Croteau, Frances Hannon, Brian R. Hummel, Ivan Ivanov, Victoria S. Jones, Rhonda K. Lewis, Matthew Marks, Sabrina Moravecky, John J. Phillips, Andrea D. |

| | | | |
|---|---|---|---|
| | | | Pidala, Ronald R. Wolfe &Associates, P.L., Robert Schneider, Katherine E. Tilka, Luis F. Ugaz, Matthew Wolfe, Ronald R. Wolfe. (Attachments: # 1 Exhibit A – Affidavit of Damon Ellis, # 2 Exhibit B – Affidavit of Ronald R. Wolfe, # 3 Exhibit C – Affidavit of Julie Anthousis, # 4 Exhibit D – Affidavit of Francis E. Hannon, # 5 Exhibit E – Afidavit of Brian R. Hummel, # 6 Exhibit F – Affidavit of Ivan D, Ivanov, # 7 Exhibit G – Affidavit of Victoria S. Jones, # 8 Exhibit H – Affidavit of Rhonda K. Lewis, # 9 Exhibit I – Affidavit of Matthew Marks, # 10 Exhibit J – Affidavit of Sabrina M. Morevecky, # 11 Exhibit K – Affidavit of Robert Schneider, # 12 Exhibit L – Affidavit of Katherine E. Tilka, # 13 Exhibit M – Affidavit of Luis F. Ugaz, # 14 Exhibit N – Affidavit of Matthew D. Wolf, # 15 Exhibit O – Affidavit of Amanda Croteau, # 16 Exhibit P – Affidavit of Andrea D. Pidala, # 17 Exhibit Q – Affidavit of John F. Phillips)(Hill, Suzanne) . Added MOTION to Transfer Case, MOTION to Dismiss on 10/31/2014 (tcc). (Entered: 08/19/2014) |
| 08/22/2014 | 19 | | Certificate of Interested Persons by Julie Anthousis, Amanda Croteau, Frances Hannon, Brian R. Hummel, Ivan Ivanov, Victoria S. Jones, Rhonda K. Lewis, Matthew Marks, Sabrina Moravecky, John J. Phillips, Andrea D. Pidala, Ronald R. Wolfe &Associates, P.L., Robert Schneider, Katherine E. Tilka, Luis F. Ugaz, Matthew Wolfe, Ronald R. Wolfe. (Gowen, Kevin) (Entered: 08/22/2014) |
| 08/26/2014 | 20 | | Corporate Disclosure Statement by Bruce Huey, James B. Nutter &Co., James B. Nutter, Jr, Al Pitzner, Keith Ward by Bruce Huey, James B. Nutter &Co., James B. Nutter, Jr, Al Pitzner, Keith Ward.(Schildhammer, Ann) (Entered: 08/26/2014) |
| 08/29/2014 | 21 | | Joint MOTION to Stay *Certain Pretrial Deadlines and Incorporated Memorandum of Law* with Brief In Support by Sherrie Hampton–Muhamed, Ronald R. Wolfe &Associates, P.L., Amanda Croteau, Ivan Ivanov, Julie Anthousis, Katherine Tilka, Matthew Marks, Matthew Wolf, Rhonda Lewis, Robert Schneider, Ronald R. Wolfe, Victoria Jones, Andrea D. Pidala, Brian Hummel, Sabrina Moravecky, Frances Hannon, John Phillips, Luis F. Ugaz, James B. Nutter &Co., Bruce Huey, Al Pitzner, James B. Nutter, Jr., and Keith Ward. (Attachments: # 1 Text of Proposed Order)(Zweigel, Scott) Modified on 8/29/2014 to add filers. (jtj) (Entered: 08/29/2014) |
| 09/05/2014 | 22 | | UNOPPOSED MOTION for Extension of Time to Respond to Defendants Ronald R. Wolfe &Assocs, P.L. and James B. Nutter &Co., et al re: 17 Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim and 18 MOTION to Dismiss by Sherrie Hampton–Muhamed. (Attachments: # 1 Text of Proposed Order)(bdb) (Entered: 09/08/2014) |
| 09/05/2014 | 23 | | NOTICE Of Filing Change in Plaintiff's Phone Number and Extra Documents in Amended Complaint by Sherrie Hampton–Muhamed. (bdb) (Entered: 09/08/2014) |
| 09/15/2014 | 24 | | CONSENT ORDER GRANTING 21 Joint Motion to Stay Certain Pretrial Deadlines. Signed by Magistrate Judge Linda T. Walker on 9/15/2014. (tcc) (Entered: 09/15/2014) |
| 09/15/2014 | | | Clerks Certificate of Mailing as to Sherrie Hampton–Muhamed re 24 Order on Motion to Stay Certain Pretrial Deadlines. (tcc) (Entered: 09/15/2014) |

| 09/15/2014 | 25 | | ORDER GRANTING the 22 Unopposed Motion for Extension of Time. It is hereby ORDERED that the time within which the above−named Plaintiff may respond to is extended from September 5, 2014 to October 5, 2014. Signed by Magistrate Judge Linda T. Walker on 9/15/2014. (tcc) (Entered: 09/15/2014) |
| 10/07/2014 | | | Submission of 17 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim and/or for Lack of Personal Jurisdiction, or Alternatively, to Transfer to Venue to the Middle Distrci MOTION to Transfer Case,* 18 *MOTION to Dismiss , submitted to Magistrate Judge Linda T. Walker.* (tcc) (Entered: 10/07/2014) |
| 10/07/2014 | 26 | | RESPONSE in Opposition re 17 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim and/or for Lack of Personal Jurisdiction, or Alternatively, to Transfer to Venue to the Middle Distrci MOTION to Transfer Case filed by Sherrie Hampton−Muhamed. (tcc) (Entered: 10/07/2014)* |
| 10/07/2014 | 27 | | RESPONSE in Opposition re 18 MOTION to Dismiss filed by Sherrie Hampton−Muhamed. (tcc) (Entered: 10/07/2014) |
| 10/23/2014 | 28 | | MOTION for Leave to File Amended Opposition to Defendants' 18 Motion to Dismiss by Sherrie Hampton−Muhamed. (Attachments: # 1 Amended Opposition to Defendants' Motions to Dismiss)(dfb) (Additional attachment(s) added on 10/31/2014: # 2 Affidavit in Rebuttal (Ellis), # 3 Affidavit in Rebuttal (R. Wolfe), # 4 Affidavit in Rebuttal (Anthousis), # 5 Affidavit in Rebuttal (Hannon), # 6 Affidavit in Rebuttal (Hummel), # 7 Affidavit in Rebuttal (Ivanov), # 8 Affidavit in Rebuttal (Jones), # 9 Affidavit in Rebuttal (Lewis), # 10 Affidavit in Rebuttal (Marks), # 11 Affidavit in Rebuttal (Moravecky), # 12 Affidavit in Rebuttal (Schneider), # 13 Affidavit in Rebuttal (Tilka), # 14 Affidavit in Rebuttal (Ugaz), # 15 Affidavit in Rebuttal (M. Wolf), # 16 Affidavit in Rebuttal (Croteau), # 17 Affidavit in Rebuttal (Pidala), # 18 Affidavit in Rebuttal (Phillips), # 19 Text of Proposed Order) (tcc). (Entered: 10/23/2014) |
| 10/23/2014 | 29 | | AFFIDAVIT of Fact filed by Sherrie Hampton−Muhamed. (dfb) (Entered: 10/23/2014) |
| 10/23/2014 | 30 | | Unopposed MOTION for Extension of Time To FIle Reply Brief re: 28 MOTION for Leave to File Amended Opposition to Defendants' Motions to Dismiss by Julie Anthousis, Amanda Croteau, Frances Hannon, Brian R. Hummel, Ivan Ivanov, Victoria S. Jones, Rhonda K. Lewis, Matthew Marks, Sabrina Moravecky, John J. Phillips, Andrea D. Pidala, Ronald R. Wolfe &Associates, P.L., Robert Schneider, Katherine E. Tilka, Luis F. Ugaz, Matthew Wolfe, Ronald R. Wolfe. (Attachments: # 1 Text of Proposed Order)(Gowen, Kevin) (Entered: 10/23/2014) |
| 10/27/2014 | 31 | | Unopposed MOTION for Extension of Time To File Reply Brief re: 28 MOTION for Leave to File Amended Opposition to Defendants' Motions to Dismiss by Bruce Huey, James B. Nutter &Co., James B. Nutter, Jr, Al Pitzner, Keith Ward. (Attachments: # 1 Text of Proposed Order)(Schildhammer, Ann) (Entered: 10/27/2014) |
| 10/29/2014 | 32 | | |

| | | | |
|---|---|---|---|
| | | | ORDER granting 31 Motion for Extension of Time. The time within which the Nutter Defendants may file a Reply Brief is extended to either: (i) fourteen (14) days after a decision on Plaintiff's motion for leave to amend, if said motion is granted, or (ii) seven (7) days after a decision on Plaintiff's motion for leave to amend, if said motion is denied. Signed by Magistrate Judge Linda T. Walker on 10/28/2014. (tcc) (Entered: 10/29/2014) |
| 10/29/2014 | | | Clerks Certificate of Mailing as to Sherrie Hampton–Muhamed re 32 Order on Motion for Extension of Time. (tcc) (Entered: 10/29/2014) |
| 10/30/2014 | 33 | | PRO SE MOTION for Leave to File Amended Response to Defendant's 17 Motion to Dismiss by Sherrie Hampton–Muhamed. (Attachments: # 1 Amended Reponse)(tcc) (Additional attachment(s) added on 10/31/2014: # 2 Affidavit, # 3 Text of Proposed Order) (tcc). (Entered: 10/31/2014) |
| 10/31/2014 | 34 | | ORDER granting 33 Pro Se Motion for Leave to File Amended Response to Defendant's 17 Motion to Dismiss. Signed by Magistrate Judge Linda T. Walker on 10/31/2014. (tcc) (Entered: 10/31/2014) |
| 10/31/2014 | 35 | | ORDER granting 30 Motion for Extension of Time. It is hereby ORDERED that the time within which the RRW Defendants may file a reply brief to either (1) fourteen days after a decision on Plaintiff's motion for leave to amend, if said motion is granted, or (2) seven (7) days after a decision on Plaintiff's motion for leave to amend, if said motion is denied. Signed by Magistrate Judge Linda T. Walker on 10/31/2014. (tcc) (Entered: 10/31/2014) |
| 10/31/2014 | | | Clerks Certificate of Mailing as to Sherrie Hampton–Muhamed re 35 Order on Motion for Extension of Time, 34 Order on Motion for Leave to File. (tcc) (Entered: 10/31/2014) |
| 11/14/2014 | 36 | | REPLY to Response to Motion re 28 MOTION for Leave to File Amended Opposition to Defendants' Motions to Dismiss, 33 MOTION for Leave to File Amended Response to Defendant's Motion to Dismiss filed by Julie Anthousis, Amanda Croteau, Frances Hannon, Bruce Huey, Brian R. Hummel, Ivan Ivanov, James B. Nutter &Co., John Does 1–20, Victoria S. Jones, Rhonda K. Lewis, Matthew Marks, Sabrina Moravecky, James B. Nutter, Jr, John J. Phillips, Andrea D. Pidala, Al Pitzner, Ronald R. Wolfe &Associates, P.L., Robert Schneider, Katherine E. Tilka, Luis F. Ugaz, Keith Ward, Matthew Wolfe, Ronald R. Wolfe. (Attachments: # 1 Exhibit A)(Gowen, Kevin) (Entered: 11/14/2014) |
| 02/20/2015 | 37 | 15 | FINAL REPORT AND RECOMMENDATION RECOMMENDING that the RRW Defendants' Alternative Motion to Transfer Venue to the Middle District for Florida be GRANTED. Docket Entry 18 . Defendants James B. Nutter &Company, James B.Nutter, Jr., Keith Ward, Bruce Huey, and Al Pitzner's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim and/or for Lack of Personal Jurisdiction should be GRANTED IN PART AND DENIED IN PART. Docket Entry 17 . The remaining relief requested within the RRW Defendants' Motion to Dismiss should be DENIED WITHOUT PREJUDICE with leave to refile in the Middle District of Florida. Docket Entry 17 . As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned. Signed by Magistrate Judge Linda T. Walker on 2/20/2015. (tcc) (Entered: 02/20/2015) |

| 02/20/2015 | | | (contained w/in 37 RORDER that Plaintiff's Unopposed Motion for Leave to Amend Plaintiff's Response to Defendants' Motion to Dismiss is GRANTED. Docket Entry 28 . Signed by Magistrate Judge Linda T. Walker on 2/20/2015. (tcc) (Entered: 02/20/2015) |
| 02/20/2015 | 38 | | ORDER for Service of 37 Final Report and Recommendation, by Magistrate Judge Linda T. Walker. Each party may file written objections to the Report &Recommendation within 14 days of service. If no objections are filed, the Report &Recommendation may be adopted as the opinion and order of the District Court. Signed by Magistrate Judge Linda T. Walker on 2/20/2015. (tcc) (Entered: 02/20/2015) |
| 02/20/2015 | | | Clerks Certificate of Mailing as to Sherrie Hampton–Muhamed re 37 FINAL REPORT AND RECOMMENDATION, 38 Order for Service of Report and Recommendation. (tcc) (Entered: 02/20/2015) |
| 03/10/2015 | 39 | | MOTION to Strike 37 FINAL REPORT AND RECOMMENDATION, 38 Order for Service of Report and Recommendation, with Brief In Support by Sherrie Hampton–Muhamed. (tcc) (Entered: 03/13/2015) |
| 03/13/2015 | 40 | | NOTICE Of Filing Verification by Sherrie Hampton–Muhamed re 39 MOTION to Strike 37 FINAL REPORT AND RECOMMENDATION. (tcc) (Entered: 03/13/2015) |
| 03/13/2015 | 41 | | NOTICE Of Filing Proposed Order by Sherrie Hampton–Muhamed re 39 MOTION to Strike 37 FINAL REPORT AND RECOMMENDATION. (tcc) (Entered: 03/13/2015) |
| 03/17/2015 | | | Submission of 37 FINAL REPORT AND RECOMMENDATION re 17 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim and/or for Lack of Personal Jurisdiction, or Alternatively,, submitted to District Judge Clarence Cooper. (tcc) (Entered: 03/17/2015)* |
| 03/19/2015 | 42 | 42 | ORDER **denying** Plaintiff's 39 Motion to Strike the RR **adopting** the 37 Final Report and Recommendation in its entirety as the decision of this Court. The Court **GRANTS** the RRW Defendants' 18 Motion to Transfer Venue to the Middle District of Florida; **GRANTS in part and DENIES in part** Defendants' 17 Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim and/or for Lack of Personal Jurisdiction; and **DENIES without prejudice** the remaining relief requested in the RRW Defendants' 18 Motion to Dismiss with leave to refile in the Middle District of Florida. Signed by Judge Clarence Cooper on 3/19/2015. (dfb) (Entered: 03/19/2015) |
| 03/19/2015 | | | Civil Case Terminated. (dfb) (Entered: 03/19/2015) |
| 03/19/2015 | | | Case electronically transferred to the U.S. District Court for the Middle District of Florida. (dfb) (Entered: 03/19/2015) |
| 03/19/2015 | | | Clerks Certificate of Mailing as to Sherrie Hampton–Muhamed re 42 Order and NEF re Case Transferred Out – District Transfer. (dfb) (Entered: 03/19/2015) |
| 03/19/2015 | | | Acknowledged receipt of electronically transferred case by USDC MD FL, their civil action no. 8:15–cv–00608. (tcc) (Entered: 03/20/2015) |

13

| 04/06/2015 | 43 | | RESPONSE in Opposition re 18 MOTION to Transfer Case filed by Sherrie Hampton–Muhamed. (Attachments: # 1 Exhibits)(tcc) (Entered: 04/08/2015) |
|---|---|---|---|
| 04/06/2015 | 44 | 46 | NOTICE OF APPEAL as to 42 Order on Motion to Dismiss for Failure to State a Claim, Order on Motion to Transfer Case, Order on Final Report and Recommendation and Order on Motion to Strike, by Sherrie Hampton–Muhamed. Transcript Order Form due on 4/20/2015. (Attachments: # 1 NOA Transmittal Letter)(TOF, IFP Form, Appeal Fee Letter sent)(cc:USCA)(pjm) (Entered: 04/08/2015) |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHERRIE HAMPTON-MUHAMED,

     Plaintiff,

v.

                        CIVIL ACTION NO.

                        1:13-CV-03659-CC-LTW

JAMES B. NUTTER & COMPANY, et
al.,

     Defendants.

**MAGISTRATE JUDGE'S ORDER AND
FINAL REPORT AND  RECOMMENDATION**

       This case is presently before the Court on Defendants' Motions to Dismiss or
Alternatively, to Transfer Venue, and Plaintiff's Unopposed Motion for Leave to Amend
Plaintiff's Response to Defendants' Motion to Dismiss.  Docket Entries [17, 18, 28].
For the reasons outlined below, this Court **RECOMMENDS** that  Defendants Ronald
R. Wolf & Associates, P.L.'s ("RRW") Alternative Motion to Transfer Venue to the
Middle District for Florida be **GRANTED**.  Docket Entry [18].  Defendants James B.
Nutter & Company, James B. Nutter, Jr., Keith Ward, Bruce Huey, and Al Pitzner's
Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim and/or
for Lack of Personal Jurisdiction should be **GRANTED IN PART AND DENIED IN
PART**.  Docket Entry [17].  The remaining relief requested within the RRW Defendants'
Motion to Dismiss should be **DENIED WITHOUT PREJUDICE** with leave to refile

in the Middle District of Florida.  Docket Entry [18].

Also before the Court is Plaintiff's Unopposed Motion for Leave to Amend Plaintiff's Response to Defendants' Motion to Dismiss.  Plaintiff contends that she should be permitted to file the attached amended response to the RRW Defendants' Motion to Dismiss because before she drafted her initial response, her physician had changed her medication which had an adverse effect on her and caused her response to be "not as she intended."  For good cause shown, Plaintiff's Motion is **GRANTED**. Docket Entry [28].

<u>**DEFENDANTS' MOTIONS TO DISMISS OR IN THE ALTERNATIVE CHANGE VENUE**</u>

**I.**   <u>**BACKGROUND**</u>

Plaintiff Sherrie Hampton-Muhamed ("Plaintiff"), filed the instant lawsuit on November 5, 2013, and amended her Complaint on May 6, 2014, after requesting through and including July 2014 to serve each Defendant.  Docket Entries [1, 2, 3]. Plaintiff, who resides in Georgia, brings this action for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u>, arising out of Defendants' efforts to foreclose on property formerly owned by Plaintiff's brother in Sarasota County, Florida. (Am. Compl. ¶¶ 8, 19, 27-47, 55-178, Exs. E, G, Q).  In November 2003, Plaintiff's brother obtained a $104,948 loan from Defendant James B. Nutter & Company (Nutter & Company).  (Am. Compl., Ex. E).

Plaintiff's brother passed away on September 8, 2008, and a quit claim deed was

2

filed on November 26, 2008, by the Clerk of Circuit Court in Sarasota, Florida, transferring all property rights to Plaintiff and her brother. (Am. Compl. ¶ 19). Plaintiff subsequently became executor of her brother's estate on February 4, 2009, and probate was finalized on March 3, 2010. (Am. Compl. ¶¶ 20, 23). Plaintiff states that after some discussions with personnel from Nutter & Company about options to buy the house or the possibility of a short sale, she made some of the payments on the loan, but she never assumed her brother's Promissory Note or Mortgage. (Am. Compl. ¶¶ 27-33).

On October 1, 2012, Nutter & Company sent Plaintiff a letter, signed by the "Foreclosure Department," stating that her account was presented to the Foreclosure Review Board and the recommendation to initiate legal action was approved. (Am. Compl., Ex. B). The letter advised that "her file" was being turned over to RRW to commence foreclosure proceedings. (Am. Compl., Ex. B). On October 10, 2012, Plaintiff received a letter at her home in Snellville, Georgia, from RRW advising her that it represented Nutter & Company with regards to the Note and Mortgage "executed by Sherrie Hampton Muhamed on ____ (sic)." (Am. Compl., Ex. C). RRW further advised that the $93,953.02 owed was being accelerated and that it was in the process of filing a complaint to foreclose. (Am. Compl., Ex. C). The letter was signed by RRW. (Id.).

RRW made good on its promise and filed a complaint for foreclosure (the "Complaint") against Plaintiff and others claiming an interest in the property in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida, on October 25, 2012. The Complaint was signed by RRW attorneys Andrea D. Pidala and

3

Francis Hannon, who are individual Defendants in this lawsuit. (Doc.[ 3-5], p. 21). The Complaint was also signed by individual Defendant Bruce Huey as Vice President for Nutter & Company. (Id.). A copy of the Complaint and summons was left at Plaintiff's home in Georgia. (Am. Compl. ¶ 65). An Amended Complaint for foreclosure was signed again by Huey, but also by RRW attorneys Luis F. Ugaz, Rhonda K. Lewis, and Katherine Tilka on September 25, 2013. (Am. Compl., Ex. Q). Plaintiff's lawsuit consists of numerous claims against RRW, which is located in Florida, and sixteen attorneys from the firm (collectively "the RRW Defendants"), who each reside in Florida, for violations of the FDCPA arising out of their initiation and prosecution of the foreclosure action in the Florida Circuit Court. (Am. Compl. ¶¶ 13, 196-200, 211-13, 223-27, 235-41, 252, 266-67, 273, Exs. Q, R).

Plaintiff's lawsuit also includes claims pursuant to the FDCPA against Nutter & Company, which is a foreign corporation located in Kansas City, Missouri, as well as the owner and Chief Executive Officer, James B. Nutter, Jr.; Keith Ward, who is the Chief Financial Officer; and Bruce Huey; and Al Pitzner, who are Vice Presidents of Nutter & Company ("the Nutter Defendants"). Each of the aforementioned officers of Nutter & Company are residents of Missouri. (Am. Compl. ¶ 13). Plaintiff's FDCPA claims against Nutter & Company arise out of Nutter & Company's initiation of foreclosure proceedings against the Sarasota property and the events leading up to the initiation of foreclosure proceedings. (Am. Compl. ¶¶ 196-200, 206, 213, 223-225, 230-31, 235-40, 246-53, 264-70, 273, 280). Plaintiff's claims also stem from Nutter &

4

Company's hiring of Safeguard Properties to manage the Sarasota property on behalf of Nutter.  (Am. Compl. ¶¶ 208-09, 218-220, 258-59).  Plaintiff appears to contend that Safeguard trespassed and vandalized the Sarasota property, and stole items from inside it.  (Id.).  Plaintiff also claims that the Nutter Defendants violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq., ("RESPA"), because they did not timely or completely respond to her qualified written requests, and they did not provide her with information she requested, such as such as yearly escrow statements, an accounting, and tax statements.  (Am. Compl. ¶¶ 281-98).

The Nutter Defendants and the RRW Defendants have separately moved to dismiss Plaintiff's claims on the merits.  The Individually Named Nutter and RRW Defendants also move for dismissal on the grounds that the Court does not have personal jurisdiction over them.  In the alternative, all of the Defendants seek a transfer of the lawsuit to the Middle District of Florida.

## II.    The RRW Defendants' Challenge to Personal Jurisdiction

The RRW Defendants contend that Plaintiff's claims against them should be dismissed, or in the alternative, the venue should be transferred to the Middle District of Florida because the District Court for the Northern District of Georgia does not have personal jurisdiction over them.  In support, the RRW Defendants contend that the Georgia Long Arm Statute does not reach them because they did not commit a tortious act or omission in Georgia, they do not regularly conduct or solicit business in Georgia, they do not engage in persistent conduct or derive revenue in Georgia, and they lack

5

minimum contacts with Georgia. The RRW Defendants state that their only alleged contact with Georgia was sending Plaintiff two letters regarding the foreclosure sale and serving legal process for the foreclosure in Florida. (Am. Compl. ¶¶ 46, 65, Ex. C, P).

Personal jurisdiction over a nonresident defendant exists only when both parts of a two-part analysis are satisfied. Abramson v. Walt Disney World Co., 132 F. App'x 273, 275 (11th Cir. 2005); Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990). First, the forum state's long arm statute must provide a basis for jurisdiction. Abramson, 132 F. App'x at 275; Madara, 916 F.2d at 1514; see also Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1350 (11th Cir. 2013). State law governs whether the state's long arm statute reaches the controversy in question. Diamond Crystal Brands v. Food Movers, 593 F.3d 1249, 1258 (11th Cir. 2010). Second, there must be sufficient minimum contacts to satisfy due process constitutional concerns. Abramson, 132 F. App'x at 275; Madara, 916 F.2d at 1514.

Georgia's long arm statute provides for personal jurisdiction over a nonresident defendant if:

> [I]n person or through an agent, he or she: (1) Transacts any business within this state; (2) Commits a tortious act or omission within this state . . . ; [or] (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state.

O.C.G.A. § 9-10-91(1)-(3). Jurisdiction exists on the basis of transacting business in Georgia if (1) "the nonresident defendant has purposefully done some act or

6

consummated some transaction in this state"; (2) the cause of action arises from or is connected with such act or transaction; and (3) the exercise of such jurisdiction by Georgia courts does not offend traditional notions of fairness and substantial justice. Lima Delta Co. v. Global Aerospace, Inc., 325 Ga. App. 76, 79-80 (2014). The three prong test is used to assist the jurist in determining whether the requisite fair warning of due process has been given. Klein v. Allstate Ins. Co., 202 Ga. App. 188, 190 (1991). The constitutional touchstone of the requirements of O.C.G.A. § 9-10-91 is whether the defendant purposefully established minimum contacts in Georgia, that is whether the defendant's conduct and connection with Georgia are such that he should reasonably anticipate being haled into court there. Genesis Research Inst., Inc. v. Roxbury Press, Inc., 247 Ga. App. 744, 745 (2000). Georgia courts can only exercise personal jurisdiction under the transacting business provision if the nonresident's conduct was either directed at or occurred in Georgia. Ralls Corp. v. Huerfano River Wind, LLC, No. 3:13-CV-213-TCB, 2014 WL 2916443, at *7 (N.D. Ga. June 27, 2014) (citing Diamond Crystal Brands, 593 F.3d at 1264). "Prior negotiations and contemplated future consequences, along with the terms of the contract and the parties actual course of dealing must be evaluated in determining whether the defendant has purposefully established minimum contacts with the forum." Genesis Research Inst., 247 Ga. App. at 746; see also Klein, 202 Ga. App. at 190-91. The transacting business prong of the long arm statute permits Georgia courts to exercise personal jurisdiction over nonresidents to the maximum extent permitted by due process. Innovative Clinical &

7

Consulting Servs., LLC v. First Nat'l Bank of Ames, 279 Ga. 672, 677 (2005); Klein, 202 Ga. App. at 191. It is well-settled in Georgia that a nonresident does not have to be physically present in Georgia for the exercise of long arm jurisdiction and long arm jurisdiction may be asserted over nonresident defendants based upon business conducted through postal, telephonic, and internet contacts. Paxton v. Citizens Bank and Trust of W. Ga., 307 Ga. App. 112, 116-17 (2010)).

To satisfy the constitutional requirements for the exercise of personal jurisdiction, a defendant must have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Diamond Crystal, 593 F.3d at 1267. For general jurisdiction to apply, assuming that Georgia's long arm statute allows for the exercise of general jurisdiction, a nonresident defendant's contacts with the forum that are unrelated to the litigation must be substantial and include systematic general business contacts between the defendant and the forum state. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1274 (11th Cir. 2002). Specific jurisdiction is present when the defendant's contacts with the forum state "satisfy three criteria:

> they must be related to the plaintiff's cause of action or have given rise to it; they must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum; and they must be such that the defendant should reasonably anticipate being haled into court there.

Sloss Indus. Corp. v. Eurisol, 488 F.3d 922, 925 (11th Cir. 2007); see also Diamond Chrystal Brands, 593 F.3d at 1267; Licciardello v. Lovelady, 544 F.3d 1280, 1285 (11th

8

Cir. 2008). "When a claim arises out of or is related to a defendant's contacts with the forum, the court must consider the 'relationship among the defendant, the forum, and the litigation' to determine whether the exercise of jurisdiction was consistent with due process." <u>Borg-Warner Acceptance Corp. v. Lovett & Tharpe</u>, 786 F.2d 1055, 1057 (11th Cir. 1986).

      For purposes of determining whether the Court has personal jurisdiction over the RRW Defendants, not all of the RRW Defendants are on equal footing. Plaintiff alleges RRW, in an attempt to collect a debt, sent her correspondence directly violative of the FDCPA in Georgia. Plaintiff states that RRW sent a letter to her Georgia address on October 10, 2012, which contained incorrect and misleading information about her debt. (Am. Compl. ¶¶ 46, 269, Ex. C). Plaintiff further contends that RRW sent an envelope to her Georgia address which violated the FDCPA. (Am. Compl. ¶ 200, Ex. R). These communications to Plaintiff at her Georgia home are alleged to be, by themselves, a violation of the FDCPA. Thus, they are enough to constitute a tortious act within the state and/or transaction of business within the state, and the Georgia long arm statute will reach the conduct. <u>Gilmore v. Account Mgmt.</u>, No. 1:08-CV-1388-JOF-LTW, 2009 WL 2848278, at *4 (N.D. Ga. Apr. 27, 2009), <u>aff'd</u> 357 F. App'x 218 (11th Cir. 2009); <u>Bailey v. Clegg, Brush & Assoc.</u>, No. Civ. A. 1:90-CV-2702-CAM, 1991 WL 143461, at *1-2 (N.D. Ga. 1991); <u>cf.</u> <u>Vlasak v. Rapid Collection Sys.</u>, 962 F. Supp. 1096, 1100 (N.D. Ill. 1997); <u>Russey v. Rankin</u>, 837 F. Supp. 1103, 1105 (D. N.M. 1993). Similarly, such correspondence to a Georgia resident at her Georgia home that gives rise to the

cause of action that is the subject of the suit is enough to establish minimum contacts with Georgia. See Thomas v. Arm WNY, LLC, No. 3:14-CV-360-J-39MCR, 2014 WL 6871654, at *5 (M.D. Fla. Dec. 3, 2014) (phone calls to Florida resident that allegedly violated the FDCPA were enough to establish minimum contacts with Florida); see also Alecca v. AMG Managing Partners, LLC, No. 3:13-CV-163-J-39PDB, 2014 WL 2987702, at *5 (M.D. Fla. July 2, 2014); Gilmore, 2009 WL 2848278, at *4.

The individually-named RRW attorneys (" Individual RR Defendants") are sued, however, for their actions in prosecuting the foreclosure action in Florida.  They do not have contacts with Georgia. Each of the Individual RRW Defendants reside in Florida, work in Florida, and do not provide legal services in Georgia or otherwise do business in Georgia. (See generally, Affs. of the Individual RRW Defs., Docs. [18-2 through 18-17]).  Thus, the Individual RRW Defendants' actions in prosecuting the Florida foreclosure action are not sufficient to satisfy due process concerns.  Indeed, Plaintiff does not describe any specific contacts by the Individual RRW Defendants with Georgia that would satisfy due process concerns.  Nothing about prosecuting a foreclosure action in Florida concerning property in Florida would have led the Individual RRW Defendants to believe that they could reasonably be haled into Court in Georgia. See, e.g., Terry v. First Nat'l Bank, — F. Supp. 3d —, No. CV 14-1197 (CKK), 2014 WL 7176474, at *6 (D.D.C. Dec. 17, 2014) (holding that bank prosecuting foreclosure proceeding in Ohio could not have reasonably expected that it would open it to suit in D.C. federal court); Segelstrom v. Citibank, N.A., 14-1071 (CKK), 2014 WL 6603202,

10

at *7 (D.D.C. Nov. 21, 2014) (concluding that law firm and attorney's representation of servicer in detainer action in California concerning property in California were not subject to suit in District of Columbia); <u>Gibbs-Squires v. Urban Settlement Servs.</u>, No. 14-CV-00488-MSK-CBS, 2014 WL 7564808, at *5 (D. Colo. Nov. 18, 2014) (concluding that Colorado district court did not have personal jurisdiction over bank defendants and South Carolina attorney arising out of their actions in connection with a foreclosure in South Carolina).   Accordingly, the Court does not have personal jurisdiction over the Individual RRW Defendants.   As discussed below, however, this Court also recommends dismissal of the Individual RRW Defendants because it is in the interest of justice to transfer the case to the Middle District of Florida.

## III.   <u>The Individual Nutter Defendants' Challenge to Personal Jurisdiction</u>

Defendants James B. Nutter, Jr., Keith Ward, Bruce Huey, and Al Pitzner (collectively "the Individual Nutter Defendants") contend that they should be dismissed because the Court lacks personal jurisdiction over them.   The Individual Nutter Defendants contend that the Georgia long arm statute does not cover them because they did not commit a tortious act or omission in Georgia, they do not regularly conduct or solicit business in Georgia, they do not engage in persistent conduct or derive revenue in Georgia, and they lack minimum contacts with Georgia.   Additionally, the Individual Nutter Defendants contend that they do not have minimum contacts with Georgia because a few mailings and phone calls to Georgia are not enough to establish minimum contacts with Georgia and they have not purposefully availed themselves of the privilege

11

of doing business in Georgia.

Significantly, Plaintiff sued individual officers of Nutter & Company. Therefore, Plaintiff must establish that these individuals, not Nutter & Company, possess the requisite "minimum contacts" with this forum to allow her lawsuit to proceed against them. Williams Elec. Co., Inc. v. Honeywell, Inc., 854 F.2d 389, 391-92 (11th Cir. 1988). The critical inquiry is whether the individual defendant can incur personal liability for his acts in the forum. Id. (citing Delong Equip. Co. v. Washington Mills Abrasive, 840 F.2d 843, 852 (11th Cir. 1988); Tommy Bahama Grp., Inc. v. Eagle, No. 3:09-CV-641-J-32JRK, 2010 WL 3340538, at *5 (M.D. Fla. Aug. 23, 2010); Foxworthy v. Custom Tees, Inc., 879 F. Supp. 1200, 1206 (N.D. Ga. 1995) ("Where a corporation commits a wrongful act, and the law holds the individual equally and inseparably liable for the corporate act, then the basis for the exercise of jurisdiction is the same."). If substantive liability can extend to an individual for acts performed on behalf of a corporation, then the individual may be amenable to suit in the forum state if the individual is within the reach of the forum's long arm statute and can survive the minimum contacts analysis. Williams, 854 F.2d at 391-92.

With respect to Defendants James B. Nutter, Jr. and Al Pitzner, the only conduct Plaintiff attributes directly to them is their failure to timely or adequately respond to her Qualified Written Requests in violation of 12 U.S.C. § 2605(e). (Am. Compl. ¶¶ 54, 112-14, 298). Section 2605(e) describes the duty of loan servicers to respond to borrower inquiries. 12 U.S.C. § 2605(e). Section 2605 defines loan servicers as "the

12

AO 72A
(Rev.8/82)

*person* responsible for servicing of a loan (including the person who makes or holds a loan if such person also services a loan)." Id. (emphasis added). The Act makes clear that the term "person" includes individuals. Thus, individuals can be liable for Section 2605(e). Therefore, the long arm and due process analysis must be made.

This Court concludes, however, that Nutter's and Pitzner's mere responses to Plaintiff's requests for information via the telephone and the mail is not a sufficient contact with Georgia to satisfy due process concerns. According to Plaintiff, Nutter and Pitzner are residents of Missouri. There is no indication that they regularly conduct servicing activities in Georgia or that they have any significant contacts with the forum. Although this Court has concluded above that collection activities through the use of the mail or telephone is within the reach of the transacting business prong of the long arm statute and comports with due process because the contact with the forum is significant and gives rise to the cause of action, the circumstances of this case are distinguishable. The collection activity that supported personal jurisdiction above amounted to an affirmative contact by RRW for the purpose of successfully collecting money from the Plaintiff. The acts of Nutter and Pitzner were merely to respond to Plaintiff's request for information, which was a contact initiated by Plaintiff. Nutter and Pitzner's attenuated contact with Georgia in this regard is not enough to amount to purposefully availing themselves of the privilege of conducting activities within the forum, nor would they reasonably anticipate being haled into court in Georgia based on such activity. Rhodes v. Unisys Corp., 170 F. App'x 681, 684-85 (11th Cir. 2006) (nonresidents'

single contact with forum state not sufficient to create personal jurisdiction); <u>Future Tech. Today, Inc., v. OSF Healthcare Sys.</u>, 218 F.3d 1247, 1249 (11th Cir. 2000) (finding no personal jurisdiction over nonresident company defending breach of contract claim where nonresident company contracted with company in forum state, but its only contacts with the forum state included one telephone call to forum state and visits to the forum state after contract had been breached).

Plaintiff also has failed to establish that this Court has personal jurisdiction over Keith Ward. Plaintiff merely states that she sent a qualified written request to him. (Am. Compl. ¶ 49). Plaintiff does not allege any conduct in return connected with Georgia. Plaintiff's unilateral conduct in contacting Mr. Ward via the mail, cannot create personal jurisdiction over him. "It is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of is laws." <u>Aero Toy Store, LLC v. Grieves</u>, 279 Ga. App. 515, 518 (2006); <u>McDonnell v. Roy E. Beatty and Assoc., Inc.</u>, 203 Ga. App. 807, 809-10 (1992) (explaining that the unilateral acts of the injured party in Geogia were not sufficient basis to impose jurisdiction in Georgia); <u>see also</u> Kenneth L. Shigley & John D. Hadden, <u>Georgia Law of Torts-Trial Preparation and Practice</u>, § 14:9 (2014) (explaining that subsection (1) of the long arm statute requires that the nonresident defendant perform some purposeful act that ties the nonresident to the state and that jurisdiction is not appropriate where the nonresident defendant's only connection with the state was due to the unilateral acts of the plaintiff).

14

AO 72A
(Rev.8/82)

Finally, Plaintiff does not establish personal jurisdiction over Bruce Huey. Plaintiff claims that Defendant Huey violated the FDCPA as a result of his conduct during the Florida foreclosure proceedings. (Am. Compl. ¶¶ 48, 137, 140). Plaintiff states that Huey signed the Florida Complaint despite her request for debt validation and perjured himself during the Florida lawsuit. As discussed above, conduct in connection with the Florida foreclosure proceeding is not enough to establish minimum contacts with Georgia. Thus, this Court does not have personal jurisdiction over Defendant Huey. Because this Court does not have personal jurisdiction over the Individual Nutter Defendants, the Nutter Defendants' Motion to Dismiss should be **GRANTED** and the claims against them should be **DISMISSED WITHOUT PREJUDICE**.

## IV.   Nutter & Company's Arguments for Dismissal on the Merits

The Nutter Defendants also moved to dismiss Plaintiff's claims on the merits. Because the Individual Nutter Defendants should be dismissed due to the lack of personal jurisdiction over them, the Motion to Dismiss on the merits will be considered only with respect to Defendant Nutter & Company. Moreover, Defendant Nutter & Company contends that Plaintiff's FDCPA claims against it should be dismissed because its actions to foreclose on Plaintiff's residence were not debt collection activity as defined by the FDCPA. Nutter & Company further contends that Plaintiff's RESPA claim should be dismissed because she is not protected by RESPA since she is not a borrower as defined by the Act.

15

### A.    12(b)(6) Motion to Dismiss Standard

Dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief or it is based on an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford Cnty., 960 F.2d 1002, 1009-10 (11th Cir. 1992). A Rule 12(b)(6) motion to dismiss also tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To state a claim with sufficient specificity requires that the complaint have enough factual matter taken as true to suggest required elements of the claim. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1296 (11th Cir. 2007); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)).

### B.    Plaintiff's FDCPA Against Nutter & Company

Plaintiff's FDCPA claims against Nutter & Company arise out of its initiation of foreclosure proceedings against the Sarasota property and the events leading up to the initiation of foreclosure proceedings. (Am. Compl. ¶¶ 196-200, 206, 213, 223-225, 230-

16

31, 235-40, 246-53, 264-70, 273, 280).  Plaintiff's claims also stem from Nutter & Company's hiring of Safeguard Properties to manage the property on behalf of Nutter. (Am. Compl. ¶¶ 208-09, 218-220, 258-59).  Plaintiff appears to contend that Safeguard trespassed and vandalized the Sarasota property, and stole items from inside it.  (Id.). Nutter & Company contends that it should be dismissed because Plaintiff's claims relating the prosecuting and filing of the foreclosure proceeding in Florida is not debt collection activity.

While this Court agrees with Nutter & Company that filing a complaint for foreclosure in Florida is generally not debt collection activity, this Court cannot agree with Nutter & Company that all of its endeavors triggering the lawsuit can be described as filing a complaint for foreclosure or prosecuting a foreclosure action.  The FDCPA was passed in 1977 in order to protect consumers from unfair debt collection practices. 15 U.S.C. § 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors . . . [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged . . . ."); Acosta v. Campbell, 309 F. App'x 315, 320 (11th Cir. 2009).  The Act's prohibitions on improper collection methods only apply to debt collectors.  The FDCPA generally precludes "'*debt collectors*' from making false or misleading representations and from engaging in various abusive and unfair practices." Heintz v. Jenkins, 514 U.S. 291, 292 (1995) (emphasis added)..

In order to state a FDCPA claim, a plaintiff must plausibly allege, among other

17

things, that (1) the defendant is a debt collector, and (2) the challenged conduct is related to debt collection.  <u>Reese v. Ellis, Painter, Ratterree & Adams</u>, 678 F.3d 1211, 1216, 1218 (11th Cir. 2012) (explaining that "in order to state a plausible FDCPA claim under Section 1692e, a plaintiff must allege, among other things . . . that the defendant is a debt collector"); <u>see also</u> <u>Goia v. CitiFinancial Auto</u>, 499 F. App'x 930, 938 (11th Cir. 2012); <u>Knowles v. Am. Home Mortg. Servicing</u>, No. 5:11-CV-01670-AKK, 2012 WL 2357752, at *4 (N.D. Ala. June 18, 2012) ("Finding that J & L may have attempted to collect a debt is only one factor in the analysis.  The court must still address whether plaintiffs alleged sufficient facts that J & L is a 'debt collector' as defined by [the Act].").

Under the terms of the FDCPA, attempting to collect on a note, which is a contract evidencing a debt, is considered debt collection activity.  <u>Reese</u>, 678 F.3d at 1216.  Foreclosing on a security interest, which is not a promise to pay a debt, but rather, an interest in some collateral that a lender can take if a debtor does not fulfill a payment obligation, is generally not debt collection activity.  <u>Hasbun v. Recontrust Co., N.A.</u>, 508 F. App'x 941, 942 (11th Cir. 2013); <u>Warren</u>, 342 F. App'x at 460.

Thus, this Court agrees with Nutter & Company that its actions in foreclosing on the property in Florida did not constitute debt collection activity.  As Plaintiff concedes, Nutter & Company's initial foreclosure action did not seek a deficiency judgment, and only sought to foreclose on the property.  (Doc. [3-5, pp. 19-22]; Doc. [33-1, p. 20]).  As noted by Nutter & Company, even the subsequently amended Florida foreclosure

18

action did not contain any cause of action to obtain a money judgment from Plaintiff. It only stated that borrowers may be responsible for a deficiency judgment and defined borrowers as the parties listed on the Note, which included only Kenneth R. Sutherland, not Plaintiff.  (Doc.[ 3-8, pp. 15-19]; Doc. [36-1, pp. 1-17]).  Thus, Plaintiff's claims which purely stem from its prosecution of Florida foreclosure proceeding should be **DISMISSED**.

Plaintiff contends in response to the Nutter Defendants' Motion to Dismiss, however, that a letter sent by RRW on October 4, 2012 constituted debt collection activity on Nutter & Company's behalf.  When a letter by a debt collector intends not only to announce an impending foreclosure but also attempts to collect the amount owed under a promissory note, the letter could be attempting to collect a debt.  Reese, 678 F.3d at 1217 (concluding that letter demanding full and immediate payment of all amounts due the lender, threatening to add attorney's fees to the total amount for which collection was sought, and stating that law firm was acting as a debt collector attempting to collect a debt, was a communication related to the collection of a debt within the meaning of 15 U.S.C. § 1692e, even though communication was primarily designed to inform borrower that lender intended to enforce its security deed through the process of non-judicial foreclosure); see also Birster v. Am. Home Mortg. Serv., 481 F. App'x 579, 583 (11th Cir. 2012) (holding that servicer engaged in debt collection activity because it sent a letter demanding payment in addition to warning of impending foreclosure). But where the letter does not seek money owed in any form and merely announces the

19

impending foreclosure, it is not debt collection activity.  <u>Hasbun</u>,  508 F. App'x at 942 (concluding that district court properly dismissed claim that creditor's fiduciary violated the FDCPA when it sent letter notifying consumer that her promissory note was in default, that creditor's fiduciary was instituting foreclosure proceedings, and that the notice was not intended as a demand of the balance due because creditor's fiduciary was not debt collector and letter, which did not demand payment of debt, was not debt collection activity).

In this case, although the letter does not specifically demand that Plaintiff repay the loan as the letter did in <u>Reese</u>, *supra*, this Court agrees with Plaintiff that the letter constitutes debt collection activity.  A letter does not have to formally demand payment to constitute debt collection activity.  <u>Cf.</u> <u>Caceres v. McCalla Raymer, LLC</u>, 755 F.3d 1299, 1303 & n.2 (11th Cir. 2014) (explaining that while letter did not formally demand payment, it implicitly demanded repayment when it stated that it was sent for the purpose of collecting a debt, referred to past collection efforts, stated that collections efforts will continue, noted that additional attorneys' fees and costs would accrue, stated the amount of the debt owed and indicated that the debt must be paid in certified funds, gave the name of the creditor, and supplied the law firm's telephone number in the paragraph where it talked about payments).   RRW's letter, while not formally demanding repayment, did implicitly attempt to collect a debt.  (Am. Compl., Ex. I, Doc. [3-5, p. 6-8]).  The letter, which was attached to Plaintiff's Complaint, provided that Nutter & Company has accelerated all sums due and owing and that the entire principal

AO 72A
(Rev.8/82)

balance and all sums recoverable under the Note were due.  (Id.).  The letter indicated that the amount owed was $93,953.02, warned that the firm was in the process of filing a complaint to foreclose on the property, indicated that additional interest and expenses would accrue after the date of the letter and are recoverable under the Note, and suggested at one point that if Plaintiff wished to bring her loan current or pay her loan through a specific date, she should contact the law firm.  The letter informed Plaintiff that the law firm was attempting to collect a debt.  Under these circumstances, Plaintiff's Amended Complaint sufficiently alleges debt collection activity.  Accordingly, the Nutter Defendant's Motion should be **DENIED** as to Plaintiff's claims against Nutter & Company stemming from RRW's October 4, 2012 letter.[1]

### C.   Plaintiff's RESPA Claims Against Nutter & Company

Plaintiff also claims that the Nutter Defendants violated RESPA because they did not timely or completely respond to her qualified written requests, and they did not provide her with information she requested, such as such as yearly escrow statements, an accounting, and tax statements.  (Am. Compl. ¶¶ 281-98).  The Nutter Defendants

---

[1]   The Nutter Defendants contend for the first time on Reply that this Court should apply RRW's argument that FDCPA claims stemming from the letter are time-barred to dismiss claims against it arising out of the letter.  Because this argument was only raised by the Nutter Defendants on Reply and not in the opening brief, this Court does not find that it is fair to address it at this juncture.  Furthermore, this Court is skeptical that all of Plaintiff's claims arising out of the October 2, 2014 letter would have accrued at the time the letter was mailed, especially since Plaintiff has claimed that Defendants failed to appropriately respond to her request to validate the debt following the letter.  (Am. Compl. ¶¶ 55-62, Ex. F).  Nutter & Company may seek to raise the issue in the Middle District of Florida, where, as discussed below, the case should be transferred.

respond that Plaintiff lacks standing to pursue a claim under RESPA because a defendant's liability under RESPA is limited to borrowers.

RESPA is a consumer protection statute that regulates the real estate settlement process and prescribes certain actions to be followed by entities or persons responsible for servicing federally related mortgage loans, including how to respond to borrower inquiries. See Hardy v. Regions Mortg., Inc., 449 F.3d 1357, 1359 (11th Cir. 2006); see also 12 U.S.C. § 2605(e). Section 2605(e) of RESPA places requirements on lenders concerning how they must respond to a qualified written request from a borrower or a borrower's agent. 12 U.S.C. § 2605(e)(1); Bates v. JPMorgan Chase Bank, NA, 768 F.3d 1126, 1134 (11th Cir. 2014). A "qualified written request" is a "written correspondence . . . that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower . . . that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). Under Section 2605(f), a *borrower* has a cause of action for the servicer's failure to comply. Id.

In this case, Plaintiff has no cause of action under RESPA because she is not a borrower with respect to her brother's loan. Plaintiff admits that she is not a borrower on the loan because she never assumed responsibility for the loan. (Am. Compl. ¶¶ 24-25, 27; see also Doc. [3-5, pp. 12-14]; Doc. [36-1, pp. 1-17]). Additionally, there are no facts suggesting that Plaintiff was the agent for her deceased brother at the time she

requested information from the Nutter Defendants in 2012 and 2013.  Plaintiff states that she became the executor on her brother's estate on February 4, 2009, she was bonded after hiring a probate attorney to handle the probate matters, and that probate was finalized on March 3, 2010, when her bond was released.  (Am. Compl. ¶¶ 21, 23).  Under these circumstances, this Court cannot conclude that Plaintiff has standing to bring claims pursuant to RESPA under Section 2605(e).  See Henry v. Guaranteed Rates, Inc., 415 F. App'x 985, 985-86 (11th Cir. 2011) (explaining that plaintiff's claims pursuant to RESPA failed because she lacked standing to complain about any alleged misconduct regarding a loan to which she was not a party); Johnson v. Ocwen Loan Serv., 374 F. App'x 868, 874 (11th Cir. 2010) (daughter whose mother transferred residence to daughter and her sister via quitclaim deed was not borrower within the meaning of RESPA); Wilson v. Bank of Am., N.A., — F. Supp. 3d —, No. 14-2498, 2014 WL 4744555, at *8 (E.D. Pa. Sept. 2014) (administrator lacked standing to bring claims in her individual capacity because she was not borrower within the meaning of RESPA since she did not assume the loan); Correa v. BAC Home Loans Serv., 853 F. Supp. 2d 1203, 1208-09 (M.D. Fla. Apr. 6, 2012).  Accordingly, Plaintiff's RESPA claims against Nutter & Company should be **DISMISSED**.

## V.    **The Individual RRW Defendants' Alternative Motion to Transfer Venue to the Middle District For Florida**

The Individual RRW Defendants contend that venue should be transferred to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a)

23

because this Court lacks personal jurisdiction over them.  Additionally, the Individual RRW Defendants contend that it would be in the interest of justice to transfer venue under either statute because none of the Individual RRW Defendants have any connection with Georgia, Plaintiff is the only party in Georgia, the foreclosure action that is the subject of this suit is ongoing in Sarasota County, Florida, Plaintiff has already made several trips to the Middle District of Florida to defend the foreclosure action, nearly all the events or omissions purporting to give rise to Plaintiff's claim occurred in Florida, most of the parties and witnesses are located in Florida, and the Middle District of Florida has personal jurisdiction over the Individual RRW Defendants.  Plaintiff objects to the transfer of the venue to the Middle District of Florida.  In support, Plaintiff argues venue in Florida does not make sense because all of the records in the case will be obtained from Nutter & Company, which is in Missouri.  Plaintiff further contends that venue should remain in Georgia because she is located in Georgia and she suffered damages in Georgia.

In this case, as discussed above, this Court cannot obtain personal jurisdiction over sixteen out of eighteen of the remaining Defendants.  Rather than dismiss the Individual RRW Defendants for lack of personal jurisdiction, however, it is in the interest of justice to transfer the suit to the Middle District of Florida, as they have requested.  In this Circuit, a court lacking personal jurisdiction over a defendant may transfer the case under either 28 U.S.C. § 1404(a) or 1406(a).  Roofing & Sheet Metal Servs. v. La Quinta Motor Inns, Inc., 689 F.2d 982, 992 n.16 (11th Cir. 1982).  Under

24

28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  In analyzing a motion for transfer, the court must first determine if the alternative venue, one in which the action could originally have been brought, is an appropriate venue.  The Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa., 842 F. Supp. 2d 1360, 1366 (N.D. Ga. 2012).  Plaintiff does not argue that Florida would be an inappropriate venue; moreover, it is indisputable that a lion's share of the events giving rise to Plaintiff's FDCPA claims occurred in the Middle District of Florida.  See 28 U.S.C. § 89 (explaining that the Middle District of Florida includes Sarasota County).  Thus, this Court is satisfied that venue would be proper under 28 U.S.C. § 1391(b)(2).  Furthermore, this Court is satisfied that the Middle District of Florida has jurisdiction over each of the remaining Defendants and all of them agree that Florida is an appropriate venue.

Once the Court determines that venue is appropriate in another district, the court must then determine whether the case should be transferred in the interest of efficiency and justice by analyzing a number of private and public factors.  The criteria include:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

25

AO 72A
(Rev.8/82)

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).  In weighing these criteria, and deciding whether to transfer an action to another district, the Court is vested with broad discretion.  Ramsey v. Fox News Network, LLC, 323 F. Supp. 2d 1352, 1355 (N.D. Ga. 2004) (citing Eng. v. ITT Thompson Indus. Inc., 856 F.2d 1518, 1520 (11th Cir. 1988)).  The burden is on the moving party to establish the propriety of the transfer.  Moore v. McKibbon Bros., Inc., 41 F. Supp. 2d 1350, 1356 (N.D. Ga. 1998) (citing In re Ricoh Corp., 870 F.2d 570 (11th Cir.1989); Martin v. S.C. Bank, 811 F. Supp. 679 (M.D. Ga. 1992)).

After considering all of the relevant factors, this Court concludes that it is in the interest of justice to transfer the remainder of the case to the Middle District of Florida. The Middle District is more convenient for seventeen out of eighteen of the remaining Defendants because all of the Individual RRW Defendants reside in Florida, the majority of them reside in the Middle District of Florida, and RRW maintains an office in the Middle District of Florida.  Additionally, the foreclosure proceeding that is, in large part, the subject of this suit is ongoing in the Middle District of Florida, the property at issue is located in the Middle District of Florida, the majority of the key witnesses would be located in Florida, the Amended Complaint raises issues of Florida law, and the locus of operative facts is largely in the Middle District of Florida. While this Court sympathizes with Plaintiff's difficulty in traveling to Florida, given the great connection of the issues raised in this suit with Florida and the convenience of seventeen out of eighteen of the remaining Defendants, this Court concludes that it is

in the interest of justice to transfer the case to Middle District of Florida. Accordingly, the RRW Defendants' Alternative Motion to Transfer the Case to the Middle District of Florida should be **GRANTED**.

### CONCLUSION

Based on the foregoing reasons, this Court **RECOMMENDS** that the RRW Defendants' Alternative Motion to Transfer Venue to the Middle District for Florida be **GRANTED**. Docket Entry [18]. Defendants James B. Nutter & Company, James B. Nutter, Jr., Keith Ward, Bruce Huey, and Al Pitzner's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim and/or for Lack of Personal Jurisdiction should be **GRANTED IN PART AND DENIED IN PART**. Docket Entry [17]. The remaining relief requested within the RRW Defendants' Motion to Dismiss should be **DENIED WITHOUT PREJUDICE** with leave to refile in the Middle District of Florida. Docket Entry [17]. Additionally, Plaintiff's Unopposed Motion for Leave to Amend Plaintiff's Response to Defendants' Motion to Dismiss is **GRANTED**. Docket Entry [28]. As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**SO ORDERED and REPORTED AND RECOMMENDED**, this 20th day of February, 2015.

/S/LINDA T. WALKER
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

27

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHERRIE HAMPTON-MUHAMED,   :
                                   :
           Plaintiff,       :
                                   :       CIVIL ACTION NO.
vs.                           :
                                 :       1:13-CV-3659-CC
JAMES B. NUTTER & COMPANY, et :
al.,                            :
                                 :
          Defendants.    :

## **ORDER**

This matter is before the Court on the Final Report and Recommendation (the "R&R") [Doc. No. 37] issued by Magistrate Judge Linda T. Walker on February 20, 2015. In the R&R, Magistrate Judge Walker recommends that the Court: (1) grant the RRW Defendants'[1] Alternative Motion to Transfer Venue to the Middle District of Florida [Doc. No. 18]; (2) grant in part and deny in part Defendants James B. Nutter & Company, James B. Nutter, Jr., Keith Ward, Bruce Huey, and Al Pitzner's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim and/or for Lack of Personal Jurisdiction [Doc. No. 17]; and (3) deny without prejudice the remaining relief requested in the RRW Defendants' Motion to Dismiss [Doc. No. 18] with leave to refile in the Middle District of Florida.

On March 10, 2015, Plaintiff Sherrie Hampton-Muhamed filed a document entitled "Contract Owner and Holders Demand to Strike Pursuant to Rule 12, in the Nature of a Motion, Contract Execution and Enforcement Document of Record" [Doc. No. 39]. The Clerk's Office has construed the filing as a motion to strike the

---

[1]     The "RRW Defendants" consist of Defendant Ronald R. Wolfe & Associates, P.L., a Florida law firm, and its individual current and former Florida attorneys, including Amanda Croteau, Ivan Ivanov, Julie Anthousis, Katherine Tilka, Matthew Marks, Matthew Wolf, Rhonda Lewis, Robert Schneider, Ronald R. Wolfe, Victoria Jones, Andrea D. Pidala, Brian Hummel, Sabrina Moravecky, Francis Hannon, Luis F. Ugaz, and John F. Phillips.

R&R. The Court also considers the filing to constitute Plaintiff's objections to the R&R.

Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge may hear and determine any non-dispositive pretrial motion pending before the court. With regard to dispositive motions, a magistrate judge may submit proposed findings of fact and recommendations. 28 U.S.C. § 636(b)(1)(B). "Although consent of the parties is required for a magistrate judge to enter judgment in a case, it is not required for actions taken under § 636(b)." United States v. Varnado, 447 F. App'x 48, 49-50 (11th Cir. 2011) (internal citations omitted).

After reviewing a magistrate judge's findings and recommendations submitted pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may accept, reject, or modify the findings or recommendations. 28 U.S.C. § 636(b)(1). A party challenging a report and recommendation must "file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." Macort v. Prem, Inc., 208 F. App'x 781, 783 (11th Cir. 2006) (citation and internal quotation marks omitted); see also Fed. R. Civ. P. 72(b)(2). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted). The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." Id. "Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted). Those portions of a report and recommendation to which an objection has not been made are reviewed for plain error. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

The Court has carefully reviewed the R&R and Plaintiff's objections thereto. Plaintiff's primary objection is to the very authority of Magistrate Judge Walker to

take action in her case without Plaintiff's consent. As set forth above, however, Plaintiff's consent is not required for actions taken by Magistrate Judge Walker under § 636(b). <u>See</u> <u>Varnado</u>, 447 F. App'x at 49-50. The remainder of Plaintiff's objections are general in nature and, in many instances, incomprehensible. The objections lack the specificity necessary to trigger de novo review. <u>See</u> <u>Leatherwood v. Anna's Linens Co.</u>, 384 F. App'x 853, 857 (11th Cir. 2010) (holding that district court did not err by reviewing de novo only those objections "that identified specific findings set forth in the R & R and articulated a legal ground for objection").

Having reviewed the R&R for plain error, the Court finds that Magistrate Judge Walker's R&R is correct both in fact and in law. The Court **OVERRULES** Plaintiff's general objections, **DENIES** all relief requested in Plaintiff's filing [Doc. No. 39], and **ADOPTS** the R&R in its entirety as the decision of this Court. For the reasons fully set forth in the R&R, the Court **GRANTS** the RRW Defendants' Alternative Motion to Transfer Venue to the Middle District of Florida [Doc. No. 18], **GRANTS in part and DENIES in part** Defendants James B. Nutter & Company, James B. Nutter, Jr., Keith Ward, Bruce Huey, and Al Pitzner's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim and/or for Lack of Personal Jurisdiction [Doc. No. 17], and **DENIES without prejudice** the remaining relief requested in the RRW Defendants' Motion to Dismiss [Doc. No. 18] with leave to refile in the Middle District of Florida.

Plaintiff's claims against James B. Nutter, Jr., Keith Ward, Bruce Huey, and Al Pitzner are hereby **DISMISSED without prejudice** for lack of personal jurisdiction. Plaintiff's claims under the FDCPA stemming purely from James B. Nutter & Company's prosecution of the Florida foreclosure proceedings are **DISMISSED** for failure to state a claim upon which relief can be granted. Plaintiff's RESPA claims against James B. Nutter & Company are likewise **DISMISSED** for failure to state a claim upon which relief can be granted.

The Court **DIRECTS** the Clerk to take all necessary steps to **TRANSFER** the

above-styled action to the United States District Court for the Middle District of
Florida.

SO ORDERED this <u>19th</u> day of <u>March</u>, 2015.


<u>s/  CLARENCE COOPER</u>

CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE

- 4 -

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR - 6 2015

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Sherrie Hampton-Muhamed, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 1:13-CV-3659-CC |
| | ) |
| James B Nutter & Company, et al | ) |
| Ronald R. Wolfe & Assocs., P.L., et al | ) |
| JOHN DOES 1-20, | )  **NOTICE OF APPEAL** |
| | ) |
| Defendants | ) |

Notice is hereby given that Sherrie Hampton-Muhamed, Plaintiff in the

above named case hereby appeal to the United States Court of Appeals for

the Eleventh Circuit from the final Order for **Motion to Transfer Venue** to

the Middle District of Florida received on March 23, 2015;

denying Plaintiff's Motion to Strike the R&R; adopting Final R & R as

decision, Denies RRW Motion to Dismiss without prejudice, Grants in Part

and Denies in Part Nutter's Motion to Dismiss entered on March 19, 2015.

Dated  4 April 2015

Sherrie Hampton-Muhamed
4329 Donerail Dr.
Snellville, GA  30039
Phone:  404-786-6291
cmrsinc@comcast.net

46

UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
2211 UNITED STATES COURTHOUSE
75 SPRING STREET, SW
ATLANTA, GEORGIA 30303-3361

**JAMES N. HATTEN**
DISTRICT COURT EXECUTIVE
AND CLERK OF COURT

**DOCKETING SECTION**
**404-215-1655**

April 8, 2015

Sherrie Hampton-Muhamed
4329 Donerail Drive
Snellville, GA 30039
404-786-6291
PRO SE

> Re:  ***Sherrie Hampton-Muhamed v. James B. Nutter & Co., et al***
> **USDC Case No.: 1:13-cv-3659-CC**

Dear Ms. Hampton-Muhamed:

On April 6, 2015 we received and filed your Notice of Appeal for the above case. Please be advised that we did not receive the following:

| | |
|---|---|
| **X** | **Appeal fee $500.00**  (Docketing fee $500.00 and Filing fee $5.00) |
| **X** | **or Application to proceed on appeal *in forma pauperis*.** |
| **X** | **Please complete the attached appeal information sheet as directed.** |

Sincerely,

James N. Hatten
District Court Executive and
Clerk of Court

By:  P. McClam
Deputy Clerk

cc:  USCA

47