Case 1:13-cv-03659-CC   Document 47   Filed 04/15/15   Page 1 of 8
Case: 15-11502   Date Filed: 04/08/2015   Page: 1 of 2
Case 1:13-cv-03659-CC   Document 44   Filed 04/06/15   Page 1 of 2

15-11502

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR - 6 2015

JAMES N. HATTEN, CLERK
By: J. Brankovic, Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Sherrie Hampton-Muhamed, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:13-CV-3659-CC |
| ) | |
| James B Nutter & Company, et al ) | |
| Ronald R. Wolfe & Assocs., P.L., et al ) | |
| JOHN DOES 1-20, ) | **NOTICE OF APPEAL** |
| ) | |
| Defendants ) | |

Notice is hereby given that Sherrie Hampton-Muhamed, Plaintiff in the above named case hereby appeal to the United States Court of Appeals for the Eleventh Circuit from the final Order for **Motion to Transfer Venue** to the Middle District of Florida received on March 23, 2015; denying Plaintiff's Motion to Strike the R&R; adopting Final R & R as decision, Denies RRW Motion to Dismiss without prejudice, Grants in Part and Denies in Part Nutter's Motion to Dismiss entered on March 19, 2015.

Dated 4 April 2015

Sherrie Hampton-Muhamed
4329 Donerail Dr.
Snellville, GA 30039
Phone: 404-786-6291
cmrsinc@comcast.net

Case 1:13-cv-03659-CC   Document 47   Filed 04/15/15   Page 2 of 8
Case: 15-11502   Date Filed: 04/08/2015   Page: 2 of 2
Case 1:13-cv-03659-CC   Document 44   Filed 04/06/15   Page 2 of 2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
2211 UNITED STATES COURTHOUSE
75 SPRING STREET, SW
ATLANTA, GEORGIA 30303-3361

**JAMES N. HATTEN**
DISTRICT COURT EXECUTIVE
AND CLERK OF COURT

**DOCKETING SECTION**
404-215-1655

April 8, 2015

Sherrie Hampton-Muhamed
4329 Donerail Drive
Snellville, GA 30039
404-786-6291
PRO SE

Re: *Sherrie Hampton-Muhamed v. James B. Nutter & Co., et al*
USDC Case No.: 1:13-cv-3659-CC

Dear Ms. Hampton-Muhamed:

On April 6, 2015 we received and filed your Notice of Appeal for the above case. Please be advised that we did not receive the following:

__X__  Appeal fee $500.00   (Docketing fee $500.00 and Filing fee $5.00)

__X__  or Application to proceed on appeal *in forma pauperis*.

__X__  Please complete the attached appeal information sheet as directed.

Sincerely,

James N. Hatten
District Court Executive and
Clerk of Court

By: P. McClam
Deputy Clerk

cc: USCA

Case 1:13-cv-03659-CC Document 47 Filed 04/15/15 Page 3 of 8
Case: 15-11502 Date Filed: 04/08/2015 Page: 1 of 4
Case 1:13-cv-03659-CC Document 42 Filed 03/19/15 Page 1 of 4

15-11502

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHERRIE HAMPTON-MUHAMED, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO. |
| | : 1:13-CV-3659-CC |
| JAMES B. NUTTER & COMPANY, et al., | : |
| Defendants. | : |

### ORDER

This matter is before the Court on the Final Report and Recommendation (the "R&R") [Doc. No. 37] issued by Magistrate Judge Linda T. Walker on February 20, 2015. In the R&R, Magistrate Judge Walker recommends that the Court: (1) grant the RRW Defendants'[1] Alternative Motion to Transfer Venue to the Middle District of Florida [Doc. No. 18]; (2) grant in part and deny in part Defendants James B. Nutter & Company, James B. Nutter, Jr., Keith Ward, Bruce Huey, and Al Pitzner's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim and/or for Lack of Personal Jurisdiction [Doc. No. 17]; and (3) deny without prejudice the remaining relief requested in the RRW Defendants' Motion to Dismiss [Doc. No. 18] with leave to refile in the Middle District of Florida.

On March 10, 2015, Plaintiff Sherrie Hampton-Muhamed filed a document entitled "Contract Owner and Holders Demand to Strike Pursuant to Rule 12, in the Nature of a Motion, Contract Execution and Enforcement Document of Record" [Doc. No. 39]. The Clerk's Office has construed the filing as a motion to strike the

---

[1] The "RRW Defendants" consist of Defendant Ronald R. Wolfe & Associates, P.L., a Florida law firm, and its individual current and former Florida attorneys, including Amanda Croteau, Ivan Ivanov, Julie Anthousis, Katherine Tilka, Matthew Marks, Matthew Wolf, Rhonda Lewis, Robert Schneider, Ronald R. Wolfe, Victoria Jones, Andrea D. Pidala, Brian Hummel, Sabrina Moravecky, Francis Hannon, Luis F. Ugaz, and John F. Phillips.

Case 1:13-cv-03659-CC   Document 47   Filed 04/15/15   Page 4 of 8
Case: 15-11502   Date Filed: 04/08/2015   Page: 2 of 4
Case 1:13-cv-03659-CC   Document 42   Filed 03/19/15   Page 2 of 4

R&R. The Court also considers the filing to constitute Plaintiff's objections to the R&R.

Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge may hear and determine any non-dispositive pretrial motion pending before the court. With regard to dispositive motions, a magistrate judge may submit proposed findings of fact and recommendations. 28 U.S.C. § 636(b)(1)(B). "Although consent of the parties is required for a magistrate judge to enter judgment in a case, it is not required for actions taken under § 636(b)." United States v. Varnado, 447 F. App'x 48, 49-50 (11th Cir. 2011) (internal citations omitted).

After reviewing a magistrate judge's findings and recommendations submitted pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may accept, reject, or modify the findings or recommendations. 28 U.S.C. § 636(b)(1). A party challenging a report and recommendation must "file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." Macort v. Prem, Inc., 208 F. App'x 781, 783 (11th Cir. 2006) (citation and internal quotation marks omitted); see also Fed. R. Civ. P. 72(b)(2). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted). The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." Id. "Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted). Those portions of a report and recommendation to which an objection has not been made are reviewed for plain error. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

The Court has carefully reviewed the R&R and Plaintiff's objections thereto. Plaintiff's primary objection is to the very authority of Magistrate Judge Walker to

Case 1:13-cv-03659-CC Document 47 Filed 04/15/15 Page 5 of 8
Case: 15-11502 Date Filed: 04/08/2015 Page: 3 of 4
Case 1:13-cv-03659-CC Document 42 Filed 03/19/15 Page 3 of 4

take action in her case without Plaintiff's consent. As set forth above, however, Plaintiff's consent is not required for actions taken by Magistrate Judge Walker under § 636(b). See Varnado, 447 F. App'x at 49-50. The remainder of Plaintiff's objections are general in nature and, in many instances, incomprehensible. The objections lack the specificity necessary to trigger de novo review. See Leatherwood v. Anna's Linens Co., 384 F. App'x 853, 857 (11th Cir. 2010) (holding that district court did not err by reviewing de novo only those objections "that identified specific findings set forth in the R & R and articulated a legal ground for objection").

Having reviewed the R&R for plain error, the Court finds that Magistrate Judge Walker's R&R is correct both in fact and in law. The Court **OVERRULES** Plaintiff's general objections, **DENIES** all relief requested in Plaintiff's filing [Doc. No. 39], and **ADOPTS** the R&R in its entirety as the decision of this Court. For the reasons fully set forth in the R&R, the Court **GRANTS** the RRW Defendants' Alternative Motion to Transfer Venue to the Middle District of Florida [Doc. No. 18], **GRANTS in part and DENIES in part** Defendants James B. Nutter & Company, James B. Nutter, Jr., Keith Ward, Bruce Huey, and Al Pitzner's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim and/or for Lack of Personal Jurisdiction [Doc. No. 17], and **DENIES without prejudice** the remaining relief requested in the RRW Defendants' Motion to Dismiss [Doc. No. 18] with leave to refile in the Middle District of Florida.

Plaintiff's claims against James B. Nutter, Jr., Keith Ward, Bruce Huey, and Al Pitzner are hereby **DISMISSED without prejudice** for lack of personal jurisdiction. Plaintiff's claims under the FDCPA stemming purely from James B. Nutter & Company's prosecution of the Florida foreclosure proceedings are **DISMISSED** for failure to state a claim upon which relief can be granted. Plaintiff's RESPA claims against James B. Nutter & Company are likewise **DISMISSED** for failure to state a claim upon which relief can be granted.

The Court **DIRECTS** the Clerk to take all necessary steps to **TRANSFER** the

Case 1:13-cv-03659-CC Document 47 Filed 04/15/15 Page 6 of 8
Case: 15-11502 Date Filed: 04/08/2015 Page: 4 of 4
Case 1:13-cv-03659-CC Document 42 Filed 03/19/15 Page 4 of 4

above-styled action to the United States District Court for the Middle District of Florida.

SO ORDERED this 19th day of March, 2015.

*s/ CLARENCE COOPER*

CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Douglas J. Mincher
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 15, 2015

Sherrie Hampton-Muhamed
4329 DONERAIL DR
SNELLVILLE, GA 30039

Appeal Number:  15-11502-CC
Case Style:  Sherrie Hampton-Muhamed v. James B. Nutter & Co., et al
District Court Docket No:  1:13-cv-03659-CC

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.**

The referenced case has been docketed in this court. Please use the appellate docket number noted above when making inquiries.

Eleventh Circuit Rule 31-1 requires that APPELLANT'S BRIEF BE SERVED AND FILED ON OR BEFORE May 18, 2015. APPELLANT'S APPENDIX MUST BE SERVED AND FILED NO LATER THAN 7 DAYS AFTER FILING OF THE APPELLANT'S BRIEF.

This is the only notice you will receive concerning the due date for filing briefs and appendices. See Fed.R.App.P. 28, 30, 31, 32, the corresponding circuit rules, General Order 39 and the Guide to Electronic Filing for further information. Pro se parties who are incarcerated are not required to file an appendix. (In cross-appeals pursuant to Fed.R.App.P. 28(h), the party who first files a notice of appeal is the appellant unless the parties otherwise agree.)

FRAP 26.1 and the accompanying circuit rules provide that the Certificate of Interested Persons and Corporate Disclosure Statement (CIP) must be filed with the court by every appellant, appellee, intervenor and amicus curiae, including governmental parties. Appellants (and cross-appellants) must file their CIP within 14 days of the date this appeal has been docketed, or along with the filing in this court of any motion, petition, or pleading, whichever occurs first. The time for filing the opposing party's CIP or notice is set by 11th Cir. R. 26.1-2(c). In the case of publicly traded corporations, counsel must include the stock ticker symbol after the corporate name. See 11th Cir.R. 26.1-3(c).

On the same day the CIP is served, the party filing it must also complete the court's web-based certificate at the Web-Based CIP link of the court's website. Pro se parties are **not required or**

**authorized** to complete the web-based certificate.

Attorneys who wish to participate in this appeal must be properly admitted either to the bar of this court or for this particular proceeding pursuant to 11th Cir. R. 46-1. In addition, all attorneys (except court-appointed counsel) who wish to participate in this appeal must complete and return an appearance form within fourteen (14) days. Application for Admission to the Bar and Appearance of Counsel Form are available on the Internet at www.ca11.uscourts.gov. The clerk may not process filings from an attorney until that attorney files an appearance form. See 11th Cir. R. 46-6.

Attorneys must file briefs electronically using the ECF system. Use of ECF does not modify the requirements of the circuit rules that counsel must also provide seven (7) paper copies of a brief to the court, nor does it modify the requirements of the circuit rules for the filing of appendices in a particular case.

Sincerely,

DOUGLAS J. MINCHER, Clerk of Court

Reply to: Joe Caruso, CC
Phone #: (404) 335-6177

DKT-7CIV Civil Early Briefing